MICHELLE B. HEVERLY, Bar No. 178660
MICHAEL W. WARREN, Bar No. 223642
LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street, 14th Floor
San Jose, CA  95113.2303
Telephone:      408.998.4150
Fax:                408.288.5686
Email:              mheverly@littler.com
Email:              mwarren@littler.com

Attorneys for Defendants
NETVERSANT - NATIONAL, INC., AND PETER WAINWRIGHT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL CAVA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NETVERSANT - NATIONAL, INC., a Delaware corporation, dba NETVERSANT - SAN FRANCISCO, aka NETVERSANT; PETER WAINWRIGHT, an individual; and DOES 1 through 40, inclusive.<br><br>　　　　　Defendants. | Case No. C 07 3224 EMC<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION ON THE BASIS OF DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. § 1441(b) [FRAUDULENT JOINDER]** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants NetVersant – National, Inc. (hereafter "NetVersant") and Peter Wainwright (hereafter "Wainwright") hereby remove to this Court the state court action described herein. Defendants remove the above-entitled action from the Superior Court of the State of California for the County of San Francisco. Removal jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1441(b) due to diversity of citizenship between the parties and because of the fraudulent joinder of Defendant Wainwright.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA  95113.2303
408.998.4150

NOTICE OF REMOVAL OF ACTION UNDER
28 U.S.C. § 1441(b) (DIVERSITY)

In support of their *Notice of Removal of Civil Action*, Defendants state:

## PROCEDURAL HISTORY

1. On June 23, 2006, Plaintiff filed this action against his former employer, NetVersant – National, Inc., and Plaintiff's former supervisor, Peter Wainwright, in his individual capacity, in the Superior Court of the State of California, County of San Francisco, entitled *Michael Cava v. NetVersant – National, Inc., a Delaware corporation, dba NetVersant – San Francisco, aka NetVersant; Peter Wainwright, an individual, and Does 1 to 40, inclusive*, Case No. CGC-06-453469. The complaint alleged claims against NetVersant for: (1) disability discrimination under the California Fair Employment and Housing Act ("FEHA"); (2) wrongful termination in violation of public policy; (3) harassment; (4) retaliation; (5) breach of contract; (6) intentional misrepresentation; (7) negligent misrepresentation; (8) breach of covenant of good faith and fair dealing; (9) intentional infliction of emotional distress; and (10) negligent infliction of emotional distress. The only claims Plaintiff alleged against Wainwright as an individual were his third cause of action for harassment, ninth cause of action for intentional infliction of emotional distress, and tenth cause of action for negligent infliction of emotional distress. A copy of the Summons and Complaint are attached as **Exhibit 1**.

2. On July 25, 2006, NetVersant and Wainwright acknowledged receipt of the Summons, Complaint, and Notice of Case Management Conference. A copy of Defendants' signed Notice and Acknowledgment of Receipt as well as the Notice of Case Management Conference are attached as **Exhibit 2**.

3. On August 24, 2006, Defendants NetVersant and Wainwright served and filed their Answer. A copy of Defendants' Answer is attached as **Exhibit 3**.

4. Since the time the Answer was filed and to date, the case has been venued in the San Francisco County Superior Court. On March 9, 2007, NetVersant and Wainwright filed separate motions for summary judgment or, in the alternative, summary adjudication of issues as to each of Plaintiff's causes of action ("Motions for Summary Judgment"). A copy of NetVersant and Wainwright's Motions for Summary Judgment and all supporting documents are attached hereto as **Exhibits 11-20**. On May 9, 2007, Plaintiff filed his oppositions to both NetVersant and

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

2.   NOTICE OF REMOVAL OF ACTION UNDER
28 U.S.C. § 1441(b) (DIVERSITY)

Wainwright's Motions for Summary Judgment. A copy of Plaintiff's oppositions to the Motions for Summary Judgment, and supporting documents, are attached as **Exhibit 21**. On May 23, 2007, NetVersant and Wainwright filed their replies to Plaintiff's oppositions, along with objections to Plaintiff's evidence in support of his oppositions. A copy of Defendants' reply papers are attached as **Exhibits 22-28**.

