# EXHIBIT – 1

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
NETVERSANT - NATIONAL, INC., a Delaware corporation, dba NETVERSANT - SAN FRANCISCO, aka NETVERSANT; PETER WAINWRIGHT, an individual; and DOES 1 through 40, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
MICHAEL CAVA

**You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.**

**There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.**

***Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.***

***Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.***

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Francisco County Superior Court
400 McAllister Street
San Francisco, CA 94102

CASE NUMBER:
*(Número del Caso):* CGC-06-453469

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shahab Fotouhi / Daniel Iannitelli; Fotouhi Epps Hillger Gilroy LLP
160 Pine Stree, San Francisco, CA 94111 (415) 362.9300

DATE: *(Fecha)* JUN 23 2006 Gordon Park-Li Clerk, by *(Secretario)* PARAM NATT, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:

   under:
   - ☐ CCP 416.10 (corporation)
   - ☐ CCP 416.20 (defunct corporation)
   - ☐ CCP 416.40 (association or partnership)
   - ☐ CCP 416.60 (minor)
   - ☐ CCP 416.70 (conservatee)
   - ☐ CCP 416.90 (authorized person)
   - ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
NETVERSANT - NATIONAL, INC., a Delaware corporation, dba NETVERSANT - SAN FRANCISCO, aka NETVERSANT; PETER WAINWRIGHT, an individual; and DOES 1 through 40, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
MICHAEL CAVA

**You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.**

**There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.**

***Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.***

***Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.***

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Francisco County Superior Court
400 McAllister Street
San Francisco, CA 94102

CASE NUMBER:
*(Número del Caso):* CGC-06-453469

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shahab Fotouhi / Daniel Iannitelli; Fotouhi Epps Hillger Gilroy LLP
160 Pine Stree, San Francisco, CA 94111 (415) 362.9300

DATE: *(Fecha)* JUN 23 2006 Gordon Park-Li Clerk, by *(Secretario)* PARAM NATT, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:

under:
☐ CCP 416.10 (corporation)
☐ CCP 416.20 (defunct corporation)
☐ CCP 416.40 (association or partnership)
☐ CCP 416.60 (minor)
☐ CCP 416.70 (conservatee)
☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

**Shahab E. Fotouhi - 168301**
**Daniel P. Iannitelli - 203388**
FOTOUHI • EPPS • HILLGER • GILROY LLP
160 Pine Street, Suite 710
San Francisco, CA 94111
Tel: 415.362.9300
Fax: 415.358.5521

Attorneys for Plaintiffs
MICHAEL CAVA

CASE MANAGEMENT CONFERENCE SET

NOV 2 2 2006 -9<u>00</u> AM

DEPARTMENT 212

ENDORSED
FILED
San Francisco County Superior Court

JUN 2 3 2006

GORDON PARK-LI, Clerk
BY: PARAM NATT
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO - UNLIMITED JURISDICTION

MICHAEL CAVA,

Plaintiff,

vs.

NETVERSANT - NATIONAL, INC., a Delaware corporation, dba NETVERSANT - SAN FRANCISCO, aka NETVERSANT; PETER WAINWRIGHT, an individual; and DOES 1 through 40, inclusive,

Defendants.

Case No. CGC-06-453469

**COMPLAINT FOR DAMAGES**

**(1) DISABILITY DISCRIMINATION**
**(2) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
**(3) HARASSMENT**
**(4) RETALIATION**
**(5) BREACH OF EMPLOYMENT CONTRACT**
**(6) INTENTIONAL MISREPRESENTATION**
**(7) NEGLIGENT MISREPRESENTATION**
**(8) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**
**(9) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(10) NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

COMES NOW Plaintiff and files this Complaint against Defendants on behalf of himself, and in support thereof alleges the following:

## PARTIES

1. Plaintiff MICHAEL CAVA (hereinafter referred to as "Plaintiff") is an individual and a resident of the State of California.

2. Plaintiff is informed, and thereon alleges, that defendant NETVERSANT - NATIONAL, INC., dba NETVERSANT - SAN FRANCISCO, aka NETVERSANT, is a Delaware corporation, and is authorized to transact business in the State of California.

//

3. Plaintiff is informed, and thereon alleges, that defendant PETER WAINWRIGHT, is an individual residing in the State of California.

4. Plaintiff does not know the true names and capacities of defendants designated as Does 1 through 40 inclusive, whether individual, corporate, associate or otherwise, and therefore sues said defendants by such fictitious names pursuant to the California Code of Civil Procedure. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's injuries as herein alleged were proximately caused by their wrongful conduct. Plaintiff will amend its Complaint when the true names and capacities of said defendants are revealed or become known.

5. Plaintiff is informed and believes and thereon allege that at all times mentioned in this Complaint, each of the defendants, whether specifically named or designated as a Doe, was the agent, servant, employee or officer of the other, and all acts alleged to have been committed by one of them was committed by and on behalf of every other and in doing the acts herein alleged, was acting within the course and scope of said agency, employment and service with the advance knowledge, consent and ratification of the remaining defendants.

6. Venue is appropriate because defendant NETVERSANT - NATIONAL, INC., dba NETVERSANT - SAN FRANCISCO, aka NETVERSANT, transacts business in the City and County of San Francisco.

**STATEMENT OF FACTS**

7. From on or about June 2004, to on or about August 5, 2005, Plaintiff was an Account Executive employed by Defendants with responsibilities including, but not limited to, sales, support and account maintenance relating to telephone and communications systems.

8. At all times herein mentioned, Plaintiff was employed pursuant to an employment contract with Defendants. Under the terms of the employment contract, Plaintiff was guaranteed certain accounts to manage. At all times herein mentioned, Plaintiff performed his duties and obligations under the agreement and Defendants, each of them, knew Plaintiff had fulfilled all of the duties and conditions under the agreement.

//

9.      At all times herein mentioned, Plaintiff was an individual with mental disabilities protected by California Government Code § 12940 (a).

10.     In or around January 2005, Plaintiff informed Defendants of his mental disability and, that due to his mental disability, he was determined by a medical doctor that he required time off from work. Plaintiff was thereafter ordered by a medical doctor to be placed on disability leave.

11.     From the time Plaintiff advised Defendants of his disability, defendant Peter Wainwright and other employees of Defendant Netversant began to harass and discriminate against Plaintiff, including taking away accounts, placing him on a Performance Improvement Plan without basis and treating Plaintiff differently than other Account Executives, and threatening Plaintiff that he would be terminated for going on disability leave, among other acts. Plaintiff complained of adverse treatment to Defendants who failed to properly respond.

12.     After Plaintiff advised Defendants that he was ordered to be placed on disability leave, Plaintiff, through Defendants' consent, arranged for Plaintiff's disability leave, including making arrangements for other Account Executives to temporarily manage Plaintiff's remaining accounts while he was on disability leave. Under the arrangement, other Account Executives would manage Plaintiff's account until Plaintiff's return from disability leave. While on disability leave, Plaintiff continued to work on his accounts, assisting the other Account Executives with his accounts.

