EXHIBIT -13

1   MICHELLE B. HEVERLY, Bar No. 178660
    MICHAEL W. WARREN, Bar No. 223642
2   LITTLER MENDELSON
    A Professional Corporation
3   50 West San Fernando Street, 14th Floor
    San Jose, CA  95113.2303
4   Telephone:    408.998.4150

5   Attorneys for Defendants
    NETVERSANT - NATIONAL, INC., PETER
6   WAINWRIGHT

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         COUNTY OF SAN FRANCISCO

10

11  MICHAEL CAVA,                          Case No.  CGC-06-453469

12              Plaintiff,                 **SEPARATE STATEMENT OF**
                                           **UNDISPUTED MATERIAL FACTS AND**
13        v.                               **REFERENCE TO SUPPORTING**
                                           **EVIDENCE IN SUPPORT OF**
14  NETVERSANT - NATIONAL, INC., a         **DEFENDANT NETVERSANT'S MOTION**
    Delaware corporation, dba              **FOR SUMMARY JUDGMENT OR IN THE**
15  NETVERSANT - SAN FRANCISCO, aka        **ALTERNATIVE, SUMMARY**
    NETVERSANT; PETER WAINWRIGHT,          **ADJUDICATION OF ISSUES**
16  an individual; and DOES 1 through 40,
    inclusive,                             Date:      May 23, 2007
17                                         Time:      9:30 a.m.
                Defendants.                Dept:      301
18                                         Judge:     Hon. Peter Busch

19

20          Defendant NetVersant – National, Inc., submits the following statement of undisputed

21  material facts together with references to supporting evidence pursuant to California Code of Civil

22  Procedure section 437c(b).  The facts contain every essential element to entitle Defendants to prevail

23  on the present motion.

24  ///

25  ///

26  ///

27  ///

28  ///

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA  95113.2303
408.998.4150

                                           Case No.  CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

**PLAINTIFF'S FIRST CAUSE OF ACTION**

**DISABILITY DISCRIMINATION**

ISSUE 1:    **Plaintiff's claim for disability discrimination is subject to summary adjudication because Plaintiff cannot establish a *prima facie* case.**

| Undisputed Material Fact | Supporting Evidence |
|---|---|
| 1. Plaintiff contends that he was discriminated against when Defendant placed a sixth month limit on his leave of absence and terminated his employment. | Comp., ¶ 18, 20, 21; Cava Depo., p. 178:7-179:3. |
| 2. Plaintiff began his employment with Defendant in June 2004, and thereafter went on a leave of absence to care for his son on November 1, 2004. | Cava Depo., p. 35:13-36:13; 43:8-11; 91:14-23; 94:16-95:1; Exh. 12. |
| 3. Plaintiff initially remained on leave until January 17, 2005. | Cava Depo., p. 89:23-25; 93:5-10; 96:7-97:17. |
| 4. On January 26, 2005, Plaintiff again asked for time off, this time for his own disability. | Cava Depo., p. 97:15-17; 117:9-19; 118:4-25; Exh. 14. |
| 5. From January 26, 2005 through August 1, 2005, Plaintiff was totally disabled and unable to perform any part of his job. | Cava Depo. p. 179:14-180:4. |
| 6. Plaintiff returned to work on August 1, 2005 and then again requested time off from work for his disability on August 3, 2005. | Cava Depo., p. 86:11-21; 134:10-20; 157:14-19; 161:5-24; 162:10-12; Exh. 19. |
| 7. The doctor's note Plaintiff provided to Defendant to support his request for leave stated only that Plaintiff "needs time off work," and did not specify the duration of Plaintiff's condition. | Cava Depo., Exh. 19. |
| 8. Plaintiff was disabled from August 3, 2005 to approximately December 26, 2005, during which he could not have done any part of his job for Defendant. | Cava Depo., p. 180:5-13. |
| 9. Plaintiff's employment was terminated on August 5, 2005. | Cava Depo., p. 168:11-169:15; Exh. 20. |

LITTLER MENDELSON
A Professional Corporation
650 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408.998.4150

Case No. CGC-06-453469

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>ISSUE 2:</u>     Alternatively, Plaintiff's claim for disability discrimination fails because Defendant has articulated a legitimate, non-discriminatory reason for his termination and Plaintiff has no proof of pretext.

**Undisputed Material Fact**                                    **Supporting Evidence**

10. Plaintiff contends that he was discriminated against when Defendant placed a sixth month limit on his leave of absence and terminated his employment.
Comp., ¶ 18, 20, 21; Cava Depo., p. 178:7-179:3.

11. At the time of his hire, Plaintiff was given a sales compensation agreement which outlined a prorated annual sales quota of $341,250.
Cava Depo., p. 48:8-49:14; Exh. 5.

