# EXHIBIT -16

1  MICHELLE B. HEVERLY, Bar No. 178660
   MICHAEL W. WARREN, Bar No. 223642
2  LITTLER MENDELSON
   A Professional Corporation
3  50 West San Fernando Street, 14th Floor
   San Jose, CA  95113.2303
4  Telephone:    408.998.4150

5  Attorneys for Defendants
   NETVERSANT - NATIONAL, INC., PETER
6  WAINWRIGHT

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SAN FRANCISCO

10

11  MICHAEL CAVA,                          Case No.  CGC-06-453469

12              Plaintiff,                 **DEFENDANTS PETER WAINWRIGHT
                                           AND NETVERSANT'S NOTICE OF
13          v.                             MOTION AND MOTION FOR SUMMARY
                                           JUDGMENT, OR IN THE ALTERNATIVE,
14  NETVERSANT - NATIONAL, INC., a         SUMMARY ADJUDICATION OF ISSUES**
    Delaware corporation, dba
15  NETVERSANT - SAN FRANCISCO, aka        Date:      May 23, 2007
    NETVERSANT; PETER WAINWRIGHT,          Time:      9:30 a.m.
16  an individual; and DOES 1 through 40,  Dept:      301
    inclusive,                             Judge:     Hon. Peter Busch
17
                Defendants.
18

19

20

21          TO:    MICHAEL CAVA AND HIS ATTORNEY OF RECORD:

22          NOTICE IS HEREBY GIVEN that on May 23, 2007, at 9:30 a.m., or as soon

23  thereafter as the matter may be heard in Department 301 of the San Francisco County Superior

24  Court, located at 400 McAllister Street, San Francisco, California, 94102, Defendants

25  NETVERSANT – NATIONAL, INC., and PETER WAINWRIGHT, will move and hereby does

26  move this court for summary judgment or, in the alternative, summary adjudication of the following

27  issues:

28  ///

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA  95113.2303
408.998.4150

Case No.  CGC-06-453469

DEFS WAINWRIGHT & NETVERSANT'S NOT OF MOT & MSJ/SUM ADJ OF ISSUES

# THIRD CAUSE OF ACTION

## HARASSMENT

**ISSUE 1:**    Plaintiff's claim for disability harassment is subject to summary adjudication because the conduct alleged is neither severe nor pervasive.

**ISSUE 2:**    Alternatively, Plaintiff's claim for harassment fails because the conduct complained of is commonly necessary personnel management activity.

# NINTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**ISSUE 3:**    Plaintiff's claim for intentional infliction of emotional distress is subject to summary adjudication because it is preempted by the California Workers' Compensation Act.

**ISSUE 4:**    Alternatively, Plaintiff's claim for intentional infliction of emotional distress is subject to summary adjudication because only personnel management activities have been alleged.

# TENTH CAUSE OF ACTION

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

**ISSUE 5:**    Plaintiff's claim for negligent infliction of emotional distress is subject to summary adjudication because it is preempted by the California Workers' Compensation Act.

**ISSUE 6:**    Alternatively, Plaintiff's claim for negligent infliction of emotional distress is subject to summary adjudication because only personnel management activities have been alleged.

///

///

///

///

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408 998 4150

2.    Case No. CGC-06-453469

DEFS WAINWRIGHT & NETVERSANT'S NOT OF MOT & MSJ/SUM ADJ OF ISSUES

1    <u>ISSUE 7</u>:    Alternatively, Plaintiff's claim for negligent infliction of emotional

2  distress is subject to summary adjudication because the conduct alleged is inherently intentional.

3  Dated: March 8, 2007

4
                                                  _____
5                                                 MICHAEL W. WARREN
                                                  LITTLER MENDELSON
6                                                 A Professional Corporation
                                                  Attorneys for Defendants
7                                                 NETVERSANT - NATIONAL, INC., PETER
                                                  WAINWRIGHT
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA  95113 2303
408.998.4150

3.

Case No.  CGC-06-453469

**DEFS WAINWRIGHT & NETVERSANT'S NOT OF MOT & MSJ/SUM ADJ OF ISSUES**

# EXHIBIT -17

1  MICHELLE B. HEVERLY, Bar No. 178660
   MICHAEL W. WARREN, Bar No. 223642
2  LITTLER MENDELSON
   A Professional Corporation
3  50 West San Fernando Street, 14th Floor
   San Jose, CA  95113.2303
4  Telephone:    408.998.4150

5  Attorneys for Defendants
   NETVERSANT - NATIONAL, INC., PETER
6  WAINWRIGHT

7

ENDORSED FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

MAR 0 9 2007

GORDON PARK-LI, CLERK
BY:
    Deputy Clerk

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SAN FRANCISCO

10

11  MICHAEL CAVA,                          Case No.  CGC-06-453469

12              Plaintiff,                 **DEFENDANTS PETER WAINWRIGHT
                                           AND NETVERSANT'S MEMORANDUM
13         v.                              OF POINTS AND AUTHORITIES IN
                                           SUPPORT OF ITS MOTION FOR
14  NETVERSANT - NATIONAL, INC., a         SUMMARY JUDGMENT AND/OR
    Delaware corporation, dba              SUMMARY ADJUDICATION OF ISSUES**
15  NETVERSANT - SAN FRANCISCO, aka
    NETVERSANT; PETER WAINWRIGHT,          Date:      May 23, 2007
16  an individual; and DOES 1 through 40,  Time:      9:30 a.m.
    inclusive,                             Dept:      301
17                                         Judge:     Hon. Peter Busch
              Defendants.
18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA  95113.2303
408.998.4150

Case No.  CGC-06-453469

# **TABLE OF CONTENTS**

**PAGE**

I.   INTRODUCTION ..................................................................................................1

II.  STATEMENT OF FACTS ......................................................................................1

III. ARGUMENT.........................................................................................................4

   A.  Plaintiff's Third Cause of Action For Harassment Is Subject To Summary
       Adjudication Because Plaintiff Cannot Establish The Essential Elements Of
       His Claim ........................................................................................................4

      1.  The Conduct Of Which Plaintiff Complains Is Neither Severe Nor
          Pervasive....................................................................................................5

      2.  Alternatively, All Of the Conduct Complained Of By Plaintiff Is
          Work-Related Conduct And Therefore Cannot Form the Basis Of A
          Claim For Harassment As A Matter Of Law.......................................8

   B.  Plaintiff's Ninth And Tenth Causes Of Action For Intentional And Negligent
       Infliction Of Emotional Distress Are Subject To Summary Adjudication.................10

      1.  Plaintiff's Claims For Infliction of Emotional Distress Are Preempted
          by the California Workers' Compensation Act ................................11

      2.  Alternatively, Plaintiff's Claims For Infliction of Emotional Distress
          Fails Because Only Personnel Management Activities Have Been
          Alleged......................................................................................................12

      3.  Alternatively, Plaintiff's Cause Of Action For Negligent Infliction Of
          Emotional Distress Fails Because Defendant's Alleged Conduct Is
          Inherently Intentional, Not Negligent.............................................13

IV.  CONCLUSION .....................................................................................................14

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA  95113 2303
408.998.4150

i.

