ENDORSED
F I L E D
San Francisco County Superior Court

JUN 2 3 2006

GORDON PARK-Li, Clerk
BY: _____
          PARAM NATT
                Deputy Clerk

1  **Shahab E. Fotouhi - 168301**
   **Daniel P. Iannitelli - 203388**
2  FOTOUHI • EPPS • HILLGER • GILROY LLP
   160 Pine Street, Suite 710  CASE MANAGEMENT CONFERENCE SET
3  San Francisco, CA 94111
   Tel: 415.362.9300
4  Fax: 415.358.5521           NOV 2 2 2006  - 9:00 AM

5  Attorneys for Plaintiffs
   MICHAEL CAVA                DEPARTMENT 212
6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9            COUNTY OF SAN FRANCISCO - UNLIMITED JURISDICTION

10 MICHAEL CAVA,                    )  Case No. CGC - 06 - 453469
                                    )
11          Plaintiff,              )  **COMPLAINT FOR DAMAGES**
                                    )
12 vs.                              )  **(1) DISABILITY DISCRIMINATION**
                                    )  **(2) WRONGFUL TERMINATION IN**
13 NETVERSANT - NATIONAL, INC., a Delaware )  **VIOLATION OF PUBLIC POLICY**
   corporation, dba NETVERSANT - SAN )  **(3) HARASSMENT**
14 FRANCISCO, aka NETVERSANT; PETER )  **(4) RETALIATION**
   WAINWRIGHT, an individual; and DOES 1 )  **(5) BREACH OF EMPLOYMENT**
15 through 40, inclusive,           )  **CONTRACT**
                                    )  **(6) INTENTIONAL MISREPRESENTATION**
16          Defendants.             )  **(7) NEGLIGENT MISREPRESENTATION**
   _____)  **(8) BREACH OF COVENANT OF GOOD**
17                                     **FAITH AND FAIR DEALING**
                                       **(9) INTENTIONAL INFLICTION OF**
18                                     **EMOTIONAL DISTRESS**
                                       **(10) NEGLIGENT INFLICTION OF**
19                                     **EMOTIONAL DISTRESS**

20         COMES NOW Plaintiff and files this Complaint against Defendants on behalf of himself, and

21 in support thereof alleges the following:

22                                 **PARTIES**

23 1.    Plaintiff MICHAEL CAVA (hereinafter referred to as "Plaintiff") is an individual and a

24 resident of the State of California.

25 2.    Plaintiff is informed, and thereon alleges, that defendant NETVERSANT - NATIONAL, INC.,

26 dba NETVERSANT - SAN FRANCISCO, aka NETVERSANT,  is a Delaware corporation, and is

27 authorized to transact business in the State of California.

28 //

                                    1
                              COMPLAINT

DEPOSITION
EXHIBIT 9
1-4-07 Cava
PENGAD 800-631-6989

1    3.    Plaintiff is informed, and thereon alleges, that defendant PETER WAINWRIGHT, is an

2    individual residing in the State of California.

3    4.    Plaintiff does not know the true names and capacities of defendants designated as

4    Does 1 through 40 inclusive, whether individual, corporate, associate or otherwise, and therefore

5    sues said defendants by such fictitious names pursuant to the California Code of Civil Procedure.

6    Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants

7    is responsible in some manner for the occurrences herein alleged and that Plaintiff's injuries as

8    herein alleged were proximately caused by their wrongful conduct.  Plaintiff will amend its Complaint

9    when the true names and capacities of said defendants are revealed or become known.

10    5.    Plaintiff is informed and believes and thereon allege that at all times mentioned in

11    this Complaint, each of the defendants, whether specifically named or designated as a Doe, was the

12    agent, servant, employee or officer of the other, and all acts alleged to have been committed by one

13    of them was committed by and on behalf of every other and in doing the acts herein alleged, was

14    acting within the course and scope of said agency, employment and service with the advance

15    knowledge, consent and ratification of the remaining defendants.

16    6.    Venue is appropriate because defendant NETVERSANT - NATIONAL, INC., dba

17    NETVERSANT - SAN FRANCISCO, aka NETVERSANT, transacts business in the City and County of

18    San Francisco.

19                              **STATEMENT OF FACTS**

20    7.    From on or about June 2004, to on or about August 5, 2005, Plaintiff was an Account

21    Executive employed by Defendants with responsibilities including, but not limited to, sales, support

22    and account maintenance relating to telephone and communications systems.

