# EXHIBIT -23

1  MICHELLE B. HEVERLY, Bar No. 178660
   MICHAEL W. WARREN, Bar No. 223642
2  LITTLER MENDELSON
   A Professional Corporation
3  50 West San Fernando Street, 14th Floor
   San Jose, CA  95113.2303
4  Telephone:    408.998.4150

5  Attorneys for Defendants
   NETVERSANT - NATIONAL, INC., PETER
6  WAINWRIGHT

ENDORSED
F I L E D
San Francisco County Superior Court

MAY 1 8 2007

GORDON PARK-LI, Clerk
By: _____ROSSALY DE LA VEGA_____
                                      Deputy Clerk

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SAN FRANCISCO

10

11  MICHAEL CAVA,                          Case No.  CGC-06-453469

12                  Plaintiff,             DEFENDANT'S REPLY SEPARATE
                                           STATEMENT OF UNDISPUTED
13          v.                             MATERIAL FACTS AND REFERENCE
                                           TO SUPPORTING EVIDENCE IN
14  NETVERSANT - NATIONAL, INC., a         SUPPORT OF DEFENDANT
    Delaware corporation, dba              NETVERSANT'S MOTION FOR
15  NETVERSANT - SAN FRANCISCO, aka        SUMMARY JUDGMENT OR IN THE
    NETVERSANT; PETER WAINWRIGHT,          ALTERNATIVE, SUMMARY
16  an individual; and DOES 1 through 40,  ADJUDICATION OF ISSUES
    inclusive,
17                                         Date:      May 23, 2007
                    Defendants.            Time:      9:30 a.m.
18                                         Dept:      301
                                           Judge:     Hon. Peter Busch
19

20

21          Defendant NetVersant – National, Inc., submits the following statement of undisputed

22  material facts together with references to supporting evidence pursuant to California Code of Civil

23  Procedure section 437c(b).  The facts contain every essential element to entitle Defendants to prevail

24  on the present motion.

25  ///

26  ///

27  ///

28  ///

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA  95113.2303
408.998.4150

Case No.  CGC-06-453469

REPLY SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

# PLAINTIFF'S FIRST CAUSE OF ACTION

## DISABILITY DISCRIMINATION

**ISSUE 1:** Plaintiff's claim for disability discrimination is subject to summary adjudication because Plaintiff cannot establish a *prima facie* case.

| Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| 1. Plaintiff contends that he was discriminated against when Defendant placed a sixth month limit on his leave of absence and terminated his employment.<br><br>Comp., ¶ 18, 20, 21; Cava Depo., p. 178:7-179:3. | Disputed. In addition to the termination, Plaintiff also alleges that he was treated differently than other account executives and accounts were taken away from him.<br><br>Comp. ¶18, 20 & 21. | **This fact remains undisputed.** Plaintiff has presented no evidence that disputes this fact. Plaintiff cannot rely on allegations in his Complaint to create a triable issue of fact. CCP 437c(p)(2); *see also College Hosp., Inc. v. Sup. Ct* (1994) 8 Cal.4th 704, 720.<br><br>Moreover, Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony. The testimony is as follows:<br><br>Q: Aside from your termination, is there anything else you thought that was discriminatory?<br><br>A: I didn't think it was reasonable to have that six-month limit. I just needed time. I wanted to be back there. I wnted to do a good job.<br><br>***<br><br>Q: Okay. Is there anything else that anyone did at NetVersant that you thought was discriminatory?<br><br>A: Not that I can think of.<br><br>Cava Depo., p. 178:7-179:3. |
| 2. Plaintiff began his employment with Defendant in June 2004, and thereafter went on a leave of absence to care for his son on November 1, 2004.<br><br>Cava Depo., p. 35:13-36:13; | Undisputed. | **Undisputed.** |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408 998 4150

2.

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| | Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|---|
| | 43:8-11; 91:14-23; 94:16-95:1; Exh. 12. | | |
| 3. | Plaintiff initially remained on leave until January 17, 2005.<br><br>Cava Depo., p. 89:23-25; 93:5-10; 96:7-97:17. | Undisputed. | **Undisputed.** |
| 4. | On January 26, 2005, Plaintiff again asked for time off, this time for his own disability.<br><br>Cava Depo., p. 97:15-17; 117:9-19; 118:4-25; Exh. 14. | Undisputed. | **Undisputed.** |
| 5. | From January 26, 2005 through August 1, 2005, Plaintiff was totally disabled and unable to perform any part of his job.<br><br>Cava Depo. p. 179:14-180:4. | Disputed. Plaintiff did not commence his disability leave until January 28, 2005 and released for work on July 29, 2005. Although plaintiff's physician medically prescribed disability leave, plaintiff did perform some of his duties while on leave. Netversant admits that it could have accommodated plaintiff in other ways during his initial leave.<br><br>Cava Decl. ¶20, 21; Cotter Depo., p.33:16-34:21, Ex. 10. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony.<br><br>Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez v. San Jose Police Department* (1999) 71 Cal. App. 4th 853, 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding v. Dinwiddie Const. Co.* (1999) 69 Cal.App.4th 64, 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.)<br><br>In addition, Plaintiff's response is nothing more than a legal argument, |

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408.998.4150

3.

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| | | which is insufficient to create a dispute regarding the underlying undisputed material fact.  CCP § 437c(p)(2). |
| | | Finally, the difference in dates is wholly irrelevant, as the undisputed evidence is that Plaintiff was out on leave from November 1, 2004 through August 1, 2005, and worked only an approximate two week period in between.  Cava Depo., p. 35:13-36:13; 43:8-11; 89:23-25; 91:14-23; 93:5-10; 94:16-95:1; 96:7-97:17; 179:14-180:4; Exh. 12. |
| 6. Plaintiff returned to work on August 1, 2005 and then again requested time off from work for his disability on August 3, 2005.<br><br>Cava Depo., p. 86:11-21; 134:10-20; 157:14-19; 161:5-24; 162:10-12; Exh. 19. | Undisputed. | **Undisputed.** |
| 7. The doctor's note Plaintiff provided to Defendant to support his request for leave stated only that Plaintiff "needs time off work," and did not specify the duration of Plaintiff's condition.<br><br>Cava Depo., Exh. 19. | Disputed.  The doctor's note specifically requests interested parties to contact him if they had questions.<br><br>Cava Depo., Exh. 19. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact.  Although the note might say that the doctor can be contacted, that does not change that it also clearly says that Plaintiff needs an unidentified amount of time off work. It is undisputed that the doctor's note did not specify the duration of Plaintiff's condition and merely stated that Plaintiff "needs time off work." Plaintiff's additional "evidence" does not dispute this fact, and is irrelevant and immaterial. *See Monastra v. Konica Business Machines, U.S.A., Inc.* (1996) 43 Cal.App.4[th] 1628, 1635 ("evidence which does not relate to a matter in issue is not material"). |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose  CA  95113 2303
408 998 4150

Case No.  CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| | Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|---|
| 8. | Plaintiff was disabled from August 3, 2005 to approximately December 26, 2005, during which he could not have done any part of his job for Defendant.<br><br>Cava Depo., p. 180:5-13. | Disputed. Although plaintiff was ordered disabled by his physician, he believes he could have performed his duties with a reasonable accommodation. Defendant refused to discuss any options with plaintiff.<br><br>Cava Depo., 183:5-184:5; Cotter Depo., p. 33:16-34:21, Ex. 10; Cava Decl., ¶20. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony, wherein he admitted that he could not perform his job. Specifically, Plaintiff testified as follows:<br><br>Q: Is there any part of your job that you could have done on August 3rd?<br><br>A: Not on August 3rd, but shortly thereafter.<br><br>Q: When could you have come back to work?<br><br>A: It's hard to say.<br><br>Q: Well, were you ever released by your doctor to go back to work?<br><br>A: I believe – I – I was on disability until December 26th, but I – I was – I was pursuing other opportunities before that.<br><br>Q: Did you receive disability benefits through 12-26-05?<br><br>A: I did.<br><br>***<br><br>Q: Okay. But I'm just asking in your opinion were you totally disabled between August 3rd and December 26th or could you have gone back to work?<br><br>A: My doctor said I should be off, and I listedned to him. And I went through quite a bit of treatment during that time.<br><br>Cava Depo., p. 180:11-181:<br><br>Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

5.

