| Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| | compensation plan does not distinguish between sales from existing clients and new accounts.<br><br>Cava Decl., ¶16, Ex. E. | prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra*, 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra*, 69 Cal.App.4th 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra*, 11 Cal.3d at 22  (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.)<br><br><br><br>In addition, Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact. CCP § 437c(p)(2). |
| 66. | At the time Plaintiff first went out on leave, he had been credited with $413,000 in "sales," but approximately $295,000 of this amount came from a sale that had actually been made in 2003, before the time of his hire.<br><br>Cava Depo., p. 175:8-12; 176:20-177:7; Exh. 5, 21; Wainwright Depo., p. 176:4-11; Wainwright Decl., ¶¶ 5-6. | Disputed.  Although the contract was signed in 2003, it would not have been discovered, but for plaintiff's efforts.  Prior to the find, Plaintiff was tasked by Wainwright to get the renewal contact, which he would have obtained on his own.<br><br>Cava Decl., ¶8. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony.  In fact, Plaintiff admits in his response that the contract was signed in 2003, which is the most directly relevant portion of the fact.<br><br>Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra*, 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra*, 69 Cal.App.4th 77 |

LITTLER MENDELSON<br>A PROFESSIONAL CORPORATION<br>50 West San Fernando Street<br>14th Floor<br>San Jose, CA  95113 2303<br>408.998.4150

Case No. CGC-06-453469

**SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES**

| Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| | | (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra*, 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.)<br><br>Moreover, Plaintiff cannot simply dispute a fact without setting forth specific facts showing that triable issue of material fact exists. CCP 437c(p)(2). Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact. CCP § 437c(p)(2).<br><br>In addition, Plaintiff's speculation that he would have found the "renewal contact" even if Mr. Wainwright had not asked him to do so, is insufficient to meet Plaintiff's burden in opposing summary judgment. *Horn, supra,* 72 Cal.App.4[th] at 807 (plaintiff cannot avoid summary judgment merely by presenting his own "speculation or conjecture"). |
| 67. The doctor's note Plaintiff provided to Defendant to support his request for leave stated only that Plaintiff "needs time off work," and did not specify the duration of Plaintiff's condition.<br><br>Cava Depo., Exh. 19. | Disputed. The doctor's note specifically requests interested parties to contact him if they had questions.<br><br>Cava Depo., Exh. 19. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact. Although the note might say that the doctor can be contacted, that does not change that it also clearly says that Plaintiff needs an unidentified amount of time off work. It is undisputed that the doctor's note did not specify the duration of Plaintiff's condition and merely stated that Plaintiff "needs time off work." Plaintiff's additional "evidence" does not dispute this fact, and is irrelevant and immaterial. *See Monastra, supra,* 43 Cal.App.4[th] at 1635 ("evidence which does not relate to a matter in issue is not material"). |

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408 998 4150

| **Undisputed Material Fact and Evidence** | **Plaintiff's Response** | **Defendant's Reply to Plaintiff's Response** |
|---|---|---|
| 68. Plaintiff was disabled from August 3, 2005 to approximately December 26, 2005, during which he could not have done any part of his job for Defendant.<br><br>Cava Depo., p. 180:5-13. | Disputed. Although plaintiff was ordered disabled by his physician, he believes he could have performed his duties with a reasonable accommodation. Defendant refused to discuss any options with plaintiff.<br><br>Cava Depo., 183:5-184:5; Cotter Depo., p. 33:16-34:21, Ex. 10. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony, wherein he admitted that he could not perform his job. Specifically, Plaintiff testified as follows:<br><br>Q: Is there any part of your job that you could have done on August 3rd?<br><br>A: Not on August 3rd, but shortly thereafter.<br><br>Q: When could you have come back to work?<br><br>A: It's hard to say.<br><br>Q: Well, were you ever released by your doctor to go back to work?<br><br>A: I believe – I – I was on disability until December 26th, but I – I was – I was pursuing other opportunities before that.<br><br>Q: Did you receive disability benefits through 12-26-05?<br><br>A: I did.<br><br>                    ***<br><br>Q: Okay. But I'm just asking in your opinion were you totally disabled between August 3rd and December 26th or could you have gone back to work?<br><br>A: My doctor said I should be off, and I listended to him. And I went through quite a bit of treatment during that time.<br><br>Cava Depo., p. 180:11-181:<br><br>Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

Case No. CGC-06-453469

| | **Undisputed Material Fact and Evidence** | **Plaintiff's Response** | **Defendant's Reply to Plaintiff's Response** |
|---|---|---|---|
| | | | made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4th 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.) |
| | | | In addition, Plaintiff's own subjective "belief" that he could work despite his doctor's determination that he was disabled and must be off work, is insufficient to meet Plaintiff's burden in opposing summary judgment. *Horn, supra,*72 Cal.App.4th at 807 (plaintiff cannot avoid summary judgment merely by presenting his own "speculation or conjecture"); |
| | | | Moreover, Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact. CCP § 437c(p)(2). |
| | | | Finally, Plaintiff's own "beliefs" regarding his condition or the extent of his disability does not represent competent evidence. Cal. Evid. Code §§ 800-803. The expected duration of Plaintiff's mental disability and the amount of time off medically necessary to treat his disability requires a medical opinion. Cal. Evid. Code § 801. Plaintiff has not established that he is qualified to provide such a medical opinion regarding mental disability. Because Plaintiff cannot competently |

Case No.  CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA  95113 2303
408 998 4150

| | Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|---|
| | | | testify regarding the expected duration of his disability, or the amount of time off medically necessary to treat his disability, his deposition testimony constitutes inadmissible lay opinion testimony and must be disregarded. *See Swonke v. Sprint, Inc.* (2004) 327 F. Supp. 2d 1128, 1134. |
| 69. | Plaintiff's employment was terminated on August 5, 2005.<br><br>Cava Depo., p. 168:11-169:15; Exh. 20. | Undisputed. | **Undisputed.** |
| 70. | Plaintiff admits that Mr. Wainwright made no comments to him about his disability, and never made jokes about being disabled or about people with disabilities.<br><br>Cava Depo., p. 72:20-25; 73:15-18. | Disputed. Although did not make direct jokes about disability, Wainwright took accounts away, rules against plaintiff on credits, screamed at plaintiff and made comments to others about plaintiff "going off the deep end."<br><br>Cotter Depo., ¶19; Cava Depo., 75:12-25, 79:13-18. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, but actually confirms that Mr. Wainwright made no comments to him about his disability, and never made jokes about being disabled or about people with disabilities.<br><br>Moreover, Plaintiff cannot simply dispute a fact without setting forth specific facts showing that triable issue of material fact exists. CCP 437c(p)(2). Plaintiff's response merely restates his allegations and provides no specific facts that dispute the underlying material fact. |

<u>**ISSUE 7:**</u>   **Alternatively, Plaintiff's claim for retaliation fails because he cannot rebut the legitimate business reason provided for his termination and Plaintiff has no proof of pretext.**

| | Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|---|
| 71 | At the time of his hire, Plaintiff was given a sales compensation agreement which outlined a prorated annual sales quota of $341,250, he also | Disputed. The employee handbook limits leaves of absence to six months, but expresses that it is subject to legal provisions to the | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony. |

49.

