# EXHIBIT -24

1  MICHELLE B. HEVERLY, Bar No. 178660
   MICHAEL W. WARREN, Bar No. 223642
2  LITTLER MENDELSON
   A Professional Corporation
3  50 West San Fernando Street, 14th Floor
   San Jose, CA 95113.2303
4  Telephone:   408.998.4150

5  Attorneys for Defendants
   NETVERSANT - NATIONAL, INC., PETER
6  WAINWRIGHT

7

ENDORSED
FILED
San Francisco County Superior Court

MAY 1 8 2007

GORDON PARK-LI, Clerk
By: _____ROSSALY DE LA VEGA_____
                                    Deputy Clerk

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SAN FRANCISCO

10

11  MICHAEL CAVA,                          Case No. CGC-06-453469

12              Plaintiff,                 **DEFENDANTS PETER WAINWRIGHT
                                           AND NETVERSANT'S REPLY**
13       v.                                **MEMORANDUM OF POINTS AND
                                           AUTHORITIES IN SUPPORT OF THEIR**
14  NETVERSANT - NATIONAL, INC., a         **MOTION FOR SUMMARY JUDGMENT
    Delaware corporation, dba              AND/OR SUMMARY ADJUDICATION OF**
15  NETVERSANT - SAN FRANCISCO, aka        **ISSUES**
    NETVERSANT; PETER WAINWRIGHT,
16  an individual; and DOES 1 through 40,  Date:    May 23, 2007
    inclusive,                             Time:    9:30 a.m.
17                                         Dept:    301
              Defendants.                  Judge:   Hon. Peter Busch
18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

Case No. CGC-06-453469

DEFS WAINWRIGHT & NETVERSANT'S REPLY MPA ISO ITS MSJ AND/OR SUM ADJ OF ISSUES

## I. INTRODUCTION

Defendants Peter Wainwright and NetVersant National submit the following reply memorandum in support of their motion for summary adjudication/judgment of Plaintiff's claims for harassment and intentional and negligent infliction of emotional distress. Although Plaintiff goes to great lengths to try to make out his claims, he essentially concedes defeat by arguing in his opposition both that the conduct predated any disability and that it involves solely work-related actions. Specifically, Plaintiff admits throughout his opposition that the "pattern of harassment began shortly after defendants learned that plaintiff Michael Cava's infant child was diagnosed with a rare form of brain cancer." (Cava Opp., p. 1:25-26.) By so doing, Plaintiff tacitly admits that the conduct could not amount to disability harassment as a matter of law, as it predated any claimed disability by at least three months.

Likewise, Plaintiff claims throughout his opposition that the allegedly "harassing" conduct consisted of things like Mr. Wainwright's supposed refusal "to credit Mr. Cava with work performed," him being placed "on a performance improvement plan," and the claim that Mr. Wainwright advised him "that he would have to forfeit all accounts." (Cava Opp., p. 1:28-2:12.) As such conduct cannot, as a matter of law, form the basis of a claim for workplace harassment, summary adjudication should be granted in favor of Defendants. *Roby v. McKesson* (2006) 146 Cal.App.4[th] 63, 75 ("commonly necessary personnel actions such as hiring and firing, job assignments....performance evaluations...and the like, *do not come within the meaning of harassment.*")

## II. ARGUMENT

### A. Plaintiff's Third Cause of Action For Harassment Is Subject To Summary Adjudication Because Plaintiff Cannot Establish The Essential Elements Of His Claim.

As noted in Defendants' moving papers, Plaintiff admitted in his deposition that he was basing his harassment claims on three types of improper conduct, all allegedly committed by his boss, Peter Wainwright. (Cava Depo., p. 72:5-17; 75:12-22; 99:19-101:6; Exh. 9, Complaint ("Comp."), ¶¶ 13, 14.) Plaintiff confirms the extent of the alleged harassment in his opposition, wherein he claims that the harassment started with the "unjustified performance improvement plan,"

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

1.

Case No. CGC-06-453469

DEFS WAINWRIGHT & NETVERSANT'S REPLY MPA ISO ITS MSJ AND/OR SUM ADJ OF ISSUES

1  continued with "Mr. Wainwright's reneging on a promise to reassign prior sales accounts," and

2  allegedly culminated in "Mr. Wainwright's verbal abuse during private meetings."[1]  (Plt's Opp. p.

3  6:28-7:3.)  In contradiction to his deposition, however, Plaintiff now contends that the alleged

4  harassment began "shortly after" the diagnosis of his child's cancer and "the moment" he returned

5  from leave in "January 2005." (Plt's Opp. p. 1:25-26; 6:26-27.)  Interestingly, this contention

6  provides yet another basis for Defendant's motion, as it conclusively establishes that Plaintiff could

7  not have been harassed "because of" his claimed disability.

8           **1.    The Conduct Of Which Plaintiff Complains Was Not Based On Any
9               Claimed Disability.**

10         As Plaintiff correctly notes, it is unlawful for an employer to harass an employee

11  "because of.....mental disability." Cal. Gov't Code § 12940(J)(1).  Here, Plaintiff does not contend

12  that he was harassed because of a disability (in fact, he does not even identify what his disability

13  supposedly was at the time the harassment began).  Rather, he claims that the harassment started

14  when he first returned from leave in mid-January 2005. (Plt's Opp., p. 6:26-27; Cava Decl., ¶ 20.)

15  As Plaintiff admits he did not commence his disability leave until January 28, 2005, the alleged

16  harassment necessarily pre-dates the claimed disability by at least two weeks.  (Cava Decl., ¶ 20.)

17  For this reason, the acts of "harassment," even if proven true, are not actionable and Defendants'

18  motion should be granted.  *Roby v. McKesson Corp.* (2006) 146 Cal.App.4th 63, 73-74 (the

---

[1]  Although Plaintiff attempts to "dispute" Defendants' separate statement by alleging additional facts in support of his harassment claim, a careful review of "Plaintiff's Response" reveals that it is all the same work-related conduct originally alleged. (Sep. Statement, Undisputed Material Fact No. 2.)  In addition, Plaintiff's only "evidence" in support of his alleged disputed fact is his own self-serving and contradictory declaration.  The law is clear that Plaintiff cannot defeat summary judgment by creating contradictions in his own testimony, and Plaintiff's disputed "facts" must thus be disregarded. *Visueta v. General Motors Corp.* (1991) 234 Cal. App. 3d 1609, 1613 ("[a]dmissions or concessions made during the course of discovery govern and control over contrary declarations lodged at a hearing on a motion for summary judgment"); *Benavidez v. San Jose Police Dept.* (1999) 71 Cal. App. 4th 853, 861 (plaintiff cannot rely on contradictions in his own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *Scheiding v. Dinwiddie Const. Co.* (1999) 69 Cal.App.4th 64, 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

2.

