# EXHIBIT -25

1  MICHELLE B. HEVERLY, Bar No. 178660
   MICHAEL W. WARREN, Bar No. 223642
2  LITTLER MENDELSON
   A Professional Corporation
3  50 West San Fernando Street, 14th Floor
   San Jose, CA 95113.2303
4  Telephone:   408.998.4150

5  Attorneys for Defendants
   NETVERSANT - NATIONAL, INC., PETER
6  WAINWRIGHT

7

ENDORSED
F I L E D
San Francisco County Superior Court

MAY 1 8 2007

GORDON PARK-LI, Clerk
By:_____ROSSALY DE LA VEGA
                  Deputy Clerk

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     COUNTY OF SAN FRANCISCO

10

11  MICHAEL CAVA,                          Case No.  CGC-06-453469

12              Plaintiff,                 **REPLY SEPARATE STATEMENT OF**
                                           **UNDISPUTED MATERIAL FACTS AND**
13       v.                                **REFERENCE TO SUPPORTING**
                                           **EVIDENCE IN SUPPORT OF**
14  NETVERSANT - NATIONAL, INC., a         **DEFENDANTS PETER WAINWRIGHT**
    Delaware corporation, dba              **AND NETVERSANT'S MOTION FOR**
15  NETVERSANT - SAN FRANCISCO, aka        **SUMMARY JUDGMENT OR IN THE**
    NETVERSANT; PETER WAINWRIGHT,          **ALTERNATIVE, SUMMARY**
16  an individual; and DOES 1 through 40,  **ADJUDICATION OF ISSUES**
    inclusive,
17                                         Date:     May 23, 2007
            Defendants.                    Time:     9:30 a.m.
18                                         Dept:     301
                                           Judge:    Hon. Peter Busch
19

20

21              Defendants Peter Wainwright and NetVersant – National, Inc., submit the following

22  statement of undisputed material facts together with references to supporting evidence pursuant to

23  California Code of Civil Procedure section 437c(b).  The facts contain every essential element to

24  entitle Defendants to prevail on the present motion.

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

Case No. CGC-06-453469

## PLAINTIFF'S THIRD CAUSE OF ACTION

## HARASSMENT

**ISSUE 1:** **Plaintiff's claim for disability harassment is subject to summary adjudication because the conduct alleged is neither severe nor pervasive.**

| | Undisputed Material Fact and Supporting Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|---|
| 1. | Plaintiff claims that he was harassed by Defendant Peter Wainwright, and only Mr. Wainwright.<br><br>Complaint ("Comp."), ¶¶ 36-37; Cava Depo., p. 72:18-19; 177:24-178:1. | Undisputed. | **Undisputed.** |
| 2. | Plaintiff claims that Mr. Wainwright harassed him when he: (1) refused to reassign Plaintiff accounts following his leave of absence; (2) set unreasonably high sales expectations for Plaintiff; and (3) raised his voice at Plaintiff, called Plaintiff's performance "underwhelming," told Plaintiff that he "couldn't be counted on," and generally talked to Plaintiff in a rude and abusive manner.<br><br>Cava Depo., p. 72:5-17; 73:19-76:6; 99:19-101:6; Exh. 9, ¶¶ 13 and 14. | Disputed. The conduct of Peter Wainwright intentionally singled Plaintiff out because of his disability, taking accounts away, placing him on plan, intimidating him and causing his termination because of his disability has caused plaintiff severe emotional distress. Mr. Wainwright intentional harassment of plaintiff on account of his disability is apparent from his referring to plaintiff as "spooky" and going "off the deep end."<br><br>Cava Decl. ¶25; Cotter Depo., Ex. 19. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony.<br><br>Moreover, Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez v. San Jose Police Department* (1999) 71 Cal. App. 4th 853, 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding v. Dinwiddie Const. Co.* (1999) 69 Cal.App.4th 64, 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.) |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