5. On May 23, 2007, Defendants' Motions for Summary Judgment were heard before the Honorable Peter J. Busch. The state court granted summary adjudication on seven of the claims against NetVersant, and denied summary adjudication as to the claims for disability discrimination, wrongful termination, and retaliation. A copy of the state court's order granting in part and denying in part NetVersant motion for summary adjudication is attached as **Exhibit 31**. The state court granted Wainwright's motion for summary judgment in its entirety, concluding that Plaintiff's claims failed as a matter of law. A copy of the state court's order granting Wainwright's motion for summary judgment is attached hereto as **Exhibit 32**.

6. Copies of all documents filed by Defendants with the court, served on Defendants and filed by Plaintiff and/or received by Defendants from the San Francisco County Superior Court in this matter are attached as **Exhibits 1 through 32**. Exhibits 1 through 32 constitute all of the papers served on, filed by and/or received from both the San Francisco County Superior Court in the action by Defendants except for discovery documents, which neither party has filed and/or lodged.

## REMOVAL BASED ON DIVERSITY JURISDICTION

7. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one that may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b). Specifically, this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, because Plaintiff is claiming that he suffered general damages, punitive damages, and special damages as a result of Defendant's alleged conduct.

8. Defendants are informed and believe that Plaintiff, at all relevant times, was and still is, a citizen of the state of California.

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

3.    NOTICE OF REMOVAL OF ACTION UNDER
28 U.S.C. § 1441(b) (DIVERSITY)

9. Defendant NetVersant – National, Inc., was at the time of the filing of this action, and still is, a corporation under the laws of the state of Delaware, and has its principal places of business in both Houston, Texas and Everett, Washington.

10. The defendants designated as DOES 1 through 40 are fictitious defendants and are not parties to this action. Unnamed defendants sued as Does are not required to join in a removal petition, and their citizenship is disregarded for purposes of removal. 28 U.S.C. § 1441(a); *Fristos v. Reynolds Metal Company*, 615 F.2d 1209, 1213 (9th Cir. 1980).

11. In determining whether there is diversity of citizenship, the Court must disregard parties fraudulently joined. *Gottlieb v. Westin Motel Co.*, 990 F. 2d 323, 327 (7th Cir. 1993). Joinder will be deemed fraudulent, and the non-diverse defendant's presence in the lawsuit ignored for purposes of determining diversity, "if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). A defendant who seeks removal to federal court "is entitled to present the facts showing the joinder to be fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Courts may look beyond the pleadings and consider evidence similar to that offered in summary judgment proceedings such as affidavits and declarations to resolve fraudulent joinder claims. *See Morris*, 236 F.3d at 1067. Significantly, "**if the claims against the nondiverse party are capable of summary judgment, the Court cannot remand the case.**" *Med. Lab. Management Consultants v. American Broadcasting Co., Inc.*, 931 F. Supp. 1487, 1491 (D. Ariz. 1996) (emphasis added), *citing Spence v. Flynt*, 647 F. Supp. 1266, 1271 (D. Wyo. 1986).

12. Plaintiff's joinder of Defendant Wainwright is fraudulent and should be disregarded in determining whether complete diversity of citizenship exists. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Plaintiff alleged three causes of action against Wainwright; (1) harassment, (2) intentional infliction of emotional distress, and (3) negligent infliction of emotional distress. (**Exhibit 1**.) The alleged conduct giving rise to each of these claims against Wainwright arose out of Wainwright's performance of work-related personnel management duties (e.g., reassigning accounts and establishing performance objectives). (**Exhibits 32, 2:19-24,**

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408 998 4150

4.