13.     Upon return from disability leave on or about August 1, 2005, Plaintiff was advised by Defendants that he would not be permitted to continue to work on his accounts and that his accounts would be permanently assigned to other Account Executives. Plaintiff complained to Defendants about the adverse employment actions and demanded that Defendants return his accounts.

14.     Further upon his return from disability, Defendant Peter Wainwright and other Defendant Netversant employees continued to harass and further discriminate against Plaintiff because of his disability and taking a disability leave, including treating Plaintiff differently than other employees, being abusive toward Plaintiff, and threatening to terminate him, among other discriminatory, retaliatory and harassing acts.

//

//

15. On or about August 4, 2005, due to Plaintiff's continued medical and mental condition, a medical doctor ordered Plaintiff to return to disability leave. Plaintiff advised Defendants of the medical doctor's order. Defendants thereafter advised Plaintiff that he must either resign or be terminated. Plaintiff advised Defendants of the continued mistreatment and attempted to reach accommodation with Defendants. Defendants ignored Plaintiff's efforts and demanded that he resigned.

16. On or about August 5, 2005, Defendants terminated Plaintiff because of his disability.

**FIRST CAUSE OF ACTION**

**(Disability Discrimination – against Defendant Netversant - National, Inc. only)**

17. Plaintiff realleges paragraphs 1 through 16, inclusive, of this Complaint and incorporates them herein by reference.

18. Plaintiff suffers from a mental disability, as diagnosed by a medical doctor and acknowledged by Defendants, and is therefore a member of the class of persons protected from mental disability discrimination under California Government Code section 12940 et seq.

19. Defendants regularly employ five or more persons and therefore are employers subject to regulation by California Government Code §12940.

20. Defendants refused to make reasonable accommodations for Plaintiff's known mental disability by terminating Plaintiff because he was placed on medical-mental disability leave by a medical doctor. Despite Plaintiff's requests, Defendants failed to engage in an interactive process to find a reasonable accommodation.

21. Defendants unlawfully subjected Plaintiff to adverse employment actions by, among other things, reassigning his accounts to other Account Executives, harassing Plaintiff, retaliating against Plaintiff, verbally abusing Plaintiff , treating Plaintiff differently than other Account Executives, because of his disability.

22. Plaintiff is informed and believes, and thereon alleges, that on or about August 5, 2005 Plaintiff's employment was terminated by Defendants because of his mental disability, in violation of California Government Code §12940 et seq.

//

23. Within one-year from the date of the most recent act of discrimination, Plaintiff filed a charge of mental disability discrimination, and other violations, with the California Department of Fair Employment and Housing. On or about February 1, 2006, Plaintiff received a right to sue notice from the California Department of Fair Employment and Housing and subsequently amended. *A true and correct copy of the DFEH Right to Sue letter is attached hereto as Exhibit A.*

24. As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered and continues to suffer substantial losses in income, earnings and benefits and has been damaged in his capacity to earn his salary, and has lost and will continue to lose employment benefits.

25. As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered and continues to suffer severe and serious injury to his person, all to Plaintiff's damage in a sum within the jurisdiction of this Court and to be shown according to proof.

26. The conduct of Defendants in discriminating against Plaintiff and terminating him because of his disability subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights. Plaintiff is informed and believes, and thereon alleges, that his termination by Defendants, and each of them, was done with an intent to cause injury to Plaintiff. As a consequence of the aforesaid oppressive, malicious and despicable conduct, Plaintiff is entitled to an award of punitive damages in a sum to be shown according to proof.

**SECOND CAUSE OF ACTION**

**(Wrongful Termination in Violation of Public Policy -**

**against Defendant Netversant - National, Inc. only)**

27. Plaintiff realleges paragraphs 1 through 26, inclusive, of this Complaint and incorporates them herein by reference.

28. At all times herein mentioned, Plaintiff was employed pursuant to a an employment contract by Defendants. At all times herein mentioned, Plaintiff performed his duties and obligations under the employment agreement referenced above, and Defendants, each of them, knew Plaintiff had fulfilled all the duties and conditions under the agreement.

29. Plaintiff is informed and believes, and thereon alleges, that on or about August 5, 2005, Plaintiff's employment was terminated by Defendants because of, among other things, his mental

disability, in violation of California Government Code §12940 et seq.

30. Plaintiff is informed and believes, and thereon alleges, that on or about August 5, 2005, Plaintiff's employment was also terminated by Defendants due to the high costs incurred by Defendants in administering, covering and payment of medical benefits to Plaintiff's family under Defendants employee group medical insurance plan. Defendants' conduct of terminating an employee because that employee's specific use of medical coverage provided by the employer to all employees resulted in substantial costs to the employer, is against public policy of the State of California.

31. As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered and continues to suffer substantial losses in income, earnings and benefits and has been damaged in his capacity to earn his salary, and has lost and will continue to lose employment benefits.

32. As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered and continues to suffer severe and serious injury to his person, all to Plaintiff's damage in a sum within the jurisdiction of this Court and to be shown according to proof.

33. As a direct and proximate result of the misconduct and unlawfulness of Defendants, and each of them, and the resulting termination of Plaintiff's employment, Plaintiff has suffered harm including, but not limited to, humiliation, embarrassment, and mental anguish, all to Plaintiff's damage to be shown according to proof.

34. The conduct of Defendants in discriminating against Plaintiff , terminating him because of his disability, and to deny him benefits, subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights. Plaintiff is informed and believes, and thereon alleges, that his termination by Defendants, and each of them, was done with an intent to cause injury to Plaintiff. As a consequence of the aforesaid oppressive, malicious and despicable conduct, Plaintiff is entitled to an award of punitive damages in a sum to be shown according to proof.

//

//

//

//

**THIRD CAUSE OF ACTION**

**(Harassment– against Defendants Netversant - National, Inc. and Peter Wainwright)**

35. Plaintiff realleges paragraphs 1 through 34, inclusive, of this Complaint and incorporates them herein by reference.

36. Since learning of Plaintiff's disability, and because of his disability, defendant Peter Wainwright continually discriminated against, harassed, retaliated and subjected Plaintiff to humiliation and adverse employment action, thus creating a hostile work environment.

37. Defendants negligently and in bad faith failed to properly respond to Plaintiff's claims of harassment and discrimination and take appropriate remedial action.

38. As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered and continues to suffer substantial losses in income, earnings and benefits and has been damaged in his capacity to earn his salary, and has lost and will continue to lose employment benefits.

39. As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered and continues to suffer severe and serious injury to his person, all to Plaintiff's damage in a sum within the jurisdiction of this Court and to be shown according to proof.

40. As a direct and proximate result of the misconduct and unlawfulness of Defendants, and each of them, and the resulting termination of Plaintiff's employment, Plaintiff has suffered harm including, but not limited to, humiliation, embarrassment, and mental anguish, all to Plaintiff's damage to be shown according to proof.