12. At the time of his hire in June 2004, Plaintiff received and signed for a copy of Defendant's employee handbook, which contained a policy limiting leaves of absence to six months in duration.
Cava Dep., p. 39:11-15; 43:12-14; Exhs. 1, 2, 3; Wainwright Decl., ¶ 3, Exh., 1, p. 13.

13. On November 1, 2004, Plaintiff took a emergency leave of absence to care for his son, and Plaintiff remained on paid leave through January 17, 2005.
Cava Depo., p. 35:13-36:13; 43:8-11; 89:23-25; 91:14-23; 93:5-10; 94:16-95:1; 96:7-97:17; Exh. 12.

14. At the time Plaintiff first went out on leave, Plaintiff had sold no product to any new accounts other than one "few hundred" dollar sale.
Cava Depo., p. 67:21-68:9; 104:8-105:7.

15. At the time Plaintiff first went out on leave, he had been credited with $413,000 in "sales," but approximately $295,000 of this amount came from a sale that had actually been made in 2003, before the time of his hire.
Cava Depo., p. 175:8-12; 176:20-177:7; Exh. 5, 21; Wainwright Depo., p. 176:4-11; Wainwright Decl., ¶¶ 5-6.

16. Plaintiff admits that probably more than 75% of the sales for which he initially received credit came from work done by other sales representatives.
Cava Depo., p. 65:7-18; Exh. 7.

17. When Plaintiff again went out on leave in on January 26, 2005, he was told that he did not have any job protection and that his employment could be terminated, and also that Company policy allowed a maximum of six month's leave.
Cava Dep., p. 123:2-15; 130:4-131:13; 132:23-133:1.

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| **Undisputed Material Fact** | **Supporting Evidence** |
|---|---|
| 18. Although other sales representatives were available to cover for Plaintiff's accounts for a short period of time, doing so for an extended period was difficult on the representatives, the customers and the Company. | Wainwright Depo., p. 141:20-24; 142:18-143:21; 156:16-157:5; Wainwright Decl., ¶¶ 5-7. |
| 19. At least one customer had previously complained about having to transition through multiple sales representatives. | Cava Depo., p. 52:16-53:9. |
| 20. Plaintiff returned to work on August 1, 2005 and then again requested time off from work for his disability on August 3, 2005. | Cava Depo., p. 86:11-21; 134:10-20; 157:14-19; 161:5-24; 162:10-12; Exh. 19. |
| 21. The doctor's note Plaintiff provided to Defendant to support his request for leave stated only that Plaintiff "needs time off work," and did not specify the duration of Plaintiff's condition. | Cava Depo., Exh. 19. |
| 22. Plaintiff's employment was terminated on August 5, 2005. | Cava Depo., p. 168:11-169:15; Exh. 20. |
| 23. Plaintiff admits that Mr. Wainwright made no comments to him about his disability, and never made jokes about being disabled or about people with disabilities. | Cava Depo., p. 72:20-25; 73:15-18. |

**ISSUE 3:**    **Alternatively, Plaintiff's claim for disability discrimination fails because Defendant accommodated his disability to the extent required by law.**

| **Undisputed Material Fact** | **Supporting Evidence** |
|---|---|
| 24. Plaintiff contends that he was discriminated against when Defendant failed to accommodate his "mental disability." | Comp., ¶ 18, 20, 21. |
| 25. Plaintiff began his employment with Defendant in June 2004, and thereafter went on a leave of absence to care for his son on November 1, 2004, remaining on leave until January 17, 2005. | Cava Depo., p. 35:13-36:13; 43:8-11; 89:23-25; 91:14-23; 93:5-10; 94:16-95:1; 96:7-97:17; Exh. 12. |
| 26. At the time of his hire, Plaintiff received and signed for a copy of Defendant's employee handbook, which contained a policy limiting | Cava Dep., p. 39:11-15; 43:12-14; Exhs. 1, 2, 3; Wainwright Decl., ¶ 3, |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

4.

Case No. CGC-06-453469

| **Undisputed Material Fact** | **Supporting Evidence** |
|---|---|
| leaves of absence to six months in duration. | Exh., 1, p. 13. |
| 27. On January 26, 2005, Plaintiff again asked for time off, this time for his own disability. | Cava Depo., p. 97:15-17; 117:9-19; 118:4-25; Exh. 14. |
| 28. When Plaintiff again went out on leave on January 26, 2005, he was told that he did not have any job protection and that his employment could be terminated, and also that Company policy allowed a maximum of six month's leave. | Cava Dep., p. 123:2-15; 130:4-131:13; 132:23-133:1. |
| 29. From January 26, 2005 through August 1, 2005, Plaintiff was totally disabled and unable to perform any part of his job. | Cava Depo. p. 179:14-180:4. |
| 30. Plaintiff returned to work on August 1, 2005 and then again requested time off from work for his disability on August 3, 2005. | Cava Depo., p. 86:11-21; 134:10-20; 157:14-19; 161:5-24; 162:10-12; Exh. 19. |
| 31. The doctor's note Plaintiff provided to Defendant to support his request for leave stated only that Plaintiff "needs time off work," and did not specify the duration of Plaintiff's condition. | Cava Depo., Exh. 19. |
| 32. Plaintiff was disabled from August 3, 2005 to approximately December 26, 2005, during which he could not have done any part of his job for Defendant. | Cava Depo., p. 180:5-13. |
| 33. Plaintiff admits that at the time he was terminated on August 5, 2005, he could not have worked even with an accommodation. | Cava Depo., p. 182:2-183:22. |