# TABLE OF AUTHORITIES

**PAGE**

## CASES

*Aguilar v. Avis Rent A Car System, Inc.*
(1999) 21 Cal.4th 121 ............................................................................................5

*Andrews v. Philadelphia*
(3d Cir. 1990) 895 F.2d 1469 ................................................................................8

*B & E Convalescent Ctr. v. State Comp. Ins. Fund*
(1992) 8 Cal.App.4th 78 ......................................................................................13

*Baskerville v. Culligan Int'l Co.*
(7th Cir. 1995) 50 F.3d 428 ..................................................................................6

*Beyda v. Los Angeles*
(1998) 65 Cal.App.4th 511 ...................................................................................6

*Brooks v. City of San Mateo*
(9th Cir. 2000) 229 F.3d 917 ................................................................................7

*Buscemi v. McDonnell Douglas Corp.*
(9th Cir. 1984) 736 F.2d 1348 ............................................................................13

*Cole v. Fair Oaks Fire Protection District*
(1987) 43 Cal.3d 148 .............................................................................11, 12, 13

*Davidson v. City of Westminster*
(1982) 32 Cal.3d 197 ..........................................................................................12

*Dept of Corrections v. State Personnel Bd.*
(1997) 59 Cal. App. 4th 131 .................................................................................7

*Edwards v. United States Fid. & Guar. Co.*
(N.D. CA 1994) 848 F.Supp. 1460 .....................................................................13

*Etter v. Veriflo Corp.*
(1998) 67 Cal. App. 4th 457 ..............................................................................5, 6

*Faragher v. Boca Raton*
(1998) 524 U.S. 775 ...........................................................................................5, 6

*Fisher v. San Pedro Peninsula Hospital*
(1989) 214 Cal. App. 3rd 590 ............................................................................5, 6

*Herberg v. Cal. Inst. of the Arts*
(2002) 101 Cal.App.4th 142 .................................................................................6

*Horn v. Bradco International, Ltd.*
(1991) 232 Cal.App.3d 653 ................................................................................11

*Janken v. GM Hughes Electronics*
(1996) 46 Cal.App.4th 55 .........................................................................9, 12, 13

*Jones v. Clinton*
(EDArk. 1997) 974 F.Supp. 712 ...........................................................................7

*Kelly-Zurian v. Wohl Shoe Co., Inc.*
(1994) 22 Cal.App.4th 397 ...................................................................................5

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408 998 4150

# TABLE OF AUTHORITIES
### (CONTINUED)

PAGE

*Klein v. Children's Hospital Medical Center*
  (1996) Cal.App.4th 889 ................................................................................................13

*Kortan v. California Youth Authority*
  (9th Cir. 2000) 217 F.3d 1104 .........................................................................................7

*Livitsanos v. Superior Court*
  (1992) 2 Cal.4th 744 ....................................................................................................11

*Lopez v. S.B. Thomas, Inc.*
  (2d Cir. 1987) 831 F.2d 1184 ..........................................................................................6

*Lyle v. Warner Brothers Television Productions*
  (2006) 38 Cal.4th 264 ...................................................................................................8

*Manatt v. Bank of America*
  (9th Cir. 2003) 339 F.3d 792 .......................................................................................7, 8

*Pinero v. Specialty Restaurants Corp.*
  (2005) 130 Cal. App. 4th 635 .........................................................................................9

*Reno v. Baird*
  (1998) 18 Cal.4th 640 ...............................................................................................9, 10

*Roby v. McKesson*
  (2006) 146 Cal.App.4th 63 ....................................................................................passim

*Semore v. Pool*
  (1990) 217 Cal.App.3d 1087 ........................................................................................13

*Shoemaker v. Myers*
  (1990) 52 Cal.3d 1 ..................................................................................................11, 13

*Vasquez v. County Of Los Angeles*
  (9th Cir. 2003) 349 F3d 634 ..........................................................................................8

## STATUTES

Lab. Code
  § 3200 ......................................................................................................................11

  § 3600 ......................................................................................................................11

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose CA 95113 2303
408 998 4150

## I.    INTRODUCTION

Defendants Peter Wainwright and NetVersant National move for judgment on several of the claims brought against them by Plaintiff Michael Cava. As is demonstrated more fully below, Plaintiff's claims for harassment and intentional and negligent infliction of emotional distress are not only meritless, but have been brought in bad faith. Specifically, Plaintiff admitted in his deposition that the only person at NetVersant who either harassed him or engaged in conducted intended to cause him emotional distress was Peter Wainwright. Plaintiff further admitted the that only conduct Mr. Wainwright engaged in was isolated, work related conduct such as setting high sales expectation and taking away sales accounts, which cannot form the basis of an emotional distress or harassment claim as a matter of law. *Roby v. McKesson* (2006) 146 Cal.App.4[th] 63, 75 ("commonly necessary personnel actions such as hiring and firing, job assignments....performance evaluations...and the like, *do not come within the meaning of harassment."*) Despite this fact, Plaintiff stubbornly refused to dismiss either Ms. Wainwright or the claims against him.[1] Thus, Defendants' only recourse is to ask the court to enter judgment in their favor on these claims.[2]

## II.    STATEMENT OF FACTS

NetVersant is the leading national provider of comprehensive and integrated network infrastructure solutions. As a Company, NetVersant provides a complete range of voice, video and data communications services, local and wide area network infrastructure, wireless network installations, high-end telephony systems and applications, and electronic security systems. (Wainwright Depo., p. 13:21-25; 17:15-18:11.) NetVersant's San Francisco, the division in which Plaintiff worked, focuses solely on high-end telephony systems, and is responsible for selling and installing such systems in various business across northern California, ranging from Folsom Prison to Gallo Wines. (Wainwright Depo., p. 17:15-18:11; 39:13-14.)

---

[1]    Defendant requested on several occasions that Plaintiff voluntarily dismiss Mr. Wainwright and the offensive claims. Plaintiff admitted that the claims against Mr. Wainwright were very weak, yet refused to dismiss him without untenable conditions tied to this dismissal. For this reason, the matter is now before the court. (Heverly Decl., ¶ 2.)

[2]    Because Defendant Wainwright is only sued on Plaintiff's third, fifth and six causes of action, all of which are addressed herein, this motion is properly characterized as a motion for summary judgment on his behalf, and a motion for summary adjudication on behalf of NetVersant National.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408 998 4150

1.

Case No. CGC-06-453469

DEFS PETER WAINWRIGHT & NETVERSANT'S MPA ISO ITS MSJ AND/OR SUM ADJ OF ISSUES

1    Plaintiff Michael Cava was first hired by Defendant NetVersant in June 2004 as an

2  "Account Executive" in the Sacramento area.    (Wainwright Depo., p. 37:25-38:15; Exh. 1.)

3  Plaintiff's job duties were to provide support to existing customers and to generate new business for

4  the Company. (Cava Depo., p. 31:14-23.) Plaintiff was paid a base salary of $65,000 and received

5  commissions based on a percentage of his sales.    (Cava Depo., p. 35:13-36:13; Exhs. 2, 5.)

6  Plaintiff's supervisor for the entire period of his employment was Vice President of Sales, Defendant

7  Peter Wainwright, and like all other NetVersant employees, Plaintiff was employed on an "at will"

8  basis.    (Cava Depo., p. 39:1-3, 40:6-16; 41:8-22; 42:14-22; 44:1-17; Exhs. 1, 2, 3; Wainwright

9  Depo., p. 13:5-10; 21:11-14.)

10    Shortly after Plaintiff's hire, his infant son was diagnosed with a brain tumor. (Cava

11  Depo., p. 91:14-19.) Plaintiff requested and was immediately granted a leave of absence to deal with

12  his son's medical condition. (Cava Depo., p. 91:20-23; 94:16-95:1; Exh. 12.)    In Plaintiff's own

13  words, his need for time off "wasn't even questioned." (Cava Depo., p. 92:10-20.)    Although not

14  eligible for any protected leave, and despite the fact that Plaintiff had not worked long enough to

15  earn sufficient paid time off, the Company agreed to continue paying Plaintiff's full salary and

16  benefits for the initial period of leave, which ran from November 1, 2004 through January 17, 2005.

17  (Cava Depo., p. 89:23-25; 93:5-10; 96:7-97:17.)    Plaintiff admits that the Company, including Mr.

18  Wainwright, seemed concerned about his welfare and was supportive of his needs during this period.

19  (Cava Depo., p. 84:2-15; 92:3-14.)

20    During the initial period of employment prior to his leave, Plaintiff generated

21  virtually no new business for the Company. (Cava Depo., p. 67:21-68:9; 104:8-105:7.)    Although he

22  did meet his quota based on work sold before his arrival or received from existing accounts, Mr.

23  Wainwright began growing concerned that Plaintiff did not posses the skills necessary to find and

24  develop new accounts. (Wainwright Depo., p. 66:10-68:2; 70:15-21; 103:19-104:20;109:15-23; 110;

25  7-14.) Accordingly, when Plaintiff returned to work on January 17, 2005, Mr. Wainwright met with

26  him to discuss his sales goals and expectations for the coming months. (Cava Depo., 98:17-22;

27  101:7-102:1; 107:6-108:16; Exh. 13.)