23    8.    At all times herein mentioned, Plaintiff was employed pursuant to an employment contract

24    with Defendants.  Under the terms of the employment contract, Plaintiff was guaranteed certain

25    accounts to manage.  At all times herein mentioned, Plaintiff performed his duties and obligations

26    under the agreement and Defendants, each of them, knew Plaintiff had fulfilled all of the duties and

27    conditions under the agreement.

28    //

---

9.    At all times herein mentioned, Plaintiff was an individual with mental disabilities protected by California Government Code § 12940 (a).

10.    In or around January 2005, Plaintiff informed Defendants of his mental disability and, that due to his mental disability, he was determined by a medical doctor that he required time off from work.  Plaintiff was thereafter ordered by a medical doctor to be placed on disability leave.

11.    From the time Plaintiff advised Defendants of his disability, defendant Peter Wainwright and other employees of Defendant Netversant began to harass and discriminate against Plaintiff, including taking away accounts, placing him on a Performance Improvement Plan without basis and treating Plaintiff differently than other Account Executives, and threatening Plaintiff that he would be terminated for going on disability leave, among other acts.  Plaintiff complained of adverse treatment to Defendants who failed to properly respond.

12.    After Plaintiff advised Defendants that he was ordered to be placed on disability leave, Plaintiff, through Defendants' consent, arranged for Plaintiff's disability leave, including making arrangements for other Account Executives to temporarily manage Plaintiff's remaining accounts while he was on disability leave.  Under the arrangement, other Account Executives would manage Plaintiff's account until Plaintiff's return from disability leave.  While on disability leave, Plaintiff continued to work on his accounts, assisting the other Account Executives with his accounts.

13.    Upon return from disability leave on or about August 1, 2005, Plaintiff was advised by Defendants that he would not be permitted to continue to work on his accounts and that his accounts would be permanently assigned to other Account Executives.  Plaintiff complained to Defendants about the adverse employment actions and demanded that Defendants return his accounts.

14.    Further upon his return from disability, Defendant Peter Wainwright and other Defendant Netversant employees continued to harass and further discriminate against Plaintiff because of his disability and taking a disability leave, including treating Plaintiff differently than other employees, being abusive toward Plaintiff, and threatening to terminate him, among other discriminatory, retaliatory and harassing acts.

//

//

15.     On or about August 4, 2005, due to Plaintiff's continued medical and mental condition, a medical doctor ordered Plaintiff to return to disability leave.  Plaintiff advised Defendants of the medical doctor's order.  Defendants thereafter advised Plaintiff that he must either resign or be terminated.  Plaintiff advised Defendants of the continued mistreatment and attempted to reach accommodation with Defendants.  Defendants ignored Plaintiff's efforts and demanded that he resigned.

16.     On or about August 5, 2005, Defendants terminated Plaintiff because of his disability.

## FIRST CAUSE OF ACTION

### (Disability Discrimination – against Defendant Netversant - National, Inc. only)

17.     Plaintiff realleges paragraphs 1 through 16, inclusive, of this Complaint and incorporates them herein by reference.

18.     Plaintiff suffers from a mental disability, as diagnosed by a medical doctor and acknowledged by Defendants, and is therefore a member of the class of persons protected from mental disability discrimination under California Government Code section 12940 et seq.

19.     Defendants regularly employ five or more persons and therefore are employers subject to regulation by California Government Code §12940.

20.     Defendants refused to make reasonable accommodations for Plaintiff's known mental disability by terminating Plaintiff because he was placed on medical-mental disability leave by a medical doctor.  Despite Plaintiff's requests, Defendants failed to engage in an interactive process to find a reasonable accommodation.

21.     Defendants unlawfully subjected Plaintiff to adverse employment actions by, among other things, reassigning his accounts to other Account Executives, harassing Plaintiff, retaliating against Plaintiff, verbally abusing Plaintiff , treating Plaintiff differently than other Account Executives, because of his disability.

22.     Plaintiff is informed and believes, and thereon alleges, that on or about August 5, 2005 Plaintiff's employment was terminated by Defendants because of his mental disability, in violation of California Government Code §12940 et seq.

//

23.    Within one-year from the date of the most recent act of discrimination, Plaintiff filed a charge of mental disability discrimination, and other violations, with the California Department of Fair Employment and Housing.   On or about February 1, 2006, Plaintiff received a right to sue notice from the California Department of Fair Employment and Housing and subsequently amended. *A true and correct copy of the DFEH Right to Sue letter is attached hereto as Exhibit A.*

24.    As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered and continues to suffer substantial losses in income, earnings and benefits and has been damaged in his capacity to earn his salary, and has lost and will continue to lose employment benefits.