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| | | made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4th 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.)<br><br>In addition, Plaintiff's own subjective "belief" that he could work despite his doctor's determination that he was disabled and must be off work, is insufficient to meet Plaintiff's burden in opposing summary judgment. *Horn v. Cushman & Wakefield Western, Inc.* (1999) 72 Cal.App.4th 798, 807 (plaintiff cannot avoid summary judgment merely by presenting his own "speculation or conjecture");<br><br>Moreover, Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact. CCP § 437c(p)(2).<br><br>Finally, Plaintiff's own "beliefs" regarding his condition or the extent of his disability does not represent competent evidence. Cal. Evid. Code §§ 800-803. The expected duration of Plaintiff's mental disability and the amount of time off medically necessary to treat his disability requires a medical opinion. Cal. Evid. Code § 801. Plaintiff has not established that he is qualified to provide such a medical opinion regarding mental disability. |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| | | Because Plaintiff cannot competently testify regarding the expected duration of his disability, or the amount of time off medically necessary to treat his disability, his deposition testimony constitutes inadmissible lay opinion testimony and must be disregarded. *See Swonke v. Sprint, Inc.* (2004) 327 F. Supp. 2d 1128, 1134. |
| 9. Plaintiff's employment was terminated on August 5, 2005.<br><br>Cava Depo., p. 168:11-169:15; Exh. 20. | Undisputed. | **Undisputed.** |

**ISSUE 2:**   Alternatively, Plaintiff's claim for disability discrimination fails because Defendant has articulated a legitimate, non-discriminatory reason for his termination and Plaintiff has no proof of pretext.

| Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| 10  Plaintiff contends that he was discriminated against when Defendant placed a sixth month limit on his leave of absence and terminated his employment.<br><br>Comp., ¶ 18, 20, 21; Cava Depo., p. 178:7-179:3. | Disputed. In addition to the termination, Plaintiff also alleges that he was treated differently than other account executives and accounts were taken away from him.<br><br>Comp. ¶18, 20 & 21. | **This fact remains undisputed.** Plaintiff has presented no evidence that disputes this fact. Plaintiff cannot rely on allegations in his Complaint to create a triable issue of fact. CCP 437c(p)(2); *see also College Hospital, supra,* 8 Cal.4th at 720.<br><br>Moreover, Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony. The testimony is as follows:<br><br>Q: Aside from your termination, is there anything else you thought that was discriminatory?<br><br>A: I didn't think it was reasonable to have that six-month limit. I just needed time. I wanted to be back there. I wanted to do a good job. |

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| | | ***<br><br>Q: Okay. Is there anything else that anyone did at NetVersant that you thought was discriminatory?<br><br>A: Not that I can think of.<br><br>Cava Depo., p. 178:7-179:3. |
| 11 At the time of his hire, Plaintiff was given a sales compensation agreement which outlined a prorated annual sales quota of $341,250.<br><br>Cava Depo., p. 48:8-49:14; Exh. 5. | Undisputed. | **Undisputed.** |
| 12 At the time of his hire in June 2004, Plaintiff received and signed for a copy of Defendant's employee handbook, which contained a policy limiting leaves of absence to six months in duration.<br><br>Cava Dep., p. 39:11-15; 43:12-14; Exhs. 1, 2, 3; Wainwright Decl., ¶ 3, Exh., 1, p. 13. | Disputed. The employee handbook limits leaves of absence to six months, but expresses that it is subject to legal provisions to the contrary. Also, plaintiff's initial leave was less than six months.<br><br>Wainwright Decl., ¶3, Exh. 1, p.13; Cava Dec., ¶20. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony, and on documentary evidence, which speaks for itself. .<br><br>Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4th 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.) |

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| | **Undisputed Material Fact and Evidence** | **Plaintiff's Response** | **Defendant's Reply to Plaintiff's Response** |
|---|---|---|---|
| | | | Moreover, Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact. CCP § 437c(p)(2).<br><br>In addition, Plaintiff's argument that his initial leave was less than six months is irrelevant and does not dispute the fact that at the time of his hire in June 2004, Plaintiff received and signed for a copy of Defendant's employee handbook, which contained a policy limiting leaves of absence to six months in duration. Plaintiff's response is therefore irrelevant and immaterial, and should be disregarded. *See Monastra, supra,* 43 Cal.App.4th at 1635 ("evidence which does not relate to a matter in issue is not material").<br><br>Finally, Plaintiff's response is inaccurate, as the undisputed evidence establishes that Plaintiff was actually on leave from November 1, 2004 through August 1, 2004, a period of <u>nine</u> months, with only an approximate two week interval of work in the middle. |
| 13 | On November 1, 2004, Plaintiff took a emergency leave of absence to care for his son, and Plaintiff remained on paid leave through January 17, 2005.<br><br>Cava Depo., p. 35:13-36:13; 43:8-11; 89:23-25; 91:14-23; 93:5-10; 94:16-95:1; 96:7-97:17; Exh. 12. | Undisputed. | **Undisputed.** |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408.998.4150

9.                                   Case No. CGC-06-453469

| | Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|---|
| 14 | At the time Plaintiff first went out on leave, Plaintiff had sold no product to any new accounts other than one "few hundred" dollar sale.<br><br>Cava Depo., p. 67:21-68:9; 104:8-105:7. | Disputed. Plaintiff quoted projects on "new" accounts which closed while he was out on leave. These sales should have been credited to plaintiff, but defendant Wainwright refused to give him credit in order to make his numbers look less than he would have. Furthermore, this point is irrelevant as the compensation plan does not distinguish between sales from existing clients and new accounts. Also, Plaintiff was in the middle of his ramp-up period.<br><br>Cava Decl., ¶16, Ex. E; Landis Depo., pp. 63:15-22, 69:22-71:7, 34:12-35:22. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, but actually confirms that at the time Plaintiff first went out on leave, Plaintiff had <u>sold</u> no product to any new accounts other than one "few hundred" dollar sale, and Plaintiff admitted as much during his deposition. Cava Depo., p. 67:21-68:9; 104:8-105:7.<br><br>Moreover, this fact is based on Plaintiff's own prior deposition testimony. Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4[th] 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.)<br><br>In addition, Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact. CCP § 437c(p)(2). |
| 15 | At the time Plaintiff first went out on leave, he had been credited with $413,000 in "sales," but approximately $295,000 of this amount came from | Disputed. Although the contract was signed in 2003, it would not have been discovered, but for plaintiff's efforts. Prior to the find, Plaintiff was | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony. In fact, Plaintiff admits in his response that the contract was |

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| a sale that had actually been made in 2003, before the time of his hire.<br><br>Cava Depo., p. 175:8-12; 176:20-177:7; Exh. 5, 21; Wainwright Depo., p. 176:4-11; Wainwright Decl., ¶¶ 5-6. | tasked by Wainwright to get the renewal contact, which he would have obtained on his own.<br><br>Cava Decl., ¶8. | signed in 2003, which is the most directly relevant portion of the fact.<br><br>Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra*, 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra*, 69 Cal.App.4th 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra*, 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.)<br><br>Moreover, Plaintiff cannot simply dispute a fact without setting forth specific facts showing that triable issue of material fact exists. CCP 437c(p)(2). Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact. CCP § 437c(p)(2).<br><br>In addition, Plaintiff's speculation that he would have found the "renewal contact" even if Mr. Wainwright had not asked him to do so, is insufficient to meet Plaintiff's burden in opposing summary judgment. *Horn v. Cushman & Wakefield Western, Inc.* (1999) 72 Cal.App.4th 798, 807 (plaintiff cannot avoid summary judgment merely by presenting his own "speculation or conjecture"). |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| | **Undisputed Material Fact and Evidence** | **Plaintiff's Response** | **Defendant's Reply to Plaintiff's Response** |
|---|---|---|---|
| 16 | Plaintiff admits that probably more than 75% of the sales for which he initially received credit came from work done by other sales representatives.<br><br>Cava Depo., p. 65:7-18; Exh. 7. | Disputed. Not "over" 75%, the true number is roughly 70%.<br><br>Cava Decl., ¶22. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony.<br><br>Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4th 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.)<br><br>Moreover, admissions made during the course of discovery govern and control over contrary declarations lodged at a hearing on a motion for summary judgment. *See Visueta v. General Motors Corp.* (1991) 234 Cal. App. 3d 1609, 1613. As such, Plaintiff's admission during his deposition that probably more than 75% of the sales for which he initially received credit came from work done by other sales representatives governs and controls over Plaintiff's contradictory declaration.<br><br>In addition, Plaintiff cannot simply dispute a fact without setting forth specific facts showing that triable issue of material fact exists. CCP 437c(p)(2). Plaintiff's estimation that "roughly |