Case No. CGC-06-453469

**SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES**

LITTLER MENDELSON<br>A PROFESSIONAL CORPORATION<br>50 West San Fernando Street<br>14th Floor<br>San Jose CA 95113 2303<br>408 998 4150

| Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| received and signed for a copy of Defendant's employee handbook, which contained a policy limiting leaves of absence to six months in duration. Cava Depo., p. 48:8-49:14; 39:11-15; 43:12-14; Exhs. 1, 2, 3, 5; Wainwright Decl., ¶ 3, Exh., 1, p. 13. | contrary. Also, plaintiff's initial leave was less than six months. Wainwright Decl., ¶13, Exh. 1, p. 13. | Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4th 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.)

Moreover, Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact. CCP § 437c(p)(2).

In addition, Plaintiff's argument that his initial leave was less than six months does not dispute the fact that at the time of his hire in June 2004, Plaintiff received and signed for a copy of Defendant's employee handbook, which contained a policy limiting leaves of absence to six months in duration. Plaintiff's response is therefore irrelevant and immaterial, and should be disregarded. *See Monastra, supra,* 43 Cal.App.4th at 1635 ("evidence which does not relate to a matter in issue is not material"). |
| 72 On November 1, 2004, Plaintiff took a emergency leave of absence to care for his son, and Plaintiff | Undisputed. | **Undisputed.** |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| | | **Undisputed Material Fact and Evidence** | **Plaintiff's Response** | **Defendant's Reply to Plaintiff's Response** |
|---|---|---|---|---|
| | | remained on paid leave through January 17, 2005.<br><br>Cava Depo., p. 35:13-36:13; 43:8-11; 89:23-25; 91:14-23; 93:5-10; 94:16-95:1; 96:7-97:17; Exh. 12. | | |
| 73 | | At the time Plaintiff first went out on leave, Plaintiff had sold no product to any new accounts other than one "few hundred" dollar sale.<br><br>Cava Depo., p. 67:21-68:9; 104:8-105:7. | Disputed. Plaintiff quoted projects on "new" accounts which closed while he was out on leave. These sales should have been credited to plaintiff, but defendant Wainwright refused to give him credit in order to make his numbers look less than he would have. Furthermore, this point is irrelevant as the compensation plan does not distinguish between sales from existing clients and new accounts.<br><br>Cava Decl., ¶16, Exh. E. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, but actually confirms that at the time Plaintiff first went out on leave, Plaintiff had <u>sold</u> no product to any new accounts other than one "few hundred" dollar sale, and Plaintiff admitted as much during his deposition. Cava Depo., p. 67:21-68:9; 104:8-105:7.<br><br>Moreover, this fact is based on Plaintiff's own prior deposition testimony. Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4[th] 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.)<br><br>In addition, Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact. CCP § 437c(p)(2). |

LITTLER MENDELSON<br>A PROFESSIONAL CORPORATION<br>50 West San Fernando Street<br>14th Floor<br>San Jose, CA 95113 2303<br>408 998 4150

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| | **Undisputed Material Fact and Evidence** | **Plaintiff's Response** | **Defendant's Reply to Plaintiff's Response** |
|---|---|---|---|
| 74 | At the time Plaintiff first went out on leave, he had been credited with $413,000 in "sales," but approximately $295,000 of this amount came from a sale that had actually been made in 2003, before the time of his hire.<br><br>Cava Depo., p. 175:8-12; 176:20-177:7; Exh. 5, 21; Wainwright Depo., p. 176:4-11; Wainwright Decl., ¶¶ 5-6. | Disputed. Although the contract was signed in 2003, it would not have been discovered, but for plaintiff's efforts. Prior to the find, Plaintiff was tasked by Wainwright to get the renewal contact, which he would have obtained on his own.<br><br>Cava Decl., ¶8. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony. In fact, Plaintiff admits in his response that the contract was signed in 2003, which is the most directly relevant portion of the fact.<br><br>Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4th 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.)<br><br>Moreover, Plaintiff cannot simply dispute a fact without setting forth specific facts showing that triable issue of material fact exists. CCP 437c(p)(2). Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact. CCP § 437c(p)(2).<br><br>In addition, Plaintiff's speculation that he would have found the "renewal contact" even if Mr. Wainwright had not asked him to do so, is insufficient to meet Plaintiff's burden in opposing summary judgment. *Horn, supra,* 72 Cal.App.4th at 807 (plaintiff cannot |

Case No. CGC-06-453469

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408 998 4150

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| | **Undisputed Material Fact and Evidence** | **Plaintiff's Response** | **Defendant's Reply to Plaintiff's Response** |
|---|---|---|---|
| | | | avoid summary judgment merely by presenting his own "speculation or conjecture"). |
| 75 | Plaintiff admits that probably more than 75% of the sales for which he initially received credit came from work done by other sales representatives.<br><br>Cava Depo., p. 65:7-18; Exh. 7. | Disputed. Not "over" 75%, the true number is roughly 70%. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony.<br><br>Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4th 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.)<br><br>Moreover, admissions made during the course of discovery govern and control over contrary declarations lodged at a hearing on a motion for summary judgment. *See Visueta v. General Motors Corp.* (1991) 234 Cal. App. 3d 1609, 1613. As such, Plaintiff's admission during his deposition that probably more than 75% of the sales for which he initially received credit came from work done by other sales representatives governs and controls over Plaintiff's contradictory declaration.<br><br>In addition, Plaintiff cannot simply dispute a fact without setting forth |

LITTLER MENDELSON<br>A PROFESSIONAL CORPORATION<br>50 West San Fernando Street<br>14th Floor<br>San Jose, CA 95113 2303<br>408 998 4150