Case No. CGC-06-453469

**DEFS WAINWRIGHT & NETVERSANT'S REPLY MPA ISO ITS MSJ AND/OR SUM ADJ OF ISSUES**

1  employer's conduct "no matter how unpleasant, could not be deemed harassment unless it was based

2  on and directed towards the employee's mental disability").[2]

### 2. The Conduct Of Which Plaintiff Complains Is Neither Severe Nor Pervasive.

5  Plaintiff does not dispute that in order to prove his claim of harassment he must

6  demonstrate that the conduct of which he complaints was sufficiently "severe" or "pervasive." *Roby*

7  *v. McKesson* (2006) 146 Cal.App.4th 63, 73-74 (applying severe and pervasive standard to disability

8  harassment claim). Instead, he contends, without citation to evidence, that the behavior is actionable

9  because it is "more than a few isolated incidents." (Plt's Opp. 7:4.) Indeed, Plaintiff's cites no

10  evidence in support of his legal argument, and relies only on his own conclusory allegations. This is

11  clearly insufficient, as Plaintiff must support his motion with admissible and undisputed evidence

12  sufficient to demonstrate the existence of each element of his claims. *Aguilar v. Atlantic Richfield*

13  *Co.* (2001) 25 Cal.4th 826, 849-851; *Continental Insurance Co. v. Columbus Line, Inc.* (2003) 107

14  Cal.App.4th 1190, 1200 (plaintiff's failure to present admissible evidence mandates that summary

15  judgment be granted). His failure to do so warrants judgment in Defendants' favor. *Shepherd v.*

16  *Jones* (1982) 136 Cal.App.3d 1049, 1062 (allegation alone, without supporting evidence is

17  insufficient in summary judgment context).

18  Even if Plaintiff's unsupported allegations were true, however, they are insufficient to

19  establish a pattern of severe or pervasive conduct. *Kelly-Zurian v. Wohl Shoe Co., Inc.* (1994) 22

20  Cal.App.4th 397, 409 (to satisfy this standards, a plaintiff must show that the workplace was

21  "permeated with discriminatory intimidation, ridicule and insult" that was "sufficiently severe or

22  pervasive to alter the conditions of [his] employment and create an abusive working environment.");

23  *Beyda v. Los Angeles* (1998) 65 Cal.App.4th 511, 517 (same). Although Plaintiff argues that the

24  conduct began in January 2005 and "continued through out the duration of his employment," he fails

---

2  Surprisingly, Plaintiff quotes the same passage from *Roby* in his opposition, thereby expressly acknowledging the blatant deficiency in his own claim. (Plt's Opp. 7:28-8:2.)

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

3.

Case No. CGC-06-453469

**DEFS WAINWRIGHT & NETVERSANT'S REPLY MPA ISO ITS MSJ AND/OR SUM ADJ OF ISSUES**

1    to mention that he worked for less than two weeks during that period.[3]  Accordingly, even if the

2    harassment had continued for this period, it only amounts to a few incidents of allegedly

3    inappropriate conduct and is thus not sufficient to support Plaintiff's claim.  *Roby v. McKesson*

4    (2006) 146 Cal.App.4th 63, 75-76; *Etter v. Veriflo Corp.* (1998) 67 Cal.App.4th 457, 463 (racial

5    comments and jokes made on a "daily" basis over a six week period held insufficient to constitute

6    hostile environment harassment).

7            In a final attempt to rebut summary judgment, Plaintiff goes to great lengths to

8    attempt to distinguish his claims from the nearly identical claims in *Roby v. McKesson.*  Indeed,

9    Plaintiff himself is forced to admit that "strong similarities exist between <u>Roby</u> and the case at

10   hand." (Plt's Opp. p. 7:24.)  Plaintiff contends there is a distinction, however, because in Roby there

11   was no evidence that the employer ever referred to Plaintiff's disability in "derogatory terms,

12   interfered with the breaks she needed when she experienced attacks, or engaged in a regular

13   pervasive pattern of conduct tormenting her on account of her mental disability." *Roby, supra,* 146

14   Cal.App.4th at 77; Plt's Opp., p. 8:3-6.)  Plaintiff's distinction appears to be one without a difference,

15   as like *Roby* he admits that Mr. Wainwright never made any comments or jokes about his alleged

16   disabilities or about disabled individuals in general.  (Cava Depo., p. 72:20-25; 73:15-18; 76:16-24.)

17           Although Plaintiff contends that Mr. Wainwright sent an email questioning whether

18   he was "going off the deep end," Plaintiff admits that he only learned of the comment through the

19   discovery process in the current action.  (Cava Depo., p. 73:1-18.)  Thus, because he was unaware of

20   it at the time, it can not support his harassment claim.  *Kelly-Zurian, supra,* 22 Cal.App.4th at 409

21   (to be harassment the conduct or comments must permeate the "workplace").  Moreover, even if

22   Plaintiff had learned about it during the course of his employment, one isolated comment is clearly

23   neither sufficiently severe nor objectively offensive so as to establish an actionable hostile

24   environment claim.  *Vasquez v. County Of Los Angeles* (9th Cir. 2003) 349 F.3d 634, 642-644 (no

25   hostile work environment when plaintiff's supervisor made racially offensive remarks to plaintiff on

26

27   _____

    [3]  As noted in Defendants' moving papers, Plaintiff returned to work on January 17, 2005 and

28       worked only until January 28, 2005.  He then returned again in early August 2005, but worked
         only for one or two days.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

Case No. CGC-06-453469

4.

**DEFS WAINWRIGHT & NETVERSANT'S REPLY MPA ISO ITS MSJ AND/OR SUM ADJ OF ISSUES**

1   two occasions and regularly yelled at him in front of others); *Lyle v. Warner Brothers Television*

2   *Productions* (2006) 38 Cal.4th 264, 279 (conduct must be objectively offensive so as to protect

3   employers against claims that are frivolous or brought by hypersensitive employees such as Plaintiff

4   herein). As such, Plaintiff's claim for harassment is subject to summary judgment.

5

6

> **3.   Alternatively, All Of the Conduct Complained Of By Plaintiff Is Work-Related Conduct And Therefore Cannot Form the Basis Of A Claim For Harassment As A Matter Of Law.**

7          In their moving papers, Defendants noted that even if the conduct occurred as he now

8   contends, even Plaintiff admits that it was all work-related. (Cava Depo., p. 76:7-19.) As such, it

9   cannot form the basis of a claim for harassment. *Janken v. GM Hughes Electronics* (1996) 46

10   Cal.App.4th 55, 63-64 (work related conduct might amount to discrimination, but can not form the

11   basis of a claim for harassment); *Reno v. Baird* (1998) 18 Cal.4th 640, 657. Without any legal

12   authority and with no citation to evidence, Plaintiff makes a feeble attempt to distinguish *Janken*

13   and its progeny.

14          Specifically, Plaintiff contends that setting sales objectives and yelling at him at

15   meetings is "clearly not" personnel management. (Plt's Opp. p. 9:15-16.) To the contrary,

16   California law is clear that friction with one's boss, including job criticism and insults, is "simply not

17   actionable." *Pinero v. Specialty Restaurants Corp.* (2005) 130 Cal. App. 4th 635, 647. In fact, even

18   making threatening gestures, demeaning an employee, treating her with "scorn," calling her

19   "disgusting" and openly mocking her was held insufficient to establish workplace harassment – even

20   **"if motivated by bias."** *Roby, supra,* 163 Cal.App.4[th] at 74-75 (while plaintiff's supervisor

21   "obviously disliked, "shunned her," and "showed no compassion for her condition, neither cold

22   indifference nor lack of sensitivity toward a disabled employee can be alchemized into a claim of

23   hostile work environment. If such were the case, virtually every case of disability discrimination

24   could be parlayed into a supplementary damage claim for harassment.") For this alternative reason,

25   summary adjudication is properly granted on Plaintiff's third cause of action for disability

26   harassment.