Case No. CGC-06-453469

**SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEFS' MSJ/SUM ADJ OF ISSUES**

| Undisputed Material Fact and Supporting Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| | | In addition, Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact. CCP § 437c(p)(2). |
| | | Finally, Plaintiff admitted in his deposition that he did not learn of the "spooky" comment until sometime during the course of discovery in connection with the litigation, which was at least a year after his employment ended. As such, it cannot form the basis of his current claims. Cava Depo., p. 73:1-18. |
| 3. All of the conduct about which Plaintiff complains occurred in the first three days of August 2005.<br><br>Cava Depo., p. 72:5-17; 73:19-76:6; 99:19-101:6; Exh. 9, ¶¶ 13 and 14. | Disputed. The misconduct of Peter Wainwright relating to plaintiff's disability began from the moment Mr. Wainwright learned of the disability.<br><br>Compl., ¶36. | **This fact remains undisputed.** Plaintiff has presented no evidence that disputes this fact. Plaintiff cannot rely on allegations in his Complaint to create a triable issue of fact. CCP 437c(p)(2); *see also College Hospital, Inc. v. Superior Court* (1994) 8 Cal.4th 704, 720.<br><br>Moreover, Plaintiff testified at his deposition as follows:<br><br>"Q. And it's true that all of this conduct, the allegedly harassing conduct occurred on the 1st or 2nd of August; is that correct?<br><br>A. Yes – Also, well on August 3rd, also. He had agreed to consider reassigning Maximus if the rep was willing to. I had worked it out with the rep that he had no objections to it, which was Kevin Bryant. And then on the – on August 3rd he ruled that in fact that was not going to happen.<br><br>Q. Okay, So it happened on August 1st, 2nd and 3rd? |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

| Undisputed Material Fact and Supporting Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| | | A. Yes." |
| | | (Cava Depo., 75:19-76:6.) Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony. *See Scheiding, supra,* 69 Cal.App.4th at 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.) |
| | | Moreover, Plaintiff cannot simply dispute a fact without setting forth specific facts showing that triable issue of material fact exists.  CCP 437c(p)(2). |
| | | In addition, |
| 4.  Plaintiff admits that Mr. Wainwright never made any comments or jokes about his alleged disabilities or about disabled individuals in general.<br><br>Cava Depo., p. 72:20-25; 73:15-18; 76:16-24. | Disputed.  Mr. Wainwright intentional harassment of plaintiff on account of his disability is apparent from his referring to plaintiff as "spooky" and going "off the deep end."<br><br>Cava Decl., ¶25; Cotter Depo., Ex. 19. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony.<br><br>Moreover, Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez v. San Jose Police Department* (1999) 71 Cal. App. 4th 853, 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4th at 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable |

Case No.  CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEFS' MSJ/SUM ADJ OF ISSUES

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

| Undisputed Material Fact and Supporting Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| | | issue of fact.)

Furthermore, admissions made during the course of discovery govern and control over contrary declarations lodged at a hearing on a motion for summary judgment. *See Visueta v. General Motors Corp.* (1991) 234 Cal. App. 3d 1609, 1613. As such, Plaintiff's admission during his deposition that Mr. Wainwright never made any comments or jokes about his alleged disabilities or about disabled individuals in general governs and controls over Plaintiff's contradictory declaration.

In addition, Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact. CCP § 437c(p)(2).

Finally, Plaintiff admitted in his deposition that he did not learn of the "spooky" comment until sometime during the course of discovery in connection with the litigation, which was at least a year after his employment ended. As such, it cannot form the basis of his current claims. Cava Depo., p. 73:1-18. |

**ISSUE 2:**    **Alternatively, Plaintiff's claim for harassment fails because the conduct complained of is commonly necessary personnel management activity.**

| | Undisputed Material Fact and Supporting Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|---|
| 5. | Plaintiff claims that he was harassed by Mr. Wainwright, and only Mr. Wainwright.

Comp., ¶¶ 36-37; Cava Depo., p. 72:18-19; 177:24-178:1. | Undisputed. | **Undisputed.** |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA. 95113 2303
408 998 4150