NOTICE OF REMOVAL OF ACTION UNDER
28 U.S.C. § 1441(b) (DIVERSITY)

**3:22-26**.) It is well-settled under California law that conduct that constitutes necessary personnel management activity cannot form the basis of a claim for workplace harassment as a matter of law. *See, e.g., Janken v. GM Hughes Electronics*, 46 Cal.App.4th 55, 63-64 (1996) (actions taken by supervisors, such as downgraded performance appraisals, demotions, failure to transfer, and failure to provide work assignments, do not constitute harassment because the actions are within the realm of properly delegated management authority); *see also Reno v. Baird*, 18 Cal.4th 640, 657 (1998). Moreover, such conduct cannot support a claim for intentional and/or negligent infliction of emotional distress, as a matter of law, because the conduct is not sufficiently "outrageous" to exceed the "bounds of human decency." *See Fisher v. San Pedro Pen. Hospital*, 214 Cal.App.3d 590, 608; *see also Buscemi v. McDonnell Douglas Corp.*, 736 F.2d 1348, 1352 (9th Cir. 1984). Based on these well-settled legal principles, the Honorable Peter J. Busch concluded that the claims against Wainwright had absolutely no merit as a matter of law, and granted summary judgment in favor of Wainwright. (**Exhibit 32**.) As a result, there was an implicit finding the Defendant Wainwright was a fraudulently joined defendant. *Burden v. General Dynamics Corporation*, 60 F.3d 213, 220-221 (5th Cir. 1995) (Court concluded that former supervisors were fraudulently joined as a defendants by plaintiff because the alleged conduct stemmed from work-related management decisions not extreme and outrageous enough to support a claim for severe emotional distress as a matter of law.)

## TIMELINESS OF REMOVAL

13. This Notice to Federal Court of Removal of Civil Action is timely and proper in that Defendants could not previously have filed a removal in the case because Wainwright was named as an individual defendant and was a resident of the State of California in June 2006 and at all relevant times. *See* 28 U.S.C. § 1446(b). Complete diversity entitling Defendants to removal of the action was therefore established on June 4, 2007, when the Honorable Peter J. Busch concluded that the claims against Wainwright had no merit as a matter of law and granted summary judgment in favor of Wainwright. (**Exhibit 32**.) Defendants have therefore timely sought removal within thirty (30) days after diversity was established under 28 U.S.C. § 1446(b). *See Katz v. Costa Armatori*, 718 F. Supp. 1508, 1509 (S.D. Fl. 1989) (Court concluded that defendant's removal

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

5.   NOTICE OF REMOVAL OF ACTION UNDER
28 U.S.C. § 1441(b) (DIVERSITY)

1  petition based on fraudulent joinder was timely ten days after issuance of the state court's summary
2  judgment order in favor of the non-diverse defendant.)
3         14.    This Notice to Federal Court of Removal of Civil Action is further timely
4  since it is based on diversity jurisdiction and filed within one (1) year of the date the action was
5  originally filed on June 23, 2006. 28 U.S.C. § 1446(b).
6         WHEREFORE, Defendants now pray that the above action now pending against
7  Defendants in the Superior Court for the State of California, County of San Francisco, CGC-06-
8  453469, be removed therefrom to this Court.
9  Dated: June 19, 2007

_____
MICHELLE B. HEVERLY
MICHAEL W. WARREN
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
NETVERSANT - NATIONAL, INC., AND
PETER WAINWRIGHT

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408.998.4150

6.     NOTICE OF REMOVAL OF ACTION UNDER
       28 U.S.C. § 1441(b) (DIVERSITY)

# Exhibits 1 through 32

to the Notice of Removal of Civil Action on the Basis of Diversity Jurisdiction Pursuant to 28 U.S.C. § 1441(b) [Fraudulent Joinder] are **copies of all documents filed by Defendants, served on Defendants and filed by Plaintiff and/or received by Defendants from the San Francisco County Superior Court in this matter.**

## PROOF OF SERVICE BY MAIL

I am employed in Santa Clara County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 50 West San Fernando Street, 14th Floor, San Jose, California 95113.2303. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On October 11, 2006, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**NOTICE OF REMOVAL OF CIVIL ACTION ON THE BASIS OF DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. § 1441(b) [FRAUDULENT JOINDER]**

in a sealed envelope, postage fully paid, addressed as follows:

Daniel P. Iannitelli
Fotouhi, Epps, Hillger & Gilroy
160 Pine Street, Suite 710
San Francisco, CA 94111
Phone: (415) 362-9300
Fax:    (415) 358-5521

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 19, 2007, at San Jose, California.

_____
Suzanne Barnes

Firmwide:82611596.1 037665.1017

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

7.   NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)