41. The conduct of Defendants in discriminating against Plaintiff and harassing Plaintiff because of his disability subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights. Plaintiff is informed and believes, and thereon alleges, that his termination by Defendants, and each of them, was done with an intent to cause injury to Plaintiff. As a consequence of the aforesaid oppressive, malicious and despicable conduct, Plaintiff is entitled to an award of punitive damages in a sum to be shown according to proof.

//

//

**FOURTH CAUSE OF ACTION**

**(Retaliation – against Defendant Netversant - National, Inc. only)**

42. Plaintiff realleges paragraphs 1 through 41, inclusive, of this Complaint and incorporates them herein by reference.

43. Plaintiff is informed and believes, and thereon alleges, that the adverse employment actions taken against him by Defendants as set forth herein occurred in retaliation for being on disability leave, Plaintiff's complaints of unlawful discriminatory treatment, harassment and adverse treatment in his employment with Defendants. Such actions are unlawful, discriminatory and retaliatory in violation of Government Code section 12940 et seq. and have resulted in damages to Plaintiff.

44. As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered and continues to suffer substantial losses in income, earnings and benefits and has been damaged in his capacity to earn his salary, and has lost and will continue to lose employment benefits.

45. As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered and continues to suffer severe and serious injury to his person, all to Plaintiff's damage in a sum within the jurisdiction of this Court and to be shown according to proof.

46. As a direct and proximate result of the misconduct and unlawfulness of Defendants, and each of them, and the resulting termination of Plaintiff's employment, Plaintiff has suffered harm including, but not limited to, humiliation, embarrassment, and mental anguish, all to Plaintiff's damage to be shown according to proof.

47. The conduct of Defendants in discriminating against Plaintiff and retaliating against him because of his disability subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights. Plaintiff is informed and believes, and thereon alleges, that his termination by Defendants, and each of them, was done with an intent to cause injury to Plaintiff. As a consequence of the aforesaid oppressive, malicious and despicable conduct, Plaintiff is entitled to an award of punitive damages in a sum to be shown according to proof.

//

//

**FIFTH CAUSE OF ACTION**

**(Breach of Contract – against Defendant Netversant - National, Inc. only)**

48. Plaintiff realleges paragraphs 1 through 47, inclusive, of this Complaint and incorporates them herein by reference.

49. Prior to commencing his employment with Defendants, Plaintiff and Defendants agreed, as a condition of employment with Defendants, that Plaintiff would receive certain on-going accounts to manage as an Account Executive at the time his employment commenced. Management of these on-going accounts would generate a higher income for Plaintiff.

50. Plaintiff has performed all of the conditions, covenants and promises required of it under the Agreement, except for those items for which its performance was excused.

51. Defendants breached the agreement with Plaintiff by failing to assign all the accounts as promised.

52. As a result of Defendants' wrongful conduct and breach of contract, Plaintiff has been damaged, which damages were foreseeable to Defendants

53. As a proximate result of Defendants wrongful acts, Plaintiff has sustained damages in an amount within the jurisdiction of this Court.

**SIXTH CAUSE OF ACTION**

**(Intentional Misrepresentation – against Defendant Netversant - National, Inc. only)**

54. Plaintiff realleges paragraphs 1 through 53, inclusive, of this complaint and incorporates them herein by this reference.

55. Defendants expressly represented and warranted to Plaintiff that Plaintiff would receive certain on-going accounts to manage, as an Account Executive at the time his employment commenced, and receive commissions from.

56. Defendants did not perform their obligations and failed to assign certain on-going accounts to Plaintiff for management as an Account Executive.

57. Plaintiff is informed and believes and thereon alleges that Defendants intentionally made these false representations to Plaintiff with the intent to induce Plaintiff into entering into the

agreement and, ultimately, to deprive Plaintiff of the benefit of having said accounts. Had Plaintiff known that Defendants would not comply with their obligations, Plaintiff would not have entered into the agreement.

58. Plaintiff relied on the representations, promises and warranties made by Defendants when entering into the agreement. Had Plaintiff known that such representations were in question, Plaintiff would not have entered into the agreements.

59. As a result of Defendants wrongful conduct, Plaintiff has been damaged, which damages were foreseeable to Defendants at the time the false representations were made.

60. As a proximate result of Defendants' wrongful acts, Plaintiff has sustained damages in an amount within the jurisdiction of this Court.

61. Defendants actions, as alleged in this cause of action, were done with malice, oppression, and fraud, and Plaintiff is therefore entitled to recover exemplary or punitive damages.

## SEVENTH CAUSE OF ACTION

**(Negligent Misrepresentation – against Defendant Netversant - National, Inc. only)**

62. Plaintiff realleges paragraphs 1 through 61, inclusive, of this complaint and incorporates them herein by this reference.

63. Defendants expressly represented and warranted to Plaintiff that Plaintiff would receive certain on-going accounts to manage, as an Account Executive at the time his employment commenced, and receive commissions from.

64. Defendants did not perform their obligations and failed to assign certain on-going accounts to Plaintiff for management as an Account Executive.

65. Plaintiff is informed and believes and thereon alleges that Defendants made these representations with no reasonable grounds for believing them to be true and with the intent to induce Plaintiff into entering into employment with Defendants.

66. Plaintiff relied on the representations, promises and warranties made by Defendant when entering into the agreement. Had Plaintiff known that representations were in question, Plaintiff would not have entered into the agreement.

67. As a proximate result of Defendants' negligent misrepresentations, Plaintiff has sustained damages in an amount within the jurisdiction of this Court, to be shown according to proof at trial.

**EIGHTH CAUSE OF ACTION**

**(Breach of the Covenant of Good Faith and Fair Dealing – against Defendant Netversant - National, Inc. only)**

68. Plaintiff realleges paragraphs 1 through 67, inclusive, of this Complaint and incorporates them herein by reference.

69. The employment agreement referred to above contained an implied covenant of good faith and fair dealing, which obligated Defendants to perform the terms and conditions of the agreement fairly and in good faith and refrain from doing any act that would prevent or impede Plaintiff from performing any and all of the conditions of the contract that he agreed to perform, or any act that would deprive Plaintiff of the benefits of the contract.

70. Plaintiff performed all the duties and conditions of the employment agreement.

71. Defendants knew that Plaintiff had fulfilled his duties and conditions under the agreement.

72. Defendants breached the implied covenant of good faith and fair dealing under the employment agreement by causing Plaintiff's termination intentionally, in bad faith and for reasons extraneous to the agreement. Plaintiff is informed and believes, and thereon alleges, that Defendants terminated Plaintiff without good, just or legitimate cause. Plaintiff is informed and believes and thereon alleges that Defendants terminated him because, among other things, of his disability and complaints regarding adverse employment actions.

73. Plaintiff is informed and believes, and thereon alleges, that Defendants breached the covenant of good faith and fair dealing by placing him on a Performance Review plan, although Plaintiff had met his sales quota.

74. Plaintiff is informed and believes, and thereon alleges, that Defendants breached the covenant of good faith and fair dealing by not assigning accounts to Plaintiff that Defendants agreed to assign prior to his commencing his employment.