### PLAINTIFF'S SECOND CAUSE OF ACTION

#### Wrongful Termination In Violation Of Public Policy

**ISSUE 4:** Plaintiff's claim for wrongful termination fails for the same reasons his claim for disability discrimination fails.

| **Undisputed Material Fact** | **Supporting Evidence** |
|---|---|
| 34. Plaintiff contends that his termination was wrongful and in violation of public policy as he believes that Defendant terminated him | Comp., ¶ 29. |

| | **Undisputed Material Fact** | **Supporting Evidence** |
|---|---|---|
| | "because of" his mental disability. | |
| 35. | At the time of his hire in June 2004, Plaintiff was given a sales compensation agreement which outlined a prorated annual sales quota of $341,250. | Cava Depo., p. 48:8-49:14; Exh. 5. |
| 36. | At the time of his hire in June 2004, Plaintiff received and signed for a copy of Defendant's employee handbook, which contained a policy limiting leaves of absence to six months in duration. | Cava Dep., p. 39:11-15; 43:12-14; Exhs. 1, 2, 3; Wainwright Decl., ¶ 3, Exh., 1, p. 13. |
| 37. | On November 1, 2004, Plaintiff took a emergency leave of absence to care for his son, and Plaintiff remained on paid leave through January 17, 2005. | Cava Depo., p. 35:13-36:13; 43:8-11; 89:23-25; 91:14-23; 93:5-10; 94:16-95:1; 96:7-97:17; Exh. 12. |
| 38. | At the time Plaintiff first went out on leave, he had sold no product to any new accounts other than one "few hundred" dollar sale. | Cava Depo., p. 67:21-68:9; 104:8-105:7. |
| 39. | At the time Plaintiff first went out on leave, he had been credited with $413,000 in "sales," but approximately $295,000 of this amount came from a sale that had actually been made in 2003, before the time of his hire. | Cava Depo., p. 175:8-12; 176:20-177:7; Exh. 5, 21; Wainwright Depo., p. 176:4-11; Wainwright Decl., ¶¶ 5-6. |
| 40. | Plaintiff admits that probably more than 75% of the sales for which he initially received credit came from work done by other sales representatives. | Cava Depo., p. 65:7-18; Exh. 7. |
| 41. | On January 26, 2005, Plaintiff again asked for time off, this time for his own disability. | Cava Depo., p. 97:15-17; 117:9-19; 118:4-25; Exh. 14. |
| 42. | When Plaintiff again went out on leave in on January 26, 2005, he was told that he did not have any job protection and that his employment could be terminated, and also that Company policy allowed a maximum of six month's leave. | Cava Dep., p. 123:2-15; 130:4-131:13; 132:23-133:1. |
| 43. | From January 26, 2005 through August 1, 2005, Plaintiff was totally disabled and unable to perform any part of his job. | Cava Depo. p. 179:14-180:4. |

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

| **Undisputed Material Fact** | **Supporting Evidence** |
|---|---|
| 44. Although other sales representatives were available to cover for Plaintiff's accounts for a short period of time, doing so for an extended period was difficult on the representatives, the customers and the Company. | Wainwright Depo., p. 141:20-24; 142:18-143:21; 156:16-157:5; Wainwright Decl., ¶¶ 5-7. |
| 45. At least one customer had previously complained about having to transition through multiple sales representatives. | Cava Depo., p. 52:16-53:9. |
| 46. Plaintiff returned to work on August 1, 2005 and then again requested time off from work for his disability on August 3, 2005. | Cava Depo., p. 86:11-21; 134:10-20; 157:14-19; 161:5-24; 162:10-12; Exh. 19. |
| 47. The doctor's note Plaintiff provided to Defendant to support his request for leave stated only that Plaintiff "needs time off work," and did not specify the duration of Plaintiff's condition. | Cava Depo., Exh. 19. |
| 48. Plaintiff was disabled from August 3, 2005 to approximately December 26, 2005, during which he could not have done any part of his job for Defendant. | Cava Depo., p. 180:5-13. |
| 49. Plaintiff admits that at the time he went out on leave on August 5, 2005, he could not have worked even with an accommodation. | Cava Depo., p. 182:2-183:22. |
| 50. Plaintiff's employment was terminated on August 5, 2005. | Cava Depo., p. 168:11-169:15; Exh. 20. |
| 51. Plaintiff admits that Mr. Wainwright made no comments to him about his disability, and never made jokes about being disabled or about people with disabilities. | Cava Depo., p. 72:20-25; 73:15-18. |