28    Plaintiff was upset after meeting with Mr. Wainwright, and complained to Joanna

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA  95113 2303
408 998 4150

Case No.  CGC-06-453469

2.

DEFS PETER WAINWRIGHT & NETVERSANT'S MPA ISO ITS MSJ AND/OR SUM ADJ OF ISSUES

1  Cotter in Human Resources and to Mr. Wainwright's supervisor, Scott Landis, about what he felt

2  was an unfair performance improvement plan. (Cava Depo., p. 113:18-114:6.) Ms. Cotter and Mr.

3  Landis both told Plaintiff not to worry about the plan, that if he met his goals he would be fine.

4  (Cava Depo., p. 115:10-116:25.) Even Plaintiff admitted that being on the plan did not cause him to

5  lose any compensation or suffer any other adverse consequences. (Cava Depo., p. 116:19-25.)

6  Nonetheless, after working for only a few days he announced that he was "not ready" to return to

7  work and again requested and received a leave of absence from work, this time for his own alleged

8  disability.[3] (Cava Depo., p. 97:15-17; 117:9-19; 118:4-25; Exh. 14.) Plaintiff was informed at the

9  time that he was not eligible for any protected leave, but that NetVersant would nonetheless allow

10 him to take additional time off.[4] (Cava Depo., p. 122:16-123:15; 123:25-125:1.) Plaintiff received

11 several extensions of his leave, and ultimately remained off work through August 2005. (Cava

12 Depo., p. 126:5-12; 127:1-20; 129:3-9; Exh. 16.)

13        When Plaintiff returned to work on August 1, 2005, Mr. Wainwright again met with

14 him to discuss expectations. (Cava Depo., p. 134:10-20; 138:23-139:6; Exh. 17.) During that

15 meeting, and in the correspondence that followed, Mr. Wainwright confirmed to Plaintiff that

16 although he was starting with a "clean slate," he would be expected to meet certain sales goals.

17 (Cava Depo., p. 152:25-153:9; Exh. 17.) Plaintiff contends that during the meeting with Mr.

18 Wainwright on August 1, 2005, and on one or two telephone conversations that followed on August

19 2nd or 3rd, Mr. Wainwright raised his voice at him and was "loud and abusive." (Cava Depo., p.

20 74:18-76:6; 143:7-19.) He also complains that Mr. Wainwright placed unreasonable sales related

21 demands on him. (Cava Depo., p. 153:12-20.) Following these communications on the first three

22 days in August, Plaintiff had no further interaction with Mr. Wainwright.

23

24 [3] Plaintiff claims that he suffered from anxiety, depression, stress, ADD/ADHD and back pain,
   although it is unclear which of these conditions caused him to be off work. (Cava Depo., p.
25 12:18-23.) Plaintiff's doctor's note was extremely vague. (Cava Depo., Exh. 14.)

26 [4] At the time Plaintiff first went out on disability leave he was told that he did not have any job
   protection and that his employment could be terminated. (Cava Depo., p. 130:11-23.) Plaintiff
27 was also told that if he remained off work for more than six months, his employment would be
   terminated pursuant to Company policy. (Cava Depo., p. 130:4-10; 130:24-131:13; 132:23-
28 133:1.)

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA  95113 2303
408 998 4150

Case No. CGC-06-453469
3.
DEFS PETER WAINWRIGHT & NETVERSANT'S MPA ISO ITS MSJ AND/OR SUM ADJ OF ISSUES

1    After communicating with Mr. Wainwright and the Human Resources department

2    about his return to work, Plaintiff contends he had a "complete breakdown." (Cava Depo., p. 157:5-

3    16.) On August 3, 2005, he left the office and went straight to his doctor's office. (Cava Depo., p.

4    157:14-19; 161:5-7; Exh. 19.) Plaintiff thereafter forwarded a doctor's note to NetVersant, which

5    indicated only that Plaintiff "needs time off work." (Cava Depo., p. 161:8-24; 162:10-12; Exh. 19.)

6    Significantly the requested leave had no end date, and neither Plaintiff nor his physician apparently

7    had any indication of when Plaintiff would be able to return to work. (Cava Depo., p. 162:6-9; Exh.

8    19.) Because of the length of the leave Plaintiff had already been given, and in light of the indefinite

9    nature of Plaintiff's doctor's note, Plaintiff's employment was terminated on August 5, 2005.[5]

10    (Cava Depo., Exh. 20.) Plaintiff thereafter filed the instant action.

11    **III.    ARGUMENT**

12        **A.    Plaintiff's Third Cause of Action For Harassment Is Subject To Summary
         Adjudication Because Plaintiff Cannot Establish The Essential Elements Of His
13         Claim.**

14    In his third cause of action, Plaintiff complains generally that he was harassed by

15    NetVersant and Mr. Wainwright. When asked at his deposition who at NetVersant had allegedly

16    harassed him, Plaintiff identified only Mr. Wainwright.[6] (Cava Depo., p. 72:18-19; 177:24-178:1.)

17    When questioned further on what Mr. Wainwright had supposedly done to harass him, Plaintiff

18    identified three things, all of which allegedly occurred on the first three days of August 2005:

19        • Mr. Wainwright allegedly promised and then refused to reassign Plaintiff his

20            prior accounts following his leave of absences;

21        • Mr. Wainwright demanded an unreasonable sales "funnel" upon Plaintiff's

22            return from leave; and

23        • Mr. Wainwright was "rude and abusive" to Plaintiff in a private meeting

24            occurring on either August 1 or August 2, 2005.

25    (Cava Depo., p. 72:5-17; 75:12-22; 99:19-101:6; Exh. 9, Complaint ("Comp."), ¶¶ 13, 14.)

---

26    [5]  The propriety of Plaintiff's termination is not at issue in the instant motion. These facts are
     provided only as way of background.

27

28    [6]  Plaintiff affirmed in his deposition that if he answered a question it would signify that he
     understood the meaning of the question. (Cava Depo., p. 8:22-9:2.)

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408.998.4150

Case No. CGC-06-453469

4.

1    Significantly, despite the fact that Plaintiff now contends he was harassed on the basis of his alleged

2    disability, he admitted in his deposition that Mr. Wainwright never made any comments or jokes

3    about his alleged disabilities or about disabled individuals in general.[7]  (Cava Depo., p. 72:20-25;

4    73:15-18; 76:16-24.)  Thus, Plaintiff cannot prove harassment for several, independent reasons.

### 1.    The Conduct Of Which Plaintiff Complains Is Neither Severe Nor Pervasive.

7         In order to prove actionable workplace harassment, Plaintiff must establish that he

8    was subjected to offensive comments or other abusive conduct based on membership in a protected

9    category that is sufficiently "severe" or "pervasive." *Roby v. McKesson* (2006) 146 Cal.App.4th 63,

10   73-74 (applying severe and pervasive standard to disability harassment claim); *Aguilar v. Avis Rent*

11   *A Car System, Inc.* (1999) 21 Cal.4th 121, 130, *Fisher v. San Pedro Peninsula Hospital* (1989) 214

12   Cal. App. 3rd 590, 608; *Etter v. Veriflo Corp.* (1998) 67 Cal. App. 4th 457, 464.  In order to satisfy

13   the "severe or pervasive" element, Plaintiff must establish that his workplace was "permeated with

14   discriminatory intimidation, ridicule and insult" that was "sufficiently severe or pervasive to alter the

15   conditions of [his] employment and create an abusive working environment." *Kelly-Zurian v. Wohl*

16   *Shoe Co., Inc.* (1994) 22 Cal.App.4th 397, 409; *see also Faragher v. Boca Raton* (1998) 524 U.S.

17   775, 788.

18        The U.S. Supreme Court has held, "simple teasing . . . offhand comments, and

19   isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms

20   and conditions of employment'" giving rise to a claim of workplace harassment.  *Faragher, supa,*

21   524 U.S. at 788; *see also Etter, supra* 67 Cal.App.4th at 463.  The Supreme Court reasoned that a

22   standard of "severe and pervasive" is necessary to "filter out complaints attacking the ordinary

23   tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes and

24   occasional teasing." *Faragher, supra,* at 788; *Roby, supra,* 146 Cal.App.4th at 76 ("The FEHA is not

25   intended to protect employees from rude, boorish, or obnoxious behavior by their supervisors.")