25.    As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered and continues to suffer severe and serious injury to his person, all to Plaintiff's damage in a sum within the jurisdiction of this Court and to be shown according to proof.

26.    The conduct of Defendants in discriminating against Plaintiff and terminating him because of his disability subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights.  Plaintiff is informed and believes, and thereon alleges, that his termination by Defendants, and each of them, was done with an intent to cause injury to Plaintiff.  As a consequence of the aforesaid oppressive, malicious and despicable conduct, Plaintiff is entitled to an award of punitive damages in a sum to be shown according to proof.

## SECOND CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy -

### against Defendant Netversant - National, Inc. only)

27.    Plaintiff realleges paragraphs 1 through 26, inclusive, of this Complaint and incorporates them herein by reference.

28.    At all times herein mentioned, Plaintiff was employed pursuant to a an employment contract by Defendants.  At all times herein mentioned, Plaintiff performed his duties and obligations under the employment agreement referenced above, and Defendants, each of them, knew Plaintiff had fulfilled all the duties and conditions under the agreement.

29.    Plaintiff is informed and believes, and thereon alleges, that on or about August 5, 2005, Plaintiff's employment was terminated by Defendants because of, among other things, his mental

1    disability, in violation of California Government Code §12940 et seq.

2    30.    Plaintiff is informed and believes, and thereon alleges, that on or about August 5, 2005,

3    Plaintiff's employment was also terminated by Defendants due to the high costs incurred by

4    Defendants in administering, covering and payment of medical benefits to Plaintiff's family under

5    Defendants employee group medical insurance plan.  Defendants' conduct of terminating an

6    employee because that employee's specific use of medical coverage provided by the employer to all

7    employees resulted in substantial costs to the employer, is against public policy of the State of

8    California.

9    31.    As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered and

10    continues to suffer substantial losses in income, earnings and benefits and has been damaged in his

11    capacity to earn his salary, and has lost and will continue to lose employment benefits.

12    32.    As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered and

13    continues to suffer severe and serious injury to his person, all to Plaintiff's damage in a sum within

14    the jurisdiction of this Court and to be shown according to proof.

15    33.    As a direct and proximate result of the misconduct and unlawfulness of Defendants, and

16    each of them, and the resulting termination of Plaintiff's employment, Plaintiff has suffered harm

17    including, but not limited to, humiliation, embarrassment, and mental anguish, all to Plaintiff's

18    damage to be shown according to proof.

19    34.    The conduct of Defendants in discriminating against Plaintiff , terminating him because

20    of his disability, and to deny him benefits, subjected Plaintiff to cruel and unjust hardship in

21    conscious disregard of Plaintiff's rights.  Plaintiff is informed and believes, and thereon alleges, that

22    his termination by Defendants, and each of them, was done with an intent to cause injury to Plaintiff.

23    As a consequence of the aforesaid oppressive, malicious and despicable conduct, Plaintiff is entitled

24    to an award of punitive damages in a sum to be shown according to proof.

25    //

26    //

27    //

28    //

### THIRD CAUSE OF ACTION

### (Harassment– against Defendants Netversant -

### National, Inc. and Peter Wainwright)

35.     Plaintiff realleges paragraphs 1 through 34, inclusive, of this Complaint and incorporates them herein by reference.

36.     Since learning of Plaintiff's disability, and because of his disability, defendant Peter Wainwright continually discriminated against, harassed, retaliated and subjected Plaintiff to humiliation and adverse employment action, thus creating a hostile work environment.

37.     Defendants negligently and in bad faith failed to properly respond to Plaintiff's claims of harassment and discrimination and take appropriate remedial action.

38.     As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered and continues to suffer substantial losses in income, earnings and benefits and has been damaged in his capacity to earn his salary, and has lost and will continue to lose employment benefits.

39.     As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered and continues to suffer severe and serious injury to his person, all to Plaintiff's damage in a sum within the jurisdiction of this Court and to be shown according to proof.

40.     As a direct and proximate result of the misconduct and unlawfulness of Defendants, and each of them, and the resulting termination of Plaintiff's employment, Plaintiff has suffered harm including, but not limited to, humiliation, embarrassment, and mental anguish, all to Plaintiff's damage to be shown according to proof.