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose CA 95113 2303
408 998 4150

| **Undisputed Material Fact and Evidence** | **Plaintiff's Response** | **Defendant's Reply to Plaintiff's Response** |
|---|---|---|
| | | 70%" of the sales for which he initially received credit came from work done by other sales representatives, instead of the probably more than 75% he testified to at his deposition, is insufficient to create a triable issue of material fact.<br><br>Furthermore, Plaintiff's "fact" is also immaterial because even if proved, it does not change the outcome of the matter. *Zavala v. Arce* (1997) 58 Cal.App.4[th] 915, 926; *Kelly v. First Astri Corp.* (1999) 72 Cal.App.4[th] 462, 470. That is, even if Plaintiff could prove that "roughly 70%" of the sales for which he initially received credit came from work done by other sales representatives, instead of the more than 75% he testified to at his deposition, it does not change the fact that the large majority of sales Plaintiff was initially credited for came form work done by other sales representatives. |
| 17 When Plaintiff again went out on leave in on January 26, 2005, he was told that he did not have any job protection and that his employment could be terminated, and also that Company policy allowed a maximum of six month's leave.<br><br>Cava Dep., p. 123:2-15; 130:4-131:13; 132:23-133:1. | Undisputed. | **Undisputed.** |
| 18 Although other sales representatives were available to cover for Plaintiff's accounts for a short period of time, | Disputed. Other representatives were being compensated for covering the accounts, which were only two | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, but actually confirms that other sales representatives were available to cover |

13.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408 998 4150

| Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| doing so for an extended period was difficult on the representatives, the customers and the Company.<br><br>Wainwright Depo., p. 141:20-24; 142:18-143:21; 156:16-157:5; Wainwright Decl., ¶¶ 5-7. | during Plaintiff's disability leave. Furthermore, this fact is irrelevant to plaintiff's discrimination claims in that his accounts already taken away at the time of his termination.<br><br>Cava Decl., ¶23; Cotter Depo., Exh. 16. | for Plaintiff's account for a short period of time. Plaintiff has no evidence to suggest that Defendant's contention that requiring its sales representatives to cover for Plaintiff on a long term or extended basis created a hardship for the representative, the company and most importantly, the customers.<br><br>Moreover, Plaintiff cannot simply dispute a fact without setting forth specific facts showing that triable issue of material fact exists. CCP 437c(p)(2). Plaintiff sets forth no specific facts disputing that covering Plaintiff's account by other sales representatives for an extended period was difficult on the representatives, the customers and the Company.<br><br>In addition, Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact. CCP § 437c(p)(2). |
| 19 At least one customer had previously complained about having to transition through multiple sales representatives.<br><br>Cava Depo., p. 52:16-53:9. | Disputed. The one customer who noted this, was only concerned about transition at a certain point in the project.<br><br>Cava Decl., ¶24, Exh. F. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, but actually confirms that at least one customer had previously complained about having to transition through multiple sales representatives.<br><br>Moreover, this fact is based on Plaintiff's own prior deposition testimony. Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

14.

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| | | should be disregarded); *see also Scheiding, supra*, 69 Cal.App.4[th] 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra*, 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.) |
| 20 Plaintiff returned to work on August 1, 2005 and then again requested time off from work for his disability on August 3, 2005.<br><br>Cava Depo., p. 86:11-21; 134:10-20; 157:14-19; 161:5-24; 162:10-12; Exh. 19. | Undisputed. | **Undisputed.** |
| 21 The doctor's note Plaintiff provided to Defendant to support his request for leave stated only that Plaintiff "needs time off work," and did not specify the duration of Plaintiff's condition.<br><br>Cava Depo., Exh. 19. | Disputed. The doctor's note specifically requests interested parties to contact him if they had questions.<br><br>Cava Depo., Exh. 19. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact. Although the note might say that the doctor can be contacted, that does not change that it also clearly says that Plaintiff needs an unidentified amount of time off work. It is undisputed that the doctor's note did not specify the duration of Plaintiff's condition and merely stated that Plaintiff "needs time off work." Plaintiff's additional "evidence" does not dispute this fact, and is irrelevant and immaterial. *See Monastra v. Konica Business Machines, U.S.A., Inc.* (1996) 43 Cal.App.4[th] 1628, 1635 ("evidence which does not relate to a matter in issue is not material"). |
| 22 Plaintiff's employment was terminated on August 5, 2005. | Undisputed. | **Undisputed.** |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408.998.4150

15.

Case No. CGC-06-453469

| | **Undisputed Material Fact and Evidence** | **Plaintiff's Response** | **Defendant's Reply to Plaintiff's Response** |
|---|---|---|---|
| | Cava Depo., p. 168:11-169:15; Exh. 20. | | |
| 23 | Plaintiff admits that Mr. Wainwright made no comments to him about his disability, and never made jokes about being disabled or about people with disabilities.<br><br>Cava Depo., p. 72:20-25; 73:15-18. | Disputed.  Although did not make direct jokes about disability, Wainwright took accounts away, rules against plaintiff on credits, screamed at plaintiff and made comments to others about plaintiff "going off the deep end."<br><br>Cotter Depo., ¶19; Cava Depo., 75:12-25, 79:13-18. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, but actually confirms that Mr. Wainwright made no comments to him about his disability, and never made jokes about being disabled or about people with disabilities.<br><br>Moreover, Plaintiff cannot simply dispute a fact without setting forth specific facts showing that triable issue of material fact exists.  CCP 437c(p)(2). Plaintiff's response merely restates his allegations and provides no specific facts that dispute the underlying material fact. |

**ISSUE 3:      Alternatively, Plaintiff's claim for disability discrimination fails because Defendant accommodated his disability to the extent required by law.**

| | **Undisputed Material Fact and Evidence** | **Plaintiff's Response** | **Defendant's Reply to Plaintiff's Response** |
|---|---|---|---|
| 24 | Plaintiff contends that he was discriminated against when Defendant failed to accommodate his "mental disability."<br><br>Comp., ¶ 18, 20, 21. | Disputed.  In addition to the termination, Plaintiff also alleges that he was treated differently than other account executives and accounts were taken away from him. Plaintiff also alleges that Netversant failed to engage in the interactive process.<br><br>Comp. ¶18, 20, 21. | **This fact remains undisputed.** Plaintiff has presented no evidence that disputes this fact.  Plaintiff cannot rely on allegations in his Complaint to create a triable issue of fact.  CCP 437c(p)(2). *see also College Hospital, supra,* 8 Cal.4th at 720.<br><br>Moreover, Plaintiff's additional "evidence" does not dispute the fact that Plaintiff contends that he was discriminated against when Defendant failed to accommodate his "mental disability." |
| 25 | Plaintiff began his employment with Defendant in June 2004, and thereafter went on a | Undisputed. | **Undisputed.** |