| | **Undisputed Material Fact and Evidence** | **Plaintiff's Response** | **Defendant's Reply to Plaintiff's Response** |
|---|---|---|---|
| | | | specific facts showing that triable issue of material fact exists. CCP 437c(p)(2). Plaintiff's estimation that "roughly 70%" of the sales for which he initially received credit came from work done by other sales representatives, instead of the probably more than 75% he testified to at his deposition, is insufficient to create a triable issue of material fact. |
| | | | Furthermore, Plaintiff's "fact" is also immaterial because even if proved, it does not change the outcome of the matter. *Zavala, supra,* 58 Cal.App.4[th] at 926; *Kelly, supra,* 72 Cal.App.4[th] at 470. That is, even if Plaintiff could prove that "roughly 70%" of the sales for which he initially received credit came from work done by other sales representatives, instead of the more than 75% he testified to at his deposition, it does not change the fact that the large majority of sales Plaintiff was initially credited for came form work done by other sales representatives. |
| 76 | When Plaintiff again went out on leave in on January 26, 2005, he was told that he did not have any job protection and that his employment could be terminated, and also that Company policy allowed a maximum of six month's leave.<br><br>Cava Dep., p. 123:2-15; 130:4-131:13; 132:23-133:1. | Undisputed. | **Undisputed.** |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| | **Undisputed Material Fact and Evidence** | **Plaintiff's Response** | **Defendant's Reply to Plaintiff's Response** |
|---|---|---|---|
| 77 | Although other sales representatives were available to cover for Plaintiff's accounts for a short period of time, doing so for an extended period was difficult on the representatives, the customers and the Company.<br><br>Wainwright Depo., p. 141:20-24; 142:18-143:21; 156:16-157:5; Wainwright Decl., ¶¶ 5-7. | Disputed. Other representatives were being compensated for covering the accounts, which were only two during Plaintiff's disability leave. Furthermore, this fact is irrelevant to plaintiff's discrimination claims in that his accounts already taken away at the time of his termination.<br><br>Cava Decl., ¶23; Cotter Depo., Exh. 16. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, but actually confirms that other sales representatives were available to cover for Plaintiff's account for a short period of time. Plaintiff has no evidence to suggest that Defendant's contention that requiring its sales representatives to cover for Plaintiff on a long term or extended basis created a hardship for the representative, the company and most importantly, the customers.<br><br>Moreover, Plaintiff cannot simply dispute a fact without setting forth specific facts showing that triable issue of material fact exists. CCP 437c(p)(2). Plaintiff sets forth no specific facts disputing that covering Plaintiff's account by other sales representatives for an extended period was difficult on the representatives, the customers and the Company.<br><br>In addition, Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact. CCP § 437c(p)(2). |
| 78 | At least one customer had previously complained about having to transition through multiple sales representatives.<br><br>Cava Depo., p. 52:16-53:9. | Disputed. The one customer who noted this, was only concerned about transition at a certain point in the project.<br><br>Cava Decl., ¶24, Ex. F. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, but actually confirms that at least one customer had previously complained about having to transition through multiple sales representatives.<br><br>Moreover, this fact is based on Plaintiff's own prior deposition testimony. Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus |

Case No. CGC-06-453469

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408 998 4150

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| | **Undisputed Material Fact and Evidence** | **Plaintiff's Response** | **Defendant's Reply to Plaintiff's Response** |
|---|---|---|---|
| | | | disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4th 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.) |
| 79 | Plaintiff returned to work on August 1, 2005 and then again requested time off from work for his disability on August 3, 2005. <br><br> Cava Depo., p. 86:11-21; 134:10-20; 157:14-19; 161:5-24; 162:10-12; Exh. 19. | Undisputed. | **Undisputed.** |
| 80 | The doctor's note Plaintiff provided to Defendant to support his request for leave stated only that Plaintiff "needs time off work," and did not specify the duration of Plaintiff's condition. <br><br> Cava Depo., Exh. 19. | Disputed. The doctor's note specifically requests interested parties to contact him if they had questions. <br><br> Cava Depo., Ex. 19. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact. Although the note might say that the doctor can be contacted, that does not change that it also clearly says that Plaintiff needs an unidentified amount of time off work. It is undisputed that the doctor's note did not specify the duration of Plaintiff's condition and merely stated that Plaintiff "needs time off work." Plaintiff's additional "evidence" does not dispute this fact, and is irrelevant and immaterial. *See Monastra v. Konica Business Machines, U.S.A., Inc.* (1996) 43 Cal.App.4th 1628, 1635 ("evidence which does not relate to a matter in issue is not material"). |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA. 95113 2303
408 998.4150

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| | Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|---|
| 81 | Plaintiff's employment was terminated on August 5, 2005.<br><br>Cava Depo., p. 168:11-169:15; Exh. 20. | Undisputed. | **Undisputed.** |
| 82 | Plaintiff admits that Mr. Wainwright made no comments to him about his disability, and never made jokes about being disabled or about people with disabilities.<br><br>Cava Depo., p. 72:20-25; 73:15-18. | Disputed. Although did not make direct jokes about disability, Wainwright took accounts away, rules against plaintiff on credits, screamed at plaintiff and made comments to others about plaintiff "going off the deep end."<br><br>Cotter Depo., ¶19; Cava Depo., 75:12-25, 79:13-18. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, but actually confirms that Mr. Wainwright made no comments to him about his disability, and never made jokes about being disabled or about people with disabilities.<br><br>Moreover, Plaintiff cannot simply dispute a fact without setting forth specific facts showing that triable issue of material fact exists. CCP 437c(p)(2). Plaintiff's response merely restates his allegations and provides no specific facts that dispute the underlying material fact. |

## PLAINTIFF'S FIFTH CAUSE OF ACTION

### Breach Of Contract

<u>ISSUE 8:</u>   Plaintiff's claim for breach of contract fails because he cannot establish an oral or implied contract contradictory to the terms of the written agreements singed by Plaintiff.

| | Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|---|
| 83. | Plaintiff contends that he had an employment agreement with Defendant that provided that he would receive "most" of Jennifer Forrest's prior accounts upon his hire, and further contends that Defendant breached this agreement by "failing to assign all | Disputed. Plaintiff's claim from breach of contract includes a claim that Netversant breached its agreement to return accounts after Plaintiff returned from disability leave. Plaintiff also alleges that he was promised all of Jennifer Forrest's accounted from | **This fact remains undisputed.** Plaintiff has presented no evidence that disputes this fact. Plaintiff cannot rely on allegations in his Complaint to create a triable issue of fact. CCP 437c(p)(2). *see also College Hospital, supra*, 8 Cal.4[th] at 720.<br><br>Moreover, Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose CA 95113 2303
408 998 4150

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| **Undisputed Material Fact and Evidence** | **Plaintiff's Response** | **Defendant's Reply to Plaintiff's Response** |
|---|---|---|
| the accounts as promised."<br><br>Comp., ¶¶ 49. 51; Cava Depo., p. 189:6-191:1. | the Sacramento area except for Octel.<br><br>Comp. ¶49; Cava Decl., ¶4, 23. | deposition testimony. Specifically, Plaintiff testified as follows:<br><br>Q: Did they tell you how many existing accounts they would be giving you?<br><br>A: Most of Jennifer Forrest's Sacramento Accounts.<br><br>Q: Did they tell you which specific accounts they would be giving you?<br><br>A: No, they didn't....<br><br>***<br><br>Q: But they didn't tell you what specific accounts you would get?<br><br>A: "Most" was a good promise to me.<br><br>Cava Depo., p. 32:6-33:5.<br><br>Moreover, Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4th 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.) |
| 84. Plaintiff received and signed for several employment documents at the time of his hire that contained language | Disputed. The documents only state that no <u>implied</u> contract can be created through statement, conduct or | **This fact remains undisputed.** Plaintiff's response is nothing more than a legal argument. Simply adding additional legal argument is insufficient to create a dispute regarding the |

LITTLER MENDELSON<br>A PROFESSIONAL CORPORATION<br>50 West San Fernando Street<br>14th Floor<br>San Jose, CA. 95113 2303<br>408.598 4150