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 3303
408 998 4150

5.

Case No. CGC-06-453469

**DEFS WAINWRIGHT & NETVERSANT'S REPLY MPA ISO ITS MSJ AND/OR SUM ADJ OF ISSUES**

**B.    Plaintiff's Ninth And Tenth Causes Of Action For Intentional And Negligent Infliction Of Emotional Distress Are Subject To Summary Adjudication.**

In his ninth and tenth causes of action, Plaintiff claims that Defendants intentionally or negligently engaged in conduct that caused him emotional distress. (Comp., ¶¶ 77, 83.) In his opposition to Defendants' motion on this issues, Plaintiff claims for the first time that individuals other than Peter Wainwright caused him emotional distress. (Cava Decl., ¶ 25; Sep. Stmt Undisputed Facts no. 10.) This is in *direct contradiction* to his deposition testimony, as when asked who besides Peter Wainwright engaged in conduct to cause him emotional distress, Plaintiff unequivocally responded "**I don't feel like anyone.**" (Cava Depo., p. 178:2-6.) Accordingly, Plaintiff's current allegations must be disregarded. *Visueta, supra,* 234 Cal. App. 3d at 1613 ("[a]dmissions or concessions made during the course of discovery govern and control over contrary declarations lodged at a hearing on a motion for summary judgment"); *Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create a triable issue of fact; contradictory, self-serving declarations should be disregarded); *Scheiding, supra,* 69 Cal.App.4th at 77 (Plaintiff cannot create a triable issue of fact by contradicting her prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (same).

**1.    Plaintiff's Claims For Infliction of Emotional Distress Are Preempted by the California Workers' Compensation Act.**

Again with little authority and no evidence, Plaintiff contends that his claims are not preempted by the Workers' Compensation Act because they do not fall within the "reasonably anticipated conditions of work." Perhaps not surprisingly, Plaintiff entirely fails to address the incontrovertible authority of the California Supreme Court "that actions such as demotion, transfer, discipline, and even the employer's attempt to force the employee into involuntary retirement, would be included within the ambit of workers' compensation." *Shoemaker v. Myers* (1990) 52 Cal.3d 1, 12-13; *Cole v. Fair Oaks Fire Protection District* (1987) 43 Cal.3d 148, 160.

Here, Plaintiff's sole complaint is that Mr. Wainwright "refused to credit Mr. Cava work performed," "placed him on a performance improvement plan," "advised him that he would have to forfeit all accounts," "took away" Plaintiff's two remaining accounts, refused "Mr. Cava the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

6.

Case No. CGC-06-453469

**DEFS WAINWRIGHT & NETVERSANT'S REPLY MPA ISO ITS MSJ AND/OR SUM ADJ OF ISSUES**

1  common practice of splitting accounts," and "created an unreasonable development expectation" for

2  him. [4] (Plt's Opp., p. 1:28-2:12.) Clearly, all of these allegations relate to conduct that occurs within

3  the normal employment relationship and thus fall within the ambit of the Workers' Compensation

4  Act. Significantly, it does not matter whether the employer's conduct is negligent or intentional or

5  whether or not the employee suffers physical injuries as a result of his emotional distress. *Livitsanos*

6  *v. Superior Court* (1992) 2 Cal.4th 744. Likewise, it does not matter whether "the employer's

7  conduct might be characterized as egregious and ulteriorly motivated." *Horn v. Bradco*

8  *International, Ltd.* (1991) 232 Cal.App.3d 653, 665. Accordingly, even though Plaintiff claims that

9  Defendants acted with discriminatory animus, their conduct is preempted by the exclusive remedy

10  provisions of the Act and thus subject to summary judgment. *Cole, supra*, 43 Cal.3d at 160.

11
12
### 2.    Alternatively, Plaintiff's Claims For Infliction of Emotional Distress Fail Because Only Personnel Management Activities Have Been Alleged.

13         In their moving papers, Defendants noted that even if the conduct alleged was not

14  preempted by the Workers' Compensation Act, Plaintiff's claims would nonetheless fail because

15  Plaintiff had not alleged and could not prove "outrageous conduct beyond the bounds of human

16  decency." *Janken, supra*, 46 Cal.App.4th at 80; *Davidson v. City of Westminster* (1982) 32 Cal.3d

17  197, 209 ("Conduct to be outrageous must be so extreme as to exceed all bounds of that usually

18  tolerated in a civilized community.") Plaintiff counters this argument, relying solely on *Argarwal v.*

19  *Johnson* (1979) 25 Cal.3d 932, that Mr. Wainwright's "verbal insults and abuse of power" meet the

20  standard of outrageous conduct under the circumstances. (Plt's Opp., p. 10:12-13.) Plaintiff's

21  argument in this regard is so outrageous that it is itself offensive.

22         In *Argarwal*, the defendant employer said to the plaintiff employee "[y]ou black

23  nigger, member of an inferior race, get out and do it." *Argarwal, supra*, 25 Cal.3d at 941. That

24  comment coupled, by sixteen months of conduct such as moving the employee to an office without

25

26  [4] Plaintiff modifies these facts slightly in his response to Defendants' material undisputed fact number 11, wherein he says that the supposedly unlawful conduct was terminating Plaintiff,
27  taking his accounts away and placing him on a plan. Regardless of how the facts are characterized, however, it is clear that the conduct at issue is nothing but normal workplace
28  actions such as those identified in *Shoemaker*.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

7.

Case No. CGC-06-453469

DEFS WAINWRIGHT & NETVERSANT'S REPLY MPA ISO ITS MSJ AND/OR SUM ADJ OF ISSUES

1   sufficient light, giving him marginal reviews and minimal raises despite superior performance,

2   allowing him to work only 2 hours of overtime while comparable employees had worked more than

3   500 in the same period, calling him a "son of a bitch," instructing the administrative staff not to help

4   him, and telling him that God would "punish him," was sufficient to establish a claim for emotional

5   distress. *Id.* at 942-943. Clearly, the conduct complained of here does not even come close to rising

6   to this level.

7          Specifically, Plaintiff admits that no one at NetVersant ever made any comments or

8   jokes about his alleged disabilities or about disabled individuals in general. (Cava Depo., p. 72:20-

9   25; 73:15-18; 76:16-24.) Likewise, he does not even allege that anyone said any epithets that

10  compare to the "nigger" comment alleged in *Argawal.* Accordingly, unlike *Argawal,* Plaintiff

11  cannot prove that the work-related conduct, such as taking away his accounts and terminating him

12  amounts to "outrageous conduct beyond the bounds of human decency" sufficient to support a claim

13  for intentional or negligent emotional distress.

14         In fact, Plaintiff does not even address the fact that this exact question was analyzed

15  by the Court in *Janken, supra,* wherein the Court held that the plaintiff could not base a claim on

16  "commonly necessary personnel actions such as termination, demotion and failed job assignments,

17  even if improper motivation [is alleged.](underline) *Id.* at 64, 79-80. The Court stated "[i]f personnel

18  management decisions are improperly motivated...the remedy is a suit against the employer for

19  discrimination," not for intentional infliction of emotional distress. *Id.*; *Shoemaker, supra,* 52 Cal.3d

20  1, 18 (discipline and criticism are a normal part of a work relationship and do not constitute

21  "outrageous" conduct, even though his supervisor allegedly stated that he wanted to cause plaintiff

22  "as much grief as possible"). As such, even assuming Plaintiff establishes an improper motive for

23  his alleged termination, his negligent and intentional infliction of emotional distress claims must fail.