| | **Undisputed Material Fact and Supporting Evidence** | **Plaintiff's Response** | **Defendant's Reply to Plaintiff's Response** |
|---|---|---|---|
| 6. | Plaintiff claims that Mr. Wainwright harassed him when he: (1) refused to reassign Plaintiff accounts following his leave of absence; (2) set unreasonably high sales expectations for Plaintiff; and (3) raised his voice at Plaintiff, called Plaintiff's performance "underwhelming," told Plaintiff that he "couldn't be counted on," and generally talked to Plaintiff in a rude and abusive manner.<br><br>Cava Depo., p. 72:5-17; 73:19-76:6; 99:19-101:6; Exh. 9, ¶¶ 13 and 14. | Disputed. Additionally, the conduct of Peter Wainwright intentionally singled Plaintiff out because of his disability, taking accounts away, placing him on plan, intimidating him and causing his termination because of his disability has caused plaintiff severe emotional distress. Mr. Wainwright intentional harassment of plaintiff on account of his disability is apparent from his referring to plaintiff as "spooky" and going "off the deep end."<br><br>Cava Decl., ¶25; Cotter Depo., Ex. 19. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony.<br><br>Moreover, Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *See Scheiding, supra,* 69 Cal.App.4th at 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony; *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.)<br><br>In addition, Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact. CCP § 437c(p)(2).<br><br>Finally, Plaintiff admitted in his deposition that he did not learn of the "spooky" comment until sometime during the course of discovery in connection with the litigation, which was at least a year after his employment ended. As such, it cannot form the basis of his current claims. Cava Depo., p. 73:1-18. |
| 7. | All of the conduct about which Plaintiff complains occurred in the first three | Disputed. The misconduct of Peter Wainwright relating to | **This fact remains undisputed.** Plaintiff has presented no evidence that disputes this fact. Plaintiff cannot |

Case No. CGC-06-453469

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose  CA  95113.2303
408 998 4150

| Undisputed Material Fact and Supporting Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| days of August 2005.<br><br>Cava Depo., p. 72:5-17; 73:19-76:6; 99:19-101:6; Exh. 9, ¶¶ 13 and 14. | plaintiff's disability began from the moment Mr. Wainwright learned of the disability.<br><br>Compl., ¶36. | rely on allegations in his Complaint to create a triable issue of fact. CCP 437c(p)(2); *see also College Hospital, Inc. v. Superior Court* (1994) 8 Cal.4[th] 704, 720.<br><br>Moreover, Plaintiff cannot simply dispute a fact without setting forth specific facts showing that triable issue of material fact exists. CCP 437c(p)(2).<br><br>In addition, Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony. *See Scheiding, supra,* 69 Cal.App.4[th] at 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.) |
| 8. Plaintiff admits that Mr. Wainwright never made any comments or jokes about his alleged disabilities or about disabled individuals in general.<br><br>Cava Depo., p. 72:20-25; 73:15-18; 76:16-24. | Disputed. Mr. Wainwright intentional harassment of plaintiff on account of his disability is apparent from his referring to plaintiff as "spooky" and going "off the deep end."<br><br>Cava Decl., ¶25; Cotter Depo., Ex. 19. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony.<br><br>Moreover, Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *Scheiding, supra,* 69 Cal.App.4[th] at 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA  95113 2303
408 998 4150

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEFS' MSJ/SUM ADJ OF ISSUES

| Undisputed Material Fact and Supporting Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| | | rely on contradictions in his own testimony to create a triable issue of fact.)

Furthermore, admissions made during the course of discovery govern and control over contrary declarations lodged at a hearing on a motion for summary judgment. *See Visueta v. General Motors Corp.* (1991) 234 Cal. App. 3d 1609, 1613. As such, Plaintiff's admission during his deposition that Mr. Wainwright never made any comments or jokes about his alleged disabilities or about disabled individuals in general governs and controls over Plaintiff's contradictory declaration.

In addition, Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact. CCP § 437c(p)(2).

Finally, Plaintiff admitted in his deposition that he did not learn of the "spooky" comment until sometime during the course of discovery in connection with the litigation, which was at least a year after his employment ended. As such, it cannot form the basis of his current claims. Cava Depo., p. 73:1-18. |
| 9. Plaintiff admits that the events of August 1-3, 2006 all amounted to work related comments that were a "demeaning of [Plaintiff's] abilities and performance."

Cava Depo., p. 76:7-19. | Disputed. The conduct of Peter Wainwright, and others involved in plaintiff's termination, and Wainwright's demeaning manner in which he singled Plaintiff out because of his disability, taking accounts away, placing | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony.

Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408.998.4150

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEFS' MSJ/SUM ADJ OF ISSUES

| Undisputed Material Fact and Supporting Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| | him on plan, intimidating him and causing his termination because of his disability has caused plaintiff severe emotional distress. Mr. Wainwright intentional ill will toward plaintiff and his disability is apparent from his referring to plaintiff as "spooky" and going "off the deep end."<br><br>Cava Decl., ¶25; Cotter Depo., Ex. 19. | declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4[th] at 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.)<br><br>Furthermore, admissions made during the course of discovery govern and control over contrary declarations lodged at a hearing on a motion for summary judgment. *See Visueta v. General Motors Corp.* (1991) 234 Cal. App. 3d 1609, 1613.  As such, Plaintiff's admission during his deposition that the relevant events all amounted to work related comments governs and controls over Plaintiff's contradictory declaration.<br><br>In addition, Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact.  CCP § 437c(p)(2).<br><br>Plaintiff admitted also in his deposition that he did not learn of the "spooky" comment until sometime during the course of discovery in connection with the litigation, which was at least a year after his employment ended.  As such, it cannot form the basis of his current claims. Cava Depo., p. 73:1-18. |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose  CA  95113-2303
408 998.4150

9.

Case No.  CGC-06-453469

**SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEFS' MSJ/SUM ADJ OF ISSUES**

| Undisputed Material Fact and Supporting Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| | | Finally, Plaintiff cannot simply dispute a fact without setting forth specific facts showing that a triable issue of material fact exists. CCP 437c(p)(2). Plaintiff fails to specifically identify "others involved in Plaintiff's termination" in this response. It is undisputed that Plaintiff claims that only Mr. Wainwright, and no one else, engaged in allegedly harassing conduct towards him. (*See* Plaintiff's response to Undisputed Fact No. 5.) |

## PLAINTIFF'S NINTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

**ISSUE 3:**    **Plaintiff's claim for intentional infliction of emotional distress is subject to summary adjudication because it is preempted by the California Workers' Compensation Act.**

| Undisputed Material Fact and Supporting Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| 10. Plaintiff contends that Defendant Peter Wainwright engaged in conduct that was intended to cause him emotional distress.<br><br>Comp., ¶ 77; Cava Depo., p. 79:6-80:15; 178:2-6; Exh. 9. | Disputed. Plaintiff also alleges that other individuals at Netversant caused plaintiff severe emotional distress, including all who were responsible for discriminating and terminating plaintiff for unlawful reasons and in violation of public policy. This claim is supported by both the allegations.<br><br>Comp. ¶77; Cava Decl., ¶25. | **This fact remains undisputed.** Plaintiff has presented no evidence that disputes this fact. Plaintiff cannot rely on allegations in his Complaint to create a triable issue of fact. CCP 437c(p)(2); *see also College Hospital, Inc. v. Superior Court* (1994) 8 Cal.4[th] 704, 720.<br><br>Moreover, Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony.<br><br>Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

10.

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEFS' MSJ/SUM ADJ OF ISSUES

| Undisputed Material Fact and Supporting Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| | | rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4[th] at 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.)<br><br>Furthermore, admissions made during the course of discovery govern and control over contrary declarations lodged at a hearing on a motion for summary judgment. *See Visueta v. General Motors Corp.* (1991) 234 Cal. App. 3d 1609, 1613. As such, Plaintiff's admission during his deposition that only Defendant Peter Wainwright engaged in conduct that was intended to cause him emotional distress governs and controls over Plaintiff's contradictory declaration.<br><br>In addition, Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact. CCP § 437c(p)(2).<br><br>Finally, Plaintiff cannot simply dispute a fact without setting forth specific facts showing that a triable issue of material fact exists. CCP 437c(p)(2). Plaintiff fails to specifically identify "other individuals" in this response. It is undisputed that Plaintiff claims that only Mr. Wainwright, and no one else, engaged in allegedly harassing conduct towards him. (*See* Plaintiff's |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408.998.4150

11.