75. As a proximate result of Defendants' breach of the implied covenant of good faith and fair

dealing, Plaintiff has suffered, and continues to suffer, losses in earnings and other employment benefits, and consequential economic damages to his damage in an amount to be shown according to proof.

**NINTH CAUSE OF ACTION**

**(Intentional Infliction of Emotional Distress –**

**against Defendants Netversant - National, Inc. and Peter Wainwright)**

76. Plaintiff realleges paragraphs 1 through 75, inclusive, of this Complaint and incorporates them herein by reference.

77. Plaintiff is informed and believes, and thereon alleges, that the actions of Defendants, and each of them, discriminated against Plaintiff, harassed Plaintiff, retaliated against Plaintiff, and engaged in other misconduct against Plaintiff because of his disability, and causing Plaintiff's employment to be terminated in contravention of public policy, as aforesaid, was intentional, extreme, outrageous and done with the intent to cause emotional distress or with reckless disregard of the probability of causing Plaintiff such emotional distress. Plaintiff is informed and believes, and thereon alleges, that Defendants' discriminatory conduct was intentional, extreme, outrageous and done with the intent to cause emotional distress or with reckless disregard of the probability of causing Plaintiff such emotional distress.

78. As a direct and proximate cause of the Defendants' conduct, Plaintiff has been subjected to severe emotional distress and will continue to suffer severe and permanent humiliation, mental pain and anguish, and will continue to live in a constant state of emotional tension and distress.

79. As a direct and proximate result of Defendants, and each of their actions, Plaintiff has suffered severe and serious injury to his person, all to Plaintiff's damage in a sum within he jurisdiction of this Court and not be shown according to proof.

80. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer substantial losses in income, earnings, and benefits and has been damages in his capacity to earn his salary, and has lost and will continue to lose employment benefits.

81. The conduct of Defendants in discriminating against Plaintiff because of his disability subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights. Plaintiff is

informed and believes, and thereon alleges, that the termination of employment, retaliatory conduct, efforts to discontinue medical benefits and other conduct by Defendants, and each of them, was done with an intent to cause injury to Plaintiff. As a consequence of the aforesaid oppressive, malicious and despicable conduct, Plaintiff is entitled to an award of punitive damages in a sum to be shown according to proof.

**TENTH CAUSE OF ACTION**

**(Negligent Infliction of Emotional Distress – against Defendants Netversant - National, Inc. and Peter Wainwright)**

82. Plaintiff realleges paragraphs 1 through 81, inclusive, of this Complaint and incorporates them herein by reference.

83. Plaintiff is informed and believes, and thereon alleges, that the actions of Defendants, and each of them, were done with reckless disregard of the probability of causing Plaintiff emotional distress.

84. As a direct and proximate cause of the Defendants' conduct, Plaintiff has been subjected to severe emotional distress and will continue to suffer severe and permanent humiliation, mental pain and anguish, and will continue to live in a constant state of emotional tension and distress.

85. As a direct and proximate result of the Defendants', and each of their actions, Plaintiff has suffered severe and serious injury to his person, all to Plaintiff's damage in a sum within he jurisdiction of this Court and not be shown according to proof.

86. As a direct and proximate result of the Defendants' conduct, plaintiff has suffered and continues to suffer substantial losses in income, earnings, and benefits and has been damages in his capacity to earn his salary, and has lost and will continue to lose employment benefits.

WHEREFORE, Plaintiff Michael Cava prays for judgment against the Defendants, and each of them, as follows:

**FIRST, SECOND, THIRD, FOURTH, SIXTH and NINTH CAUSES OF ACTION**

1. General damages in a sum according to proof;
2. Special damages including loss of income and benefits;
3. Punitive damages;

4. For interest provided by law, including but not limited to, Civil Code §3291;

5. For attorneys' fees in an amount to be shown according to proof;

6. Costs of suit and for each other and further relief as the Court deems just and proper.

**FIFTH, SEVENTH and EIGHTH CAUSES OF ACTION**

1. General damages in a sum according to proof;

2. Special damages including loss of income and benefits;

3. For interest provided by law, including but not limited to, Civil Code §3291;

4. For attorneys' fees in an amount to be shown according to proof;

5. Costs of suit and for each other and further relief as the Court deems just and proper.

Dated: June 23, 2006

FOTOUHI • EPPS • HILLGER • GILROY LLP

By: ______________________
Daniel P. Iannitelli
Attorney for Plaintiff
Michael Cava

# EXHIBIT A

*** * * EMPLOYMENT * * ***

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

**DFEH #** E200506 M-1062-00-pc
DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.) Mr. Michael Cava
TELEPHONE NUMBER (INCLUDE AREA CODE) (925) 648-3490

ADDRESS 14 Pinewood Place

CITY/STATE/ZIP Danville, California, 94506 COUNTY Contra Costa COUNTY CODE

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME Netversant, Inc.
TELEPHONE NUMBER (Include Area Code) (916) 286-3300

ADDRESS 1820 Tribute Road, Suite A
DFEH USE ONLY

CITY/STATE/ZIP Sacramento, California, 95815 COUNTY Sacramento COUNTY CODE

NO. OF EMPLOYEES/MEMBERS (if known)
DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) 8/5/05
RESPONDENT CODE

THE PARTICULARS ARE:

On August 5, 2005 I was

- X fired
- ___ laid off
- X demoted
- X harassed
- ___ genetic characteristics testing
- ___ forced to quit
- ___ denied employment
- ___ denied promotion
- ___ denied transfer
- X denied accommodation
- ___ impermissible non-job-related inquiry
- ___ other (specify) ___
- ___ denied family or medical leave
- ___ denied pregnancy leave
- X denied equal pay
- ___ denied right to wear pants
- ___ denied pregnancy accommodation

by Peter Wainwright (Name of Person) Vice President of Sales (Job Title (supervisor/manager/personnel director/etc.))

because of my:

- ___ sex
- ___ age
- ___ religion
- ___ race/color
- ___ national origin/ancestry
- ___ marital status
- ___ sexual orientation
- ___ association
- ___ physical disability
- X mental disability
- ___ other (specify) ___
- ___ cancer
- ___ genetic characteristic
- ___ (Circle one) filing; Protesting; participating in investigation (retaliation for)

the reason given by Joanna Cotter / Human Resources Director (Name of Person and Job Title)

Was because of [please state what you believe to be reason(s)]

my mental disability, sales accounts were taken from me, I suffered harassment and I was subsequently terminated.

Netversant failed to accommodate my disability and failed to engage in an interactive process to accommodate.

I believe I was also terminated because NetVersant wished to reduce its medical expenses related to my son's cancer treatments.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

**I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.**

Dated 6-5-06

[signature]
COMPLAINANT'S SIGNATURE

At Danville
City

DATE FILED:

# RIGHT-TO-SUE COMPLAINT INFORMATION SHEET

DFEH needs a separate signed complaint for each employer, person, labor organization, employment agency, apprenticeship committee, state or local government agency you wish to file against. If you are filing against both a company and an individual(s), please complete separate complaint forms naming the company or an individual in the appropriate area.