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

# PLAINTIFF'S FOURTH CAUSE OF ACTION

## Retaliation

**ISSUE 5:**     **Plaintiff's claim for retaliation fails because he has not engaged in any legally protected activity.**

| Undisputed Material Fact | Supporting Evidence |
|---|---|
| 52. Plaintiff contends that Defendant retaliated against him for taking a leave of absence. | Complaint ¶ 43. |
| 53. Plaintiff began his employment with Defendant in June 2004, and thereafter went on a leave of absence to care for his son from November 1, 2004 through January 17, 2005. | Cava Depo., p. 35:13-36:13; 43:8-11; 89:23-25; 91:14-23; 93:5-10; 94:16-95:1; 96:7-97:17; Exh. 12. |
| 54. Plaintiff took additional time off from January 26, 2005 through August 1, 2005, during which he was allegedly disabled and unable to perform any part of his job. | Cava Depo., p. 97:15-17; 117:9-19; 118:4-25; 179:14-180:4; Exh. 14. |
| 55. Plaintiff returned to work on August 1, 2005 and then again requested time off from work for his disability on August 3, 2005. | Cava Depo., p. 86:11-21; 134:10-20; 157:14-19; 161:5-24; 162:10-12; Exh. 19. |
| 56. The doctor's note Plaintiff provided to Defendant to support his request for leave stated only that Plaintiff "needs time off work," and did not specify the duration of Plaintiff's condition. | Cava Depo., Exh. 19. |
| 57. Plaintiff was disabled from August 3, 2005 to approximately December 26, 2005, during which he could not have done any part of his job for Defendant. | Cava Depo., p. 180:5-13. |
| 58. Plaintiff's employment was terminated on August 5, 2005. | Cava Depo., p. 168:11-169:15; Exh. 20. |
| 59. Plaintiff admits that at the time he was terminated August 5, 2005, he could not have worked even with an accommodation. | Cava Depo., p. 182:2-183:22. |

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408 998 4150

Case No.  CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ISSUE 6:**    Alternatively, Plaintiff's claim for retaliation fails because he has no evidence to establish a causal nexus between the alleged protected activity and the adverse action.

| <u>Undisputed Material Fact</u> | <u>Supporting Evidence</u> |
|---|---|
| 60.  Plaintiff contends that Defendant retaliated against him for taking a leave of absence. | Complaint ¶ 43. |
| 61.  Plaintiff began his employment with Defendant in June 2004, and thereafter went on a leave of absence to care for his son from November 1, 2004 through January 17, 2005. | Cava Depo., p. 35:13-36:13; 43:8-11; 89:23-25; 91:14-23; 93:5-10; 94:16-95:1; 96:7-97:17; Exh. 12. |
| 62.  Plaintiff took additional time off from January 26, 2005 through August 1, 2005, during which he was allegedly disabled and unable to perform any part of his job. | Cava Depo., p. 97:15-17; 117:9-19; 118:4-25; 179:14-180:4; Exh. 14. |
| 63.  Plaintiff returned to work on August 1, 2005 and then again requested time off from work for his disability on August 3, 2005. | Cava Depo., p. 86:11-21; 134:10-20; 157:14-19; 161:5-24; 162:10-12; Exh. 19. |
| 64.  At the time of his hire, Plaintiff was given a sales compensation agreement which outlined a prorated annual sales quota of $341,250. | Cava Depo., p. 48:8-49:14; Exh. 5. |
| 65.  At the time Plaintiff first went out on leave, he had sold no product to any new accounts other than one "few hundred" dollar sale. | Cava Depo., p. 67:21-68:9; 104:8-105:7. |
| 66.  At the time Plaintiff first went out on leave, he had been credited with $413,000 in "sales," but approximately $295,000 of this amount came from a sale that had actually been made in 2003, before the time of his hire. | Cava Depo., p. 175:8-12; 176:20-177:7; Exh. 5, 21; Wainwright Depo., p. 176:4-11; Wainwright Decl., ¶¶ 5-6. |
| 67.  The doctor's note Plaintiff provided to Defendant to support his request for leave stated only that Plaintiff "needs time off work," and did not specify the duration of Plaintiff's condition. | Cava Depo., Exh. 19. |
| 68.  Plaintiff was disabled from August 3, 2005 to approximately December 26, 2005, during which he could not have done any part of his job for Defendant. | Cava Depo., p. 180:5-13. |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

9.