---

[7]   Although Plaintiff contends that Mr. Wainwright made a joke about him "going off the deep end," Plaintiff admits that he only learned of the comment through the discovery process in the current action. (Cava Depo., p. 73:1-18.) Thus, because he was unaware of it at the time, it can not support his harassment claim. (Cava Depo., p. 73:12-14.)

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

**DEFS PETER WAINWRIGHT & NETVERSANT'S MPA ISO ITS MSJ AND/OR SUM ADJ OF ISSUES**

1     "These standards for judging hostility are sufficiently demanding to ensure that Title VII does not

2     become a general civility code." *Id.* at 788; *see also Baskerville v. Culligan Int'l Co.* (7th Cir. 1995)

3     50 F.3d 428, 430 (many inappropriate comments, grunting sounds, and gestures over a seven-month

4     period did not establish hostile work environment; court noted that anti-harassment laws were

5     designed to protect employees from conduct "that can make the workplace hellish" but was "not

6     designed to purge the workplace of vulgarity.")

7           Following the federal case law interpreting Title VII, the California courts have held

8     that the conduct must be "sufficiently severe or pervasive to alter the conditions of the victim's

9     employment to be actionable." *Beyda v. Los Angeles* (1998) 65 Cal.App.4th 511, 517; *accord Etter,*

10     *supra,* 67 Cal.App.4th at 465; *Fisher, supra,* 214 Cal. App. 3d at 590. Moreover, "[i]n determining

11     what constitutes 'sufficiently pervasive' harassment, the courts have held that acts of harassment

12     cannot be occasional, isolated, sporadic or trivial; rather, the plaintiff must show a concerted pattern

13     of harassment of a repeated, routine or a generalized nature. [citations omitted.]" *Fisher, supra,* at

14     609-10. Thus, "the 'severe or pervasive' standard established a threshold test for assessing the

15     offensive conduct." *Etter, supra,* at 464.

16           The factors to be considered in determining whether the conduct is severe or

17     pervasive enough to support a claim include "(1) the nature of the unwelcome [] acts or words (with

18     physical touching generally considered more offensive than mere words); (2) the frequency of the

19     offensive acts or encounters; (3) the total number of days over which all the offensive conduct

20     occurred; and (4) the context in which the [] harassing conduct occurred." *Herberg v. Cal. Inst. of*

21     *the Arts* (2002) 101 Cal.App.4[th] 142, 150. It is well established that isolated incidents cannot

22     support a claim for harassment unless the conduct is extremely severe. *Roby, supra,* 146 Cal.App.4[th]

23     at 76-77 ("'[M]ore than an episodic pattern of [disability] antipathy must be proven to obtain

24     statutory relief. A hostile working environment is shown when the incidents of harassment occur in

25     concert or with a regularity that can reasonably be termed pervasive.'" *citing, Etter v. Veriflo Corp.*

26     (1998) 67 Cal.App.4th 457, 463, quoting *Lopez v. S.B. Thomas, Inc.* (2d Cir. 1987) 831 F.2d 1184,

27     1189, *cited with approval in Faragher v. City of Boca Raton* (1998) 524 U.S. 775, 786, fn. 1

28     [141 L.Ed.2d 662, 676].)

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA  95113-2303
408.998.4150

6.

Case No. CGC-06-453469

DEFS PETER WAINWRIGHT & NETVERSANT'S MPA ISO ITS MSJ AND/OR SUM ADJ OF ISSUES

1            Indeed, courts have found that following conduct was **not** severe or pervasive enough

2    to support a harassment claim as a matter of law:

3        •    Plaintiff's supervisor gave gifts to each subordinate except plaintiff, made
             plaintiff cover the phones during the company Christmas party, snubbed
4            plaintiff at staff meetings, made a throat slash gesture toward plaintiff,
             loudly reprimanded plaintiff in front of co-workers, demeaned plaintiff's
5            job, called her "disgusting," told her she needed to shower because she
             had body odor, and left soaps, shampoos and deodorants on the plaintiff's
6            desk. *Roby v. McKesson* (2006) 146 Cal.App.4th 63, 75-76.

7        •    The defendant grabbed the plaintiff, pulled her close, touched her leg and
             moved his hand toward her pelvic area, attempted to kiss her neck,
8            exposed his genitals and told her to "kiss it" – although "boorish and
             offensive," "this is thus not one of those exceptional cases in which a
9            single incident of sexual harassment, such as an assault, was deemed
             sufficient to state a claim of hostile work environment sexual harassment."
10           *Jones v. Clinton* (EDArk. 1997) 974 F.Supp. 712.

11       •    The plaintiff's supervisor forced his hand under her sweater and bra to
             fondle her bare breast. *Brooks v. City of San Mateo* (9th Cir. 2000) 229
12           F.3d 917.

13       •    Plaintiff's coworkers called her "China woman" several times and, on
             several occasions, ridiculed her appearance and speech on the basis of her
14           race. *Id.* at 795-96. The Ninth Circuit found that such behavior, although
             troubling, was not sufficient to form the basis of a claim for harassment
15           because it only happened on a few occasions. *Manatt v. Bank of America*
             (9th Cir. 2003) 339 F.3d 792, 799
16

17       •    A supervisor called female employees "castrating bitches," and
             "Madonnas" on several occasions and plaintiff complained about other
18           difficulties with the supervisor including receiving letters at home. *Kortan
             v. California Youth Authority* (9th Cir. 2000) 217 F.3d 1104.

19       •    Corrections officer used profane language and shook a female Hispanic
             fellow officer by her collar to emphasize his point. *Dept of Corrections v.
20           State Personnel Bd.* (1997) 59 Cal. App. 4th 131, 134.

21           In the present case, Plaintiff complains of only three harassing events, all of which

22   occurred within at most a three day period. First, Plaintiff claims that when he went out on leave in

23   January 2005, Mr. Wainwright told him that he would get his sales accounts back at the time of his

24   return, yet when he returned Mr. Wainwright changed his mind and refused to return the accounts

25   (specifically the Maximus account). (Cava Depo., p. 73:19-74:9; 74:4-10.) Plaintiff's second claim

26   of "harassment" is based upon Mr. Wainwright's alleged expectation that Plaintiff's sales funnel be

27   at a certain level. (Cava Depo., p. 74:12-17.) Again, this conduct occurred only one time, at the

28   time of Plaintiff's return to work on or about August 1, 2005. (*Id.*) The final claim of harassment is

:ITLER MENDELSON
- I ROUT    IONAL CORPORATION
 o West San I ernando Street
       I oth Hoor
ian Jose  CA  95113-2303
     408 998 4150

**DEFS PETER WAINWRIGHT & NETVERSANT'S MPA ISO ITS MSJ AND/OR SUM ADJ OF ISSUES**

1  based solely on the one in-person meeting and few telephone conversations Plaintiff had with Mr.

2  Wainwright regarding his return to work in the early days of August 2005. (Cava Depo., p. 75:3-

3  76:6.) Specifically, Plaintiff complains that during those meetings, Mr. Wainwright called his

4  performance "underwhelming," raised his voice at him and told him that he "couldn't be counted

5  on." (Cava Depo., p. 74:18-75:11.)

6      Even assuming all these events are true, Plaintiff's allegations simply do not rise to

7  the level sufficient to establish unlawful harassment. *Vasquez v. County Of Los Angeles* (9th Cir.

8  2003) 349 F3d 634, 642-644. As the Ninth Circuit has noted, "offhand comments, and isolated

9  incidents (unless extremely serious)" do not amount to a change in the terms and conditions of

10  employment. *Manatt v. Bank of America* (9th Cir. 2003) 339 F.3d 792, 798. *See also Vasquez,*

11  *supra,* 307 F.3d 884, 893 (no hostile work environment when plaintiff's supervisor made racially

12  offensive remarks to plaintiff on two occasions and regularly yelled at him in front of others.) In

13  comparison with the severity of the incidents described in *Manat, Vasquez* and many other reported

14  cases, the alleged behavior of Mr. Wainwright is not severe or pervasive enough to constitute

15  actionable hostile work environment harassment.[8] Therefore, Defendants' motion for summary

16  adjudication of Plaintiff's third cause of action should be granted.