41.     The conduct of Defendants in discriminating against Plaintiff and harassing Plaintiff because of his disability subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights.  Plaintiff is informed and believes, and thereon alleges, that his termination by Defendants, and each of them, was done with an intent to cause injury to Plaintiff.  As a consequence of the aforesaid oppressive, malicious and despicable conduct, Plaintiff is entitled to an award of punitive damages in a sum to be shown according to proof.

//

//

# FOURTH CAUSE OF ACTION

## (Retaliation – against Defendant Netversant - National, Inc. only)

42.    Plaintiff realleges paragraphs 1 through 41, inclusive, of this Complaint and incorporates them herein by reference.

43.    Plaintiff is informed and believes, and thereon alleges, that the adverse employment actions taken against him by Defendants as set forth herein occurred in retaliation for being on disability leave, Plaintiff's complaints of unlawful discriminatory treatment, harassment and adverse treatment in his employment with Defendants.  Such actions are unlawful, discriminatory and retaliatory in violation of Government Code section 12940 et seq. and have resulted in damages to Plaintiff.

44.    As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered and continues to suffer substantial losses in income, earnings and benefits and has been damaged in his capacity to earn his salary, and has lost and will continue to lose employment benefits.

45.    As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered and continues to suffer severe and serious injury to his person, all to Plaintiff's damage in a sum within the jurisdiction of this Court and to be shown according to proof.

46.    As a direct and proximate result of the misconduct and unlawfulness of Defendants, and each of them, and the resulting termination of Plaintiff's employment, Plaintiff has suffered harm including, but not limited to, humiliation, embarrassment, and mental anguish, all to Plaintiff's damage to be shown according to proof.

47.    The conduct of Defendants in discriminating against Plaintiff and retaliating against him because of his disability subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights.  Plaintiff is informed and believes, and thereon alleges, that his termination by Defendants, and each of them, was done with an intent to cause injury to Plaintiff.  As a consequence of the aforesaid oppressive, malicious and despicable conduct, Plaintiff is entitled to an award of punitive damages in a sum to be shown according to proof.

//

//

## FIFTH CAUSE OF ACTION

### (Breach of Contract – against Defendant Netversant - National, Inc. only)

48.    Plaintiff realleges paragraphs 1 through 47, inclusive, of this Complaint and incorporates them herein by reference.

49.    Prior to commencing his employment with Defendants, Plaintiff and Defendants agreed, as a condition of employment with Defendants, that Plaintiff would receive certain on-going accounts to manage as an Account Executive at the time his employment commenced.  Management of these on-going accounts would generate a higher income for Plaintiff.

50.    Plaintiff has performed all of the conditions, covenants and promises required of it under the Agreement, except for those items for which its performance was excused.

51.    Defendants breached the agreement with Plaintiff by failing to assign all the accounts as promised.

52.    As a result of Defendants' wrongful conduct and breach of contract, Plaintiff has been damaged, which damages were foreseeable to Defendants

53.    As a proximate result of Defendants wrongful acts, Plaintiff has sustained damages in an amount within the jurisdiction of this Court.

## SIXTH CAUSE OF ACTION

### (Intentional Misrepresentation – against

### Defendant Netversant - National, Inc. only)

54.    Plaintiff realleges paragraphs 1 through 53, inclusive, of this complaint and incorporates them herein by this reference.

55.    Defendants expressly represented and warranted to Plaintiff that Plaintiff would receive certain on-going accounts to manage, as an Account Executive at the time his employment commenced, and receive commissions from.

56.    Defendants did not perform their obligations and failed to assign certain on-going accounts to Plaintiff for management as an Account Executive.

57.    Plaintiff is informed and believes and thereon alleges that Defendants intentionally made these false representations to Plaintiff with the intent to induce Plaintiff into entering into the

1  agreement and, ultimately, to deprive Plaintiff of the benefit of having said accounts. Had Plaintiff

2  known that Defendants would not comply with their obligations, Plaintiff would not have entered into

3  the agreement.

4  58.    Plaintiff relied on the representations, promises and warranties made by Defendants

5  when entering into the agreement. Had Plaintiff known that such representations were in question,

6  Plaintiff would not have entered into the agreements.

7  59.    As a result of Defendants wrongful conduct, Plaintiff has been damaged, which

8  damages were foreseeable to Defendants at the time the false representations were made.

9  60.    As a proximate result of Defendants' wrongful acts, Plaintiff has sustained damages in

10  an amount within the jurisdiction of this Court.