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA  95113 2303
408 998 4150

| | **Undisputed Material Fact and Evidence** | **Plaintiff's Response** | **Defendant's Reply to Plaintiff's Response** |
|---|---|---|---|
| | leave of absence to care for his son on November 1, 2004, remaining on leave until January 17, 2005.<br><br>Cava Depo., p. 35:13-36:13; 43:8-11; 89:23-25; 91:14-23; 93:5-10; 94:16-95:1; 96:7-97:17; Exh. 12. | | |
| 26 | At the time of his hire, Plaintiff received and signed for a copy of Defendant's employee handbook, which contained a policy limiting leaves of absence to six months in duration.<br><br>Cava Dep., p. 39:11-15; 43:12-14; Exhs. 1, 2, 3; Wainwright Decl., ¶ 3, Exh., 1, p. 13. | Disputed. The employee handbook limits leaves of absence to six months, but expresses that it is subject to legal provisions to the contrary. Also, plaintiff's initial leave was less than six months.<br><br>Wainwright Decl., ¶3, Exh. 1, p. 13. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony.<br><br>Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4th 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.)<br><br>Moreover, Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact. CCP § 437c(p)(2).<br><br>In addition, Plaintiff's argument that his initial leave was less than six months does not dispute the fact that at the time of his hire in June 2004, Plaintiff |

Case No. CGC-06-453469

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| | Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|---|
| | | | received and signed for a copy of Defendant's employee handbook, which contained a policy limiting leaves of absence to six months in duration. Plaintiff's response is therefore irrelevant and immaterial, and should be disregarded. *See Monastra, supra,* 43 Cal.App.4[th] at 1635 ("evidence which does not relate to a matter in issue is not material"). |
| 27 | On January 26, 2005, Plaintiff again asked for time off, this time for his own disability.<br>Cava Depo., p. 97:15-17; 117:9-19; 118:4-25; Exh. 14. | Undisputed. | **Undisputed.** |
| 28 | When Plaintiff again went out on leave on January 26, 2005, he was told that he did not have any job protection and that his employment could be terminated, and also that Company policy allowed a maximum of six month's leave.<br>Cava Dep., p. 123:2-15; 130:4-131:13; 132:23-133:1. | Undisputed. | **Undisputed.** |
| 29 | From January 26, 2005 through August 1, 2005, Plaintiff was totally disabled and unable to perform any part of his job.<br>Cava Depo. p. 179:14-180:4. | Disputed. Plaintiff did not commence his disability leave until January 28, 2005 and released for work on July 29, 2005. Although plaintiff's physician medically prescribed disability leave, plaintiff did perform some of his duties while on leave. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony.<br>Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. |

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| | | **Undisputed Material Fact and Evidence** | **Plaintiff's Response** | **Defendant's Reply to Plaintiff's Response** |
|---|---|---|---|---|
| | | | Netversant admits that it could have accommodated plaintiff in other ways during his initial leave.<br><br>Cava Decl. ¶20, 21; Cotter Depo., p.33:16-34:21, Ex. 10. | *See Benavidez, supra*, 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra*, 69 Cal.App.4th 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra*, 11 Cal.3d at 22  (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.)<br><br>In addition, Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact.  CCP § 437c(p)(2).<br><br>Finally, the difference in dates is wholly irrelevant, as the undisputed evidence is that Plaintiff was out on leave from November 1, 2004 through August 1, 2005, and worked only an approximate two week period in between.  Cava Depo., p. 35:13-36:13; 43:8-11; 89:23-25; 91:14-23; 93:5-10; 94:16-95:1; 96:7-97:17; 179:14-180:4; Exh. 12. |
| | 30 | Plaintiff returned to work on August 1, 2005 and then again requested time off from work for his disability on August 3, 2005.<br><br>Cava Depo., p. 86:11-21; 134:10-20; 157:14-19; 161:5-24; 162:10-12; Exh. 19. | Undisputed. | **Undisputed.** |

Case No.  CGC-06-453469

LITTLER MENDELSON<br>A PROFESSIONAL CORPORATION<br>50 West San Fernando Street<br>14th Floor<br>San Jose, CA  95113 2303<br>408.998.4150

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| | | **Undisputed Material Fact and Evidence** | **Plaintiff's Response** | **Defendant's Reply to Plaintiff's Response** |
|---|---|---|---|---|
| | 31 | The doctor's note Plaintiff provided to Defendant to support his request for leave stated only that Plaintiff "needs time off work," and did not specify the duration of Plaintiff's condition.<br><br>Cava Depo., Exh. 19. | Disputed.  The doctor's note specifically requests interested parties to contact him if they had questions.<br><br>Cava Depo., Exh. 19. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact.  Although the note might say that the doctor can be contacted, that does not change that it also clearly says that Plaintiff needs an unidentified amount of time off work. It is undisputed that the doctor's note did not specify the duration of Plaintiff's condition and merely stated that Plaintiff "needs time off work." Plaintiff's additional "evidence" does not dispute this fact, and is irrelevant and immaterial. *See Monastra v. Konica Business Machines, U.S.A., Inc.* (1996) 43 Cal.App.4th 1628, 1635 ("evidence which does not relate to a matter in issue is not material"). |
| | 32 | Plaintiff was disabled from August 3, 2005 to approximately December 26, 2005, during which he could not have done any part of his job for Defendant.<br><br>Cava Depo., p. 180:5-13. | Disputed.  Although plaintiff was ordered disabled by his physician, he believes he could have performed his duties with a reasonable accommodation. Defendant refused to discuss any options with plaintiff.<br><br>Cava Depo., 183:5-184:5; Cotter Depo., p. 33:16-34:21, Ex. 10. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony, wherein he admitted that he could not perform his job.  Specifically, Plaintiff testified as follows:<br><br>Q: Is there any part of your job that you could have done on August 3rd?<br><br>A: Not on August 3rd, but shortly thereafter.<br><br>Q:  When could you have come back to work?<br><br>A:  It's hard to say.<br><br>Q:  Well, were you ever released by your doctor to go back to work?<br><br>A:  I believe – I – I was on disability until December 26th, but I – I was – I was pursuing other opportunities before that.<br><br>Q:  Did you receive disability benefits |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA  95113-2303
408 998 4150

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| | | through 12-26-05? |
| | | A: I did. |
| | | *** |
| | | Q: Okay. But I'm just asking in your opinion were you totally disabled between August 3rd and December 26th or could you have gone back to work? |
| | | A: My doctor said I should be off, and I listedned to him. And I went through quite a bit of treatment during that time. |
| | | Cava Depo., p. 180:11-181: |
| | | Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4[th] 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.) |
| | | In addition, Plaintiff's own subjective "belief" that he could work despite his doctor's determination that he was disabled and must be off work, is insufficient to meet Plaintiff's burden in opposing summary judgment. *Horn v. Cushman & Wakefield Western, Inc.* (1999) 72 Cal.App.4[th] 798, 807 (plaintiff cannot avoid summary judgment merely by presenting his own |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| | | "speculation or conjecture") Moreover, Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact. CCP § 437c(p)(2). Finally, Plaintiff's own "beliefs" regarding his condition or the extent of his disability does not represent competent evidence. Cal. Evid. Code §§ 800-803. The expected duration of Plaintiff's mental disability and the amount of time off medically necessary to treat his disability requires a medical opinion. Cal. Evid. Code § 801. Plaintiff has not established that he is qualified to provide such a medical opinion regarding mental disability. Because Plaintiff cannot competently testify regarding the expected duration of his disability, or the amount of time off medically necessary to treat his disability, his deposition testimony constitutes inadmissible lay opinion testimony and must be disregarded. *See Swonke v. Sprint, Inc.* (2004) 327 F. Supp. 2d 1128, 1134. |
| 33 Plaintiff admits that at the time he was terminated on August 5, 2005, he could not have worked even with an accommodation. Cava Depo., p. 182:2-183:22. | Disputed. Plaintiff could have returned to work if he had been accommodated by [sic] be given time necessary for his leave and recovery. Cava Depo., 183:5-184:5, 162:19-165:18. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, but actually confirms that <u>at the time he was terminated</u> on August 5, 2005, he could not have worked even with an accommodation. The only "accommodation" that Plaintiff identifies in his response was <u>not</u> to work for an unspecified period of time. <u>Not working</u> would not have enabled Plaintiff to work on August 5, 2005, the date of his termination. Moreover, Plaintiff fails to set forth specific facts showing that a triable |