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| | Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|---|
| | stating that he was employed at will and that no contract could be created by any other "statement, conduct or practice." Cava Dep., p. 39:11-15; 43:12-14; Exhs. 1, 2, 3. | practice. There is no such limitation on oral contracts. Cava Depo., Ex. 1-3. | underlying undisputed material fact. CCP § 437c(p)(2). In addition, there is no legal distinction between an "implied" and an "oral" contract in this context. As such, Plaintiff's "dispute" is wholly irrelevant. |
| 85. | At the time of his hire, Plaintiff received and signed for a written compensation agreement, which states that assigned accounts are those assigned "in writing." Cava Depo., 45:11-46:19; 48:8-20; 49:8-18; Exh. 5. | Undisputed. | **Undisputed.** |
| 86. | Plaintiff has no evidence to establish that the accounts about which he now complains (Maximus, Hansen and HealthNet) were ever assigned to him in writing. Cava Depo., p. 50:12-22. | Disputed. Plaintiff has evidence in the form of commissions statements which identify accounts assigned to him. Cava Depo., Ex. 21. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own deposition testimony. Plaintiff's "evidence" does not dispute that Plaintiff has no evidence to establish that the accounts about which he now complains (Maximus, Hansen and HealthNet) were ever assigned to him <u>in writing</u>. Moreover, Plaintiff fails to set forth specific facts showing that a triable issue of material fact exists. CCP 437c(p)(2). Plaintiff has not established that the evidence he sets forth identifies accounts he was actually assigned <u>in writing</u>. |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

**ISSUE 9:**    Alternatively, Plaintiff's claim for breach of contract fails because the promises upon which Plaintiff claims the contract is based are too vague to be enforceable.

| Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| 87. Plaintiff contends that he had an employment agreement with Defendant that provided that he would receive "most" of Jennifer Forrest's prior accounts upon his hire.<br><br>Comp., ¶¶ 49. 51; Cava Depo., p. 189:6-191:1. | Disputed. Plaintiff's claim from breach of contract includes a claim that Netversant breached its agreement to return accounts after Plaintiff returned from disability leave. Plaintiff also alleges that he was promised all of Jennifer Forrest's accounted from the Sacramento area except for Octel.<br><br>Comp. ¶49; Cava Decl., ¶4. | **This fact remains undisputed.** Plaintiff has presented no evidence that disputes this fact. Plaintiff cannot rely on allegations in his Complaint to create a triable issue of fact. CCP 437c(p)(2). *see also College Hospital, supra,* 8 Cal.4th at 720.<br><br>Moreover, Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony.<br><br>Moreover, Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4th 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.) |
| 88. Plaintiff admits that he was never told what specific accounts he was to receive, nor was he told what percentage of Ms. Forrest's accounts would be given to him. Cava Dep., p. 26:7-12; 27:8-16; 32:6-33:11; 33:24-34:5; 35:4-10. | Undisputed. | **Undisputed.** |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| **Undisputed Material Fact and Evidence** | **Plaintiff's Response** | **Defendant's Reply to Plaintiff's Response** |
|---|---|---|
| 89. Plaintiff also claims that Defendant promised that he would be able to "work on" accounts such as Maximus, Hansen and HeatlhNet.<br><br>Comp., ¶¶ 49. 51; Cava Depo., p. 189:6-191:1. | Disputed. Plaintiff was promised and actually was assigned on Jennifer Forrest's Sacramento area accounts, except for Octel and including Maximus, Hansen & Healthnet and other accounts.<br><br>Cava Depo., Ex. 21. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, but actually confirms that Plaintiff also claims that Defendant promised that he would be able to "work on" accounts such as Maximus, Hansen and HealthNet.<br><br>Moreover, this fact is based on Plaintiff's own prior deposition testimony. Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4th 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.)<br><br>Significantly, if Plaintiff's "dispute" is true, it provides yet another ground for judgment on his fraud claim. That is, if Plaintiff was actually promised and assigned all of Jennifer Forrest's accounts in the Sacramento area, then Defendant has at least initially performed and there can be no fraud. *See Kaylor v. Crown Zellerbach, Inc.* (9th Cir. 1981) 643 F.2d 1362, 1368 (defendant's "performance in accordance with its promises negates any possible inference of fraud"); *Slivinsky v. Watkins-Johnson Co.* (1990) 221 Cal.App.3d 799, 807 (fraud claim fails where promise was fulfilled, even if for a short time). |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

**ISSUE 10:** Alternatively, Plaintiff's claim for breach of contract fails for lack of consideration.

| Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| 90. Plaintiff claims that Defendant promised that he would be able to "work on" accounts such as Maximus, Hansen and HeatlhNet, which created a binding contractual agreement.<br><br>Comp., ¶¶ 49. 51; Cava Depo., p. 189:6-191:1. | Disputed. Plaintiff was promised and actually was assigned on Jennifer Forrest's Sacramento area accounts, except for Octel and including Maximus, Hansen & Healthnet.<br><br>Cava Decl., ¶4, Cava Depo., Ex. 21. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, but actually confirms that Plaintiff claims that Defendant promised that he would be able to "work on" accounts such as Maximus, Hansen and HealthNet, which created a binding contractual agreement.<br><br>Moreover, this fact is based on Plaintiff's own prior deposition testimony. Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4[th] 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.)<br><br>Significantly, if Plaintiff's "dispute" is true, it provides yet another ground for judgment on his fraud claim. That is, if Plaintiff was actually promised <u>and</u> assigned all of Jennifer Forrest's accounts in the Sacramento area, then Defendant has at least initially performed and there can be no fraud. *See Kaylor v. Crown Zellerbach, Inc.* (9th Cir. 1981) 643 F.2d 1362, 1368 (defendant's "performance in accordance with its promises negates |

Case No. CGC-06-453469

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| | | any possible inference of fraud"); *Slivinsky v. Watkins-Johnson Co.* (1990) 221 Cal.App.3d 799, 807 (fraud claim fails where promise was fulfilled, even if for a short time). |
| 91. Plaintiff has no evidence that this alleged agreement was supported by consideration.<br><br>Comp., ¶¶ 49. 51; Cava Depo., p. 189:6-191:1; *passim*. | Disputed. Plaintiff agreed to accept employment with Netversant in light of the promises made.<br><br>Cava Decl., ¶4. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, but actually confirms that Plaintiff has no evidence that this alleged agreement was supported by consideration.<br><br>Plaintiff sets forth no evidence that he would have acted differently had the alleged promises not been made. Plaintiff merely states in his declaration that he was no longer "concerned" about leaving his former employer "in light" of the alleged promise of "most" of Mr. Forrest's accounts. This is not evidence of a bargained-for exchange as required by Cal. Civ. Code § 1550, and thus fails his claim as a matter of law. |