24  *Id.*; *see also B & E Convalescent Ctr. v. State Comp. Ins. Fund* (1992) 8 Cal.App.4[th] 78 85-85 (race-

25  based termination not beyond bounds of human decency); *Buscemi v. McDonnell Douglas Corp.* (9th

26  Cir. 1984) 736 F.2d 1348, 1352 (applying California law, the court finds no "outrageous conduct"

27  where an employee was allegedly terminated on a pretext and in a "callous and insensitive manner").

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408.998.4150

8.

Case No. CGC-06-453469

DEFS WAINWRIGHT & NETVERSANT'S REPLY MPA ISO ITS MSJ AND/OR SUM ADJ OF ISSUES

1

**3.    Alternatively, Plaintiff's Cause Of Action For Negligent Infliction Of Emotional Distress Fails Because Defendants' Alleged Conduct Is Inherently Intentional, Not Negligent.**

2

3    Plaintiff admits in his opposition that a claim for negligent infliction of emotional

4    distress must be treated as a normal tort claim with all of the usual elements (duty, breach, causation

5    and damage) to be proven by Plaintiff.    *Klein v. Children's Hospital Medical Center* (1996)

6    Cal.App.4th 889, 894.    Interestingly, however, rather than actually submitting proof of these

7    elements, Plaintiff merely opines, again without authority, that "defendants' owed a duty to treat

8    [plaintiff] with special consideration." (Plt's Opp., p. 11:10-11.)  Plaintiff's opinion in this regard is

9    both flawed and insufficient to rebut Defendants' motion for summary judgment.

10    In addition, Plaintiff's attempts to distinguish *Semore v. Pool* (1990) 217 Cal.App.3d

11    1087, 1105, are unpersuasive.  In *Semore,* as in the case at hand, the conduct alleged (here fraud and

12    discrimination) was inherently intentional.  As such, the claims could not as a matter of law "support

13    a cause of action for negligent infliction of emotional distress."  *Id.*; *see also Edwards v. United*

14    *States Fid. & Guar. Co.* (N.D. CA 1994) 848 F.Supp. 1460, 1466 ("where the conduct is intentional,

15    it cannot be used as the basis for a negligent infliction of emotional distress claim.")  It is simply

16    irrelevant whether Plaintiff was disabled or whether Defendants knew of Plaintiff's disability, as

17    such knowledge would not change the fact that the underlying conduct claimed is inherently

18    intentional.  Thus, judgment is properly granted in favor of Defendants.

19    **III.    CONCLUSION**

20    For the foregoing reasons, Defendant respectfully requests that the Court grant its

21    motion for summary judgment or, in the alternative, summary adjudication of issues.

22    Dated: May 18, 2007

23

24

25    MICHELLE B. HEVERLY
     MICHAEL W. WARREN

26    LITTLER MENDELSON
     A Professional Corporation

27    Attorneys for Defendants
     NETVERSANT - NATIONAL, INC., PETER

28    WAINWRIGHT

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA  95113 2303
408 998 4150

Case No. CGC-06-453469

9.

DEFS WAINWRIGHT & NETVERSANT'S REPLY MPA ISO ITS MSJ AND/OR SUM ADJ OF ISSUES

# EXHIBIT -25

1   MICHELLE B. HEVERLY, Bar No. 178660
    MICHAEL W. WARREN, Bar No. 223642
2   LITTLER MENDELSON
    A Professional Corporation
3   50 West San Fernando Street, 14th Floor
    San Jose, CA 95113.2303
4   Telephone:    408.998.4150

5   Attorneys for Defendants
    NETVERSANT - NATIONAL, INC., PETER
6   WAINWRIGHT

7

ENDORSEL
F I L E D
San Francisco County Superior Court

MAY 1 8 2007

GORDON FARRELL, Clerk
By:_____ROSSALY DE LA VEGA_____
                        Deputy Clerk

8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                            COUNTY OF SAN FRANCISCO

10

11   MICHAEL CAVA,                          Case No.  CGC-06-453469

12              Plaintiff,                   **REPLY SEPARATE STATEMENT OF
                                            UNDISPUTED MATERIAL FACTS AND
13        v.                                 REFERENCE TO SUPPORTING
                                            EVIDENCE IN SUPPORT OF
14   NETVERSANT - NATIONAL, INC., a          DEFENDANTS PETER WAINWRIGHT
     Delaware corporation, dba              AND NETVERSANT'S MOTION FOR
15   NETVERSANT - SAN FRANCISCO, aka         SUMMARY JUDGMENT OR IN THE
     NETVERSANT; PETER WAINWRIGHT,          ALTERNATIVE, SUMMARY
16   an individual; and DOES 1 through 40,   ADJUDICATION OF ISSUES**
     inclusive,
17                                           Date:      May 23, 2007
                Defendants.                  Time:      9:30 a.m.
18                                           Dept:      301
                                             Judge:     Hon. Peter Busch
19

20

21             Defendants Peter Wainwright and NetVersant – National, Inc., submit the following

22   statement of undisputed material facts together with references to supporting evidence pursuant to

23   California Code of Civil Procedure section 437c(b).  The facts contain every essential element to

24   entitle Defendants to prevail on the present motion.

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

# PLAINTIFF'S THIRD CAUSE OF ACTION

## HARASSMENT

**ISSUE 1:** **Plaintiff's claim for disability harassment is subject to summary adjudication because the conduct alleged is neither severe nor pervasive.**

| | Undisputed Material Fact and Supporting Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|---|
| 1. | Plaintiff claims that he was harassed by Defendant Peter Wainwright, and only Mr. Wainwright.<br><br>Complaint ("Comp."), ¶¶ 36-37; Cava Depo., p. 72:18-19; 177:24-178:1. | Undisputed. | **Undisputed.** |
| 2. | Plaintiff claims that Mr. Wainwright harassed him when he: (1) refused to reassign Plaintiff accounts following his leave of absence; (2) set unreasonably high sales expectations for Plaintiff; and (3) raised his voice at Plaintiff, called Plaintiff's performance "underwhelming," told Plaintiff that he "couldn't be counted on," and generally talked to Plaintiff in a rude and abusive manner.<br><br>Cava Depo., p. 72:5-17; 73:19-76:6; 99:19-101:6; Exh. 9, ¶¶ 13 and 14. | Disputed. The conduct of Peter Wainwright intentionally singled Plaintiff out because of his disability, taking accounts away, placing him on plan, intimidating him and causing his termination because of his disability has caused plaintiff severe emotional distress. Mr. Wainwright intentional harassment of plaintiff on account of his disability is apparent from his referring to plaintiff as "spooky" and going "off the deep end."<br><br>Cava Decl. ¶25; Cotter Depo., Ex. 19. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony.<br><br>Moreover, Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez v. San Jose Police Department* (1999) 71 Cal. App. 4th 853, 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding v. Dinwiddie Const. Co.* (1999) 69 Cal.App.4th 64, 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.) |