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEFS' MSJ/SUM ADJ OF ISSUES

| | **Undisputed Material Fact and Supporting Evidence** | **Plaintiff's Response** | **Defendant's Reply to Plaintiff's Response** |
|---|---|---|---|
| | | | response to Undisputed Fact No. 5.) |
| 11. | Plaintiff claims that Mr. Wainwright engaged in conduct that was intended to cause him emotional distress when Mr. Wainwright: (1) refused to reassign Plaintiff's accounts following his leave of absence; (2) set unreasonably high sales expectations for Plaintiff; and (3) raised his voice at Plaintiff, called Plaintiff's performance "underwhelming," told Plaintiff that he "couldn't be counted on," and generally talked to Plaintiff in a rude and abusive manner.<br><br>Cava Depo., p. 72:5-17; 73:19-76:6; 99:19-101:6; Exh. 9, ¶¶ 13 and 14. | Disputed.  The conduct of Peter Wainwright, and others involved in plaintiff's termination, and Wainwright's demeaning manner in which he singled Plaintiff out because of his disability, taking accounts away, placing him on plan, intimidating him and causing his termination because of his disability has caused plaintiff severe emotional distress.  Mr. Wainwright intentional ill will toward plaintiff and his disability is apparent from his referring to plaintiff as "spooky" and going "off the deep end."<br><br>Cava Decl., ¶25; Cotter Depo., Ex. 19. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony.<br><br>Moreover, Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4th at 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create triable issue of fact.)<br><br>In addition, Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact.  CCP § 437c(p)(2).<br><br>Plaintiff also admitted in his deposition that he did not learn of the "spooky" comment until sometime during the course of discovery in connection with the litigation, which was at least a year after his employment ended.  As such, it cannot form the basis of his current claims. Cava Depo., p. 73:1-18.<br><br>Finally, Plaintiff cannot simply |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

Case No. CGC-06-453469

**SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEFS' MSJ/SUM ADJ OF ISSUES**

| Undisputed Material Fact and Supporting Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| | | dispute a fact without setting forth specific facts showing that a triable issue of material fact exists. CCP 437c(p)(2). Plaintiff fails to specifically identify "others involved in Plaintiff's termination" in this response. It is undisputed that Plaintiff claims that only Mr. Wainwright, and no one else, engaged in allegedly harassing conduct towards him. (*See* Plaintiff's response to Undisputed Fact No. 5.) |

**ISSUE 4:** Alternatively, Plaintiff's claim for intentional infliction of emotional distress is subject to summary adjudication because only personnel management activities have been alleged.

| | Undisputed Material Fact and Supporting Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|---|
| 12. | Plaintiff contends that Defendant Peter Wainwright engaged in conduct that was intended to cause him emotional distress.<br><br>Comp., ¶ 77; Cava Depo., p. 79:6-80:15; 178:2-6; Exh. 9. | Disputed. Further, Plaintiff's Complaint specifically alleges, as a basis for this claim, his wrongful termination in violation of public policy.<br><br>Comp. ¶77; Cava Decl., ¶25. | **This fact remains undisputed.** Plaintiff has presented no evidence that disputes this fact. Plaintiff cannot rely on allegations in his Complaint to create a triable issue of fact. CCP 437c(p)(2); *see also College Hospital, Inc. v. Superior Court* (1994) 8 Cal.4th 704, 720.<br><br>Moreover, Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony.<br><br>Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEFS' MSJ/SUM ADJ OF ISSUES

| Undisputed Material Fact and Supporting Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| | | declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4th at 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.)<br><br>In addition, Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact.  CCP § 437c(p)(2). |
| 13.   Plaintiff claims that Mr. Wainwright engaged in conduct that was intended to cause him emotional distress when Mr. Wainwright: (1) refused to reassign Plaintiff's accounts following his leave of absence; (2) set unreasonably high sales expectations for Plaintiff; and (3) raised his voice at Plaintiff, called Plaintiff's performance "underwhelming," told Plaintiff that he "couldn't be counted on," and generally talked to Plaintiff in a rude and abusive manner.<br><br>Cava Depo., p. 72:5-17; 73:19-76:6; 99:19-101:6; Exh. 9, ¶¶ 13 and 14. | Disputed.  The conduct of Peter Wainwright, and others involved in plaintiff's termination, and Wainwright's demeaning manner in which he singled Plaintiff out because of his disability, taking accounts away, placing him on plan, intimidating him and causing his termination because of his disability has caused plaintiff severe emotional distress.  Mr. Wainwright intentional ill will toward plaintiff and his disability is apparent from his referring to plaintiff as "spooky" and going "off the deep end."<br><br>Cava Decl., ¶25; Cotter Depo., Ex. 19. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony.<br><br>Moreover, Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4th at 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.)<br><br>In addition, Plaintiff's response is nothing more than a legal argument, which is insufficient to create a |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA  95113 2303
408 998 4150