Please complete the following so that DFEH can process your complaint and for DFEH for statistical purposes, and return with your signed complaint(s):

YOUR RACE/ETHNICITY (Check one)
__ African-American
__ African - Other
__ Asian/Pacific Islander (specify)__________
_X_ Caucasian (Non-Hispanic)
__ Native American
__ Hispanic(specify)__________________

YOUR PRIMARY LANGUAGE (specify)
______________________________

YOUR AGE: ___

IF FILING BECAUSE OF YOUR NATIONAL ORIGIN/ANCESTRY, YOUR NATIONAL ORIGIN/ANCESTRY (specify)
______________________________

IF FILING BECAUSE OF DISABILITY, YOUR DISABILITY:
__ AIDS
__ Blood/Circulation
__ Brain/Nerves/Muscles
__ Digestive/Urinary/Reproduction
__ Hearing
__ Heart
__ Limbs (Arms/Legs)
_X_ Mental
__ Sight
__ Speech/Respiratory
__ Spinal/Back

IF FILING BECAUSE OF MARITAL STATUS, YOUR MARITAL STATUS: (Check one)
__ Cohabitation
__ Divorced
__ Married
__ Single

IF FILING BECAUSE OF RELIGION, YOUR RELIGION: (specify)
______________________________

IF FILING BECAUSE OF SEX, THE REASON:
__ Harassment
__ Orientation
__ Pregnancy
__ Denied Right to Wear Pants
__ Other Allegations (List)
__________________

YOUR GENDER: __ Female _X_ Male

YOUR OCCUPATION:
__ Clerical
__ Craft
__ Equipment Operator
__ Laborer
__ Manager
__ Paraprofessional
__ Professional
_X_ Sales
__ Service
__ Supervisor
__ Technician

HOW YOU HEARD ABOUT DFEH:
_X_ Attorney
__ Bus/BART Advertisement
__ Community Organization
__ EEOC
__ EDD
__ Friend
__ Human Relations Commission
__ Labor Standards Enforcement
__ Local Government Agency
__ Poster
__ Prior Contact with DFEH
__ Radio
__ Telephone Book
__ TV
__ DFEH Web Site

DO YOU HAVE AN ATTORNEY WHO HAS AGREED TO REPRESENT YOU ON YOUR EMPLOYMENT DISCRIMINATION CLAIMS IN COURT? IF YOU CHECK "YES", YOU WILL BE RESPONSIBLE FOR HAVING YOUR ATTORNEY SERVE THIS DFEH COMPLAINT.

_X_ Yes __ No

PLEASE PROVIDE YOUR ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:

Shahab E. Fotouhi

160 Pine Street, Suite 710, San Francisco, CA, 94111

[signature] 6-5-06

Your Signature Date

# * * * EMPLOYMENT * * *

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # E200506 M-1062-00-pc
DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.) Mr. Michael Cava
TELEPHONE NUMBER (INCLUDE AREA CODE) (925) 648-3490

ADDRESS 14 Pinewood Place

CITY/STATE/ZIP Danville, California, 94506 COUNTY Contra Costa COUNTY CODE

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME Peter Wainwright c/o NetVersant, Inc.
TELEPHONE NUMBER (Include Area Code) (916) 286-3300

ADDRESS 1820 Tribute Road, Suite A DFEH USE ONLY

CITY/STATE/ZIP Sacramento, California, 95815 COUNTY Sacramento COUNTY CODE

NO. OF EMPLOYEES/MEMBERS (if known)
DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) 8/5/05
RESPONDENT CODE

THE PARTICULARS ARE:

On August 5, 2005 I was

X fired
___ laid off
X demoted
X harassed
___ genetic characteristics testing
___ forced to quit
___ denied employment
___ denied promotion
___ denied transfer
X denied accommodation
___ impermissible non-job-related inquiry
___ other (specify) ___
___ denied family or medical leave
___ denied pregnancy leave
X denied equal pay
___ denied right to wear pants
___ denied pregnancy accommodation

by Peter Wainwright (Name of Person) Vice President of Sales (Job Title (supervisor/manager/personnel director/etc.))

because of my:

___ sex
___ age
___ religion
___ race/color
___ national origin/ancestry
___ marital status
___ sexual orientation
___ association
___ physical disability
X mental disability
___ other (specify) ___
___ cancer
___ genetic characteristic
___ (Circle one) filing; Protesting; participating in investigation (retaliation for)

the reason given by Joanna Cotter / Human Resources Director (Name of Person and Job Title)

Was because of [please state what you believe to be reason(s)]

my mental disability, sales accounts were taken from me, I suffered harassment and I was subsequently terminated.

Netversant failed to accommodate my disability and failed to engage in an interactive process to accommodate.

I believe I was also terminated because NetVersant wished to reduce its medical expenses related to my son's cancer treatments.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

**I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.**

Dated 6-5-06

[signature] Michael Cava
COMPLAINANT'S SIGNATURE

At Danville (City)

DATE FILED:

# RIGHT-TO-SUE COMPLAINT INFORMATION SHEET

DFEH needs a separate signed complaint for each employer, person, labor organization, employment agency, apprenticeship committee, state or local government agency you wish to file against. If you are filing against both a company and an individual(s), please complete separate complaint forms naming the company or an individual in the appropriate area.

Please complete the following so that DFEH can process your complaint and for DFEH for statistical purposes, and return with your signed complaint(s):

YOUR RACE/ETHNICITY (Check one)
__ African-American
__ African - Other
__ Asian/Pacific Islander (specify)__________
X Caucasian (Non-Hispanic)
__ Native American
__ Hispanic(specify)__________

YOUR PRIMARY LANGUAGE (specify)

__________

YOUR AGE: __

IF FILING BECAUSE OF YOUR NATIONAL ORIGIN/ANCESTRY, YOUR NATIONAL ORIGIN/ANCESTRY (specify)

__________

IF FILING BECAUSE OF DISABILITY, YOUR DISABILITY:
__ AIDS
__ Blood/Circulation
__ Brain/Nerves/Muscles
__ Digestive/Urinary/Reproduction
__ Hearing
__ Heart
__ Limbs (Arms/Legs)
X Mental
__ Sight
__ Speech/Respiratory
__ Spinal/Back

IF FILING BECAUSE OF MARITAL STATUS, YOUR MARITAL STATUS: (Check one)
__ Cohabitation
__ Divorced
__ Married
__ Single

IF FILING BECAUSE OF RELIGION, YOUR RELIGION: (specify)

__________

IF FILING BECAUSE OF SEX, THE REASON:
__ Harassment
__ Orientation
__ Pregnancy
__ Denied Right to Wear Pants
__ Other Allegations (List)

__________

YOUR GENDER: __ Female X Male

YOUR OCCUPATION:
__ Clerical
__ Craft
__ Equipment Operator
__ Laborer
__ Manager
__ Paraprofessional
__ Professional
X Sales
__ Service
__ Supervisor
__ Technician

HOW YOU HEARD ABOUT DFEH:
X Attorney
__ Bus/BART Advertisement
__ Community Organization
__ EEOC
__ EDD
__ Friend
__ Human Relations Commission
__ Labor Standards Enforcement
__ Local Government Agency
__ Poster
__ Prior Contact with DFEH
__ Radio
__ Telephone Book
__ TV
__ DFEH Web Site

DO YOU HAVE AN ATTORNEY WHO HAS AGREED TO REPRESENT YOU ON YOUR EMPLOYMENT DISCRIMINATION CLAIMS IN COURT? IF YOU CHECK "YES", YOU WILL BE RESPONSIBLE FOR HAVING YOUR ATTORNEY SERVE THIS DFEH COMPLAINT.