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| **Undisputed Material Fact** | **Supporting Evidence** |
|---|---|
| 69. Plaintiff's employment was terminated on August 5, 2005. | Cava Depo., p. 168:11-169:15; Exh. 20. |
| 70. Plaintiff admits that Mr. Wainwright made no comments to him about his disability, and never made jokes about being disabled or about people with disabilities. | Cava Depo., p. 72:20-25; 73:15-18. |

**ISSUE 7:**   **Alternatively, Plaintiff's claim for retaliation fails because he cannot rebut the legitimate business reason provided for his termination and Plaintiff has no proof of pretext.**

| **Undisputed Material Fact** | **Supporting Evidence** |
|---|---|
| 71. At the time of his hire, Plaintiff was given a sales compensation agreement which outlined a prorated annual sales quota of $341,250, he also received and signed for a copy of Defendant's employee handbook, which contained a policy limiting leaves of absence to six months in duration. | Cava Depo., p. 48:8-49:14; 39:11-15; 43:12-14; Exhs. 1, 2, 3, 5; Wainwright Decl., ¶ 3, Exh., 1, p. 13. |
| 72. On November 1, 2004, Plaintiff took a emergency leave of absence to care for his son, and Plaintiff remained on paid leave through January 17, 2005. | Cava Depo., p. 35:13-36:13; 43:8-11; 89:23-25; 91:14-23; 93:5-10; 94:16-95:1; 96:7-97:17; Exh. 12. |
| 73. At the time Plaintiff first went out on leave, Plaintiff had sold no product to any new accounts other than one "few hundred" dollar sale. | Cava Depo., p. 67:21-68:9; 104:8-105:7. |
| 74. At the time Plaintiff first went out on leave, he had been credited with $413,000 in "sales," but approximately $295,000 of this amount came from a sale that had actually been made in 2003, before the time of his hire. | Cava Depo., p. 175:8-12; 176:20-177:7; Exh. 5, 21; Wainwright Depo., p. 176:4-11; Wainwright Decl., ¶¶ 5-6. |
| 75. Plaintiff admits that probably more than 75% of the sales for which he initially received credit came from work done by other sales representatives. | Cava Depo., p. 65:7-18; Exh. 7. |
| 76. When Plaintiff again went out on leave in on January 26, 2005, he was told that he did not have any job protection and that his employment | Cava Dep., p. 123:2-15; 130:4-131:13; 132:23-133:1. |

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

LITTLER MENDELSON

| **Undisputed Material Fact** | **Supporting Evidence** |
|---|---|
| could be terminated, and also that Company policy allowed a maximum of six month's leave. | |
| 77. Although other sales representatives were available to cover for Plaintiff's accounts for a short period of time, doing so for an extended period was difficult on the representatives, the customers and the Company. | Wainwright Depo., p. 141:20-24; 142:18-143:21; 156:16-157:5; Wainwright Decl., ¶¶ 5-7. |
| 78. At least one customer had previously complained about having to transition through multiple sales representatives. | Cava Depo., p. 52:16-53:9. |
| 79. Plaintiff returned to work on August 1, 2005 and then again requested time off from work for his disability on August 3, 2005. | Cava Depo., p. 86:11-21; 134:10-20; 157:14-19; 161:5-24; 162:10-12; Exh. 19. |
| 80. The doctor's note Plaintiff provided to Defendant to support his request for leave stated only that Plaintiff "needs time off work," and did not specify the duration of Plaintiff's condition. | Cava Depo., Exh. 19. |
| 81. Plaintiff's employment was terminated on August 5, 2005. | Cava Depo., p. 168:11-169:15; Exh. 20. |
| 82. Plaintiff admits that Mr. Wainwright made no comments to him about his disability, and never made jokes about being disabled or about people with disabilities. | Cava Depo., p. 72:20-25; 73:15-18. |

## PLAINTIFF'S FIFTH CAUSE OF ACTION

### Breach Of Contract

<u>ISSUE 8:</u>     **Plaintiff's claim for breach of contract fails because he cannot establish an oral or implied contract contradictory to the terms of the written agreements singed by Plaintiff.**

| **Undisputed Material Fact** | **Supporting Evidence** |
|---|---|
| 83. Plaintiff contends that he had an employment agreement with Defendant that provided that he would receive "most" of Jennifer Forrest's prior accounts upon his hire, and further contends that Defendant breached this agreement by "failing to | Comp., ¶¶ 49. 51; Cava Depo., p. 189:6-191:1. |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

11.