17
18
   **2.    Alternatively, All Of the Conduct Complained Of By Plaintiff Is Work-Related Conduct And Therefore Cannot Form the Basis Of A Claim For Harassment As A Matter Of Law.**

19      Plaintiff admits that the events of August 1-3, 2006 all amounted to work related

20  comments and were at most a "demeaning of [Plaintiff's] abilities and performance." (Cava Depo.,

21  p. 76:7-19.) Thus, even if severe and pervasive, they cannot constitute actionable harassment

22  because they arise out of the performance of necessary personnel management duties. *Janken v. GM*

---

8  This is especially true when viewed on a "reasonable person" standard. "To be actionable an "'objectionable environment must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so.' [Citations.] That means a plaintiff who subjectively perceives the workplace as hostile or abusive will not prevail under the FEHA, if a reasonable person in the plaintiff's position, considering all the circumstances, would not share the same perception." (*Lyle v. Warner Brothers Television Productions* (2006) 38 Cal.4th 264, 279, italics added.) The "reasonable person" test is necessary to protect employers against claims that are frivolous or brought by hypersensitive employees. (*See Andrews v. Philadelphia* (3d Cir. 1990) 895 F.2d 1469, 1483.)" *Roby v. McKesson* (2006) 146 Cal.App.4[th] 63, 73-74.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose CA 95113 2303
408 998 4150

Case No. CGC-06-453469

8.

**DEFS PETER WAINWRIGHT & NETVERSANT'S MPA ISO ITS MSJ AND/OR SUM ADJ OF ISSUES**

1  |  *Hughes Electronics* (1996) 46 Cal.App.4th 55, 63-64 (work related conduct might amount to

2  |  discrimination, but can not form the basis of a claim for harassment); *Reno v. Baird* (1998) 18

3  |  Cal.4th 640, 657. As stated by one court, not getting along with one's boss does not amount either

4  |  to a violation of statute or to any actionable tortious conduct. *Pinero v. Specialty Restaurants Corp.*

5  |  (2005) 130 Cal. App. 4th 635, 646. Specifically:

6
7  |      ...a single complaint from a senior supervisor about matters which have merit and are admittedly directly or indirectly related to one's job duties cannot as a matter of law constitute 'intolerable continual harassment.'

8
                                    \* \* \*

9
10  |      [Thus], while it is understandable [that plaintiff] was angered, displeased or even insulted by the criticisms he received when he took over...such displeasure is simply not actionable.

11  |  *Id.* at 647

12  |      Here, the only conduct about which Plaintiff complains is Mr. Wainwright's

13  |  assignment of his customer accounts, the "unreasonable" sales related expectations that Mr.

14  |  Wainwright placed upon him and the aggressive nature in which Mr. Wainwright allegedly delivered

15  |  these job related instructions. Certainly, these items related to Plaintiff's job responsibilities and

16  |  duties, were performed within the course and scope of employment, and thus amount to conduct that

17  |  can not be considered actionable harassment. *Janken, supra,* 46 Cal.App.4th at 63-64; *Pinero,*

18  |  *supra,* 130 Cal. App. 4th at 646.

19  |      Indeed, this case, although significantly less severe, is similar to the recent holding in

20  |  *Roby v. McKesson, supra.* In that case, plaintiff's supervisor engaged in the following conduct: "(1)

21  |  she sometimes placed apple pies and small gifts on every subordinate's desk except Roby's; (2) she

22  |  made Roby document all of her phone calls and made her cover the phones during the office

23  |  Christmas party; (3) Schoener would often snub her at staff meetings and did not return her "good

24  |  morning" greetings; (4) she once made a "throat slash" gesture when Roby was on the phone with a

25  |  client and then loudly reprimanded Roby in front of her coworkers; (5) she referred to Roby's job as

26  |  a "no brainer"; (6) she once told Roby her arm digging and heavy sweating was "disgusting"; (7)

27  |  even though Roby advised her that the unpleasant body odor was related to the medication she was

28  |  taking for her condition, Schoener showed "no compassion," telling her instead that she needed to

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

9.

Case No. CGC-06-453469

**DEFS PETER WAINWRIGHT & NETVERSANT'S MPA ISO ITS MSJ AND/OR SUM ADJ OF ISSUES**

1    bathe and shower more frequently; and (8) Roby came to work one morning to find soaps, shampoos

2    and deodorants had been placed on her desk." *Roby, supra,* 163 Cal.App.4[th] at 74-75. In holding

3    that such conduct could not amount to hostile work environment harassment based upon the

4    plaintiff's disability, the court noted that:

5           Acts such as selecting Roby's job assignments, ignoring her at staff
            meetings, portraying her job responsibilities in a negative light, or
6           reprimanding her in connection with her performance, cannot be used to
            support a claim of hostile work environment. While these acts might, if
7           motivated by bias, be the basis for a finding of employer discrimination,
            they cannot be deemed "harassment" within the meaning of the FEHA.
8           (*Reno, supra,* 18 Cal.4th at p. 646.)

9                                           * * *

10          When Reno-protected conduct is sifted out, what we have left is evidence
            that Schoener treated Roby with general scorn and contempt and failed to
11          show any sympathy for her disability. This is not sufficient to create
            liability for harassment based on a hostile work environment.
12

13   *Roby, supra,* 163 Cal.App.4[th] at 75.

14          Plaintiff's claims herein suffer from the same fatal flaw. That is, even if Mr.

15   Wainwright's conduct was motivated by bias towards Plaintiff's disability and was otherwise

16   unsympathetic to his condition, it is nonetheless only work related conduct that is insufficient to

17   support a claim for harassment. *Roby, supra,* 163 Cal.App.4[th] at 77 (while plaintiff's supervisor

18   "obviously disliked, "shunned her," and "showed no compassion for her condition, neither cold

19   indifference nor lack of sensitivity toward a disabled employee can be alchemized into a claim of

20   hostile work environment. If such were the case, virtually every case of disability discrimination

21   could be parlayed into a supplementary damage claim for harassment.") For this alternative reason,

22   summary adjudication is properly granted on Plaintiff's third cause of action.

23   **B.    Plaintiff's Ninth And Tenth Causes Of Action For Intentional And Negligent
            Infliction Of Emotional Distress Are Subject To Summary Adjudication.**
24

25          In his ninth and tenth causes of action, Plaintiff attempts to state claims for intentional

26   and negligent infliction of emotional distress against Defendants. (Comp., ¶¶ 77, 83.) His claims in

27   this regard are based solely on the conduct that Plaintiff also claims support his cause of action for

28   harassment. Specifically, Plaintiff alleges that Mr. Wainwright was rude, had high expectations and

LITTLER MENDELSON
· · · · · · · · · · CORPORATION
· · West San Fernando Street
14th Floor
· · · CA  95113-2303
408 998 4150

Case No.  CGC-06-453469
10.
**DEFS PETER WAINWRIGHT & NETVERSANT'S MPA ISO ITS MSJ AND/OR SUM ADJ OF ISSUES**

1    broke his promises. (Cava Depo., p. 79:6-80:15; Exh. 9, Comp., ¶¶ 77, 83.) Plaintiff admits that Mr.

2    Wainwright was the only person at NetVersant who engaged in conduct intended to cause him

3    emotional distress.  (Cava Depo., 178:2-6.)  Like his claim for harassment, Plaintiff's emotional

4    distress claim fails for several independent reasons.

5                    **1.    Plaintiff's Claims For Infliction of Emotional Distress Are Preempted by**
                         **the California Workers' Compensation Act.**

6

7                   Plaintiff's intentional infliction claims are initially subject to judgment because they

8    is barred by the exclusive remedy provisions of the California Workers' Compensation Act.  Cal.