11  61.    Defendants actions, as alleged in this cause of action, were done with malice,

12  oppression, and fraud, and Plaintiff is therefore entitled to recover exemplary or punitive damages.

## SEVENTH CAUSE OF ACTION

### (Negligent Misrepresentation – against

### Defendant Netversant - National, Inc. only)

16  62.    Plaintiff realleges paragraphs 1 through 61, inclusive, of this complaint and

17  incorporates them herein by this reference.

18  63.    Defendants expressly represented and warranted to Plaintiff that Plaintiff would receive

19  certain on-going accounts to manage, as an Account Executive at the time his employment

20  commenced, and receive commissions from.

21  64.    Defendants did not perform their obligations and failed to assign certain on-going

22  accounts to Plaintiff for management as an Account Executive.

23  65.    Plaintiff is informed and believes and thereon alleges that Defendants made these

24  representations with no reasonable grounds for believing them to be true and with the intent to

25  induce Plaintiff into entering into employment with Defendants.

26  66.    Plaintiff relied on the representations, promises and warranties made by Defendant

27  when entering into the agreement. Had Plaintiff known that representations were in question,

28  Plaintiff would not have entered into the agreement.

1    67.    As a proximate result of Defendants' negligent misrepresentations, Plaintiff has

2    sustained damages in an amount within the jurisdiction of this Court, to be shown according to

3    proof at trial.

4    ### EIGHTH CAUSE OF ACTION

5    **(Breach of the Covenant of Good Faith and Fair**

6    **Dealing – against Defendant Netversant - National, Inc. only)**

7    68.    Plaintiff realleges paragraphs 1 through 67, inclusive, of this Complaint and incorporates

8    them herein by reference.

9    69.    The employment agreement referred to above contained an implied covenant of good faith

10    and fair dealing, which obligated Defendants to perform the terms and conditions of the agreement

11    fairly and in good faith and refrain from doing any act that would prevent or impede Plaintiff from

12    performing any and all of the conditions of the contract that he agreed to perform, or any act that

13    would deprive Plaintiff of the benefits of the contract.

14    70.    Plaintiff performed all the duties and conditions of the employment agreement.

15    71.    Defendants knew that Plaintiff had fulfilled his duties and conditions under the agreement.

16    72.    Defendants breached the implied covenant of good faith and fair dealing under the

17    employment agreement by causing Plaintiff's termination intentionally, in bad faith and for reasons

18    extraneous to the agreement.  Plaintiff is informed and believes, and thereon alleges, that

19    Defendants terminated Plaintiff without good, just or legitimate cause.  Plaintiff is informed and

20    believes and thereon alleges that Defendants terminated him because, among other things, of his

21    disability and complaints regarding adverse employment actions.

22    73.    Plaintiff is informed and believes, and thereon alleges, that Defendants breached the

23    covenant of good faith and fair dealing by placing him on a Performance Review plan, although

24    Plaintiff had met his sales quota.

25    74.    Plaintiff is informed and believes, and thereon alleges, that Defendants breached the

26    covenant of good faith and fair dealing by not assigning accounts to Plaintiff that Defendants agreed

27    to assign prior to his commencing his employment.

28    75.    As a proximate result of Defendants' breach of the implied covenant of good faith and fair

1  dealing, Plaintiff has suffered, and continues to suffer, losses in earnings and other employment

2  benefits, and consequential economic damages to his damage in an amount to be shown according

3  to proof.

### NINTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress –

### against Defendants Netversant - National, Inc. and Peter Wainwright)

76.    Plaintiff realleges paragraphs 1 through 75, inclusive, of this Complaint and incorporates
them herein by reference.

77.    Plaintiff is informed and believes, and thereon alleges, that the actions of Defendants, and
each of them, discriminated against Plaintiff, harassed Plaintiff, retaliated against Plaintiff, and
engaged in other misconduct against Plaintiff because of his disability, and causing Plaintiff's
employment to be terminated in contravention of public policy, as aforesaid, was intentional,
extreme, outrageous and done with the intent to cause emotional distress or with reckless disregard
of the probability of causing Plaintiff such emotional distress.  Plaintiff is informed and believes, and
thereon alleges, that Defendants' discriminatory conduct was intentional, extreme, outrageous and
done with the intent to cause emotional distress or with reckless disregard of the probability of
causing Plaintiff such emotional distress.