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| | | issue of material fact exists. CCP 437c(p)(2). Plaintiff's own <u>speculation</u> that he "could have returned to work" had he been given additional time off for an unspecified period of time is insufficient to meet Plaintiff's burden in opposing summary judgment. *Horn, supra,* 72 Cal.App.4th at 807 (plaintiff cannot avoid summary judgment merely by presenting his own "speculation or conjecture"). |
| | | In addition, the only "evidence" Plaintiff has set forth to show that he could have returned to work had he been given additional time off is his own deposition testimony. However, Plaintiff's testimony constitutes inadmissible lay opinion testimony. Cal. Evid. Code § 800. The expected duration of Plaintiff's mental disability and the amount of time off medically necessary to treat his disability requires a medical opinion. Cal. Evid. Code § 801. Plaintiff has not established that he is qualified to provide such a medical opinion regarding mental disability. Because Plaintiff cannot competently testify regarding the expected duration of his disability, or the amount of time off medically necessary to treat his disability, his deposition testimony constitutes inadmissible lay opinion testimony and must be disregarded. *See Swonke v. Sprint, Inc.* (2004) 327 F. Supp. 2d 1128, 1134; *see also* Cal. Evid. Code §§ 800-803. |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408 998 4150

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

# PLAINTIFF'S SECOND CAUSE OF ACTION

## Wrongful Termination In Violation Of Public Policy

**ISSUE 4:** Plaintiff's claim for wrongful termination fails for the same reasons his claim for disability discrimination fails.

| Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| 34 Plaintiff contends that his termination was wrongful and in violation of public policy as he believes that Defendant terminated him "because of" his mental disability.<br><br>Comp., ¶ 29. | Disputed. In addition to being terminated because of his disability, Plaintiff also expressly alleges that he was terminated because of the costs for the treatment of his son's cancer.<br><br>Comp. ¶29, ¶30. | **This fact remains undisputed.** Plaintiff has presented no evidence that disputes this fact. Plaintiff cannot rely on allegations in his Complaint to create a triable issue of fact. CCP 437c(p)(2). *see also College Hospital, Inc. v. Superior Court* (1994) 8 Cal.4th 704, 720.<br><br>Moreover, Plaintiff's additional "evidence" does not dispute the fact that Plaintiff contends that his termination was wrongful and in violation of public policy as he believes that Defendant terminated him "because of" his mental disability. |
| 35 At the time of his hire in June 2004, Plaintiff was given a sales compensation agreement which outlined a prorated annual sales quota of $341,250.<br><br>Cava Depo., p. 48:8-49:14; Exh. 5. | Undisputed. | **Undisputed.** |
| 36 At the time of his hire in June 2004, Plaintiff received and signed for a copy of Defendant's employee handbook, which contained a policy limiting leaves of absence to six months in duration.<br><br>Cava Dep., p. 39:11-15; 43:12-14; Exhs. 1, 2, 3; Wainwright Decl., ¶ 3, | Disputed. The employee handbook limits leaves of absence to six months, but expresses that it is subject to legal provisions to the contrary. Also, plaintiff's initial leave was less than six months.<br><br>Wainwright Decl., ¶3, | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony, and on documentary evidence, which speaks for itself.<br><br>Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. |

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

| | Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|---|
| | Exh., 1, p. 13. | Exh. 1, p.13 | *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4th 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.)

Moreover, Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact. CCP § 437c(p)(2).

In addition, Plaintiff's argument that his initial leave was less than six months is irrelevant and does not dispute the fact that at the time of his hire in June 2004, Plaintiff received and signed for a copy of Defendant's employee handbook, which contained a policy limiting leaves of absence to six months in duration. Plaintiff's response is therefore irrelevant and immaterial, and should be disregarded. *See Monastra, supra,*43 Cal.App.4th at 1635 ("evidence which does not relate to a matter in issue is not material").

Finally, Plaintiff's response is inaccurate, as the undisputed evidence establishes that Plaintiff was actually on leave from November 1, 2004 through August 1, 2004, a period of nine months, with only an approximate two week interval of work in the middle. |

Case No. CGC-06-453469

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| | Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|---|
| 37 | On November 1, 2004, Plaintiff took a emergency leave of absence to care for his son, and Plaintiff remained on paid leave through January 17, 2005.<br><br>Cava Depo., p. 35:13-36:13; 43:8-11; 89:23-25; 91:14-23; 93:5-10; 94:16-95:1; 96:7-97:17; Exh. 12. | Undisputed. | **Undisputed.** |
| 38 | At the time Plaintiff first went out on leave, he had sold no product to any new accounts other than one "few hundred" dollar sale.<br><br>Cava Depo., p. 67:21-68:9; 104:8-105:7. | Disputed.  Plaintiff quoted projects on "new" accounts which closed while he was out on leave.  These sales should have been credited to plaintiff, but defendant Wainwright refused to give him credit in order to make his numbers look less than he would have.  Furthermore, this point is irrelevant as the compensation plan does not distinguish between sales from existing clients and new accounts.<br><br>Cava Decl. ¶16, Ex. E. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, but actually confirms that at the time Plaintiff first went out on leave, Plaintiff had sold no product to any new accounts other than one "few hundred" dollar sale, and Plaintiff admitted as much during his deposition. Cava Depo., p. 67:21-68:9; 104:8-105:7.<br><br>Moreover, this fact is based on Plaintiff's own prior deposition testimony. Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4[th] 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.) |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose  CA  95113 2303
408 998 4150

Case No.  CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| | **Undisputed Material Fact and Evidence** | **Plaintiff's Response** | **Defendant's Reply to Plaintiff's Response** |
|---|---|---|---|
| | | | In addition, Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact. CCP § 437c(p)(2). |
| 39 | At the time Plaintiff first went out on leave, he had been credited with $413,000 in "sales," but approximately $295,000 of this amount came from a sale that had actually been made in 2003, before the time of his hire.<br><br>Cava Depo., p. 175:8-12; 176:20-177:7; Exh. 5, 21; Wainwright Depo., p. 176:4-11; Wainwright Decl., ¶¶ 5-6. | Disputed.  Although the contract was signed in 2003, it would not have been discovered, but for plaintiff's efforts.  Prior to the find, Plaintiff was tasked by Wainwright to get the renewal contact, which he would have obtained on his own.<br><br>Cava Decl., ¶8 | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony. In fact, Plaintiff admits in his response that the contract was signed in 2003, which is the most directly relevant portion of the fact.<br><br>Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4th 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.)<br><br>Moreover, Plaintiff cannot simply dispute a fact without setting forth specific facts showing that triable issue of material fact exists.  CCP 437c(p)(2). Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact. CCP § 437c(p)(2). |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 3303
408 998 4150