**ISSUE 11: Alternatively, Plaintiff's claim for breach of contract fails because he was employed at will.**

| Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| 92. Plaintiff contends that he had an employment agreement with Defendant that provided that he would receive "most" of Jennifer Forrest's prior accounts upon his hire, and further contends that Defendant breached this agreement by "failing to assign all the accounts as promised." | Undisputed. But irrelevant (see MPA). | **This fact remains undisputed.** An equivocal denial is not permitted in a response to a fact in a separate statement. See CRC Rule 342(f).<br><br>Moreover, Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony. Specifically, Plaintiff testified as follows:<br><br>Q: Did they tell you how many existing accounts they would be giving you? |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

| Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| Comp., ¶¶ 49. 51; Cava Depo., p. 189:6-191:1. | | A: Most of Jennifer Forrest's Sacramento Accounts.<br><br>Q: Did they tell you which specific accounts they would be giving you?<br><br>A: No, they didn't....<br><br>***<br><br>Q: But they didn't tell you what specific accounts you would get?<br><br>A: "Most" was a good promise to me.<br><br>Cava Depo., p. 32:6-33:5.<br><br>Moreover, Plaintiff's citation to his memorandum of points and authorities is insufficient to create a disputed issue of fact, as the Court is not required to search for evidence. *North Coast Business Park v. Nielsen Construction Co.* (1993) 17 Cal.App.4th 22, 31 (the trial court is not burdened with "conducting a search" for facts counsel failed to specifically identify). Rather, "[e]ach material fact must be followed by a reference to supporting evidence" *Weil & Brown*, Civil Procedure Before Trial, § 10:188, p. 10-65 (The Rutter Group 2004); *citing; Lewis v. County of Sacramento* (2001) 93 Cal.App.4th 107, 115; *see also, Shepherd v. Jones* (1982) 136 Cal.App.3d 1049, 1062 (allegation alone, without supporting evidence is insufficient in summary judgment context). |
| 93. At the time of his hire, Plaintiff signed various documents, including an employment application, offer letter and employee handbook acknowledgment, all of which specifically state | Undisputed. But irrelevant (see MPA). | **This fact remains undisputed.** An equivocal denial is not permitted in a response to a fact in a separate statement. See CRC Rule 342(f).<br><br>Moreover, Plaintiff's citation to his memorandum of points and authorities is insufficient to create a disputed issue |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| that Plaintiff's employment can be terminated at will.<br><br>Cava Dep., p. 39:1-15, 40:6-16; 41:8-22; 42:14-22; 44:1-17; Exhs. 1, 2, 3. | | of fact, as the Court is not required to search for evidence. *North Coast Business Park v. Nielsen Construction Co.* (1993) 17 Cal.App.4th 22, 31 (the trial court is not burdened with "conducting a search" for facts counsel failed to specifically identify). Rather, "[e]ach material fact must be followed by a reference to supporting evidence" *Weil & Brown*, Civil Procedure Before Trial, § 10:188, p. 10-65 (The Rutter Group 2004); *citing; Lewis v. County of Sacramento* (2001) 93 Cal.App.4th 107, 115; *see also, Shepherd v. Jones* (1982) 136 Cal.App.3d 1049, 1062 (allegation alone, without supporting evidence is insufficient in summary judgment context). |

## PLAINTIFF'S SIXTH CAUSE OF ACTION

### Breach Of Implied Covenant of Good Faith And Fair Dealing

**ISSUE 12:** Plaintiff's claim for breach of the implied covenant of good faith and fair dealing fails because he cannot establish an oral or implied contract contradictory to the terms of the written agreements singed by Plaintiff.

| Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| 94. Plaintiff contends that he had an employment agreement and a companion implied covenant of good faith and fair dealing with Defendant that provided that he would receive "most" of Jennifer Forrest's prior accounts upon his hire, and further contends that Defendant breached the implied | Disputed. Plaintiff's claim from breach of contract includes a claim that Netversant breached its agreement to return accounts after Plaintiff returned from disability leave. Plaintiff also alleges that he was promised all of Jennifer Forrest's accounted from the Sacramento area except for Octel. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, but actually confirms that Plaintiff contends that he had an employment agreement and a companion implied covenant of good faith and fair dealing with Defendant that provided that he would receive "most" of Jennifer Forrest's prior accounts upon his hire, and further contends that Defendant breached the implied covenant by "failing to assign all the accounts as promised." |

LITTLER MENDELSON<br>A PROFESSIONAL CORPORATION<br>50 West San Fernando Street<br>14th Floor<br>San Jose, CA 95113 2303<br>408 998 4150

| | **Undisputed Material Fact and Evidence** | **Plaintiff's Response** | **Defendant's Reply to Plaintiff's Response** |
|---|---|---|---|
| | covenant by "failing to assign all the accounts as promised." <br><br> Comp., ¶¶ 49. 51; Cava Depo., p. 189:6-191:1. | Cava Decl. ¶4, Cava Depo., Ex. 21. | Moreover, this fact is based on Plaintiff's own prior deposition testimony. Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4th 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.) |
| 95. | Plaintiff received and signed for several employment documents at the time of his hire that contained language stating that he was employed at will and that no contract could be created by any other "statement, conduct or practice." <br><br> Cava Dep., p. 39:11-15; 43:12-14; Exhs. 1, 2, 3. <br><br> Cava Dep., p. 39:11-15; 43:12-14; Exhs. 1, 2, 3. | Disputed. The documents only state that no <u>implied</u> contract can be created through statement, conduct or practice. There is no such limitation on oral contracts. <br><br> Cava Depo., Ex. 1-3. | **This fact remains undisputed.** Plaintiff's response is nothing more than a legal argument. Simply adding additional legal argument is insufficient to create a dispute regarding the underlying undisputed material fact. CCP § 437c(p)(2). <br><br> In addition, there is no legal distinction between an "implied" and an "oral" contract in this context. As such, Plaintiff's "dispute" is wholly irrelevant. |
| 96. | At the time of his hire, Plaintiff received and signed for a written compensation agreement, which states that assigned | Undisputed. | **Undisputed.** |

LITTLER MENDELSON<br>A PROFESSIONAL CORPORATION<br>50 West San Fernando Street<br>14th Floor<br>San Jose, CA 95113 2303<br>408 998 4150

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| accounts are those assigned "in writing."<br><br>Cava Depo., 45:11-46:19; 48:8-20; 49:8-18; Exh. 5. | | |
| 97. Plaintiff has no evidence to establish that the accounts about which he now complains (Maximus, Hansen and HealthNet) were ever assigned to him in writing.<br><br>Cava Depo., p. 50:12-22. | Disputed. Plaintiff has evidence in the form of commissions statements which identify accounts assigned to him.<br><br>Cava Depo., Ex. 21. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own deposition testimony.<br><br>Plaintiff's "evidence" does not dispute that Plaintiff has no evidence to establish that the accounts about which he now complains (Maximus, Hansen and HealthNet) were ever assigned to him <u>in writing</u>.<br><br>Moreover, Plaintiff fails to set forth specific facts showing that a triable issue of material fact exists. CCP 437c(p)(2). Plaintiff has not established that the evidence he sets forth identifies accounts he was actually assigned <u>in writing</u>. |