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEFS' MSJ/SUM ADJ OF ISSUES

| | **Undisputed Material Fact and Supporting Evidence** | **Plaintiff's Response** | **Defendant's Reply to Plaintiff's Response** |
|---|---|---|---|
| | | | In addition, Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact. CCP § 437c(p)(2).<br><br>Finally, Plaintiff admitted in his deposition that he did not learn of the "spooky" comment until sometime during the course of discovery in connection with the litigation, which was at least a year after his employment ended. As such, it cannot form the basis of his current claims. Cava Depo., p. 73:1-18. |
| 3. | All of the conduct about which Plaintiff complains occurred in the first three days of August 2005.<br><br>Cava Depo., p. 72:5-17; 73:19-76:6; 99:19-101:6; Exh. 9, ¶¶ 13 and 14. | Disputed. The misconduct of Peter Wainwright relating to plaintiff's disability began from the moment Mr. Wainwright learned of the disability.<br><br>Compl., ¶36. | **This fact remains undisputed.** Plaintiff has presented no evidence that disputes this fact. Plaintiff cannot rely on allegations in his Complaint to create a triable issue of fact. CCP 437c(p)(2); *see also College Hospital, Inc. v. Superior Court* (1994) 8 Cal.4th 704, 720.<br><br>Moreover, Plaintiff testified at his deposition as follows:<br><br>"Q. And it's true that all of this conduct, the allegedly harassing conduct occurred on the 1st or 2nd of August; is that correct?<br><br>A. Yes – Also, well on August 3rd, also. He had agreed to consider reassigning Maximus if the rep was willing to. I had worked it out with the rep that he had no objections to it, which was Kevin Bryant. And then on the – on August 3rd he ruled that in fact that was not going to happen.<br><br>Q. Okay, So it happened on August 1st, 2nd and 3rd? |

Case No. CGC-06-453469

**SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEFS' MSJ/SUM ADJ OF ISSUES**

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

| Undisputed Material Fact and Supporting Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| | | A. Yes." |
| | | (Cava Depo., 75:19-76:6.) Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony. *See Scheiding, supra,* 69 Cal.App.4th at 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.) |
| | | Moreover, Plaintiff cannot simply dispute a fact without setting forth specific facts showing that triable issue of material fact exists. CCP 437c(p)(2). |
| | | In addition, |
| 4. | Plaintiff admits that Mr. Wainwright never made any comments or jokes about his alleged disabilities or about disabled individuals in general.<br><br>Cava Depo., p. 72:20-25; 73:15-18; 76:16-24. | Disputed. Mr. Wainwright intentional harassment of plaintiff on account of his disability is apparent from his referring to plaintiff as "spooky" and going "off the deep end."<br><br>Cava Decl., ¶25; Cotter Depo., Ex. 19. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony.<br><br>Moreover, Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez v. San Jose Police Department* (1999) 71 Cal. App. 4th 853, 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4th at 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable |

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEFS' MSJ/SUM ADJ OF ISSUES

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408.998.4150

| Undisputed Material Fact and Supporting Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| | | issue of fact.) |
| | | Furthermore, admissions made during the course of discovery govern and control over contrary declarations lodged at a hearing on a motion for summary judgment. *See Visueta v. General Motors Corp.* (1991) 234 Cal. App. 3d 1609, 1613. As such, Plaintiff's admission during his deposition that Mr. Wainwright never made any comments or jokes about his alleged disabilities or about disabled individuals in general governs and controls over Plaintiff's contradictory declaration.

In addition, Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact. CCP § 437c(p)(2).

Finally, Plaintiff admitted in his deposition that he did not learn of the "spooky" comment until sometime during the course of discovery in connection with the litigation, which was at least a year after his employment ended. As such, it cannot form the basis of his current claims. Cava Depo., p. 73:1-18. |

**ISSUE 2:**    Alternatively, Plaintiff's claim for harassment fails because the conduct complained of is commonly necessary personnel management activity.

| Undisputed Material Fact and Supporting Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| 5. Plaintiff claims that he was harassed by Mr. Wainwright, and only Mr. Wainwright.

Comp., ¶¶ 36-37; Cava Depo., p. 72:18-19; 177:24-178:1. | Undisputed. | **Undisputed.** |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

Case No. CGC-06-453469

**SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEFS' MSJ/SUM ADJ OF ISSUES**

| | **Undisputed Material Fact and Supporting Evidence** | **Plaintiff's Response** | **Defendant's Reply to Plaintiff's Response** |
|---|---|---|---|
| 6. | Plaintiff claims that Mr. Wainwright harassed him when he: (1) refused to reassign Plaintiff accounts following his leave of absence; (2) set unreasonably high sales expectations for Plaintiff; and (3) raised his voice at Plaintiff, called Plaintiff's performance "underwhelming," told Plaintiff that he "couldn't be counted on," and generally talked to Plaintiff in a rude and abusive manner.<br><br>Cava Depo., p. 72:5-17; 73:19-76:6; 99:19-101:6; Exh. 9, ¶¶ 13 and 14. | Disputed. Additionally, the conduct of Peter Wainwright intentionally singled Plaintiff out because of his disability, taking accounts away, placing him on plan, intimidating him and causing his termination because of his disability has caused plaintiff severe emotional distress. Mr. Wainwright intentional harassment of plaintiff on account of his disability is apparent from his referring to plaintiff as "spooky" and going "off the deep end."<br><br>Cava Decl., ¶25; Cotter Depo., Ex. 19. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony.<br><br>Moreover, Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *See Scheiding, supra,* 69 Cal.App.4th at 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.)<br><br>In addition, Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact. CCP § 437c(p)(2).<br><br>Finally, Plaintiff admitted in his deposition that he did not learn of the "spooky" comment until sometime during the course of discovery in connection with the litigation, which was at least a year after his employment ended. As such, it cannot form the basis of his current claims. Cava Depo., p. 73:1-18. |
| 7. | All of the conduct about which Plaintiff complains occurred in the first three | Disputed. The misconduct of Peter Wainwright relating to | **This fact remains undisputed.** Plaintiff has presented no evidence that disputes this fact. Plaintiff cannot |

**Case No. CGC-06-453469**

**SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEFS' MSJ/SUM ADJ OF ISSUES**

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA  95113-2303
408 998 4150

| Undisputed Material Fact and Supporting Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| days of August 2005.<br><br>Cava Depo., p. 72:5-17; 73:19-76:6; 99:19-101:6; Exh. 9, ¶¶ 13 and 14. | plaintiff's disability began from the moment Mr. Wainwright learned of the disability.<br><br>Compl., ¶36. | rely on allegations in his Complaint to create a triable issue of fact. CCP 437c(p)(2); *see also College Hospital, Inc. v. Superior Court* (1994) 8 Cal.4th 704, 720.<br><br>Moreover, Plaintiff cannot simply dispute a fact without setting forth specific facts showing that triable issue of material fact exists. CCP 437c(p)(2).<br><br>In addition, Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony. *See Scheiding, supra,* 69 Cal.App.4th at 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.) |
| 8. | Plaintiff admits that Mr. Wainwright never made any comments or jokes about his alleged disabilities or about disabled individuals in general.<br><br>Cava Depo., p. 72:20-25; 73:15-18; 76:16-24. | Disputed. Mr. Wainwright intentional harassment of plaintiff on account of his disability is apparent from his referring to plaintiff as "spooky" and going "off the deep end."<br><br>Cava Decl., ¶25; Cotter Depo., Ex. 19. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony.<br><br>Moreover, Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *Scheiding, supra,* 69 Cal.App.4th at 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408.998.4150

7.