Case No.  CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEFS' MSJ/SUM ADJ OF ISSUES

| Undisputed Material Fact and Supporting Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| | | dispute regarding the underlying undisputed material fact. CCP § 437c(p)(2). |
| | | Plaintiff also admitted in his deposition that he did not learn of the "spooky" comment until sometime during the course of discovery in connection with the litigation, which was at least a year after his employment ended. As such, it cannot form the basis of his current claims. Cava Depo., p. 73:1-18. |
| | | Finally, Plaintiff cannot simply dispute a fact without setting forth specific facts showing that a triable issue of material fact exists. CCP 437c(p)(2). Plaintiff fails to specifically identify "others involved in Plaintiff's termination" in this response. It is undisputed that Plaintiff claims that only Mr. Wainwright, and no one else, engaged in allegedly harassing conduct towards him. (*See* Plaintiff's response to Undisputed Fact No. 5.) |

## PLAINTIFF'S TENTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

**ISSUE 5:** **Plaintiff's claim for negligent infliction of emotional distress is subject to summary adjudication because it is preempted by the California Workers' Compensation Act.**

| Undisputed Material Fact and Supporting Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| 14. Plaintiff contends that Defendant Peter Wainwright engaged in conduct that was done "with reckless disregard of the probability of causing | Disputed. Further, Plaintiff's Complaint specifically alleges, as a basis for this claim, his wrongful termination in violation | **This fact remains undisputed.** Plaintiff has presented no evidence that disputes this fact. Plaintiff cannot rely on allegations in his Complaint to create a triable issue of fact. CCP 437c(p)(2); *see also College Hospital,* |

15.

Case No. CGC-06-453469

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEFS' MSJ/SUM ADJ OF ISSUES

| Undisputed Material Fact and Supporting Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| him emotional distress." Comp., ¶ 83; Cava Depo., p. 79:6-80:15; 178:2-6; Exh. 9. | of public policy. Comp. ¶83; Cava Decl., ¶25. | *Inc. v. Superior Court* (1994) 8 Cal.4th 704, 720.<br><br>Moreover, Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony.<br><br>Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4th at 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.)<br><br>In addition, Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact. CCP § 437c(p)(2). |
| 15. | Plaintiff claims that Mr. Wainwright engaged in conduct with reckless disregard for causing him emotional distress when Mr. Wainwright: (1) refused to reassign Plaintiff's accounts following his leave of absence; (2) set unreasonably high sales | Disputed. The conduct of Peter Wainwright, and others involved in plaintiff's termination, and Wainwright's demeaning manner in which he singled Plaintiff out because of his disability, taking accounts away, placing him on plan, | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony.<br><br>Moreover, Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus |

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEFS' MSJ/SUM ADJ OF ISSUES

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
0 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408 998 4150

| **Undisputed Material Fact and Supporting Evidence** | **Plaintiff's Response** | **Defendant's Reply to Plaintiff's Response** |
|---|---|---|
| expectations for Plaintiff; and (3) raised his voice at Plaintiff, called Plaintiff's performance "underwhelming," told Plaintiff that he "couldn't be counted on," and generally talked to Plaintiff in a rude and abusive manner.<br><br>Cava Depo., p. 72:5-17; 73:19-76:6; 99:19-101:6; Exh. 9, ¶¶ 13 and 14. | intimidating him and causing his termination because of his disability has caused plaintiff severe emotional distress. Mr. Wainwright intentional ill will toward plaintiff and his disability is apparent from his referring to plaintiff as "spooky" and going "off the deep end."<br><br>Cava Decl., ¶83; Cava Decl., ¶25; Cotter Depo., Ex. 19. | disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4th at 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.)<br><br>In addition, Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact. CCP § 437c(p)(2).<br><br>Plaintiff also admitted in his deposition that he did not learn of the "spooky" comment until sometime during the course of discovery in connection with the litigation, which was at least a year after his employment ended. As such, it cannot form the basis of his current claims. Cava Depo., p. 73:1-18.<br><br>Finally, Plaintiff cannot simply dispute a fact without setting forth specific facts showing that a triable issue of material fact exists. CCP 437c(p)(2). Plaintiff fails to specifically identify "others involved in Plaintiff's termination" in this response. It is undisputed that Plaintiff claims that only Mr. Wainwright, and no one else, engaged in allegedly harassing conduct towards him. (*See* Plaintiff's response to Undisputed Fact No. 5.) |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