X Yes __ No

PLEASE PROVIDE YOUR ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:

Shahab E. Fotouhi

160 Pine Street, Suite 710, San Francisco, CA, 94111

[signature] 6-5-06

Your Signature Date

DFEH-300-03-1 (01/05)
Department of Fair Employment and Housing
State of California

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1515 Clay Street, Suite 701, Oakland, CA 94612
(510) 622-2941 TTY (800) 700-2320 Fax (510) 622-2951
www.dfeh.ca.gov

February 1, 2006

Shahab E. Fotouhi, Esq.
Attorney at Law
FOTOUHI, EPPS, HILLGER, GILROY, LLP
1701 Broadway
Oakland, CA 94612

RE: E200506M1062-00-pc
CAVA/NETVERSANT, INC.

Dear Shahab E. Fotouhi, Esq.:

**NOTICE OF CASE CLOSURE**

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective January 12, 2006 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two

The Department of Fair Employment and Housing does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Dorothy Padilla
District Administrator

cc:    Case File

Joanna Cotter
HR Director
NETVERSANT, INC.
1820 Tribute Road, Suite A
Sacramento, CA 95815

DFEH-200-43 (04/03)

*** EMPLOYMENT ***

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

**DFEH #** E200506 M-1062-00-pc
DFEH USE ONLY

CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.) Mr. Michael Cava
TELEPHONE NUMBER (INCLUDE AREA CODE) (925) 648-3490

ADDRESS 14 Pinewood Place

CITY/STATE/ZIP Danville, California, 94506
COUNTY Contra Costa
COUNTY CODE

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME NetVersant, Inc.
TELEPHONE NUMBER (Include Area Code) (916) 286-3300

ADDRESS 1820 Tribute Road, Suite A
DFEH USE ONLY

CITY/STATE/ZIP Sacramento, California, 95815
COUNTY Sacramento
COUNTY CODE

NO. OF EMPLOYEES/MEMBERS (if known)
DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) 8/5/05
RESPONDENT CODE

THE PARTICULARS ARE:

On August 5, 2005 I was

X fired
___ laid off
___ demoted
___ harassed
___ genetic characteristics testing
___ forced to quit
___ denied employment
___ denied promotion
___ denied transfer
___ denied accommodation
___ impermissible non-job-related inquiry
___ other (specify) ____
___ denied family or medical leave
___ denied pregnancy leave
___ denied equal pay
___ denied right to wear pants
___ denied pregnancy accommodation

by Peter Wainwright — Vice President of Sales
Name of Person — Job Title (supervisor/manager/personnel director/etc.)

because of my:

___ sex
___ age
___ religion
___ race/color
___ national origin/ancestry
___ marital status
___ sexual orientation
___ association
___ physical disability
X mental disability
___ other (specify) ____
___ cancer
___ genetic characteristic
___ (Circle one) filing; Protesting; participating in investigation (retaliation for)

the reason given by Joanna Cotter / Human Resources Director
Name of Person and Job Title

Was because of [please state what you believe to be reason(s)]

I was advised that my disability impacted my ability to perform by duties as a sales representative. I believe I was also terminated because NetVersant wished to reduce its medical expenses related to my son's cancer treatments.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

**I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.**

Dated 12/22/05

Michael Cava
COMPLAINANT'S SIGNATURE

At Danville
City

DATE FILED: 01/12/06

JAN 12 2006

# RIGHT-TO-SU COMPLAINT INFORMATIO SHEET

DFEH needs a separate signed complaint for each employer, person, labor organization, employment agency, apprenticeship committee, state or local government agency you wish to file against. If you are filing against both a company and an individual(s), please complete separate complaint forms naming the company or an individual in the appropriate area.

Please complete the following so that DFEH can process your complaint and for DFEH for statistical purposes, and *return with your signed complaint(s):*

YOUR RACE:/ETHNICITY (Check one)
__ African-American
__ African - Other
__ Asian/Pacific Islander (specify)__________
X Caucasian (Non-Hispanic)
__ Native American
__ Hispanic(specify)__________

YOUR PRIMARY LANGUAGE (specify)
__________

YOUR AGE: __ __

IF FILING BECAUSE OF YOUR NATIONAL ORIGIN/ANCESTRY, YOUR NATIONAL ORIGIN/ANCESTRY (specify)
__________

IF FILING BECAUSE OF DISABILITY, YOUR DISABILITY:
__ AIDS
__ Blood/Circulation
__ Brain/Nerves/Muscles
__ Digestive/Urinary/Reproduction
__ Hearing
__ Heart
__ Limbs (Arms/Legs)
X Mental
__ Sight
__ Speech/Respiratory
__ Spinal/Back

IF FILING BECAUSE OF MARITAL STATUS, YOUR MARITAL STATUS: (Check one)
__ Cohabitation
__ Divorced
__ Married
__ Single

IF FILING BECAUSE OF RELIGION, YOUR RELIGION: (specify)
__________

IF FILING BECAUSE OF SEX, THE REASON:
__ Harassment
__ Orientation
__ Pregnancy
__ Denied Right to Wear Pants
__ Other Allegations (List)
__________

YOUR GENDER: __ Female X Male

YOUR OCCUPATION:
__ Clerical
__ Craft
__ Equipment Operator
__ Laborer
__ Manager
__ Paraprofessional
__ Professional
X Sales
__ Service
__ Supervisor
__ Technician

HOW YOU HEARD ABOUT DFEH:
X Attorney
__ Bus/BART Advertisement
__ Community Organization
__ EEOC
__ EDD
__ Friend
__ Human Relations Commission
__ Labor Standards Enforcement
__ Local Government Agency
__ Poster
__ Prior Contact with DFEH
__ Radio
__ Telephone Book
__ TV
__ DFEH Web Site

DO YOU HAVE AN ATTORNEY WHO HAS AGREED TO REPRESENT YOU ON YOUR EMPLOYMENT DISCRIMINATION CLAIMS IN COURT? IF YOU CHECK "YES", YOU WILL BE RESPONSIBLE FOR HAVING YOUR ATTORNEY SERVE THIS DFEH COMPLAINT.