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| **Undisputed Material Fact** | **Supporting Evidence** |
|---|---|
| assign all the accounts as promised." | |
| 84. Plaintiff received and signed for several employment documents at the time of his hire that contained language stating that he was employed at will and that no contract could be created by any other "statement, conduct or practice." | Cava Dep., p. 39:11-15; 43:12-14; Exhs. 1, 2, 3. |
| 85. At the time of his hire, Plaintiff received and signed for a written compensation agreement, which states that assigned accounts are those assigned "in writing." | Cava Depo., 45:11-46:19; 48:8-20; 49:8-18; Exh. 5. |
| 86. Plaintiff has no evidence to establish that the accounts about which he now complains (Maximus, Hansen and HealthNet) were ever assigned to him in writing. | Cava Depo., p. 50:12-22. |

**ISSUE 9:    Alternatively, Plaintiff's claim for breach of contract fails because the promises upon which Plaintiff claims the contract is based are too vague to be enforceable.**

| **Undisputed Material Fact** | **Supporting Evidence** |
|---|---|
| 87. Plaintiff contends that he had an employment agreement with Defendant that provided that he would receive "most" of Jennifer Forrest's prior accounts upon his hire. | Comp., ¶¶ 49. 51; Cava Depo., p. 189:6-191:1. |
| 88. Plaintiff admits that he was never told what specific accounts he was to receive, nor was he told what percentage of Ms. Forrest's accounts would be given to him. | Cava Dep., p. 26:7-12; 27:8-16; 32:6-33:11; 33:24-34:5; 35:4-10. |
| 89. Plaintiff also claims that Defendant promised that he would be able to "work on" accounts such as Maximus, Hansen and HeatlhNet. | Comp., ¶¶ 49. 51; Cava Depo., p. 189:6-191:1. |

**ISSUE 10:    Alternatively, Plaintiff's claim for breach of contract fails for lack of consideration.**

| **Undisputed Material Fact** | **Supporting Evidence** |
|---|---|
| 90. Plaintiff claims that Defendant promised that he would be able to "work on" accounts such as | Comp., ¶¶ 49. 51; Cava Depo., p. 189:6-191:1. |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| Undisputed Material Fact | Supporting Evidence |
|---|---|

Maximus, Hansen and HeatlhNet, which created a binding contractual agreement.

91.   Plaintiff has no evidence that this alleged agreement was supported by consideration.

Comp., ¶¶ 49. 51; Cava Depo., p. 189:6-191:1; *passim.*

**ISSUE 11:** **Alternatively, Plaintiff's claim for breach of contract fails because he was employed at will.**

| Undisputed Material Fact | Supporting Evidence |
|---|---|

92.   Plaintiff contends that he had an employment agreement with Defendant that provided that he would receive "most" of Jennifer Forrest's prior accounts upon his hire, and further contends that Defendant breached this agreement by "failing to assign all the accounts as promised."

Comp., ¶¶ 49. 51; Cava Depo., p. 189:6-191:1.

93.   At the time of his hire, Plaintiff signed various documents, including an employment application, offer letter and employee handbook acknowledgment, all of which specifically state that Plaintiff's employment can be terminated at will.

Cava Dep., p. 39:1-15, 40:6-16; 41:8-22; 42:14-22; 44:1-17; Exhs. 1, 2, 3.

## PLAINTIFF'S SIXTH CAUSE OF ACTION

### Breach Of Implied Covenant of Good Faith And Fair Dealing

**ISSUE 12:** **Plaintiff's claim for breach of the implied covenant of good faith and fair dealing fails because he cannot establish an oral or implied contract contradictory to the terms of the written agreements singed by Plaintiff.**

| Undisputed Material Fact | Supporting Evidence |
|---|---|

94.   Plaintiff contends that he had an employment agreement and a companion implied covenant of good faith and fair dealing with Defendant that provided that he would receive "most" of Jennifer Forrest's prior accounts upon his hire, and further contends that Defendant breached the implied covenant by "failing to assign all the accounts as promised."

Comp., ¶¶ 49. 51; Cava Depo., p. 189:6-191:1.

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

13.

Case No. CGC-06-453469

| **Undisputed Material Fact** | **Supporting Evidence** |
|---|---|
| 95. Plaintiff received and signed for several employment documents at the time of his hire that contained language stating that he was employed at will and that no contract could be created by any other "statement, conduct or practice." | Cava Dep., p. 39:11-15; 43:12-14; Exhs. 1, 2, 3. |
| 96. At the time of his hire, Plaintiff received and signed for a written compensation agreement, which states that assigned accounts are those assigned "in writing." | Cava Depo., 45:11-46:19; 48:8-20; 49:8-18; Exh. 5. |
| 97. Plaintiff has no evidence to establish that the accounts about which he now complains (Maximus, Hansen and HealthNet) were ever assigned to him in writing. | Cava Depo., p. 50:12-22. |

**ISSUE 13:** **Alternatively, Plaintiff's claim for breach of the implied covenant of good faith and fair dealing fails because the promises upon which Plaintiff claims the underlying contract is based are too vague to be enforceable.**

| **Undisputed Material Fact** | **Supporting Evidence** |
|---|---|
| 98. Plaintiff contends that he had an employment agreement and companion implied covenant of good faith and fair dealing with Defendant that provided that he would receive "most" of Jennifer Forrest's prior accounts upon his hire. | Comp., ¶¶ 49. 51; Cava Depo., p. 189:6-191:1. |
| 99. Plaintiff admits that he was never told what specific accounts he was to receive, nor was he told what percentage of Ms. Forrest's accounts would be given to him. | Cava Dep., p. 26:7-12; 27:8-16; 32:6-33:11; 33:24-34:5; 35:4-10. |
| 100. Plaintiff also claims that Defendant promised that he would be able to "work on" accounts such as Maximus, Hansen and HeatlhNet. | Comp., ¶¶ 49. 51; Cava Depo., p. 189:6-191:1. |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113-2303
408.998.4150