9    Lab. Code § 3200, et seq.  The Act provides the "sole and exclusive" remedy for injuries sustained

10   by an employee arising out of or in the course of his employment.  Cal. Lab. Code § 3600, et. seq.;

11   *Shoemaker v. Myers* (1990) 52 Cal.3d 1, 12-13; *Cole v. Fair Oaks Fire Protection District* (1987) 43

12   Cal.3d 148, 160.  In the case where:

13               "an employee suffers an injury compensable under the Workers'
                 Compensation Act, he or she may not recover any damages caused by
14               that injury in a civil action for damages unless some exception to the
                 exclusivity provisions of the Workers' Compensation Act is
15               available." *Pichon v. Pacific Gas & Electric Co.* (1989) 212

16   Cal.App.3d 488, 499-500.

17                  Emotional distress arising from the ordinary frictions and disputes that occur in the

18   workplace clearly fall within the exclusive remedy provisions.  The California Supreme Court has

19   held "that such actions such as demotion, transfer, discipline, and even the employer's attempt to

20   force the employee into involuntary retirement, would be included within the ambit of workers'

21   compensation." *Shoemaker, supra*, at 18.

22                  The California Workers' Compensation Act thus preempts independent causes of

23   action for emotional injuries arising from an employment termination, or from other forms of

24   employer misconduct prior to termination.  This is true whether or not the employer's conduct is

25   negligent or intentional, whether or not the employee suffers physical injuries as a result of his

26   emotional distress, *Livitsanos v. Superior Court* (1992) 2 Cal.4th 744, "and even though the

27   employer's conduct might be characterized as egregious and ulteriorly motivated." *Horn v. Bradco*

28   *International, Ltd.* (1991) 232 Cal.App.3d 653, 665; *Cole, supra*, at 160.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113-2303
408.998.4150

Case No. CGC-06-453469

11.

**DEFS PETER WAINWRIGHT & NETVERSANT'S MPA ISO ITS MSJ AND/OR SUM ADJ OF ISSUES**

1    In this case, Plaintiff contends that Defendants caused him severe emotional distress

2    when they set his sales expectations at an unreasonably high level, reassigned his accounts and spoke

3    to him in a rude manner.   As recognized by the California Supreme Court, these actions are

4    obviously a "normal" part of an employment relationship, and any injury arising there from is

5    subject to the exclusive remedy provisions of the Act. *Cole, supra,* 43 Cal.3d at 160.  Accordingly,

6    Defendant is entitled to summary adjudication on Plaintiff's fifth and sixth causes of action.

7
8
     **2.    Alternatively, Plaintiff's Claims For Infliction of Emotional Distress
            Fails Because Only Personnel Management Activities Have Been
            Alleged.**

9    Alternatively, Plaintiff's claims for infliction of emotional distress fail because

10   Plaintiff can not demonstrate that Defendant engaged in any conduct which is outrageous or extreme

11   enough to support such a cause of action.   An essential element of a claim for intentional infliction

12   of emotional distress is proof of "outrageous conduct beyond the bounds of human decency."

13   *Janken, supra,* 46 Cal.App.4th at 80; *Davidson v. City of Westminster* (1982) 32 Cal.3d 197, 209

14   ("Conduct to be outrageous must be so extreme as to exceed all bounds of that usually tolerated in a

15   civilized community.")   As described above, the conduct of which Plaintiff complains simply does

16   not rise to that level. *Id.*

17   Specifically, the Court in *Janken* considered whether a plaintiff could base a claim for

18   infliction of emotional distress upon

19
20
21
22
     "...commonly necessary personnel management actions..." such as
     "...hiring and firing, job or project assignments, office or work station
     assignments, promotion or demotion, performance evaluations, the
     provision of support, the assignment or nonassignment of supervisory
     functions, deciding who will and who will not attend meetings, [and]
     deciding who will be laid off and the like."

23   *Id.* at 64, 79-80.  The Court held that plaintiffs who alleged a cause of action for intentional infliction

24   of emotional distress based upon such "commonly necessary personnel management actions" had

25   failed to state a claim, even if improper action is alleged. *Id.* at 80.  The Court stated "[i]f personnel

26   management decisions are improperly motivated...the remedy is a suit against the employer for

27   discrimination," not for intentional infliction of emotional distress. *Id.*

28   In his Complaint and again during his deposition, Plaintiff admitted that his claims for

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408.998.4150

12.

Case No.  CGC-06-453469

**DEFS PETER WAINWRIGHT & NETVERSANT'S MPA ISO ITS MSJ AND/OR SUM ADJ OF ISSUES**

1    infliction of emotional distress were based on the same conduct that also resulted in the complained
2    of harassment, and which ultimately lead to what he now believes was a discriminatory termination
3    from employment. (Comp., ¶¶ 77, 83; Cava Depo., p. 79:6-80:15; Exh. 9.) Such conduct, even if
4    intentionally discriminatory or harmful, is not sufficiently "outrageous" to support a claim for
5    intentional infliction of emotional distress because it is nothing other than ordinary work place
6    disputes. *Janken, supra*, 46 Cal.App.4th at 80; *Cole, supra,* 43 Cal.3d at 161. This is true even if
7    "improper motivation is alleged." *Id.*, at 64-65; *Shoemaker v. Myers* (1990) 52 Cal.3d 1, 18
8    (discipline and criticism normal part of work relationship and did not constitute "outrageous"
9    conduct, even though supervisor allegedly stated that he wanted to cause plaintiff "as much grief as
10   possible").   As such, even assuming Plaintiff establishes an improper motive for his alleged
11   termination, his negligent and intentional infliction of emotional distress claims must fail. *Id.*; *see*
12   *also B & E Convalescent Ctr. v. State Comp. Ins. Fund* (1992) 8 Cal.App.4th 78 85-85 (race based
13   termination not beyond bounds of human decency); *Buscemi v. McDonnell Douglas Corp.* (9th Cir.
14   1984) 736 F.2d 1348, 1352 (applying California law, court finds no "outrageous conduct" where
15   employee allegedly terminated on a pretext and in a "callous and insensitive manner").

16           **3.    Alternatively, Plaintiff's Cause Of Action For Negligent Infliction Of**
                 **Emotional Distress Fails Because Defendant's Alleged Conduct Is**
17                    **Inherently Intentional, Not Negligent.**

18          "Negligent infliction of emotional distress is not an independent tort in California, but
19   is regarded simply as the tort of negligence." *Klein v. Children's Hospital Medical Center* (1996)
20   Cal.App.4th 889, 894. "Whether [a plaintiff] can recover damages for NIED is dependent upon
21   traditional tort analysis, and the elements of duty, breach of duty, causation and damages must exist
22   to support the cause of action." *Id.* In wrongful termination cases, however, it is clear that there is
23   no duty not to discharge employees and that any actions by an employer to terminate an employee
24   are intentional, not negligent. *See Semore v. Pool* (1990) 217 Cal.App.3d 1087, 1105. In this case,
25   the allegedly wrongful conduct Plaintiff contends caused her to suffer emotional distress consist
26   solely of "personnel management actions." Such actions are "inherently 'intentional'" and thus
27   cannot "support a cause of action for negligent infliction of emotional distress." *Id.*; *see also*
28   *Edwards v. United States Fid. & Guar. Co.* (N.D. CA 1994) 848 F.Supp. 1460, 1466 ("where the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose CA 95113-2303
408 998 4150

Case No. CGC-06-453469

13.

DEFS PETER WAINWRIGHT & NETVERSANT'S MPA ISO ITS MSJ AND/OR SUM ADJ OF ISSUES

1   conduct is intentional, it cannot be used as the basis for a negligent infliction of emotional distress

2   claim.")    Because Plaintiff claims that the events leading up to his termination, including the

3   unreasonable sales goals, the reassignment of customer accounts, and this rude and abusive behavior,

4   all amount to workplace discrimination, the conduct is inherently "intentional" and thus cannot

5   support a claim for NIED as a matter of law.  For this independent reason, judgment is properly

6   granted in favor of Defendants.

7   **IV.    CONCLUSION**

8         For the foregoing reasons, Defendant respectfully requests that the Court grant its

9   motion for summary judgment or, in the alternative, summary adjudication of issues.

10

11

12   Dated: March 8, 2007

13

14

15   MICHAEL W. WARREN
    LITTLER MENDELSON

16   A Professional Corporation
    Attorneys for Defendants

17   NETVERSANT - NATIONAL, INC., PETER
    WAINWRIGHT

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408.998.4150

14.

Case No. CGC-06-453469

**DEFS PETER WAINWRIGHT & NETVERSANT'S MPA ISO ITS MSJ AND/OR SUM ADJ OF ISSUES**

# EXHIBIT -18

1  MICHELLE B. HEVERLY, Bar No. 178660
   MICHAEL W. WARREN, Bar No. 223642
2  LITTLER MENDELSON
   A Professional Corporation
3  50 West San Fernando Street, 14th Floor
   San Jose, CA 95113.2303
4  Telephone:    408.998.4150

5  Attorneys for Defendants
   NETVERSANT - NATIONAL, INC., PETER
6  WAINWRIGHT

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SAN FRANCISCO

10

11  MICHAEL CAVA,                          Case No.  CGC-06-453469

12                Plaintiff,              **SEPARATE STATEMENT OF**
                                          **UNDISPUTED MATERIAL FACTS AND**
13            v.                          **REFERENCE TO SUPPORTING**
                                          **EVIDENCE IN SUPPORT OF**
14  NETVERSANT - NATIONAL, INC., a        **DEFENDANTS PETER WAINWRIGHT**
    Delaware corporation, dba             **AND NETVERSANT'S MOTION FOR**
15  NETVERSANT - SAN FRANCISCO, aka       **SUMMARY JUDGMENT OR IN THE**
    NETVERSANT; PETER WAINWRIGHT,         **ALTERNATIVE, SUMMARY**
16  an individual; and DOES 1 through 40, **ADJUDICATION OF ISSUES**
    inclusive,
17                                        Date:      May 23, 2007
                  Defendants.            Time:      9:30 a.m.
18                                        Dept:      301
                                          Judge:     Hon. Peter Busch
19

20

21          Defendants Peter Wainwright and NetVersant – National, Inc., submit the following

22  statement of undisputed material facts together with references to supporting evidence pursuant to

23  California Code of Civil Procedure section 437c(b).  The facts contain every essential element to

24  entitle Defendants to prevail on the present motion.

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

                                                           Case No.  CGC-06-453469

     SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEFS' MSJ/SUM ADJ OF ISSUES

## PLAINTIFF'S THIRD CAUSE OF ACTION

### HARASSMENT

<u>ISSUE 1:</u>     **Plaintiff's claim for disability harassment is subject to summary adjudication because the conduct alleged is neither severe nor pervasive.**

| <u>Undisputed Material Fact</u> | <u>Supporting Evidence</u> |
|---|---|
| 1. Plaintiff claims that he was harassed by Defendant Peter Wainwright, and only Mr. Wainwright. | Complaint ("Comp."), ¶¶ 36-37; Cava Depo., p. 72:18-19; 177:24-178:1. |
| 2. Plaintiff claims that Mr. Wainwright harassed him when he: (1) refused to reassign Plaintiff accounts following his leave of absence; (2) set unreasonably high sales expectations for Plaintiff; and (3) raised his voice at Plaintiff, called Plaintiff's performance "underwhelming," told Plaintiff that he "couldn't be counted on," and generally talked to Plaintiff in a rude and abusive manner. | Cava Depo., p. 72:5-17; 73:19-76:6; 99:19-101:6; Exh. 9, ¶¶ 13 and 14. |
| 3. All of the conduct about which Plaintiff complains occurred in the first three days of August 2005. | Cava Depo., p. 72:5-17; 73:19-76:6; 99:19-101:6; Exh. 9, ¶¶ 13 and 14. |
| 4. Plaintiff admits that Mr. Wainwright never made any comments or jokes about his alleged disabilities or about disabled individuals in general. | Cava Depo., p. 72:20-25; 73:15-18; 76:16-24. |

<u>ISSUE 2:</u>     **Alternatively, Plaintiff's claim for harassment fails because the conduct complained of is commonly necessary personnel management activity.**

| <u>Undisputed Material Fact</u> | <u>Supporting Evidence</u> |
|---|---|
| 5. Plaintiff claims that he was harassed by Mr. Wainwright, and only Mr. Wainwright. | Comp., ¶¶ 36-37; Cava Depo., p. 72:18-19; 177:24-178:1. |
| 6. Plaintiff claims that Mr. Wainwright harassed him when he: (1) refused to reassign Plaintiff accounts following his leave of absence; (2) set unreasonably high sales expectations for Plaintiff; and (3) raised his voice at Plaintiff, called Plaintiff's performance "underwhelming," told Plaintiff that he | Cava Depo., p. 72:5-17; 73:19-76:6; 99:19-101:6; Exh. 9, ¶¶ 13 and 14. |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
.d West San Fernando Street
14th Floor
San Jose. CA 95113-2303
408 998.4150

2.

**Case No. CGC-06-453469**

**SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEFS' MSJ/SUM ADJ OF ISSUES**

| Undisputed Material Fact | Supporting Evidence |
|---|---|
| "couldn't be counted on," and generally talked to Plaintiff in a rude and abusive manner. | |
| 7. All of the conduct about which Plaintiff complains occurred in the first three days of August 2005. | Cava Depo., p. 72:5-17; 73:19-76:6; 99:19-101:6; Exh. 9, ¶¶ 13 and 14. |
| 8. Plaintiff admits that Mr. Wainwright never made any comments or jokes about his alleged disabilities or about disabled individuals in general. | Cava Depo., p. 72:20-25; 73:15-18; 76:16-24. |
| 9. Plaintiff admits that the events of August 1-3, 2006 all amounted to work related comments that were a "demeaning of [Plaintiff's] abilities and performance." | Cava Depo., p. 76:7-19. |

## PLAINTIFF'S NINTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

**ISSUE 3:**  Plaintiff's claim for intentional infliction of emotional distress is subject to summary adjudication because it is preempted by the California Workers' Compensation Act.

| Undisputed Material Fact | Supporting Evidence |
|---|---|
| 10. Plaintiff contends that Defendant Peter Wainwright engaged in conduct that was intended to cause him emotional distress. | Comp., ¶ 77; Cava Depo., p. 79:6-80:15; 178:2-6; Exh. 9. |
| 11. Plaintiff claims that Mr. Wainwright engaged in conduct that was intended to cause him emotional distress when Mr. Wainwright: (1) refused to reassign Plaintiff's accounts following his leave of absence; (2) set unreasonably high sales expectations for Plaintiff; and (3) raised his voice at Plaintiff, called Plaintiff's performance "underwhelming," told Plaintiff that he "couldn't be counted on," and generally talked to Plaintiff in a rude and abusive manner. | Cava Depo., p. 72:5-17; 73:19-76:6; 99:19-101:6; Exh. 9, ¶¶ 13 and 14. |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408 998 4150

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEFS' MSJ/SUM ADJ OF ISSUES

1

**ISSUE 4:**        **Alternatively, Plaintiff's claim for intentional infliction of emotional distress is**
**subject to summary adjudication because only personnel**
2                              **management activities have been alleged.**

3                    **Undisputed Material Fact**                          **Supporting Evidence**

4    12.    Plaintiff contends that Defendant Peter              Comp., ¶ 77; Cava Depo., p. 79:6-
            Wainwright engaged in conduct that was intended     80:15; 178:2-6; Exh. 9.
5           to cause him emotional distress.

6
     13.    Plaintiff claims that Mr. Wainwright engaged in      Cava Depo., p. 72:5-17; 73:19-76:6;
7           conduct that was intended to cause him emotional    99:19-101:6; Exh. 9, ¶¶ 13 and 14.
            distress when Mr. Wainwright: (1) refused to
8           reassign Plaintiff's accounts following his leave
            of absence; (2) set unreasonably high sales
9           expectations for Plaintiff; and (3) raised his voice
            at Plaintiff, called Plaintiff's performance
10          "underwhelming," told Plaintiff that he "couldn't
            be counted on," and generally talked to Plaintiff
11          in a rude and abusive manner.
12

13                          **PLAINTIFF'S TENTH CAUSE OF ACTION**

14                          **Negligent Infliction of Emotional Distress**

15               **ISSUE 5:**    **Plaintiff's claim for negligent infliction of emotional distress is**
                                **subject to summary adjudication because it is preempted by the**
16                              **California Workers' Compensation Act.**

17                   **Undisputed Material Fact**                          **Supporting Evidence**

18   14.    Plaintiff contends that Defendant Peter              Comp., ¶ 83; Cava Depo., p. 79:6-
19          Wainwright engaged in conduct that was done         80:15; 178:2-6; Exh. 9.
            "with reckless disregard of the probability of
20          causing him emotional distress."

21   15.    Plaintiff claims that Mr. Wainwright engaged in      Cava Depo., p. 72:5-17; 73:19-76:6;
22          conduct with reckless disregard for causing him     99:19-101:6; Exh. 9, ¶¶ 13 and 14.
            emotional distress when Mr. Wainwright: (1)
23          refused to reassign Plaintiff's accounts following
            his leave of absence; (2) set unreasonably high
24          sales expectations for Plaintiff; and (3) raised his
            voice at Plaintiff, called Plaintiff's performance
25          "underwhelming," told Plaintiff that he "couldn't
            be counted on," and generally talked to Plaintiff
26          in a rude and abusive manner.

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA  95113-2303
408.998.4150
                                          4.                          Case No. CGC-06-453469

**SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEFS' MSJ/SUM ADJ OF ISSUES**

<table>
<tr><td colspan="2"><b><u>ISSUE 6:</u></b></td><td><b>Alternatively, Plaintiff's claim for negligent infliction of emotional distress is subject to summary adjudication because only personnel management activities have been alleged.</b></td></tr>
</table>

| **Undisputed Material Fact** | **Supporting Evidence** |
| --- | --- |
| 16.   Plaintiff contends that Defendant Peter Wainwright engaged in conduct that was done "with reckless disregard of the probability of causing him emotional distress." | Comp., ¶ 83; Cava Depo., p. 79:6-80:15; 178:2-6; Exh. 9. |
| 17.   Plaintiff claims that Mr. Wainwright engaged in conduct with reckless disregard for causing him emotional distress when Mr. Wainwright: (1) refused to reassign Plaintiff's accounts following his leave of absence; (2) set unreasonably high sales expectations for Plaintiff; and (3) raised his voice at Plaintiff, called Plaintiff's performance "underwhelming," told Plaintiff that he "couldn't be counted on," and generally talked to Plaintiff in a rude and abusive manner. | Cava Depo., p. 72:5-17; 73:19-76:6; 99:19-101:6; Exh. 9, ¶¶ 13 and 14. |

<table>
<tr><td colspan="2"><b><u>ISSUE 7:</u></b></td><td><b>Alternatively, Plaintiff's claim for negligent infliction of emotional distress is subject to summary adjudication because the conduct alleged is inherently intentional.</b></td></tr>
</table>

| **Undisputed Material Fact** | **Supporting Evidence** |
| --- | --- |
| 18.   Plaintiff contends that Defendant Peter Wainwright engaged in conduct that was done "with reckless disregard of the probability of causing him emotional distress." | Comp., ¶ 83; Cava Depo., p. 79:6-80:15; 178:2-6; Exh. 9. |

///

///

///

///

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408.998.4150

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEFS' MSJ/SUM ADJ OF ISSUES

19.   Plaintiff claims that Mr. Wainwright engaged in
      conduct with reckless disregard for causing him
      emotional distress when Mr. Wainwright: (1)
      refused to reassign Plaintiff's accounts following
      his leave of absence; (2) set unreasonably high
      sales expectations for Plaintiff; and (3) raised his
      voice at Plaintiff, called Plaintiff's performance
      "underwhelming," told Plaintiff that he "couldn't
      be counted on," and generally talked to Plaintiff
      in a rude and abusive manner.

      Cava Depo., p. 72:5-17; 73:19-76:6;
      99:19-101:6; Exh. 9, ¶¶ 13 and 14.

Dated: March 8, 2007

_____

MICHAEL W. WARREN
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
NETVERSANT - NATIONAL, INC., PETER
WAINWRIGHT

EXHIBIT -19

MICHELLE B. HEVERLY, Bar No. 178660
MICHAEL W. WARREN, Bar No. 223642
LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street, 14th Floor
San Jose, CA 95113.2303
Telephone:    408.998.4150
Facsimile:    408.288.5686

Attorneys for Defendant
NETVERSANT – NATIONAL, INC., PETER
WAINWRIGHT

ENDORSED FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

MAR 0 9 2007

GORDON PARK-LI, CLERK
BY: _____
        Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| MICHAEL CAVA,<br><br>    Plaintiff,<br><br>    v.<br><br>NETVERSANT – NATIONAL, INC., a<br>Delaware corporation, dba NETVERSANT<br>– SAN FRANCISCO, aka<br>NETVERSANT; PETER WAINWRIGHT,<br>an individual; and Does 1 through 40,<br>inclusive,<br><br>    Defendants. | Case No.  CGC-06-453469<br><br>**DECLARATION OF MICHELLE B.<br>HEVERLY IN SUPPORT OF<br>DEFENDANTS PETER WAINWRIGHT<br>AND NETVERSANT'S MOTION FOR<br>SUMMARY JUDGMENT OR, IN THE<br>ALTERNATIVE, SUMMARY<br>ADJUDICATION**<br><br>Date:    May 23, 2007<br>Time:    9:30 a.m.<br>Dept:    301<br>Judge:   Hon. Peter Busch |

I, Michelle B. Heverly, hereby declare and state as follows:

1.    I am an attorney licensed to practice law before the courts of the State of California.  I am a shareholder at the law firm of Littler Mendelson, a Professional Corporation, and am counsel of record for Defendants NetVersant – National, Inc., and Peter Wainwright (hereafter "Defendants") in the above-referenced matter.  I have personal knowledge of the facts set forth herein and, if called as a witness, could competently testify thereto.

2.    Following the deposition of Defendant Peter Wainwright, I requested in a letter to Plaintiff's counsel Shahab Fotouhi on December 13, 2006, that Plaintiff voluntarily dismiss the allegations against Mr. Wainwright on the grounds that no legal or factual basis existed to

LITTLER MENDELSON<br>A PROFESSIONAL CORPORATION<br>50 West San Fernando Street<br>14th Floor<br>San Jose, CA 95113.2303<br>408.998.4150

CASE NO. CGC-06-453469

DECLARATION OF MICHELLE B. HEVERLY

1   support the claims against him. After Plaintiff's deposition testimony confirmed there was no basis

2   for his claims against Defendant Wainwright, I again requested in a letter to Mr. Fotouhi on January

3   8, 2007, that Defendant Wainwright be dismissed from the this lawsuit. In a letter dated January 18,

4   2007, Plaintiff's counsel Daniel Iannitelli responded that Plaintiff would not dismiss Defendant

5   Wainwright unless the following conditions were agreed to: (1) that the dismissal would be without

6   prejudice and that Defendant Wainwright must agree that he will voluntarily rejoin the action should

7   Plaintiff later determine that Defendant Wainwright should be brought back into the action; and (2)

8   if Plaintiff determines that Defendant Wainwright should be brought back into the action, Defendant

9   Wainwright must agree not to seek a continuance of the trial. Defendant Wainwright did not agree

10  to the conditions proposed by Plaintiff for his dismissal.

11          3.      Defendants' Motion for Summary Judgment And/Or Summary Adjudication

12  makes reference to portions of certain deposition transcripts and other documents, copies of which

13  are attached hereto as set forth below.

14                  a.      Attached hereto as Exhibit A is a true and accurate copy of the

15  relevant pages from the deposition transcript of Michael Cava, dated January 4, 2007. A true and

16  accurate copy of the relevant exhibits to this transcript are attached following the testimony.

17                  b.      Attached hereto as Exhibit B is a true and accurate copy of the relevant

18  pages from deposition transcript of Peter Wainwright, dated November 28, 2006. A true and

19  accurate copy of the relevant exhibits to this transcript are attached following the testimony.

20          I hereby declare under penalty of perjury, under the laws of the State of California,

21  that the foregoing is true and correct, and that this Declaration was executed on March 8, 2007 at

22  San Jose, California.

23

24

25                                                  _____
                                                    MICHELLE B. HEVERLY

26  Firmwide:82087387.1 037665.1017

27

28

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408.998.4150