78.    As a direct and proximate cause of the Defendants' conduct, Plaintiff has been subjected
to severe emotional distress and will continue to suffer severe and permanent humiliation, mental
pain and anguish, and will continue to live in a constant state of emotional tension and distress.

79.    As a direct and proximate result of Defendants, and each of their actions, Plaintiff has
suffered severe and serious injury to his person, all to Plaintiff's damage in a sum within he
jurisdiction of this Court and not be shown according to proof.

80.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and
continues to suffer substantial losses in income, earnings, and benefits and has been damages in his
capacity to earn his salary, and has lost and will continue to lose employment benefits.

81.    The conduct of Defendants in discriminating against Plaintiff because of his disability
subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights.  Plaintiff is

1   informed and believes, and thereon alleges, that the termination of employment, retaliatory conduct,

2   efforts to discontinue medical benefits and other conduct by Defendants, and each of them, was

3   done with an intent to cause injury to Plaintiff. As a consequence of the aforesaid oppressive,

4   malicious and despicable conduct, Plaintiff is entitled to an award of punitive damages in a sum to

5   be shown according to proof.

## TENTH CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress –

### against Defendants Netversant - National, Inc. and Peter Wainwright)

9   82.     Plaintiff realleges paragraphs 1 through 81, inclusive, of this Complaint and incorporates

10  them herein by reference.

11  83.     Plaintiff is informed and believes, and thereon alleges, that the actions of Defendants, and

12  each of them, were done with reckless disregard of the probability of causing Plaintiff emotional

13  distress.

14  84.     As a direct and proximate cause of the Defendants' conduct, Plaintiff has been subjected

15  to severe emotional distress and will continue to suffer severe and permanent humiliation, mental

16  pain and anguish, and will continue to live in a constant state of emotional tension and distress.

17  85.     As a direct and proximate result of the Defendants', and each of their actions, Plaintiff has

18  suffered severe and serious injury to his person, all to Plaintiff's damage in a sum within he

19  jurisdiction of this Court and not be shown according to proof.

20  86.     As a direct and proximate result of the Defendants' conduct, plaintiff has suffered and

21  continues to suffer substantial losses in income, earnings, and benefits and has been damages in his

22  capacity to earn his salary, and has lost and will continue to lose employment benefits.

23       WHEREFORE, Plaintiff Michael Cava prays for judgment against the Defendants, and each

24  of them, as follows:

25  **FIRST, SECOND, THIRD, FOURTH, SIXTH and NINTH CAUSES OF ACTION**

26       1.     General damages in a sum according to proof;

27       2.     Special damages including loss of income and benefits;

28       3.     Punitive damages;

1    4.    For interest provided by law, including but not limited to, Civil Code §3291;

2    5.    For attorneys' fees in an amount to be shown according to proof;

3    6.    Costs of suit and for each other and further relief as the Court deems just and

4          proper.

5              **FIFTH, SEVENTH and EIGHTH CAUSES OF ACTION**

6    1.    General damages in a sum according to proof;

7    2.    Special damages including loss of income and benefits;

8    3.    For interest provided by law, including but not limited to, Civil Code §3291;

9    4.    For attorneys' fees in an amount to be shown according to proof;

10   5.    Costs of suit and for each other and further relief as the Court deems just and

11         proper.

12

13   Dated:  June 23, 2006                    FOTOUHI • EPPS • HILLGER • GILROY LLP

14

15

16                                      By:
                                            Daniel P. Iannitelli
17                                          Attorney for Plaintiff
                                            Michael Cava

18

19

20

21

22

23

24

25

26

27

28

---

14
COMPLAINT



*NetVersant*
network solutions for an e-world

December 9, 2004

Mr. Michael Cava
14 Pinewood Place
Danville, CA 94506

Dear Michael:

On December 8, 2004, you requested a Personal Leave without pay beginning December 13, 2004 with a return date of January 12, 2005.  Your request was approved.  As with other requested leaves, you are required to continue your current contribution to the payment of benefits. Your payment of $535.84 ($267.92 x 2 pay periods = $535.84) is due on or about December 15, 2004.  Please send the payment directly to me for processing.

If you have any questions, please contact me.  We look forward to your return.

Regards,

Joanna Cotter
NetVersant San Francisco

JTC/dbh
cc:    Scott Landis
       Peter Wainwright
       File



DEPOSITION
EXHIBIT phs
12
1-4-07 Cava

REDACTED

| From: | Peter Wainwright [pwainwright@netversant.com] |
| --- | --- |
| Sent: | Tuesday, January 18, 2005 3:43 PM |
| To: | Michael Cava |
| Cc: | Joanna Cotter; Robert Palmer |
| Subject: | Performance Expectations / Improvement Plan |
| Follow Up Flag: | Follow up |
| Flag Status: | Flagged |

Michael,

Netversant is looking forward to your renewed sales contributions now that you have rejoined the operation. As your contributions prior to your family leave were not tracking with our sales expectations, this notification is to make it clear what level of performance we are expecting. As you have had several months on the job at Netversant and years in the local business selling the equipment we market, we are going to expect you to achieve "on track" results in terms of funnel and bookings from this point on. As the proven "funnel" is set at 4 X the quota for any given period, we expect that you deliver this ratio of qualified opportunities for the month, quarter and rolling 12 Month window. Based on a required run rate of 50K of GPM per month this will translate to new sales of 150K to 200K per Month on an ongoing basis (depending on job margin)

In order to achieve these results. This 4X1 ration means that a qualified funnel of 200K GPM / 800K +/- sales per month, 600K GM / 2.4M Sales per rolling 3 month period (Quarter) and 2.4 M GPM and 9.6 M Sales for a rolling 12 month period. Booked sales expectations are 50K of GPM per month, 150K per quarter and 600K from now on a rolling 12 month window. Maintenance of these funnel and new booking results are required from this point on for you to continue in your current position.

As Netversant has given you some installed base accounts and they have produced virtually all of your GPM to date, it is important that you understand that our expectation is for the above performance requirements to be achieved by new business that is developed by you.

In order to track your results we will need the following deliverables in hard and soft copy (Via email) delivered to me:

Funnel in attached format delivered and updated by the 15th and 1st of each month

Set appointment with me and review funnel and ongoing status : win/loss/slip/abandon on or around the 1st and 15th of each Month (depending on schedules and weekends)

Using this tool we will track your progress towards meeting the above mandatory funnel development and sales results. Opportunities entered into the funnel need to be realistic in terms of events, volume detailed and close dates. Accuracy of forecast will be tracked and evaluated. Please put a space between each month so we can total the funnel. For deals beyond 6 months in the future please indicate quarter anticipated in the Month column. If there are any questions regarding the format, please let me know. I will go out of my way to make myself available to support your sales efforts, please let me know where I can help. We wish you well in meeting the required performance deliverables indicated in this performance improvement plan.

<<NorCal Oppertunity Work Sheet Review.xls>>



DEPOSITION
EXHIBIT pA8
13
1-4-07 Cava

D00129

*Peter Wainwright*
*VP Sales Telephony*
*Netversant*
<<Peter Wainwright.vcf>>

D00130

| AE | Customer Opportunity | Month | Revenue | GP % | Critical Success Factors |
|---|---|---|---|---|---|
| Cava | | | | | |



D00132



D0013

DEA # _____

**NEIL OKAMURA, D.O.**
PRIMARY CARE / INTERNAL MEDICINE
5201 NORRIS CANYON ROAD • SUITE 230
SAN RAMON, CA 94583
925-244-0355   FAX: 925-244-0726
CA LIC No. 20A8158

NAME _CNA Michael_____

ADDRESS_____  DATE _1/27/05_

Rx (Please Print)

disability form
signed by
on 1/19/05

with possible end
4/19/05

☐ LABEL

REFILL: _____ TIMES   PRN   NR

☐ DO NOT SUBSTITUTE
TO INSURE BRAND NAME DISPENSING
CHECK DO NOT SUBSTITUTE BOX

_____ D.O.


DEPOSITION
EXHIBIT
14
1-4-07 Cava
PENGAD 800-631-6989

REDACTED

---

**From:** Cava02@aol.com

**Sent:** Friday, July 29, 2005 11:05 AM

**To:** Joanna Cotter

**Subject:** Return to Work Note

**Follow Up Flag:** Follow up

**Flag Status:** Flagged

Joanna,

As promised, attached is the Doctor's note with a return to work authorization.

I really do appreciate your help and support through my son's treatment.  I look forward to seeing you next week.

Thank you,

Mike Cava



D00136





D00090

## Joanna Cotter

**From:** Peter Wainwright
**Sent:** Wednesday, August 03, 2005 3:02 PM
**To:** Michael Cava
**Subject:** FW: Account Assignments

Michael,

To reaffirm our discussion of yesterday, we are starting you off with a clean slate in terms of your employment status. You will be expected to develop a funnel of 4 X your Monthly, Quarterly and Annual quota of Qualified prospects (same as anybody else). We expect good progress in the development of this funnel and in the closing of business in the third quarter. Your progress will be closely monitored. You need to demonstrate that you can find customers and close the business.

As you did not develop and close any accounts in the Months that you were working before, we do not have any accounts to return to you per my offer below. For the few accounts that we were able to give you when you started ( that were available due to the departure of a sales person), these have been reassigned. While it was reasonable for a rep to act as a "caretaker" for a short period (and I understand that you had that offer), it is not fair to take an account away after somebody worked it for 8 months. This permanent assignment is my decision and is part of my responsibility to manage who is assigned to what accounts. Account assignment is the responsibility of Netversant management.

At the time of your hire it was made clear that your job was to develop new customers and build a base that you could keep. You are under the same charter as the other 3 new people in the region. There is no guarantee that any accounts will be handed to you. If some do pop up in the future, they will be divided fairly among the sales reps. You need to focus 100% of your time to prove you can develop a funnel of good business and close it. We wish you well in succeeding at this task and the entire management team is here to assist upon your request.

I am checking on the status of a 2005 compensation plan for you. You can assume that your annualized quota will be based on 9 X your base salary ($65,000 x 9 = $585,000 of Gross Margin) as this is the same for all the Salary plus commission sales team.

If you have any questions please let me know.

Good Selling!

---

**From:** Peter Wainwright
**Sent:** Monday, August 01, 2005 10:24 AM
**To:** Michael Cava
**Subject:** Account Assignments

As the accounts that you were working on were reassigned during your absence, I want to make sure that you get back any that you personally developed. Please prepare a list on any accounts that you developed and signed as a customer of Netversant. We can look at any developmental accounts that you feel you have special positioning in, that other reps are currently working, and (possibly) team you with the rep that has been working the account. For accounts that you did not develop (sign as a customer) but were assigned to you, these have been reassigned. For the purpose of account management stability and fairness to the reps that have been managing them in the interim, these will remain as they are assigned. If you have any questions let me know and I am happy to look at the categories of accounts indicated above.



DEPOSITION
EXHIBIT
17
1-4-07  Cava

D00050

# REDACTED

| | |
|---|---|
| **From:** | Cava02@aol.com |
| **Sent:** | Thursday, August 04, 2005 8:09 AM |
| **To:** | Joanna Cotter |
| **Subject:** | Continued Leave |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Joanna,

After returning to work for the last few days, I have realized that I was not quite ready to return to work, and my physician agreed.

Please do call with any questions or concerns so we can discuss this further. I plan on talking to Scott Landis this afternoon as well when he gets back in the office after 1 PM.

I truly appreciate all the help and support you have provided.

Thank you,

Michael Cava
925-648-3490 Home



DEPOSITION
EXHIBIT pg 3
19
1-4-07 cava
PENGAD 800-631-6989

DEA #

CA Lic. # 20A6158

NEIL OKAMURA, D.O.
PRIMARY CARE / INTERNAL MEDICINE
3201 NORRIS CANYON ROAD
SUITE 230
SAN RAMON, CA 94583
925-244-0355  FAX: 925-244-0736

NAME: Michael Cava

ADDRESS: _____ DATE: 8.5.05

R (Please Print)

To whom it may concern

Michael needs time
off work. If questions
please call.

☐ LABEL

REFILL ___ TIMES ___ PRN

☐ DO NOT SUBSTITUTE

TO INSURE BRAND NAME DISPENSING,
PHYSICIAN MUST WRITE "DISPENSE
AS WRITTEN" AND SIGN ABOVE.

M.D.

D00119


**NetVersant**
network solutions for an e-world

August 5, 2005

Mr. Michael Cava
14 Pinewood Place
Danville, CA 94506

Dear Mr. Cava:

The letter is to inform you of your separation with NetVersant as of August 5, 2005. The cause for your termination is due to your inability to perform your duties as an Account Executive.

You will have received your final check for wages paid from August 1 through August 3, 2005. You do not have any vacation accrued and therefore no further pay is due to you. Under federal and state guidelines, COBRA will be mailed to you in a separate cover.

Should you have any questions, please call me at (916) 286-3301.

Sincerely,

Joanna Cotter
Human Resources Director

Cc:     Personnel File
        Peter Wainwright – VP Sales


DEPOSITION
EXHIBIT
20
1-4-07 Cava
PENGAD 800-631-6989