Case No.  CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| **Undisputed Material Fact and Evidence** | **Plaintiff's Response** | **Defendant's Reply to Plaintiff's Response** |
|---|---|---|
| | | In addition, Plaintiff's speculation that he would have found the "renewal contact" even if Mr. Wainwright had not asked him to do so, is insufficient to meet Plaintiff's burden in opposing summary judgment. *Horn, supra,* 72 Cal.App.4[th] at 807 (plaintiff cannot avoid summary judgment merely by presenting his own "speculation or conjecture"). |
| 40 | Plaintiff admits that probably more than 75% of the sales for which he initially received credit came from work done by other sales representatives. Cava Depo., p. 65:7-18; Exh. 7. | Disputed. Not "over" 75%, the true number is roughly 70%. Cava Decl., ¶8. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony. Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4[th] 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.) Moreover, admissions made during the course of discovery govern and control over contrary declarations lodged at a hearing on a motion for summary judgment. *See Visueta v. General Motors Corp.* (1991) 234 Cal. App. 3d 1609, 1613. As such, Plaintiff's admission during his deposition that probably more than 75% of the sales for |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

| | Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|---|
| | | | which he initially received credit came from work done by other sales representatives governs and controls over Plaintiff's contradictory declaration. In addition, Plaintiff cannot simply dispute a fact without setting forth specific facts showing that triable issue of material fact exists. CCP 437c(p)(2). Plaintiff's estimation that "roughly 70%" of the sales for which he initially received credit came from work done by other sales representatives, instead of the probably more than 75% he testified to at his deposition, is insufficient to create a triable issue of material fact. Furthermore, Plaintiff's "fact" is also immaterial because even if proved, it does not change the outcome of the matter. *Zavala v. Arce* (1997) 58 Cal.App.4th 915, 926; *Kelly v. First Astri Corp.* (1999) 72 Cal.App.4th 462, 470. That is, even if Plaintiff could prove that "roughly 70%" of the sales for which he initially received credit came from work done by other sales representatives, instead of the more than 75% he testified to at his deposition, it does not change the fact that the large majority of sales Plaintiff was initially credited for came form work done by other sales representatives. |
| 41 | On January 26, 2005, Plaintiff again asked for time off, this time for his own disability. Cava Depo., p. 97:15-17; 117:9-19; 118:4-25; Exh. 14. | Undisputed. | **Undisputed.** |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408 998 4150

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| | **Undisputed Material Fact and Evidence** | **Plaintiff's Response** | **Defendant's Reply to Plaintiff's Response** |
|---|---|---|---|
| 42 | When Plaintiff again went out on leave in on January 26, 2005, he was told that he did not have any job protection and that his employment could be terminated, and also that Company policy allowed a maximum of six month's leave. Cava Dep., p. 123:2-15; 130:4-131:13; 132:23-133:1. | Undisputed. | **Undisputed.** |
| 43 | From January 26, 2005 through August 1, 2005, Plaintiff was totally disabled and unable to perform any part of his job. Cava Depo. p. 179:14-180:4. | Disputed. Plaintiff did not commence his disability leave until January 28, 2005 and released for work on July 29, 2005. Although plaintiff's physician medically prescribed disability leave, plaintiff did perform some of his duties while on leave. Netversant admits that it could have accommodated plaintiff in other ways during his initial leave. Cava Decl. ¶20, 21; Cotter Depo., p.33:16-34:21, Ex. 10. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony. Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4th 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.) In addition, Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact. CCP § 437c(p)(2). |

| Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| | | Finally, the difference in dates is wholly irrelevant, as the undisputed evidence is that Plaintiff was out on leave from November 1, 2004 through August 1, 2005, and worked only an approximate two week period in between. Cava Depo., p. 35:13-36:13; 43:8-11; 89:23-25; 91:14-23; 93:5-10; 94:16-95:1; 96:7-97:17; 179:14-180:4; Exh. 12. |
| 44  Although other sales representatives were available to cover for Plaintiff's accounts for a short period of time, doing so for an extended period was difficult on the representatives, the customers and the Company.<br><br>Wainwright Depo., p. 141:20-24; 142:18-143:21; 156:16-157:5; Wainwright Decl., ¶¶ 5-7. | Disputed.  Other representatives were being compensated for covering the accounts, which were only two during Plaintiff's disability leave. Furthermore, this fact is irrelevant to plaintiff's discrimination claims in that his accounts already taken away at the time of his termination.<br><br>Cava Decl., ¶23; Cotter Depo., Exh. 16. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, but actually confirms that other sales representatives were available to cover for Plaintiff's account for a short period of time.  Plaintiff has no evidence to suggest that Defendant's contention that requiring its sales representatives to cover for Plaintiff on a long term or extended basis created a hardship for the representative, the company and most importantly, the customers.<br><br>Moreover, Plaintiff cannot simply dispute a fact without setting forth specific facts showing that triable issue of material fact exists.  CCP 437c(p)(2).  Plaintiff sets forth no specific facts disputing that covering Plaintiff's account by other sales representatives for an extended period was difficult on the representatives, the customers and the Company.<br><br>In addition, Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact.  CCP § 437c(p)(2). |

Case No.  CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| | **Undisputed Material Fact and Evidence** | **Plaintiff's Response** | **Defendant's Reply to Plaintiff's Response** |
|---|---|---|---|
| 45 | At least one customer had previously complained about having to transition through multiple sales representatives.<br><br>Cava Depo., p. 52:16-53:9. | Disputed. The one customer who noted this, was only concerned about transition at a certain point in the project.<br><br>Cava Decl., ¶24, Ex. F. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, but actually confirms that at least one customer had previously complained about having to transition through multiple sales representatives.<br><br>Moreover, this fact is based on Plaintiff's own prior deposition testimony. Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4th 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.) |
| 46 | Plaintiff returned to work on August 1, 2005 and then again requested time off from work for his disability on August 3, 2005.<br><br>Cava Depo., p. 86:11-21; 134:10-20; 157:14-19; 161:5-24; 162:10-12; Exh. 19. | Disputed. Plaintiff requested further leave on August 4, 2005.<br><br>Cava Depo., Ex. 18. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact. The "evidence" Plaintiff sets forth, Exhibit 18 of his deposition, does not dispute that Plaintiff returned to work on August 1, 2005 and then again requested time off from work for his disability on August 3, 2005.<br><br>Moreover, Plaintiff's additional "evidence" is immaterial because even if proved, it does not change the outcome of the matter. *Zavala, supra,* 58 Cal.App.4th at 926; *Kelly, supra,* 72 Cal.App.4th at 470. |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| | **Undisputed Material Fact and Evidence** | **Plaintiff's Response** | **Defendant's Reply to Plaintiff's Response** |
|---|---|---|---|
| 47 | The doctor's note Plaintiff provided to Defendant to support his request for leave stated only that Plaintiff "needs time off work," and did not specify the duration of Plaintiff's condition.<br><br>Cava Depo., Exh. 19. | Disputed. The doctor's note specifically requests interested parties to contact him if they had questions.<br><br>Cava Depo., Exh. 19. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact. Although the note might say that the doctor can be contacted, that does not change that it also clearly says that Plaintiff needs an unidentified amount of time off work. It is undisputed that the doctor's note did not specify the duration of Plaintiff's condition and merely stated that Plaintiff "needs time off work." Plaintiff's additional "evidence" does not dispute this fact, and is irrelevant and immaterial. *See Monastra v. Konica Business Machines, U.S.A., Inc.* (1996) 43 Cal.App.4th 1628, 1635 ("evidence which does not relate to a matter in issue is not material"). |
| 48 | Plaintiff was disabled from August 3, 2005 to approximately December 26, 2005, during which he could not have done any part of his job for Defendant.<br><br>Cava Depo., p. 180:5-13. | Disputed. Although plaintiff was ordered disabled by his physician, he believes he could have performed his duties with a reasonable accommodation. Defendant refused to discuss any options with plaintiff.<br><br>Cava Depo., 183:5-184:5; Cotter Depo., p. 33:16-34:21, Ex. 10. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony, wherein he admitted that he could not perform his job. Specifically, Plaintiff testified as follows:<br><br>Q: Is there any part of your job that you could have done on August 3rd?<br><br>A: Not on August 3rd, but shortly thereafter.<br><br>Q: When could you have come back to work?<br><br>A: It's hard to say.<br><br>Q: Well, were you ever released by your doctor to go back to work?<br><br>A: I believe – I – I was on disability until December 26th, but I – I was – I was pursuing other opportunities before that. |

Case No. CGC-06-453469

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA  95113-2303
408.998.4150

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| | | Q: Did you receive disability benefits through 12-26-05?<br><br>A: I did.<br><br>***<br><br>Q: Okay. But I'm just asking in your opinion were you totally disabled between August 3rd and December 26th or could you have gone back to work?<br><br>A: My doctor said I should be off, and I listedned to him. And I went through quite a bit of treatment during that time.<br><br>Cava Depo., p. 180:11-181:<br><br>Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4[th] 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.)<br><br>In addition, Plaintiff's own subjective "belief" that he could work despite his doctor's determination that he was disabled and must be off work, is insufficient to meet Plaintiff's burden in opposing summary judgment. *Horn, supra,* 72 Cal.App.4[th] at 807 (plaintiff cannot avoid summary judgment merely by presenting his own |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| | Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|---|
| | | | "speculation or conjecture");

Moreover, Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact. CCP § 437c(p)(2).

Finally, Plaintiff's own "beliefs" regarding his condition or the extent of his disability does not represent competent evidence. Cal. Evid. Code §§ 800-803. The expected duration of Plaintiff's mental disability and the amount of time off medically necessary to treat his disability requires a medical opinion. Cal. Evid. Code § 801. Plaintiff has not established that he is qualified to provide such a medical opinion regarding mental disability. Because Plaintiff cannot competently testify regarding the expected duration of his disability, or the amount of time off medically necessary to treat his disability, his deposition testimony constitutes inadmissible lay opinion testimony and must be disregarded. *See Swonke v. Sprint, Inc.* (2004) 327 F. Supp. 2d 1128, 1134. |
| 49 | Plaintiff admits that at the time he went out on leave on August 5, 2005, he could not have worked even with an accommodation.

Cava Depo., p. 182:2-183:22. | Disputed. Plaintiff could have returned to work if he had been accommodated by the given time necessary for his leave.

Cava Depo., p. 183:5-184:5, 162:19-165:18. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, but actually confirms that <u>at the time he was terminated</u> on August 5, 2005, he could not have worked even with an accommodation. The only "accommodation" that Plaintiff identifies in his response is <u>not</u> to work for an unspecified period of time. <u>Not working</u> would not have enabled Plaintiff to work on August 5, 2005, the date of his termination.

Moreover, Plaintiff fails to set forth specific facts showing that a triable |

Case No. CGC-06-453469

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

| Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| | | issue of material fact exists. CCP 437c(p)(2). Plaintiff's own <u>speculation</u> that he "could have returned to work" had he been given additional time off for an unspecified period of time is insufficient to meet Plaintiff's burden in opposing summary judgment. *Horn, supra,* 72 Cal.App.4[th] at 807 (plaintiff cannot avoid summary judgment merely by presenting his own "speculation or conjecture").

In addition, the only "evidence" Plaintiff has set forth to show that he could have returned to work had he been given additional time off is his own deposition testimony. However, Plaintiff's testimony constitutes inadmissible lay opinion testimony. Cal. Evid. Code § 800. The expected duration of Plaintiff's mental disability and the amount of time off medically necessary to treat his disability requires a medical opinion. Cal. Evid. Code § 801. Plaintiff has not established that he is qualified to provide such a medical opinion regarding mental disability. Because Plaintiff cannot competently testify regarding the expected duration of his disability, or the amount of time off medically necessary to treat his disability, his deposition testimony constitutes inadmissible lay opinion testimony and must be disregarded. *See Swonke v. Sprint, Inc.* (2004) 327 F. Supp. 2d 1128, 1134; *see also* Cal. Evid. Code §§ 800-803. |
| 50 | Plaintiff's employment was terminated on August 5, 2005.

Cava Depo., p. 168:11-169:15; Exh. 20. | Undisputed. | **Undisputed.** |

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA 95112 2303
408 998 4150

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| | **Undisputed Material Fact and Evidence** | **Plaintiff's Response** | **Defendant's Reply to Plaintiff's Response** |
|---|---|---|---|
| 51 | Plaintiff admits that Mr. Wainwright made no comments to him about his disability, and never made jokes about being disabled or about people with disabilities.<br><br>Cava Depo., p. 72:20-25; 73:15-18. | Disputed. Although did not make direct jokes about disability, Wainwright took accounts away, rules against plaintiff on credits, screamed at plaintiff and made comments to others about plaintiff "going off the deep end."<br><br>Cotter Depo., ¶19; Cava Depo., 75:12-25, 79:13-18. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, but actually confirms that Mr. Wainwright made no comments to him about his disability, and never made jokes about being disabled or about people with disabilities.<br><br>Moreover, Plaintiff cannot simply dispute a fact without setting forth specific facts showing that triable issue of material fact exists. CCP 437c(p)(2). Plaintiff's response merely restates his allegations and provides no specific facts that dispute the underlying material fact. |

## PLAINTIFF'S FOURTH CAUSE OF ACTION

### Retaliation

**ISSUE 5:**    Plaintiff's claim for retaliation fails because he has not engaged in any legally protected activity.

| | **Undisputed Material Fact and Evidence** | **Plaintiff's Response** | **Defendant's Reply to Plaintiff's Response** |
|---|---|---|---|
| 52. | Plaintiff contends that Defendant retaliated against him for taking a leave of absence. Complaint ¶ 43. | Undisputed. | **Undisputed.** |
| 53. | Plaintiff began his employment with Defendant in June 2004, and thereafter went on a leave of absence to care for his son from November 1, 2004 through January 17, 2005.<br><br>Cava Depo., p. 35:13-36:13; 43:8-11; 89:23-25; 91:14-23; 93:5-10; 94:16-95:1; 96:7-97:17; Exh. 12. | Undisputed. | **Undisputed.** |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408 998 4150

37.

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| | **Undisputed Material Fact and Evidence** | **Plaintiff's Response** | **Defendant's Reply to Plaintiff's Response** |
|---|---|---|---|
| 54. | Plaintiff took additional time off from January 26, 2005 through August 1, 2005, during which he was allegedly disabled and unable to perform any part of his job.<br><br>Cava Depo., p. 97:15-17; 117:9-19; 118:4-25; 179:14-180:4; Exh. 14. | Disputed. Plaintiff did not commence his disability leave until January 28, 2005 and released for work on July 29, 2005. Although plaintiff's physician medically prescribed disability leave, plaintiff did perform some of his duties while on leave. Netversant admits that it could have accommodated plaintiff in other ways during his initial leave.<br><br>Cava Decl. ¶20, 21; Cotter Depo., p.33:16-34:21, Ex. 10. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony.<br><br>Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4th 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.)<br><br>In addition, Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact. CCP § 437c(p)(2). |
| 55. | Plaintiff returned to work on August 1, 2005 and then again requested time off from work for his disability on August 3, 2005.<br><br>Cava Depo., p. 86:11-21; 134:10-20; 157:14-19; 161:5-24; 162:10-12; Exh. 19. | Disputed. Plaintiff requested further leave on August 4, 2005.<br><br>Cotter Depo., Ex. 8. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact. The evidence Plaintiff sets forth, Exhibit 8 of Joanna Cotter's deposition, does not dispute that Plaintiff returned to work on August 1, 2005 and then again requested time off from work for his disability on August 3, 2005. Moreover, Plaintiff's additional "evidence" is also immaterial because even if proved, it does not change the outcome of the matter. *Zavala, supra,* 58 Cal.App.4th at 926; at 470. |

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| | Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|---|
| 56. | The doctor's note Plaintiff provided to Defendant to support his request for leave stated only that Plaintiff "needs time off work," and did not specify the duration of Plaintiff's condition.<br><br>Cava Depo., Exh. 19. | Disputed. The doctor's note specifically requests interested parties to contact him if they had questions.<br><br>Cava Depo., Exh. 19. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact. Although the note might say that the doctor can be contacted, that does not change that it also clearly says that Plaintiff needs an unidentified amount of time off work. It is undisputed that the doctor's note did not specify the duration of Plaintiff's condition and merely stated that Plaintiff "needs time off work." Plaintiff's additional "evidence" does not dispute this fact, and is irrelevant and immaterial. *See Monastra v. Konica Business Machines, U.S.A., Inc.* (1996) 43 Cal.App.4th 1628, 1635 ("evidence which does not relate to a matter in issue is not material"). |
| 57. | Plaintiff was disabled from August 3, 2005 to approximately December 26, 2005, during which he could not have done any part of his job for Defendant.<br><br>Cava Depo., p. 180:5-13. | Disputed. Although plaintiff was ordered disabled by his physician, he believes he could have performed his duties with a reasonable accommodation. Defendant refused to discuss any options with plaintiff.<br><br>Cava Depo., 183:5-184:5; Cotter Depo., p. 33:16-34:21, Ex. 10. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony, wherein he admitted that he could not perform his job. Specifically, Plaintiff testified as follows:<br><br>Q: Is there any part of your job that you could have done on August 3rd?<br><br>A: Not on August 3rd, but shortly thereafter.<br><br>Q: When could you have come back to work?<br><br>A: It's hard to say.<br><br>Q: Well, were you ever released by your doctor to go back to work?<br><br>A: I believe – I – I was on disability until December 26th, but I – I was – I was pursuing other opportunities before that. |

LITTLER MENDELSON<br>A PROFESSIONAL CORPORATION<br>50 West San Fernando Street<br>14th Floor<br>San Jose, CA 95113 2303<br>408 998 4150

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| | | Q: Did you receive disability benefits through 12-26-05?<br><br>A: I did.<br><br>        ***<br><br>Q: Okay. But I'm just asking in your opinion were you totally disabled between August 3rd and December 26th or could you have gone back to work?<br><br>A: My doctor said I should be off, and I listedned to him. And I went through quite a bit of treatment during that time.<br><br>Cava Depo., p. 180:11-181:<br><br>Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4[th] 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.)<br><br>In addition, Plaintiff's own subjective "belief" that he could work despite his doctor's determination that he was disabled and must be off work, is insufficient to meet Plaintiff's burden in opposing summary judgment. *Horn, supra,* 72 Cal.App.4[th] at 807 (plaintiff cannot avoid summary judgment merely by presenting his own |

LITTLER MENDELSON<br>A PROFESSIONAL CORPORATION<br>50 West San Fernando Street<br>14th Floor<br>San Jose, CA 95113 2303<br>408 998 4150

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| | | "speculation or conjecture"); Moreover, Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact. CCP § 437c(p)(2). Finally, Plaintiff's own "beliefs" regarding his condition or the extent of his disability does not represent competent evidence. Cal. Evid. Code §§ 800-803.  The expected duration of Plaintiff's mental disability and the amount of time off medically necessary to treat his disability requires a medical opinion. Cal. Evid. Code § 801. Plaintiff has not established that he is qualified to provide such a medical opinion regarding mental disability. Because Plaintiff cannot competently testify regarding the expected duration of his disability, or the amount of time off medically necessary to treat his disability, his deposition testimony constitutes inadmissible lay opinion testimony and must be disregarded. *See Swonke v. Sprint, Inc.* (2004) 327 F. Supp. 2d 1128, 1134. |
| 58. Plaintiff's employment was terminated on August 5, 2005.   Cava Depo., p. 168:11-169:15; Exh. 20. | Undisputed. | **Undisputed.** |
| 59. Plaintiff admits that at the time he was terminated August 5, 2005, he could not have worked even with an accommodation.   Cava Depo., p. 182:2-183:22. | Disputed.  Plaintiff could have returned to work if he had been accommodated by [sic] be given time necessary for his leave and recovery.   Cava Depo., 183:5- | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, but actually confirms that at the time he was terminated on August 5, 2005, he could not have worked even with an accommodation.  The only "accommodation" that Plaintiff identifies in his response was not to |

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| | 184:5, 162:19-165:18. | work for an unspecified period of time. <u>Not working</u> would not have enabled Plaintiff to work on August 5, 2005, the date of his termination.<br><br>Moreover, Plaintiff fails to set forth specific facts showing that a triable issue of material fact exists. CCP 437c(p)(2). Plaintiff's own <u>speculation</u> that he "could have returned to work" had he been given additional time off for an unspecified period of time is insufficient to meet Plaintiff's burden in opposing summary judgment. *Horn, supra,* 72 Cal.App.4[th] at 807 (plaintiff cannot avoid summary judgment merely by presenting his own "speculation or conjecture").<br><br>In addition, the only "evidence" Plaintiff has set forth to show that he could have returned to work had he been given additional time off is his own deposition testimony. However, Plaintiff's testimony constitutes inadmissible lay opinion testimony. Cal. Evid. Code § 800. The expected duration of Plaintiff's mental disability and the amount of time off medically necessary to treat his disability requires a medical opinion. Cal. Evid. Code § 801. Plaintiff has not established that he is qualified to provide such a medical opinion regarding mental disability. Because Plaintiff cannot competently testify regarding the expected duration of his disability, or the amount of time off medically necessary to treat his disability, his deposition testimony constitutes inadmissible lay opinion testimony and must be disregarded. *See Swonke, supra,* 327 F. Supp. 2d at 1134; *see also* Cal. Evid. Code §§ 800-803. |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

42.

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

**ISSUE 6:**  **Alternatively, Plaintiff's claim for retaliation fails because he has no evidence to establish a causal nexus between the alleged protected activity and the adverse action.**

| Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| 60. Plaintiff contends that Defendant retaliated against him for taking a leave of absence.<br><br>Complaint ¶ 43. | Undisputed. | **Undisputed.** |
| 61. Plaintiff began his employment with Defendant in June 2004, and thereafter went on a leave of absence to care for his son from November 1, 2004 through January 17, 2005.<br><br>Cava Depo., p. 35:13-36:13; 43:8-11; 89:23-25; 91:14-23; 93:5-10; 94:16-95:1; 96:7-97:17; Exh. 12. | Undisputed. | **Undisputed.** |
| 62. Plaintiff took additional time off from January 26, 2005 through August 1, 2005, during which he was allegedly disabled and unable to perform any part of his job.<br><br>Cava Depo., p. 97:15-17; 117:9-19; 118:4-25; 179:14-180:4; Exh. 14. | Disputed. Plaintiff did not commence his disability leave until January 28, 2005 and released for work on July 29, 2005. Although plaintiff's physician medically prescribed disability leave, plaintiff did perform some of his duties while on leave. Netversant admits that it could have accommodated plaintiff in other ways during his initial leave.<br><br>Cava Decl. ¶20, 21; Cotter Depo., p.33:16-34:21, Ex. 10. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony.<br><br>Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra*, 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra*, 69 Cal.App.4th 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra*, |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

43.

Case No. CGC-06-453469

| | **Undisputed Material Fact and Evidence** | **Plaintiff's Response** | **Defendant's Reply to Plaintiff's Response** |
|---|---|---|---|
| | | | 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.)  In addition, Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact. CCP § 437c(p)(2). |
| 63. | Plaintiff returned to work on August 1, 2005 and then again requested time off from work for his disability on August 3, 2005.  Cava Depo., p. 86:11-21; 134:10-20; 157:14-19; 161:5-24; 162:10-12; Exh. 19. | Undisputed. | **Undisputed.** |
| 64. | At the time of his hire, Plaintiff was given a sales compensation agreement which outlined a prorated annual sales quota of $341,250.  Cava Depo., p. 48:8-49:14; Exh. 5. | Undisputed. | **Undisputed.** |
| 65. | At the time Plaintiff first went out on leave, he had sold no product to any new accounts other than one "few hundred" dollar sale.  Cava Depo., p. 67:21-68:9; 104:8-105:7. | Disputed. Plaintiff quoted projects on "new" accounts which closed while he was out on leave. These sales should have been credited to plaintiff, but defendant Wainwright refused to give him credit in order to make his numbers look less than he would have. Furthermore, this point is irrelevant as the | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, but actually confirms that at the time Plaintiff first went out on leave, Plaintiff had sold no product to any new accounts other than one "few hundred" dollar sale, and Plaintiff admitted as much during his deposition. Cava Depo., p. 67:21-68:9; 104:8-105:7.  Moreover, this fact is based on Plaintiff's own prior deposition testimony. Plaintiff cannot create a triable issue of fact by contradicting his |

44.

Case No. CGC-06-453469

**SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES**

LITTLER MENDELSON