**ISSUE 13:** **Alternatively, Plaintiff's claim for breach of the implied covenant of good faith and fair dealing fails because the promises upon which Plaintiff claims the underlying contract is based are too vague to be enforceable.**

| Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| 98. Plaintiff contends that he had an employment agreement and companion implied covenant of good faith and fair dealing with Defendant that provided that he would receive "most" of Jennifer Forrest's prior accounts upon his hire.<br><br>Comp., ¶¶ 49. 51; Cava | Disputed. Plaintiff's claim from breach of contract includes a claim that Netversant breached its agreement to return accounts after Plaintiff returned from disability leave. Plaintiff also alleges that he was promised all of Jennifer Forrest's accounted from | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, but actually confirms that Plaintiff contends that he had an employment agreement and companion implied covenant of good faith and fair dealing with Defendant that provided that he would receive "most" of Jennifer Forrest's prior accounts upon his hire.<br><br>Moreover, this fact is based on |

LITTLER MENDELSON<br>A PROFESSIONAL CORPORATION<br>50 West San Fernando Street<br>14th Floor<br>San Jose, CA 95113 2303<br>408.998.4150

67.

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| Depo., p. 189:6-191:1. | the Sacramento area except for Octel.<br><br>Comp. ¶55; Cava Decl., ¶4, 23; Cava Depo., Ex. 21. | Plaintiff's own prior deposition testimony. Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4th 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.)<br><br>In addition, Plaintiff cannot rely on allegations in his Complaint to create a triable issue of fact. CCP 437c(p)(2). *see also College Hospital, supra,* 8 Cal.4th at 720. |
| 99. Plaintiff admits that he was never told what specific accounts he was to receive, nor was he told what percentage of Ms. Forrest's accounts would be given to him.<br><br>Cava Dep., p. 26:7-12; 27:8-16; 32:6-33:11; 33:24-34:5; 35:4-10. | Undisputed. | **Undisputed.** |
| 100 Plaintiff also claims that Defendant promised that he would be able to "work on" accounts such as Maximus, Hansen and HeatlhNet.<br><br>Comp., ¶¶ 49. 51; Cava | Disputed.  Plaintiff was promised and actually was assigned on Jennifer Forrest's Sacramento area accounts, except for Octel and including Maximus, Hansen & Healthnet and other | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, but actually confirms that Plaintiff also claims that Defendant promised that he would be able to "work on" accounts such as Maximus, Hansen and HeatlhNet. This fact is based on Plaintiff's own prior |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| Depo., p. 189:6-191:1. | accounts.<br><br>Cava Depo., Ex. 21. | deposition testimony.<br><br>Moreover, Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact. CCP § 437c(p)(2).<br><br>Significantly, if Plaintiff's "dispute" is true, it provides yet another ground for judgment on his fraud claim. That is, if Plaintiff was actually promised and assigned all of Jennifer Forrest's accounts in the Sacramento area, then Defendant has at least initially performed and there can be no fraud. *See Kaylor v. Crown Zellerbach, Inc.* (9th Cir. 1981) 643 F.2d 1362, 1368 (defendant's "performance in accordance with its promises negates any possible inference of fraud"); *Slivinsky v. Watkins-Johnson Co.* (1990) 221 Cal.App.3d 799, 807 (fraud claim fails where promise was fulfilled, even if for a short time). |

**ISSUE 14:** **Alternatively, Plaintiff's claim for breach of the implied covenant of good faith and fair dealing fails because the underlying contract for lack of consideration.**

| Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| 101 | Plaintiff claims that Defendant promised that he would be able to "work on" accounts such as Maximus, Hansen and HeatlhNet, which created a binding agreement and a companion covenant of good faith and fair dealing.<br><br>Comp., ¶¶ 49. 51; Cava | Disputed. Plaintiff was promised and actually was assigned on Jennifer Forrest's Sacramento area accounts, except for Octel and including Maximus, Hansen & Healthnet and other accounts.<br><br>Cava Depo., Ex. 21. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, but actually confirms that Plaintiff claims that Defendant promised that he would be able to "work on" accounts such as Maximus, Hansen and HeatlhNet, which created a binding agreement and a companion covenant of good faith and fair dealing. This fact is based on Plaintiff's own prior deposition testimony. |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

Case No. CGC-06-453469

**SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES**

| Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| Depo., p. 189:6-191:1. | | Moreover, Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact.  CCP § 437c(p)(2). |
| 102 Plaintiff has no evidence that this alleged agreement was supported by consideration.<br><br>Comp., ¶¶ 49. 51; Cava Depo., p. 189:6-191:1; *passim*. | Disputed.  Plaintiff agreed to accept employment Netversant in light of the promises made.<br><br>Cava Decl., ¶4. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, but actually confirms that Plaintiff has no evidence that this alleged agreement was supported by consideration.<br><br>Plaintiff sets forth no evidence that he would have acted differently had the alleged promises not been made. Plaintiff merely states in his declaration that he was no longer "concerned" about leaving his former employer "in light" of the alleged promise of "most" of Mr. Forrest's accounts.  This is not evidence of a bargained-for exchange as required by Cal. Civ. Code § 1550, and thus fails his claim as a matter of law. |

**ISSUE 15:**  Alternatively, Plaintiff's claim for breach of the covenant of good faith and fair dealing fails because he was employed at will.

| Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| 103 Plaintiff contends that he had an employment agreement and a companion implied covenant of good faith and fair dealing with Defendant that provided that he would receive "most" of Jennifer Forrest's prior accounts upon his hire, and further contends that Defendant breached this agreement | Disputed.  Plaintiff's claim from breach of contract includes a claim that Netversant breached its agreement to return accounts after Plaintiff returned from disability leave.  Plaintiff also alleges that he was promised all of Jennifer Forrest's accounted from the Sacramento area except for Octel. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, but actually confirms that Plaintiff contends that he had an employment agreement and a companion implied covenant of good faith and fair dealing with Defendant that provided that he would receive "most" of Jennifer Forrest's prior accounts upon his hire, and further contends that Defendant breached this agreement by "failing to assign all the accounts as promised." |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA  95113 2303
408 998 4150

Case No.  CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| | **Undisputed Material Fact and Evidence** | **Plaintiff's Response** | **Defendant's Reply to Plaintiff's Response** |
|---|---|---|---|
| | by "failing to assign all the accounts as promised." Comp., ¶¶ 49. 51; Cava Depo., p. 189:6-191:1. | Cava Decl. ¶4, 23. | Moreover, this fact is based on Plaintiff's own prior deposition testimony. Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4th 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.) |
| 104 | At the time of his hire, Plaintiff signed various documents, including an employment application, offer letter and employee handbook acknowledgment, all of which specifically state that Plaintiff's employment can be terminated at will. Cava Dep., p. 39:1-15, 40:6-16; 41:8-22; 42:14-22; 44:1-17; Exhs. 1, 2, 3. | Undisputed. | **Undisputed.** |

Case No.  CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408.998.4150

1

## PLAINTIFF'S SEVENTH CAUSE OF ACTION

2

### Intentional Misrepresentation

3

<u>**ISSUE 16:**</u>  **Plaintiff's claim for intentional misrepresentation fails because**
**Plaintiff has not identified a specifically enforceable**
**misrepresentation.**

4

5

| | **Undisputed Material Fact and Evidence** | **Plaintiff's Response** | **Defendant's Reply to Plaintiff's Response** |
|---|---|---|---|
| 105. | Plaintiff claims that he was defrauded during the interview process when Defendant allegedly told him that he would get "most" of Jennifer Forrest's accounts.<br><br>Comp., ¶¶ 55-56; Cava Dep., p. 26:7-12; 27:8-16; 32:6-9; 33:24-34:5; 35:4-10. | Disputed.  Plaintiff's claim fraud includes Plaintiff claim that he was promised all of Jennifer Forrest's accounted from the Sacramento area except for Octel.<br><br>Comp. ¶55; Cava Decl., ¶4. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony.<br><br>Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4th 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22  (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.)<br><br>In addition, Plaintiff cannot rely on allegations in his Complaint to create a triable issue of fact.  CCP 437c(p)(2). *see also College Hospital, Inc. v. Superior Court* (1994) 8 Cal.4th 704, 720. |
| 106. | Plaintiff admits that he was never told what specific accounts he was to receive, nor was he told what percentage of Ms. Forrest's accounts | Undisputed. | **Undisputed.** |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA  95113 2303
408 998 4150

Case No.  CGC-06-453469

**SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES**

| Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| would be given to him.<br><br>Cava Dep., p. 26:7-12; 27:8-16; 32:6-33:11; 33:24-34:5; 35:4-10. | | |

**ISSUE 17:** Alternatively, Plaintiff's claim intentional misrepresentation fails because he has no evidence of falsity.

| | Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|---|
| 107. | Plaintiff claims that he was defrauded during the interview process when Defendant allegedly told him that he would get "most" of Jennifer Forrest's accounts.<br><br>Comp., ¶¶ 55-56; Cava Dep., p. 26:7-12; 27:8-16; 32:6-9; 33:24-34:5; 35:4-10. | Disputed. Plaintiff's claim fraud includes Plaintiff claim that he was promised all of Jennifer Forrest's accounted from the Sacramento area except for Octel.<br><br>Comp. ¶55; Cava Decl., ¶4. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony.<br><br>Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4th 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.)<br><br>In addition, Plaintiff cannot rely on allegations in his Complaint to create a triable issue of fact. CCP 437c(p)(2). *see also College Hospital, Inc. v. Superior Court* (1994) 8 Cal.4th 704, 720. |

LITTLER MENDELSON<br>A PROFESSIONAL CORPORATION<br>50 West San Fernando Street<br>14th Floor<br>San Jose, CA  95113 2303<br>408 998 4150

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| | Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|---|
| 108. | Plaintiff admits he has "no indication" that the alleged promises were false at the time they were made to him.<br><br>Cava Depo. p. 196:23-197:5. | Undisputed. | **Undisputed.** |

**ISSUE 18:** Alternatively, Plaintiff's claim for intentional misrepresentation fails because he cannot prove reasonable reliance.

| | Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|---|
| 109. | Plaintiff claims that he was defrauded during the interview process when Defendant allegedly told him that he would get "most" of Jennifer Forrest's accounts.<br><br>Comp., ¶¶ 55-56; Cava Dep., p. 26:7-12; 27:8-16; 32:6-9; 33:24-34:5; 35:4-10. | Disputed. Plaintiff's claim fraud includes Plaintiff claim that he was promised all of Jennifer Forrest's accounted from the Sacramento area except for Octel.<br><br>Comp. ¶55; Cava Decl., ¶4. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony.<br><br>Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4th 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.)<br><br>In addition, Plaintiff cannot rely on allegations in his Complaint to create a triable issue of fact. CCP 437c(p)(2); *see also College Hosp., supra,* 8 Cal.4th at 720. |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| | **Undisputed Material Fact and Evidence** | **Plaintiff's Response** | **Defendant's Reply to Plaintiff's Response** |
|---|---|---|---|
| 110. | Before Plaintiff started working he received and signed for a written offer letter, which identified no specific accounts that were assigned to Plaintiff.<br><br>Cava Depo., Exh. 2. | Undisputed. | **Undisputed.** |
| 111. | At the time of his hire, Plaintiff received and signed for a written compensation plan, which stated that "assigned accounts" would be given in writing and mentioned no specific accounts that were assigned to Plaintiff.<br><br>Cava Depo., Exh. 5. | Undisputed. | **Undisputed.** |

**ISSUE 19:** Alternatively, Plaintiff's claim for intentional misrepresentation fails because he remained employed even after he became aware of the alleged falsity of the promises.

| | **Undisputed Material Fact and Evidence** | **Plaintiff's Response** | **Defendant's Reply to Plaintiff's Response** |
|---|---|---|---|
| 112. | Plaintiff claims that he was defrauded during the interview process when Defendant allegedly told him that he would get "most" of Jennifer Forrest's accounts.<br><br>Comp., ¶¶ 55-56; Cava Dep., p. 26:7-12; 27:8-16; 32:6-9; 33:24-34:5; 35:4-10. | Disputed. Plaintiff's claim fraud includes Plaintiff claim that he was promised all of Jennifer Forrest's accounted from the Sacramento area except for Octel.<br><br>Comp. ¶55; Cava Decl., ¶4. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff own prior deposition testimony.<br><br>Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; |

LITTLER MENDELSON<br>A PROFESSIONAL CORPORATION<br>50 West San Fernando Street<br>14th Floor<br>San Jose, CA 95113 2303<br>408 998 4150

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| | | contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4th 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.)

In addition, Plaintiff cannot rely on allegations in his Complaint to create a triable issue of fact.  CCP 437c(p)(2); *see also College Hospital, Inc. v. Superior Court* (1994) 8 Cal.4th 704, 720. |
| 113. Plaintiff knew that he was not going to be getting "most" of Jennifer Forrest's accounts within a month of his hire, yet remained employed for more than year.

Cava Depo., p. 50:6-22. | Undisputed. | **Undisputed.** |

## PLAINTIFF'S SEVENTH CAUSE OF ACTION

### Negligent Misrepresentation

**ISSUE 20:** **Plaintiff's claim for negligent misrepresentation fails because Plaintiff has not identified a specifically enforceable misrepresentation.**

| Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| 114. Plaintiff claims that he was defrauded during the interview process when Defendant allegedly told him that he would get "most" of Jennifer Forrest's accounts. | Disputed.  Plaintiff's claim fraud includes Plaintiff claim that he was promised all of Jennifer Forrest's accounted from the Sacramento area except for Octel. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony.

Plaintiff cannot create a triable issue of fact by contradicting his prior |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

76.

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| | **Undisputed Material Fact and Evidence** | **Plaintiff's Response** | **Defendant's Reply to Plaintiff's Response** |
|---|---|---|---|
| | Comp., ¶¶ 62-63; Cava Dep., p. 26:7-12; 27:8-16; 32:6-9; 33:24-34:5; 35:4-10. | Comp. ¶55; Cava Decl., ¶4. | deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4[th] 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.) In addition, Plaintiff cannot rely on allegations in his Complaint to create a triable issue of fact. CCP 437c(p)(2); *see also College Hospital, Inc. v. Superior Court* (1994) 8 Cal.4[th] 704, 720. |
| 115. | Plaintiff admits that he was never told what specific accounts he was to receive, nor was he told what percentage of Ms. Forrest's accounts would be given to him. Cava Dep., p. 26:7-12; 27:8-16; 32:6-33:11; 33:24-34:5; 35:4-10. | Undisputed. | **Undisputed.** |

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

**ISSUE 21:**    Alternatively, Plaintiff's claim negligent misrepresentation fails because he has no evidence of falsity.

| | **Undisputed Material Fact and Evidence** | **Plaintiff's Response** | **Defendant's Reply to Plaintiff's Response** |
|---|---|---|---|
| 116. | Plaintiff claims that he was defrauded during the interview process when Defendant allegedly told him that he would get "most" of Jennifer Forrest's accounts.<br><br>Comp., ¶¶ 62-63; Cava Dep., p. 26:7-12; 27:8-16; 32:6-9; 33:24-34:5; 35:4-10. | Disputed. Plaintiff's claim fraud includes Plaintiff claim that he was promised all of Jennifer Forrest's accounted from the Sacramento area except for Octel.<br><br>Comp. ¶55; Cava Decl., ¶4. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony.<br><br>Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be thus disregarded); *see also Scheiding, supra,* 69 Cal.App.4[th] 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.)<br><br>In addition, Plaintiff cannot rely on allegations in his Complaint to create a triable issue of fact. CCP 437c(p)(2); *see also College Hospital, Inc. v. Superior Court* (1994) 8 Cal.4[th] 704, 720. |
| 117. | Plaintiff admits he has "no indication" that the alleged promises were false at the time they were made to him.<br><br>Cava Depo. p. 196:23-197:5. | Undisputed. | **Undisputed.** |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose CA 95113 2303
408 998 4150

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

1

2

**ISSUE 22:  Alternatively, Plaintiff's claim for negligent misrepresentation fails because he cannot prove reasonable reliance.**

| | **Undisputed Material Fact and Evidence** | **Plaintiff's Response** | **Defendant's Reply to Plaintiff's Response** |
|---|---|---|---|
| 118. | Plaintiff claims that he was defrauded during the interview process when Defendant allegedly told him that he would get "most" of Jennifer Forrest's accounts.<br><br>Comp., ¶¶ 62-63; Cava Dep., p. 26:7-12; 27:8-16; 32:6-9; 33:24-34:5; 35:4-10. | Disputed.  Plaintiff's claim fraud includes Plaintiff claim that he was promised all of Jennifer Forrest's accounted from the Sacramento area except for Octel.<br><br>Comp. ¶55; Cava Decl., ¶4. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony.<br><br>Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4[th] 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.)<br><br>In addition, Plaintiff cannot rely on allegations in his Complaint to create a triable issue of fact. CCP 437c(p)(2); *see also College Hospital, Inc. v. Superior Court* (1994) 8 Cal.4[th] 704, 720. |
| 119. | Before Plaintiff started working he received and signed for a written offer letter, which identified no specific accounts that were assigned to Plaintiff.<br><br>Cava Depo., Exh. 2. | Undisputed. | **Undisputed.** |

Case No.  CGC-06-453469

**SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES**

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA  95113 2303
408 998 4150

| | | **Undisputed Material Fact and Evidence** | **Plaintiff's Response** | **Defendant's Reply to Plaintiff's Response** |
|---|---|---|---|---|
| | 120. | At the time of his hire, Plaintiff received and signed for a written compensation plan, which stated that "assigned accounts" would be given in writing and mentioned no specific accounts that were assigned to Plaintiff.<br><br>Cava Depo., Exh. 5. | Undisputed. | **Undisputed.** |

**ISSUE 23:** Alternatively, Plaintiff's claim for negligent misrepresentation fails because he remained employed even after he became aware of the alleged falsity of the promises.

| | | **Undisputed Material Fact and Evidence** | **Plaintiff's Response** | **Defendant's Reply to Plaintiff's Response** |
|---|---|---|---|---|
| | 121. | Plaintiff claims that he was defrauded during the interview process when Defendant allegedly told him that he would get "most" of Jennifer Forrest's accounts.<br><br>Comp., ¶¶ 62-63; Cava Dep., p. 26:7-12; 27:8-16; 32:6-9; 33:24-34:5; 35:4-10. | Disputed. Plaintiff's claim fraud includes Plaintiff claim that he was promised all of Jennifer Forrest's accounted from the Sacramento area except for Octel.<br><br>Comp. ¶55; Cava Decl., ¶4. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony.<br><br>Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4th 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.) |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408.998.4150

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| | **Undisputed Material Fact and Evidence** | **Plaintiff's Response** | **Defendant's Reply to Plaintiff's Response** |
|---|---|---|---|
| | | | In addition, Plaintiff cannot rely on allegations in his Complaint to create a triable issue of fact.  CCP 437c(p)(2); *see also College Hospital, Inc. v. Superior Court* (1994) 8 Cal.4[th] 704, 720. |
| 122. | Plaintiff knew that he was not going to be getting "most" of Jennifer Forrest's accounts within a month of his hire, yet remained employed for more than year.<br><br>Cava Depo., p. 50:6-22. | Undisputed. | **Undisputed.** |

**ISSUE 24:**  Alternatively, Plaintiff's claim for negligent misrepresentation fails because Plaintiff alleges no misrepresentations of past or existing material fact.

| | **Undisputed Material Fact and Evidence** | **Plaintiff's Response** | **Defendant's Reply to Plaintiff's Response** |
|---|---|---|---|
| 123. | Plaintiff claims that he was defrauded during the interview process when Defendant allegedly told him that when he started work he would get "most" of Jennifer Forrest's accounts.<br><br>Comp., ¶¶ 62-63; Cava Dep., p. 26:7-12; 27:8-16; 32:6-9; 33:24-34:5; 35:4-10. | Disputed.  Plaintiff's claim fraud includes Plaintiff claim that he was promised all of Jennifer Forrest's accounted from the Sacramento area except for Octel.<br><br>Comp. ¶55; Cava Decl., ¶4. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony.<br><br>Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4[th] 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose  CA  95113 2303
408 998 4150

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

| Undisputed Material Fact and Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| | | 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.) In addition, Plaintiff cannot rely on allegations in his Complaint to create a triable issue of fact. CCP 437c(p)(2); *see also College Hospital, Inc. v. Superior Court* (1994) 8 Cal.4th 704, 720. |

Dated: May 18, 2007

MICHAEL W. WARREN
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
NETVERSANT - NATIONAL, INC., PETER
WAINWRIGHT

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEF NETVERSANT'S MSJ/SA OF ISSUES

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150