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEFS' MSJ/SUM ADJ OF ISSUES

| | Undisputed Material Fact and Supporting Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|---|
| | | | rely on contradictions in his own testimony to create a triable issue of fact.) |
| | | | Furthermore, admissions made during the course of discovery govern and control over contrary declarations lodged at a hearing on a motion for summary judgment. *See Visueta v. General Motors Corp.* (1991) 234 Cal. App. 3d 1609, 1613.  As such, Plaintiff's admission during his deposition that Mr. Wainwright never made any comments or jokes about his alleged disabilities or about disabled individuals in general governs and controls over Plaintiff's contradictory declaration. |
| | | | In addition, Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact.  CCP § 437c(p)(2). |
| | | | Finally, Plaintiff admitted in his deposition that he did not learn of the "spooky" comment until sometime during the course of discovery in connection with the litigation, which was at least a year after his employment ended.  As such, it cannot form the basis of his current claims.  Cava Depo., p. 73:1-18. |
| 9. | Plaintiff admits that the events of August 1-3, 2006 all amounted to work related comments that were a "demeaning of [Plaintiff's] abilities and performance."<br><br>Cava Depo., p. 76:7-19. | Disputed.  The conduct of Peter Wainwright, and others involved in plaintiff's termination, and Wainwright's demeaning manner in which he singled Plaintiff out because of his disability, taking accounts away, placing | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony.<br><br>Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA  95113-2303
408 998 4150

Case No.  CGC-06-453469

**SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEFS' MSJ/SUM ADJ OF ISSUES**

| Undisputed Material Fact and Supporting Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| | him on plan, intimidating him and causing his termination because of his disability has caused plaintiff severe emotional distress. Mr. Wainwright intentional ill will toward plaintiff and his disability is apparent from his referring to plaintiff as "spooky" and going "off the deep end." Cava Decl., ¶25; Cotter Depo., Ex. 19. | declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4th at 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.)

Furthermore, admissions made during the course of discovery govern and control over contrary declarations lodged at a hearing on a motion for summary judgment. *See Visueta v. General Motors Corp.* (1991) 234 Cal. App. 3d 1609, 1613. As such, Plaintiff's admission during his deposition that the relevant events all amounted to work related comments governs and controls over Plaintiff's contradictory declaration.

In addition, Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact. CCP § 437c(p)(2).

Plaintiff admitted also in his deposition that he did not learn of the "spooky" comment until sometime during the course of discovery in connection with the litigation, which was at least a year after his employment ended. As such, it cannot form the basis of his current claims. Cava Depo., p. 73:1-18. |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

9.

Case No. CGC-06-453469

| Undisputed Material Fact and Supporting Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| | | Finally, Plaintiff cannot simply dispute a fact without setting forth specific facts showing that a triable issue of material fact exists. CCP 437c(p)(2). Plaintiff fails to specifically identify "others involved in Plaintiff's termination" in this response. It is undisputed that Plaintiff claims that only Mr. Wainwright, and no one else, engaged in allegedly harassing conduct towards him. (*See* Plaintiff's response to Undisputed Fact No. 5.) |

## PLAINTIFF'S NINTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

__ISSUE 3:__    **Plaintiff's claim for intentional infliction of emotional distress is subject to summary adjudication because it is preempted by the California Workers' Compensation Act.**

| | Undisputed Material Fact and Supporting Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|---|
| 10. | Plaintiff contends that Defendant Peter Wainwright engaged in conduct that was intended to cause him emotional distress.<br><br>Comp., ¶ 77; Cava Depo., p. 79:6-80:15; 178:2-6; Exh. 9. | Disputed. Plaintiff also alleges that other individuals at Netversant caused plaintiff severe emotional distress, including all who were responsible for discriminating and terminating plaintiff for unlawful reasons and in violation of public policy. This claim is supported by both the allegations.<br><br>Comp. ¶77; Cava Decl., ¶25. | **This fact remains undisputed.** Plaintiff has presented no evidence that disputes this fact. Plaintiff cannot rely on allegations in his Complaint to create a triable issue of fact. CCP 437c(p)(2); *see also College Hospital, Inc. v. Superior Court* (1994) 8 Cal.4th 704, 720.<br><br>Moreover, Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony.<br><br>Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEFS' MSJ/SUM ADJ OF ISSUES

| Undisputed Material Fact and Supporting Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| | | rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4[th] at 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.)

Furthermore, admissions made during the course of discovery govern and control over contrary declarations lodged at a hearing on a motion for summary judgment. *See Visueta v. General Motors Corp.* (1991) 234 Cal. App. 3d 1609, 1613. As such, Plaintiff's admission during his deposition that only Defendant Peter Wainwright engaged in conduct that was intended to cause him emotional distress governs and controls over Plaintiff's contradictory declaration.

In addition, Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact. CCP § 437c(p)(2).

Finally, Plaintiff cannot simply dispute a fact without setting forth specific facts showing that a triable issue of material fact exists. CCP 437c(p)(2). Plaintiff fails to specifically identify "other individuals" in this response. It is undisputed that Plaintiff claims that only Mr. Wainwright, and no one else, engaged in allegedly harassing conduct towards him. (*See* Plaintiff's |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEFS' MSJ/SUM ADJ OF ISSUES

| | Undisputed Material Fact and Supporting Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|---|
| | | | response to Undisputed Fact No. 5.) |
| 11. | Plaintiff claims that Mr. Wainwright engaged in conduct that was intended to cause him emotional distress when Mr. Wainwright: (1) refused to reassign Plaintiff's accounts following his leave of absence; (2) set unreasonably high sales expectations for Plaintiff; and (3) raised his voice at Plaintiff, called Plaintiff's performance "underwhelming," told Plaintiff that he "couldn't be counted on," and generally talked to Plaintiff in a rude and abusive manner.<br><br>Cava Depo., p. 72:5-17; 73:19-76:6; 99:19-101:6; Exh. 9, ¶¶ 13 and 14. | Disputed. The conduct of Peter Wainwright, and others involved in plaintiff's termination, and Wainwright's demeaning manner in which he singled Plaintiff out because of his disability, taking accounts away, placing him on plan, intimidating him and causing his termination because of his disability has caused plaintiff severe emotional distress. Mr. Wainwright intentional ill will toward plaintiff and his disability is apparent from his referring to plaintiff as "spooky" and going "off the deep end."<br><br>Cava Decl., ¶25; Cotter Depo., Ex. 19. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony.<br><br>Moreover, Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4[th] at 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.)<br><br>In addition, Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact. CCP § 437c(p)(2).<br><br>Plaintiff also admitted in his deposition that he did not learn of the "spooky" comment until sometime during the course of discovery in connection with the litigation, which was at least a year after his employment ended. As such, it cannot form the basis of his current claims. Cava Depo., p. 73:1-18.<br><br>Finally, Plaintiff cannot simply |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408.998.4150

Case No. CGC-06-453469

**SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEFS' MSJ/SUM ADJ OF ISSUES**

| Undisputed Material Fact and Supporting Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| | | dispute a fact without setting forth specific facts showing that a triable issue of material fact exists. CCP 437c(p)(2). Plaintiff fails to specifically identify "others involved in Plaintiff's termination" in this response. It is undisputed that Plaintiff claims that only Mr. Wainwright, and no one else, engaged in allegedly harassing conduct towards him. (*See* Plaintiff's response to Undisputed Fact No. 5.) |

**ISSUE 4:**    **Alternatively, Plaintiff's claim for intentional infliction of emotional distress is subject to summary adjudication because only personnel management activities have been alleged.**

| | Undisputed Material Fact and Supporting Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|---|
| 12. | Plaintiff contends that Defendant Peter Wainwright engaged in conduct that was intended to cause him emotional distress.<br><br>Comp., ¶ 77; Cava Depo., p. 79:6-80:15; 178:2-6; Exh. 9. | Disputed. Further, Plaintiff's Complaint specifically alleges, as a basis for this claim, his wrongful termination in violation of public policy.<br><br>Comp. ¶77; Cava Decl., ¶25. | **This fact remains undisputed.** Plaintiff has presented no evidence that disputes this fact. Plaintiff cannot rely on allegations in his Complaint to create a triable issue of fact. CCP 437c(p)(2); *see also College Hospital, Inc. v. Superior Court* (1994) 8 Cal.4th 704, 720.<br><br>Moreover, Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony.<br><br>Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

Case No. CGC-06-453469

**SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEFS' MSJ/SUM ADJ OF ISSUES**

| Undisputed Material Fact and Supporting Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| | | declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4[th] at 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.)<br><br>In addition, Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact. CCP § 437c(p)(2). |
| 13. | Plaintiff claims that Mr. Wainwright engaged in conduct that was intended to cause him emotional distress when Mr. Wainwright: (1) refused to reassign Plaintiff's accounts following his leave of absence; (2) set unreasonably high sales expectations for Plaintiff; and (3) raised his voice at Plaintiff, called Plaintiff's performance "underwhelming," told Plaintiff that he "couldn't be counted on," and generally talked to Plaintiff in a rude and abusive manner.<br><br>Cava Depo., p. 72:5-17; 73:19-76:6; 99:19-101:6; Exh. 9, ¶¶ 13 and 14. | Disputed. The conduct of Peter Wainwright, and others involved in plaintiff's termination, and Wainwright's demeaning manner in which he singled Plaintiff out because of his disability, taking accounts away, placing him on plan, intimidating him and causing his termination because of his disability has caused plaintiff severe emotional distress. Mr. Wainwright intentional ill will toward plaintiff and his disability is apparent from his referring to plaintiff as "spooky" and going "off the deep end."<br><br>Cava Decl., ¶25; Cotter Depo., Ex. 19. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony.<br><br>Moreover, Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4[th] at 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.)<br><br>In addition, Plaintiff's response is nothing more than a legal argument, which is insufficient to create a |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408.998.4150

Case No.  CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEFS' MSJ/SUM ADJ OF ISSUES

| Undisputed Material Fact and Supporting Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| | | dispute regarding the underlying undisputed material fact. CCP § 437c(p)(2).<br><br>Plaintiff also admitted in his deposition that he did not learn of the "spooky" comment until sometime during the course of discovery in connection with the litigation, which was at least a year after his employment ended. As such, it cannot form the basis of his current claims. Cava Depo., p. 73:1-18.<br><br>Finally, Plaintiff cannot simply dispute a fact without setting forth specific facts showing that a triable issue of material fact exists. CCP 437c(p)(2). Plaintiff fails to specifically identify "others involved in Plaintiff's termination" in this response. It is undisputed that Plaintiff claims that only Mr. Wainwright, and no one else, engaged in allegedly harassing conduct towards him. (*See* Plaintiff's response to Undisputed Fact No. 5.) |

## PLAINTIFF'S TENTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

**ISSUE 5:**    **Plaintiff's claim for negligent infliction of emotional distress is subject to summary adjudication because it is preempted by the California Workers' Compensation Act.**

| Undisputed Material Fact and Supporting Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| 14. Plaintiff contends that Defendant Peter Wainwright engaged in conduct that was done "with reckless disregard of the probability of causing | Disputed. Further, Plaintiff's Complaint specifically alleges, as a basis for this claim, his wrongful termination in violation | **This fact remains undisputed.** Plaintiff has presented no evidence that disputes this fact. Plaintiff cannot rely on allegations in his Complaint to create a triable issue of fact. CCP 437c(p)(2); *see also College Hospital,* |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408.998.4150

Case No. CGC-06-453469

**SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEFS' MSJ/SUM ADJ OF ISSUES**

| | Undisputed Material Fact and Supporting Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|---|
| | him emotional distress." <br><br>Comp., ¶ 83; Cava Depo., p. 79:6-80:15; 178:2-6; Exh. 9. | of public policy. <br><br>Comp. ¶83; Cava Decl., ¶25. | *Inc. v. Superior Court* (1994) 8 Cal.4[th] 704, 720. <br><br>Moreover, Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony. <br><br>Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4[th] at 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.) <br><br>In addition, Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact. CCP § 437c(p)(2). |
| 15. | Plaintiff claims that Mr. Wainwright engaged in conduct with reckless disregard for causing him emotional distress when Mr. Wainwright: (1) refused to reassign Plaintiff's accounts following his leave of absence; (2) set unreasonably high sales | Disputed. The conduct of Peter Wainwright, and others involved in plaintiff's termination, and Wainwright's demeaning manner in which he singled Plaintiff out because of his disability, taking accounts away, placing him on plan, | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony. <br><br>Moreover, Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus |

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEFS' MSJ/SUM ADJ OF ISSUES

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408.998.4150

| Undisputed Material Fact and Supporting Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| expectations for Plaintiff; and (3) raised his voice at Plaintiff, called Plaintiff's performance "underwhelming," told Plaintiff that he "couldn't be counted on," and generally talked to Plaintiff in a rude and abusive manner.<br><br>Cava Depo., p. 72:5-17; 73:19-76:6; 99:19-101:6; Exh. 9, ¶¶ 13 and 14. | intimidating him and causing his termination because of his disability has caused plaintiff severe emotional distress. Mr. Wainwright intentional ill will toward plaintiff and his disability is apparent from his referring to plaintiff as "spooky" and going "off the deep end."<br><br>Cava Decl., ¶83; Cava Decl., ¶25; Cotter Depo., Ex. 19. | disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4th at 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.)<br><br>In addition, Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact. CCP § 437c(p)(2).<br><br>Plaintiff also admitted in his deposition that he did not learn of the "spooky" comment until sometime during the course of discovery in connection with the litigation, which was at least a year after his employment ended. As such, it cannot form the basis of his current claims. Cava Depo., p. 73:1-18.<br><br>Finally, Plaintiff cannot simply dispute a fact without setting forth specific facts showing that a triable issue of material fact exists. CCP 437c(p)(2). Plaintiff fails to specifically identify "others involved in Plaintiff's termination" in this response. It is undisputed that Plaintiff claims that only Mr. Wainwright, and no one else, engaged in allegedly harassing conduct towards him. (*See* Plaintiff's response to Undisputed Fact No. 5.) |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

Case No. CGC-06-453469

**SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEFS' MSJ/SUM ADJ OF ISSUES**

**ISSUE 6:   Alternatively, Plaintiff's claim for negligent infliction of emotional distress is subject to summary adjudication because only personnel management activities have been alleged.**

| | Undisputed Material Fact and Supporting Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|---|
| 16. | Plaintiff contends that Defendant Peter Wainwright engaged in conduct that was done "with reckless disregard of the probability of causing him emotional distress."<br><br>Comp., ¶ 83; Cava Depo., p. 79:6-80:15; 178:2-6; Exh. 9. | Disputed. Further, Plaintiff's Complaint specifically alleges, as a basis for this claim, his wrongful termination in violation of public policy.<br><br>Comp. ¶83; Cava Decl., ¶25 | **This fact remains undisputed.** Plaintiff has presented no evidence that disputes this fact. Plaintiff cannot rely on allegations in his Complaint to create a triable issue of fact. CCP 437c(p)(2).<br><br>Moreover, Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony.<br><br>Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4th at 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.)<br><br>In addition, Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact. CCP § 437c(p)(2). |
| 17. | Plaintiff claims that Mr. Wainwright engaged in conduct with reckless | Disputed. The conduct of Peter Wainwright, and others involved in | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, which is based on |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408 998-4150

Case No.  CGC-06-453469

**SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEFS' MSJ/SUM ADJ OF ISSUES**

| Undisputed Material Fact and Supporting Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| disregard for causing him emotional distress when Mr. Wainwright: (1) refused to reassign Plaintiff's accounts following his leave of absence; (2) set unreasonably high sales expectations for Plaintiff; and (3) raised his voice at Plaintiff, called Plaintiff's performance "underwhelming," told Plaintiff that he "couldn't be counted on," and generally talked to Plaintiff in a rude and abusive manner.<br><br>Cava Depo., p. 72:5-17; 73:19-76:6; 99:19-101:6; Exh. 9, ¶¶ 13 and 14. | plaintiff's termination, and Wainwright's demeaning manner in which he singled Plaintiff out because of his disability, taking accounts away, placing him on plan, intimidating him and causing his termination because of his disability has caused plaintiff severe emotional distress. Mr. Wainwright intentional ill will toward plaintiff and his disability is apparent from his referring to plaintiff as "spooky" and going "off the deep end."<br><br>Cava Decl., ¶83; Cava Decl., ¶25; Cotter Depo., Ex. 19. | Plaintiff's own prior deposition testimony.<br><br>Moreover, Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4th at 77 (Plaintiff cannot create issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create issue of fact.)<br><br>In addition, Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact. CCP § 437c(p)(2).<br><br>Plaintiff also admitted in his deposition that he did not learn of the "spooky" comment until sometime during the course of discovery in connection with the litigation, which was at least a year after his employment ended. As such, it cannot form the basis of his current claims. Cava Depo., p. 73:1-18.<br><br>Finally, Plaintiff cannot simply dispute a fact without setting forth specific facts showing that a triable issue of material fact exists. CCP 437c(p)(2). Plaintiff fails to specifically identify "others involved |

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEFS' MSJ/SUM ADJ OF ISSUES

| Undisputed Material Fact and Supporting Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| | | in Plaintiff's termination" in this response. It is undisputed that Plaintiff claims that only Mr. Wainwright, and no one else, engaged in allegedly harassing conduct towards him. (*See* Plaintiff's response to Undisputed Fact No. 5.) |

**ISSUE 7:** Alternatively, Plaintiff's claim for negligent infliction of emotional distress is subject to summary adjudication because the conduct alleged is inherently intentional.

| | Undisputed Material Fact and Supporting Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|---|
| 18. | Plaintiff contends that Defendant Peter Wainwright engaged in conduct that was done "with reckless disregard of the probability of causing him emotional distress." <br><br> Comp., ¶ 83; Cava Depo., p. 79:6-80:15; 178:2-6; Exh. 9. | Disputed. Further, Plaintiff's Complaint specifically alleges, as a basis for this claim, his wrongful termination in violation of public policy. <br><br> Comp. ¶83; Cava Decl., ¶25. | **This fact remains undisputed.** Plaintiff has presented no evidence that disputes this fact. Plaintiff cannot rely on allegations in his Complaint to create a triable issue of fact. CCP 437c(p)(2); *see also College Hospital, Inc. v. Superior Court* (1994) 8 Cal.4th 704, 720. <br><br> Moreover, Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony. <br><br> Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4th at 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose CA 95113 2303
408 998 4150

Case No. CGC-06-453469

**SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEFS' MSJ/SUM ADJ OF ISSUES**

| | **Undisputed Material Fact and Supporting Evidence** | **Plaintiff's Response** | **Defendant's Reply to Plaintiff's Response** |
|---|---|---|---|
| | | | contradictions in his own testimony to create a triable issue of fact.)<br><br>In addition, Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact. CCP § 437c(p)(2). |
| 19. | Plaintiff claims that Mr. Wainwright engaged in conduct with reckless disregard for causing him emotional distress when Mr. Wainwright: (1) refused to reassign Plaintiff's accounts following his leave of absence; (2) set unreasonably high sales expectations for Plaintiff; and (3) raised his voice at Plaintiff, called Plaintiff's performance "underwhelming," told Plaintiff that he "couldn't be counted on," and generally talked to Plaintiff in a rude and abusive manner.<br><br>Cava Depo., p. 72:5-17; 73:19-76:6; 99:19-101:6; Exh. 9, ¶¶ 13 and 14. | Disputed. The conduct of Peter Wainwright, and others involved in plaintiff's termination, and Wainwright's demeaning manner in which he singled Plaintiff out because of his disability, taking accounts away, placing him on plan, intimidating him and causing his termination because of his disability has caused plaintiff severe emotional distress. Mr. Wainwright intentional ill will toward plaintiff and his disability is apparent from his referring to plaintiff as "spooky" and going "off the deep end."<br><br>Cava Decl., ¶25; Cotter Depo., Ex. 19. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony.<br><br>Moreover, Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4th at 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.)<br><br>In addition, Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact. CCP § 437c(p)(2).<br><br>Plaintiff also admitted in his deposition that he did not learn of the "spooky" comment until sometime |

LITTLER MENDELSON<br>A PROFESSIONAL CORPORATION<br>50 West San Fernando Street<br>14th Floor<br>San Jose, CA 95113-2303<br>408 998 4150

Case No. CGC-06-453469

**SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEFS' MSJ/SUM ADJ OF ISSUES**

| Undisputed Material Fact and Supporting Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| | | during the course of discovery in connection with the litigation, which was at least a year after his employment ended. As such, it cannot form the basis of his current claims. Cava Depo., p. 73:1-18.<br><br>Finally, Plaintiff cannot simply dispute a fact without setting forth specific facts showing that a triable issue of material fact exists. CCP 437c(p)(2). Plaintiff fails to specifically identify "others involved in Plaintiff's termination" in this response. It is undisputed that Plaintiff claims that only Mr. Wainwright, and no one else, engaged in allegedly harassing conduct towards him. (*See* Plaintiff's response to Undisputed Fact No. 5.) |

Dated: May 18, 2007

MICHELLE B. HEVERLY
MICHAEL W. WARREN
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
NETVERSANT - NATIONAL, INC., PETER
WAINWRIGHT

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

22.

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEFS' MSJ/SUM ADJ OF ISSUES