Case No. CGC-06-453469

**SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEFS' MSJ/SUM ADJ OF ISSUES**

**ISSUE 6:  Alternatively, Plaintiff's claim for negligent infliction of emotional distress is subject to summary adjudication because only personnel management activities have been alleged.**

| | **Undisputed Material Fact and Supporting Evidence** | **Plaintiff's Response** | **Defendant's Reply to Plaintiff's Response** |
|---|---|---|---|
| 16. | Plaintiff contends that Defendant Peter Wainwright engaged in conduct that was done "with reckless disregard of the probability of causing him emotional distress." Comp., ¶ 83; Cava Depo., p. 79:6-80:15; 178:2-6; Exh. 9. | Disputed.  Further, Plaintiff's Complaint specifically alleges, as a basis for this claim, his wrongful termination in violation of public policy. Comp. ¶83; Cava Decl., ¶25 | **This fact remains undisputed.** Plaintiff has presented no evidence that disputes this fact.  Plaintiff cannot rely on allegations in his Complaint to create a triable issue of fact.  CCP 437c(p)(2). Moreover, Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony. Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4th at 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.) In addition, Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact.  CCP § 437c(p)(2). |
| 17. | Plaintiff claims that Mr. Wainwright engaged in conduct with reckless | Disputed.  The conduct of Peter Wainwright, and others involved in | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, which is based on |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose  CA  95113 2303
408 998 4150

Case No. CGC-06-453469

**SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEFS' MSJ/SUM ADJ OF ISSUES**

| Undisputed Material Fact and Supporting Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| disregard for causing him emotional distress when Mr. Wainwright: (1) refused to reassign Plaintiff's accounts following his leave of absence; (2) set unreasonably high sales expectations for Plaintiff; and (3) raised his voice at Plaintiff, called Plaintiff's performance "underwhelming," told Plaintiff that he "couldn't be counted on," and generally talked to Plaintiff in a rude and abusive manner.<br><br>Cava Depo., p. 72:5-17; 73:19-76:6; 99:19-101:6; Exh. 9, ¶¶ 13 and 14. | plaintiff's termination, and Wainwright's demeaning manner in which he singled Plaintiff out because of his disability, taking accounts away, placing him on plan, intimidating him and causing his termination because of his disability has caused plaintiff severe emotional distress. Mr. Wainwright intentional ill will toward plaintiff and his disability is apparent from his referring to plaintiff as "spooky" and going "off the deep end."<br><br>Cava Decl., ¶83; Cava Decl., ¶25; Cotter Depo., Ex. 19. | Plaintiff's own prior deposition testimony.<br><br>Moreover, Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4th at 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create triable issue of fact.)<br><br>In addition, Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact. CCP § 437c(p)(2).<br><br>Plaintiff also admitted in his deposition that he did not learn of the "spooky" comment until sometime during the course of discovery in connection with the litigation, which was at least a year after his employment ended. As such, it cannot form the basis of his current claims. Cava Depo., p. 73:1-18.<br><br>Finally, Plaintiff cannot simply dispute a fact without setting forth specific facts showing that a triable issue of material fact exists. CCP 437c(p)(2). Plaintiff fails to specifically identify "others involved |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEFS' MSJ/SUM ADJ OF ISSUES

| Undisputed Material Fact and Supporting Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| | | in Plaintiff's termination" in this response. It is undisputed that Plaintiff claims that only Mr. Wainwright, and no one else, engaged in allegedly harassing conduct towards him. (*See* Plaintiff's response to Undisputed Fact No. 5.) |

**ISSUE 7:** Alternatively, Plaintiff's claim for negligent infliction of emotional distress is subject to summary adjudication because the conduct alleged is inherently intentional.

| | Undisputed Material Fact and Supporting Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|---|
| 18. | Plaintiff contends that Defendant Peter Wainwright engaged in conduct that was done "with reckless disregard of the probability of causing him emotional distress." Comp., ¶ 83; Cava Depo., p. 79:6-80:15; 178:2-6; Exh. 9. | Disputed. Further, Plaintiff's Complaint specifically alleges, as a basis for this claim, his wrongful termination in violation of public policy. Comp. ¶83; Cava Decl., ¶25. | **This fact remains undisputed.** Plaintiff has presented no evidence that disputes this fact. Plaintiff cannot rely on allegations in his Complaint to create a triable issue of fact. CCP 437c(p)(2); *see also College Hospital, Inc. v. Superior Court* (1994) 8 Cal.4th 704, 720. Moreover, Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony. Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4th at 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose CA 95113 2303
408 998 4150

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEFS' MSJ/SUM ADJ OF ISSUES

| Undisputed Material Fact and Supporting Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
| | | contradictions in his own testimony to create a triable issue of fact.)<br><br>In addition, Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact. CCP § 437c(p)(2). |
| 19. Plaintiff claims that Mr. Wainwright engaged in conduct with reckless disregard for causing him emotional distress when Mr. Wainwright: (1) refused to reassign Plaintiff's accounts following his leave of absence; (2) set unreasonably high sales expectations for Plaintiff; and (3) raised his voice at Plaintiff, called Plaintiff's performance "underwhelming," told Plaintiff that he "couldn't be counted on," and generally talked to Plaintiff in a rude and abusive manner.<br><br>Cava Depo., p. 72:5-17; 73:19-76:6; 99:19-101:6; Exh. 9, ¶¶ 13 and 14. | Disputed. The conduct of Peter Wainwright, and others involved in plaintiff's termination, and Wainwright's demeaning manner in which he singled Plaintiff out because of his disability, taking accounts away, placing him on plan, intimidating him and causing his termination because of his disability has caused plaintiff severe emotional distress. Mr. Wainwright intentional ill will toward plaintiff and his disability is apparent from his referring to plaintiff as "spooky" and going "off the deep end."<br><br>Cava Decl., ¶25; Cotter Depo., Ex. 19. | **This fact remains undisputed.** Plaintiff's additional "evidence" does not dispute this fact, which is based on Plaintiff's own prior deposition testimony.<br><br>Moreover, Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony, and statements made in his contradictory self-serving declaration should be thus disregarded. *See Benavidez, supra,* 71 Cal. App. 4th at 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *see also Scheiding, supra,* 69 Cal.App.4th at 77 (Plaintiff cannot create a triable issue of fact by contradicting his prior deposition testimony); *D'Amico, supra,* 11 Cal.3d at 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact.)<br><br>In addition, Plaintiff's response is nothing more than a legal argument, which is insufficient to create a dispute regarding the underlying undisputed material fact. CCP § 437c(p)(2).<br><br>Plaintiff also admitted in his deposition that he did not learn of the "spooky" comment until sometime |

Case No. CGC-06-453469

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEFS' MSJ/SUM ADJ OF ISSUES

| Undisputed Material Fact and Supporting Evidence | Plaintiff's Response | Defendant's Reply to Plaintiff's Response |
|---|---|---|
|  |  | during the course of discovery in connection with the litigation, which was at least a year after his employment ended. As such, it cannot form the basis of his current claims. Cava Depo., p. 73:1-18.<br><br>Finally, Plaintiff cannot simply dispute a fact without setting forth specific facts showing that a triable issue of material fact exists. CCP 437c(p)(2). Plaintiff fails to specifically identify "others involved in Plaintiff's termination" in this response. It is undisputed that Plaintiff claims that only Mr. Wainwright, and no one else, engaged in allegedly harassing conduct towards him. (*See* Plaintiff's response to Undisputed Fact No. 5.) |

Dated: May 18, 2007

MICHELLE B. HEVERLY
MICHAEL W. WARREN
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
NETVERSANT - NATIONAL, INC., PETER
WAINWRIGHT

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95112 2303
408 998 4150

SEP STMT OF UNDISP MAT FACTS & REF TO SUPP EVID ISO DEFS' MSJ/SUM ADJ OF ISSUES