X Yes __ No

PLEASE PROVIDE YOUR ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:

Shahab E. Fotouhi

1701 Broadway, Oakland, CA, 94612

[signature] 12/22/05
Your Signature Date

DFEH-300-03-1 (01/05)
Department of Fair Employment and Housing
State of California

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1515 Clay Street, Suite 701, Oakland, CA 94612
(510) 622-2941 TTY (800) 700-2320 Fax (510) 622-2951
www.dfeh.ca.gov

February 1, 2006

Shahab E. Fotouhi, Esq.
Attorney at Law
FOTOUHI, EPPS, HILLGER, GILROY, LLP
1701 Broadway
Oakland, CA 94612

RE: E200506M1062-01-pc
CAVA/WAINWRIGHT, PETER, As an individual

Dear Shahab E. Fotouhi, Esq.:

**NOTICE OF CASE CLOSURE**

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective January 12, 2006 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two

The Department of Fair Employment and Housing does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Dorothy Padilla
District Administrator

cc: Case File

Peter Wainwright
Vice President of Sales
NETVERSANT, INC.
1820 Tribute Road, Suite A
Sacramento, CA 95815

DFEH-200-43 (04/03)

*** * * EMPLOYMENT * * ***

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

**DFEH #** E200506 M-1062-01-pc
DFEH USE ONLY

CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.) Mr. Michael Cava
TELEPHONE NUMBER (INCLUDE AREA CODE) (925) 648-3490

ADDRESS 14 Pinewood Place

CITY/STATE/ZIP Danville, California, 94506
COUNTY Contra Costa
COUNTY CODE

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME Peter Wainwright c/o NetVersant, Inc.
TELEPHONE NUMBER (Include Area Code) (650) 615-9000

ADDRESS 880 Dubuque Avenue
DFEH USE ONLY

CITY/STATE/ZIP South San Francisco, California, 95815
COUNTY San Mateo
COUNTY CODE

NO. OF EMPLOYEES/MEMBERS (if known)
DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) 8/5/05
RESPONDENT CODE

THE PARTICULARS ARE:

On August 5, 2005 I was

- X fired
- __ laid off
- __ demoted
- __ harassed
- __ genetic characteristics testing
- __ forced to quit
- __ denied employment
- __ denied promotion
- __ denied transfer
- __ denied accommodation
- __ impermissible non-job-related inquiry
- __ other (specify)
- __ denied family or medical leave
- __ denied pregnancy leave
- __ denied equal pay
- __ denied right to wear pants
- __ denied pregnancy accommodation

by Peter Wainwright (Name of Person) Vice President of Sales (Job Title (supervisor/manager/personnel director/etc.))

because of my:

- __ sex
- __ age
- __ religion
- __ race/color
- __ national origin/ancestry
- __ marital status
- __ sexual orientation
- __ association
- __ physical disability
- X mental disability
- __ other (specify)
- __ cancer
- __ genetic characteristic
- __ (Circle one) filing; Protesting; participating in investigation (retaliation for)

the reason given by Joanna Cotter / Human Resources Director (Name of Person and Job Title)

Was because of [please state what you believe to be reason(s)]

I was advised that my disability impacted my ability to perform by duties as a sales representative.
I believe I was also terminated because NetVersant wished to reduce its medical expenses related to my son's cancer treatments.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

**I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.**

Dated 12/22/05

[signature]
COMPLAINANT'S SIGNATURE

At Danville
City

DATE FILED: 01/12/06

DFEH-300-03 (01/05)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

JAN 12 2006 STATE OF CALIFORNIA

# FOTOUHI • EPPS • HILLGER • GILROY LLP
ATTORNEYS AT LAW

Reply To:
Northern California Office

June 13, 2006

**California Department of**
**Fair Employment & Housing**
1515 Clay Street, Suite 701
Oakland, CA 94612

Re: *Michael Cava / NetVersant, Inc.*

Dear Sir or Madame:

This firm represents Michael Cava with respect to claims against his former employer, NetVersant, Inc. On February 1, 2006, the DFEH issued a right to sue letter to Mr. Cava pursuant to complaints dated December 22, 2005. Mr. Cava now seeks to amend his DFEH complaints.

Enclosed please find two amended complaints / requests for right to sue notices executed by Mr. Cava. It is our understanding that no additional right to sue letters will be issued and that the enclosed complaints will serve to modify the original complaints.

Thank you for your assistance in this matter. Please do not hesitate to contact me if you have any questions or concerns regarding this matter, or if the above does not accurately reflect the procedure for amendments.

Very truly yours,

FOTOUHI • EPPS • HILLGER • GILROY LLP

Daniel P. Iannitelli

encls.
DPI:dj
\\Fehg-server-01\shared\SEF\Cava\Correspondence\DFEH.061306.wpd

NORTHERN CALIFORNIA
160 Pine St., Suite 710
San Francisco CA 94111
TEL: 415.362.9300
FAX: 415.358.5521

CENTRAL CALIFORNIA
2650 Industrial Parkway, #100
Santa Maria, CA 93455
TEL: 805.544.4875
FAX: 805.544.4877

PACIFIC NORTHWEST
4431 West Bay Road
Lake Oswego, OR 97035
TEL: 503.636.0879
FAX: 503.635.3231

SOUTHERN CALIFORNIA
550 West "C" St, Suite 1410
San Diego, CA 92101
TEL: 619.234.1722
FAX: 619.234.1759

NEVADA*
333 So. Sixth St., Suite 230
Las Vegas, NV 89101
TEL: 702.384.4048
FAX: 702.384.4484
AFFILIATED WITH
FREDRICKSON, MAZEIKA & GRANT

WWW.FE-LAW.COM

# Alternative Dispute Resolution (ADR) Information Package

# Alternatives to Trial

## Here are some other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package on each defendant along with the complaint. (CRC 201.9(c))

Superior Court of California
County of San Francisco

## Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

## Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can be speedier.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.
- *ADR can permit more participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.
- *ADR can be flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.
- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

# ALTERNATIVE DISPUTE RESOLUTION PROGRAMS Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (*Superior Court Local Rule 4*)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for civil matters; each program is described below:

1) Judicial arbitration
2) Mediation
3) The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

## JUDICIAL ARBITRATION

### *Description*

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called judicial arbitration. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case. Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions. Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

***Operation***

San Francisco Superior Court Local Court Rule 4 **provides three different voluntary mediation programs** for civil disputes. An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at www.sfgov.org/courts. Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties. A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

***Private Mediation***

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation. The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial. Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110). Both forms are attached to this packet.

***Cost***

Generally, the cost of Private Mediation ranges from $200 per hour to $400 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $200 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

## EARLY SETTLEMENT PROGRAM

***Description***

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

***Operation***

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the status and setting conference statement.

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO

400 McAllister Street, San Francisco, CA 94102-4514

| | |
|---|---|
| Plaintiff<br>v.<br><br>Defendant | Case No. ______________<br><br>**STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION** |

**The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:**

- ☐ **Private Mediation**
- ☐ **Mediation Services of BASF**
- ☐ **Judicial Mediation**
- ☐ **Binding arbitration** — **Judge** ______________
- ☐ **Non-binding judicial arbitration** — **Judge** ______________
- ☐ **BASF Early Settlement Program**
- ☐ **Other ADR process (describe)** ______________________________

**Plaintiff(s) and Defendant(s) further agree as follows:**

______________________________________________________________

______________________________________________________________

______________________________________________________________

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | Dated: ______________ |

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | Dated: ______________ |

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | Dated: ______________ |

☐ ***Additional signature(s) attached***

**CM-110**

ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name, State Bar number, and address*):

TELEPHONE NO.: FAX NO. (*Optional*):

E-MAIL ADDRESS (*Optional*):

ATTORNEY FOR (*Name*):

FOR COURT USE ONLY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

**CASE MANAGEMENT STATEMENT**

CASE NUMBER:

**(Check one):** ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less)

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: Time: Dept.: Div.: Room:

Address of court *(if different from the address above)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(describe, including causes of action)*:

Page 1 of 4

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2005]

CASE MANAGEMENT STATEMENT

Cal. Rules of Court, rule 212

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d. The party or parties are willing to participate in *(check all that apply)*:
   (1) ☐ Mediation
   (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 1612)
   (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 1612)
   (4) ☐ Binding judicial arbitration
   (5) ☐ Binding private arbitration
   (6) ☐ Neutral case evaluation
   (7) ☐ Other *(specify)*:

e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g. ☐ This case is exempt from judicial arbitration under rule 1601(b) of the California Rules of Court *(specify exemption)*:

**11. Settlement conference**

☐ The party or parties are willing to participate in an early settlement conference *(specify when)*:

**12. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy ☐ Other *(specify)*:

Status:

**14. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.
   (1) Name of case:
   (2) Name of court:
   (3) Case number:
   (4) Status:

☐ Additional cases are described in Attachment 14a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

**15. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**16. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

American LegalNet, Inc.
www.USCourtForms.com



# Superior Court of California
## County of San Francisco

# Judicial Mediation Program

Introducing a new court alternative dispute resolution program that provides judicial mediation of complex civil cases

The Judicial Mediation program offers mediation of complex civil litigation by a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable Paul H. Alvarado
The Honorable David L. Ballati
The Honorable Anne Bouliane
The Honorable Ellen Chaitin
The Honorable John J.Conway
The Honorable Robert L. Dondero
The Honorable Ernest H.Goldsmith
The Honorable Curtis E. A. Karnow
The Honorable Patrick J. Mahoney
The Honorable Tomar Mason
The Honorable James J. McBride
The Honorable Kevin M. McCarthy
The Honorable John E. Munter
The Honorable A. James Robertson, II
The Honorable James L. Warren
The Honorable Mary E. Wiss

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will facilitate assignment of cases that qualify for the program.

Note: Space is limited. Submission of a stipulation to judicial mediation does not guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

4/26/06

# Alternative Dispute Resolution (ADR) Information Package

## Alternatives to Trial

## Here are some other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package on each defendant along with the complaint. (CRC 201.9(c))

Superior Court of California
County of San Francisco

## Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

## Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can be speedier.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.
- *ADR can permit more participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.
- *ADR can be flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.
- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

# ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
# Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for civil matters; each program is described below:

1) Judicial arbitration
2) Mediation
3) The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

## JUDICIAL ARBITRATION

### *Description*

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called judicial arbitration. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case. Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions. Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

***Operation***

San Francisco Superior Court Local Court Rule 4 **provides three different voluntary mediation programs** for civil disputes. An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at www.sfgov.org/courts. Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties. A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

***Private Mediation***

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation. The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial. Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110). Both forms are attached to this packet.

### *Cost*

Generally, the cost of Private Mediation ranges from $200 per hour to $400 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $200 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

## EARLY SETTLEMENT PROGRAM

### *Description*

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

### *Operation*

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the status and setting conference statement.

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO

400 McAllister Street, San Francisco, CA 94102-4514

Plaintiff

v.

Defendant

**Case No.** ____________________

**STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

**The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:**

- ☐ **Private Mediation**
- ☐ **Mediation Services of BASF**
- ☐ **Judicial Mediation**
  - **Judge** ____________________
- ☐ **Binding arbitration**
- ☐ **Non-binding judicial arbitration**
  - **Judge** ____________________
- ☐ **BASF Early Settlement Program**
- ☐ **Other ADR process (describe)** ____________________

***Plaintiff(s) and Defendant(s) further agree as follows:***

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | Dated: ____________ |
| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | Dated: ____________ |
| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | Dated: ____________ |

☐ ***Additional signature(s) attached***

**CM-110**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:

FOR COURT USE ONLY

TELEPHONE NO.: FAX NO. *(Optional)*:

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

**CASE MANAGEMENT STATEMENT**

CASE NUMBER:

**(Check one):** ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less)

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: Time: Dept.: Div.: Room:

Address of court *(if different from the address above)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(describe, including causes of action)*:

Page 1 of 4

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2005]

CASE MANAGEMENT STATEMENT

Cal. Rules of Court, rule 212

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d. The party or parties are willing to participate in *(check all that apply):*
   (1) ☐ Mediation
   (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 1612)
   (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 1612)
   (4) ☐ Binding judicial arbitration
   (5) ☐ Binding private arbitration
   (6) ☐ Neutral case evaluation
   (7) ☐ Other *(specify):*

e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
g. ☐ This case is exempt from judicial arbitration under rule 1601(b) of the California Rules of Court *(specify exemption):*

**11. Settlement conference**
☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**
a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
b. Reservation of rights: ☐ Yes ☐ No
c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
☐ Bankruptcy ☐ Other *(specify):*
Status:

**14. Related cases, consolidation, and coordination**
a. ☐ There are companion, underlying, or related cases.
   (1) Name of case:
   (2) Name of court:
   (3) Case number:
   (4) Status:
   ☐ Additional cases are described in Attachment 14a.
b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**15. Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**
☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

American LegalNet, Inc. www.USCourtForms.com



# Superior Court of California
## County of San Francisco

# Judicial Mediation Program

### Introducing a new court alternative dispute resolution program that provides judicial mediation of complex civil cases

The Judicial Mediation program offers mediation of complex civil litigation by a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable Paul H. Alvarado
The Honorable David L. Ballati
The Honorable Anne Bouliane
The Honorable Ellen Chaitin
The Honorable John J.Conway
The Honorable Robert L. Dondero
The Honorable Ernest H.Goldsmith
The Honorable Curtis E. A. Karnow
The Honorable Patrick J. Mahoney
The Honorable Tomar Mason
The Honorable James J. McBride
The Honorable Kevin M. McCarthy
The Honorable John E. Munter
The Honorable A. James Robertson, II
The Honorable James L. Warren
The Honorable Mary E. Wiss

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will facilitate assignment of cases that qualify for the program.

Note: Space is limited. Submission of a stipulation to judicial mediation does not guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

4/26/06