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

**ISSUE 14:**  Alternatively, Plaintiff's claim for breach of the implied covenant of good faith and fair dealing fails because the underlying contract for lack of consideration.

| Undisputed Material Fact | Supporting Evidence |
|---|---|
| 101. Plaintiff claims that Defendant promised that he would be able to "work on" accounts such as Maximus, Hansen and HeatlhNet, which created a binding agreement and a companion covenant of good faith and fair dealing. | Comp., ¶¶ 49. 51; Cava Depo., p. 189:6-191:1. |
| 102. Plaintiff has no evidence that this alleged agreement was supported by consideration. | Comp., ¶¶ 49. 51; Cava Depo., p. 189:6-191:1; *passim*. |

**ISSUE 15:**  Alternatively, Plaintiff's claim for breach of the covenant of good faith and fair dealing fails because he was employed at will.

| Undisputed Material Fact | Supporting Evidence |
|---|---|
| 103. Plaintiff contends that he had an employment agreement and a companion implied covenant of good faith and fair dealing with Defendant that provided that he would receive "most" of Jennifer Forrest's prior accounts upon his hire, and further contends that Defendant breached this agreement by "failing to assign all the accounts as promised." | Comp., ¶¶ 49. 51; Cava Depo., p. 189:6-191:1. |
| 104. At the time of his hire, Plaintiff signed various documents, including an employment application, offer letter and employee handbook acknowledgment, all of which specifically state that Plaintiff's employment can be terminated at will. | Cava Dep., p. 39:1-15, 40:6-16; 41:8-22; 42:14-22; 44:1-17; Exhs. 1, 2, 3. |

LITTLER MENDELSON
Professional Corporation
650 California Street
14th Floor
San Francisco, CA 94111-2901
415.954.4140

15.

Case No.  CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

# PLAINTIFF'S SEVENTH CAUSE OF ACTION

## Intentional Misrepresentation

**ISSUE 16:**  **Plaintiff's claim for intentional misrepresentation fails because Plaintiff has not identified a specifically enforceable misrepresentation.**

| Undisputed Material Fact | Supporting Evidence |
|---|---|
| 105. Plaintiff claims that he was defrauded during the interview process when Defendant allegedly told him that he would get "most" of Jennifer Forrest's accounts. | Comp., ¶¶ 55-56; Cava Dep., p. 26:7-12; 27:8-16; 32:6-9; 33:24-34:5; 35:4-10. |
| 106. Plaintiff admits that he was never told what specific accounts he was to receive, nor was he told what percentage of Ms. Forrest's accounts would be given to him. | Cava Dep., p. 26:7-12; 27:8-16; 32:6-33:11; 33:24-34:5; 35:4-10. |

**ISSUE 17:**  **Alternatively, Plaintiff's claim intentional misrepresentation fails because he has no evidence of falsity.**

| Undisputed Material Fact | Supporting Evidence |
|---|---|
| 107. Plaintiff claims that he was defrauded during the interview process when Defendant allegedly told him that he would get "most" of Jennifer Forrest's accounts. | Comp., ¶¶ 55-56; Cava Dep., p. 26:7-12; 27:8-16; 32:6-9; 33:24-34:5; 35:4-10. |
| 108. Plaintiff admits he has "no indication" that the alleged promises were false at the time they were made to him. | Cava Depo. p. 196:23-197:5. |

**ISSUE 18:**  **Alternatively, Plaintiff's claim for intentional misrepresentation fails because he cannot prove reasonable reliance.**

| Undisputed Material Fact | Supporting Evidence |
|---|---|
| 109. Plaintiff claims that he was defrauded during the interview process when Defendant allegedly told him that he would get "most" of Jennifer Forrest's accounts. | Comp., ¶¶ 55-56; Cava Dep., p. 26:7-12; 27:8-16; 32:6-9; 33:24-34:5; 35:4-10. |
| 110. Before Plaintiff started working he received and signed for a written offer letter, which identified no specific accounts that were assigned to Plaintiff. | Cava Depo., Exh. 2. |

LITTLER MENDELSON
. . . . . . . . . . . . . . . . . . CORPORATION
. . . . . . . . . . . . . . . . . . Street
. . . . . . . . . . . .
. . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . .

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| **Undisputed Material Fact** | **Supporting Evidence** |
|---|---|
| 111. At the time of his hire, Plaintiff received and signed for a written compensation plan, which stated that "assigned accounts" would be given in writing and mentioned no specific accounts that were assigned to Plaintiff. | Cava Depo., Exh. 5. |

**ISSUE 19:** **Alternatively, Plaintiff's claim for intentional misrepresentation fails because he remained employed even after he became aware of the alleged falsity of the promises.**

| **Undisputed Material Fact** | **Supporting Evidence** |
|---|---|
| 112. Plaintiff claims that he was defrauded during the interview process when Defendant allegedly told him that he would get "most" of Jennifer Forrest's accounts. | Comp., ¶¶ 55-56; Cava Dep., p. 26:7-12; 27:8-16; 32:6-9; 33:24-34:5; 35:4-10. |
| 113. Plaintiff knew that he was not going to be getting "most" of Jennifer Forrest's accounts within a month of his hire, yet remained employed for more than year. | Cava Depo., p. 50:6-22. |

## PLAINTIFF'S SEVENTH CAUSE OF ACTION

### Negligent Misrepresentation

**ISSUE 20:** **Plaintiff's claim for negligent misrepresentation fails because Plaintiff has not identified a specifically enforceable misrepresentation.**

| **Undisputed Material Fact** | **Supporting Evidence** |
|---|---|
| 114. Plaintiff claims that he was defrauded during the interview process when Defendant allegedly told him that he would get "most" of Jennifer Forrest's accounts. | Comp., ¶¶ 62-63; Cava Dep., p. 26:7-12; 27:8-16; 32:6-9; 33:24-34:5; 35:4-10. |
| 115. Plaintiff admits that he was never told what specific accounts he was to receive, nor was he told what percentage of Ms. Forrest's accounts would be given to him. | Cava Dep., p. 26:7-12; 27:8-16; 32:6-33:11; 33:24-34:5; 35:4-10. |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
5 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

**ISSUE 21:** Alternatively, Plaintiff's claim negligent misrepresentation fails because he has no evidence of falsity.

| **Undisputed Material Fact** | **Supporting Evidence** |
|---|---|
| 116. Plaintiff claims that he was defrauded during the interview process when Defendant allegedly told him that he would get "most" of Jennifer Forrest's accounts. | Comp., ¶¶ 62-63; Cava Dep., p. 26:7-12; 27:8-16; 32:6-9; 33:24-34:5; 35:4-10. |
| 117. Plaintiff admits he has "no indication" that the alleged promises were false at the time they were made to him. | Cava Depo. p. 196:23-197:5. |

**ISSUE 22:** Alternatively, Plaintiff's claim for negligent misrepresentation fails because he cannot prove reasonable reliance.

| **Undisputed Material Fact** | **Supporting Evidence** |
|---|---|
| 118. Plaintiff claims that he was defrauded during the interview process when Defendant allegedly told him that he would get "most" of Jennifer Forrest's accounts. | Comp., ¶¶ 62-63; Cava Dep., p. 26:7-12; 27:8-16; 32:6-9; 33:24-34:5; 35:4-10. |
| 119. Before Plaintiff started working he received and signed for a written offer letter, which identified no specific accounts that were assigned to Plaintiff. | Cava Depo., Exh. 2. |
| 120. At the time of his hire, Plaintiff received and signed for a written compensation plan, which stated that "assigned accounts" would be given in writing and mentioned no specific accounts that were assigned to Plaintiff. | Cava Depo., Exh. 5. |

**ISSUE 23:** Alternatively, Plaintiff's claim for negligent misrepresentation fails because he remained employed even after he became aware of the alleged falsity of the promises.

| **Undisputed Material Fact** | **Supporting Evidence** |
|---|---|
| 121. Plaintiff claims that he was defrauded during the interview process when Defendant allegedly told him that he would get "most" of Jennifer Forrest's accounts. | Comp., ¶¶ 62-63; Cava Dep., p. 26:7-12; 27:8-16; 32:6-9; 33:24-34:5; 35:4-10. |
| 122. Plaintiff knew that he was not going to be getting | Cava Depo., p. 50:6-22. |

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| Undisputed Material Fact | Supporting Evidence |
|---|---|
| "most" of Jennifer Forrest's accounts within a month of his hire, yet remained employed for more than year. | |

**ISSUE 24:** Alternatively, Plaintiff's claim for negligent misrepresentation fails because Plaintiff alleges no misrepresentations of past or existing material fact.

| Undisputed Material Fact | Supporting Evidence |
|---|---|
| 123. Plaintiff claims that he was defrauded during the interview process when Defendant allegedly told him that when he started work he would get "most" of Jennifer Forrest's accounts. | Comp., ¶¶ 62-63; Cava Dep., p. 26:7-12; 27:8-16; 32:6-9; 33:24-34:5; 35:4-10. |

Dated: March 8, 2007


MICHAEL W. WARREN
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
NETVERSANT - NATIONAL, INC., PETER
WAINWRIGHT

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES