# EXHIBIT -26

MICHELLE B. HEVERLY, Bar No. 178660
MICHAEL W. WARREN, Bar No. 223642
LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street, 14th Floor
San Jose, CA 95113.2303
Telephone: 408.998.4150

Attorneys for Defendants
NETVERSANT - NATIONAL, INC., PETER
WAINWRIGHT

ENDORSED
FILED
San Francisco County Superior Court

MAY 1 8 2007

GORDON PARK-LI, Clerk
By: ROSSALY DE LA VEGA
         Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

MICHAEL CAVA,

   Plaintiff,

v.

NETVERSANT - NATIONAL, INC., a
Delaware corporation, dba
NETVERSANT - SAN FRANCISCO, aka
NETVERSANT; PETER WAINWRIGHT,
an individual; and DOES 1 through 40,
inclusive,

   Defendants.

Case No. CGC-06-453469

**DEFENDANTS' OBJECTIONS TO PLAINTIFF MICHAEL CAVA'S EVIDENCE IN SUPPORT OF HIS OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATION OF ISSUES**

Date:    May 23, 2007
Time:   9:30 a.m.
Dept:   301
Judge:  Hon. Peter Busch

Pursuant to California Code of Civil Procedure section 437c(d) and Rule of Court 3.1354, NetVersant – National, Inc., and Peter Wainwright ("Defendants") hereby submit the following evidentiary objections to evidence submitted by Plaintiff Michael Cava ("Plaintiff") in opposition to Defendants' motions for summary judgment and/or summary adjudication of Plaintiff's claims:

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

Case No. CGC-06-453469

DEFENDANTS' OBJECTIONS TO EVIDENCE

## I.   DECLARATION OF PLAINTIFF MICHAEL CAVA

1. ¶4, p.2:8-10, "Peter Wainwright told me that I would receive **most** of Ms. Forrest's accounts, which included all of her accounts in the Sacramento area except for the Octel account and accounts in the San Francisco Bay Area."

**Objections:**  During his deposition, Plaintiff testified that Mr. Wainwright allegedly told him <u>only</u> that he would receive "most" of Ms. Forrest's accounts. (Cava Depo., 25:24-27:16; 189:6-191:1.) Plaintiff never testified that Mr. Wainwright told him that "most" of Ms. Forrest's accounts included "all of her accounts in the Sacramento area except for the Octel account and accounts in the San Francisco Bay Area." (*Id.*) Thus, Plaintiff's statement is objectionable on the ground that it is inconsistent with his prior deposition testimony. *D'Amico v. Board of Medical Examiners* (1974) 11 Cal. 3d 1, 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact); *Benavidez v. San Jose Police Department* (1999) 71 Cal. App. 4th 853, 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *Rivera v. Southern Pacific Transportation Co.* (1990) 217 Cal. App. 3d 294, 299-300 (an affidavit which contradicts the affiant's prior deposition testimony may be disregarded as irrelevant, inadmissible or evasive.)

2. ¶8, p.3: 2-4, "Had I not found the contract, it would have never been discovered and I would have obtained the renewal contract on my own."

**Objections:**  Plaintiff lacks personal knowledge for this statement. Declarations must be based upon a declarant's personal knowledge. Code of Civil Procedure §437c; Evid. Code §§ 403(a)(2), 702(a). Plaintiff provides no information regarding how he knows that, had he not found the contract, it would never been discovered, and he would have obtained the renewal contract on his own. Indeed, this is nothing more than speculation and conjecture. Accordingly, the testimony on this issue is incompetent. Cal. Evid. Code §403(a); Cal. Code of Civ. Proc. §437c; *Horn v. Cushman & Wakefield Western, Inc.* (1999) 72 Cal.App.4th 798, 807 ("an issue of fact can only be created by a conflict of evidence. It is not created by speculation or conjecture."); *Buehler v. Alpha Beta Co.* (1990) 224 Cal.App.3d 729, 733 ("opposition to summary judgment will be deemed

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose CA 95113 2303
408 998 4150

2.    Case No. CGC-06-453469

DEFENDANTS' OBJECTIONS TO EVIDENCE

insufficient when it is essentially conclusionary, argumentative or based on conjecture and speculation").

  3. ¶8, p.3: 4, "After the discovery, Peter Wainwright was happy with the find and I was for the contract."

**Objections:** Plaintiff lacks personal knowledge for this statement. Declarations must be based upon a declarant's personal knowledge. Code of Civil Procedure §437c; Evid. Code §§ 403(a)(2), 702(a). Plaintiff provides no information regarding how he knows that Mr. Wainwright was "happy" with the find. Indeed, this is nothing more than speculation and conjecture. Accordingly, the testimony on this issue is incompetent. Cal. Evid. Code §403(a); Cal. Code of Civ. Proc. §437c; *Horn v. Cushman & Wakefield Western, Inc.* (1999) 72 Cal.App.4th 798, 807 ("an issue of fact can only be created by a conflict of evidence. It is not created by speculation or conjecture."); *Buehler v. Alpha Beta Co.* (1990) 224 Cal.App.3d 729, 733 ("opposition to summary judgment will be deemed insufficient when it is essentially conclusionary, argumentative or based on conjecture and speculation.")

  4. ¶9, p.3: 5-7, "By the end of October 2004, I booked over $414,000 in quota achievement, or 121% of my total quota requirement for the year – with two months left in the sales term."

**Objections:** The statement lacks both foundation and authentication. Plaintiff provides no information regarding how he knows that by the end of October 2004, he booked over $414,000 in quota achievement, or 121% of my total quota requirement for the year, with two months left in the sales term. Plaintiff's testimony is also inadmissible because it constitutes unsupported and improper opinion testimony. Plaintiff does not cite to any competent evidence supporting his conclusory assertion that he booked over $414,000 in quota achievement, or 121% of my total quota requirement for the year. Code Civ. Proc. § 437c; Evid. Code §§ 803, 805; *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1118; *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 849.

5. ¶12, p.3: 16-17, "And, in light of my quota achievement to date, the long hours I was working and the number of potential sales in my funnel, I objectively found my performance to be more than adequate."

**Objections:** Plaintiff's own opinion regarding the adequacy of his own performance is irrelevant and inadmissible. *See, e.g., Horn v. Cushman & Wakefield Western, Inc.* (1999) 72 Cal. App. 4th 798, 816 ("an employee's subjective personal judgments of his or her competence alone do not raise a genuine issue of material fact); *Holley v. Sanyo Manufacturing* (8th Cir. 1985) 771 F.2d 1161, 1168, (an employee's subjective opinion that he was better qualified than a person who assumed his duties is not enough to establish pretext); *Martin v. Lockheed Missiles & Space Co.* (1994) 29 Cal. App. 4th 1718, 1733 (plaintiff's own opinion of her performance insufficient to create triable issue of fact regarding company's legitimate business reason for her termination); *Smith v. Flax* (4th Cir. 1980) 618 F.2d 1062, 1067 ("Smith's perception of himself, however, is not relevant. It is the perception of the decision-maker which is relevant.")

6. ¶13, p.3: 18-19, "Comparing my quota achievement, during my first five months, to other NetVersant Account Executives who were employed there much longer, I was performing far above expectations."

**Objections:** Plaintiff's own opinion regarding the adequacy of his own performance is irrelevant and inadmissible. *See, e.g., Horn v. Cushman & Wakefield Western, Inc.* (1999) 72 Cal. App. 4th 798, 816 ("an employee's subjective personal judgments of his or her competence alone do not raise a genuine issue of material fact); *Holley v. Sanyo Manufacturing* (8th Cir. 1985) 771 F.2d 1161, 1168, (an employee's subjective opinion the he was better qualified than a person who assumed his duties is not enough to establish pretext); *Martin v. Lockheed Missiles & Space Co.* (1994) 29 Cal. App. 4th 1718, 1733 (plaintiff's own opinion of her performance insufficient to create triable issue of fact regarding company's legitimate business reason for her termination); *Smith v. Flax* (4th Cir. 1980) 618 F.2d 1062, 1067 ("Smith's perception of himself, however, is not relevant. It is the perception of the decision-maker which is relevant.")

Furthermore, Plaintiff's statements comparing the performance of other NetVersant account executives to his performance constitute improper opinion testimony. *Zuckerman v. Pacific Savings Bank* (1986) 187 Cal. App. 3d 1934 ("impermissible opinion must be disregarded in supporting affidavits"); *Griffith v. City of Los Angeles* (1968) 267 Cal. App. 2d 837, 847 ("opinions .

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

4.     Case No. CGC-06-453469
**DEFENDANTS' OBJECTIONS TO EVIDENCE**

1  . . are worth no more than the factual data upon which they are based.")  Finally, the information
2  upon which the evidence is allegedly based has not been authenticated and, as discussed below,
3  lacks a proper foundation.

   7.   ¶14, p.3:14-p.4:28, "Based on the Executive Ranking Reports attached as exhibits A-D, including the December 2003 report which provides the date of hire for the Account Executives, the following charts reflect certain Account Executives' performance, as compared to my performance, based on the duration of employment, number of months into a specified term and the year of the ranking report from which the numbers are obtained."

8  **Objections:**  As discussed below, Plaintiff has failed to set forth the proper
9  foundation for the documents identified in this statement as required by California Evidence Code §
10 1400, et seq.  California Evidence Code section 1401(a) requires the authentication of a writing
11 before it may be received into evidence.  "Authentication of a writing means (a) the *introduction of*
12 *evidence sufficient to sustain a finding that it is the writing that the proponent of the evidence claims*
13 *it is* or (b) the establishment of such facts by any other means provided by law."  Cal. Evidence Code
14 § 1400 (emphasis added).  Moreover, the documents identified in this statement, and the chart
15 created by Plaintiff purportedly based on the information in the documents, constitute impermissible
16 hearsay evidence because they consist of statements other than those made by the declarant to prove
17 the truth of the matter asserted.  Cal. Evidence Code § 1200; *California Maryland Funding, Inc. v.*
18 *Lowe* (1995) 37 Cal.App.4th 1798, 1809 (testimony regarding statements made by a third party
19 offered for the truth of the matter asserted in the statement constitute inadmissible hearsay).  As
20 Plaintiff has not provided declarations from the authors of the documents verifying the truth and
21 personal knowledge of each and every statement in them, the content is entirely inadmissible
22 hearsay.  *Id.*  Consequently, Plaintiff's testimony is inadmissible because it constitutes unsupported
23 and improper opinion testimony as there is no competent evidence supporting these statements.
24 Code Civ. Proc. § 437c; Evid. Code §§ 803, 805; *Guthrey, supra,* 63 Cal.App.4th at 1118; *Aguilar,*
25 *supra,* 25 Cal.4th at 849.

26     In addition, Plaintiff's own opinion regarding the adequacy of his own performance is
27 irrelevant and inadmissible.  *See, e.g., Horn v. Cushman & Wakefield Western, Inc.* (1999) 72 Cal.
28 App. 4th 798, 816 ("an employee's subjective personal judgments of his or her competence alone do

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose CA 95113 2303
408 998 4150

5.   Case No. CGC-06-453469

DEFENDANTS' OBJECTIONS TO EVIDENCE

not raise a genuine issue of material fact); *Holley v. Sanyo Manufacturing* (8th Cir. 1985) 771 F.2d 1161, 1168, (an employee's subjective opinion the he was better qualified than a person who assumed his duties is not enough to establish pretext); *Martin v. Lockheed Missiles & Space Co.* (1994) 29 Cal. App. 4th 1718, 1733 (plaintiff's own opinion of her performance insufficient to create triable issue of fact regarding company's legitimate business reason for her termination); *Smith v. Flax* (4th Cir. 1980) 618 F.2d 1062, 1067 ("Smith's perception of himself, however, is not relevant. It is the perception of the decision-maker which is relevant.") Furthermore, Plaintiff's statements comparing the performance of other NetVersant account executives to his performance constitute improper opinion testimony. *Zuckerman v. Pacific Savings Bank* (1986) 187 Cal. App. 3d 1934 ("impermissible opinion must be disregarded in supporting affidavits"); *Griffith v. City of Los Angeles* (1968) 267 Cal. App. 2d 837, 847 ("opinions . . . are worth no more than the factual data upon which they are based.")

Finally, if they are authentic, Plaintiff is not lawfully in possession of the documents to which he refers. It is well-established that Mr. Cava could not resort to "self help" to gather evidence for use in his lawsuit, and Plaintiff has admitted that he secretly downloaded these documents around the time of his termination. *See, e.g., Pillsbury, Madison & Sutro v. Schectman* (1997) 55 Cal. App. 4th 1279, 1287; *Conn v. Superior Court* (1987) 196 Cal. App. 3d 774, 785; *Gonzalez v. Superior Court* (1995) 33 Cal. App. 4th 1539, 1550. "Any litigant or potential litigant who converts, interdicts or otherwise purloins documents in the pursuit of litigation outside the legal process does so without the general protections afforded by the laws of discovery and risks being found to have violated protected rights." *Pillsbury, Madison & Sutro, supra,* at 1289. As a result, it has been held that "self help" in obtaining and retaining company documents relevant to possible litigation provides an independent ground for an employee's termination. *See, e.g., McKennon v. Nashville Banner Pub. Co.* (1995) 513 U.S. 352, 115 S.Ct. 879, 886; *O'Day v. McDonnell Douglas Helicopter Co.* (9th Cir. 1996) 79 F.3d 756, 763-764. Plaintiff did not have permission to obtain, retain or use these documents and therefore the exhibits and any references thereto should be stricken.

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

6.        Case No. CGC-06-453469

DEFENDANTS' OBJECTIONS TO EVIDENCE

8.  ¶16, p.5: 10-11, "While out on personal leave to care for my son during his cancer treatments, various projects which I had worked-up and bid had closed, including a project entitle [sic] CG Wallace."

**Objections:** Plaintiff lacks personal knowledge for this statement. Declarations must be based upon a declarant's personal knowledge. Code of Civil Procedure §437c; Evid. Code §§ 403(a)(2), 702(a). Plaintiff provides no information regarding how he knows that while out on his personal leave various projects that he had "worked-up and bid" had closed, including "CG Wallace." Indeed, this is nothing more than speculation and conjecture. Accordingly, the testimony on this issue is incompetent. Cal. Evid. Code §403(a); Cal. Code of Civ. Proc. §437c; *Horn v. Cushman & Wakefield Western, Inc.* (1999) 72 Cal.App.4th 798, 807 ("an issue of fact can only be created by a conflict of evidence. It is not created by speculation or conjecture."); *Buehler v. Alpha Beta Co.* (1990) 224 Cal.App.3d 729, 733 ("opposition to summary judgment will be deemed insufficient when it is essentially conclusionary, argumentative or based on conjecture and speculation.")

9.  ¶16, p.5: 15-16, "Without a rational basis, Mr. Wainwright refused to equitably 'split' the credit."

**Objections:** Plaintiff lacks personal knowledge for this statement. Declarations must be based upon a declarant's personal knowledge. Code of Civil Procedure §437c; Evid. Code §§ 403(a)(2), 702(a). Plaintiff provides no information regarding how he knows the basis for Mr. Wainwright's refusal. Indeed, this is nothing more than speculation and conjecture. Accordingly, the testimony on this issue is incompetent. Cal. Evid. Code §403(a); Cal. Code of Civ. Proc. §437c; *Horn v. Cushman & Wakefield Western, Inc.* (1999) 72 Cal.App.4th 798, 807 ("an issue of fact can only be created by a conflict of evidence. It is not created by speculation or conjecture."); *Buehler v. Alpha Beta Co.* (1990) 224 Cal.App.3d 729, 733 ("opposition to summary judgment will be deemed insufficient when it is essentially conclusionary, argumentative or based on conjecture and speculation.") Plaintiff's statement is also inadmissible because it constitutes unsupported and improper opinion testimony. Plaintiff does not cite to any competent evidence supporting his conclusory assertion that Mr. Wainwright's refusal was without a "rational basis." Code Civ. Proc.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

7.    Case No. CGC-06-453469
DEFENDANTS' OBJECTIONS TO EVIDENCE

§ 437c; Evid. Code §§ 800, 803, 805; *Guthrey, supra,* 63 Cal.App.4th at 1118; *Aguilar, supra,* 25 Cal.4th at 849.

10. ¶16, p.5: 16-17, "This was a very unusual decision, as it was the custom and practice at NetVersant to split the credit for projects in proportion to work performed."

**Objections:** Plaintiff's statement constitutes an improper legal opinion, as whether it was the "custom and practice" at NetVersant to split credit for projects in proportion work performed is a question of law. *See Downer v. Bramet* (1984) 152 Cal.App.3d 837, 841 ("[t]he manner in which the law should apply to particular facts is a legal question and is not subject to . . . opinion"). Moreover, Plaintiff lacks personal knowledge for this statement. Declarations must be based upon a declarant's personal knowledge. Code of Civil Procedure §437c; Evid. Code §§ 403(a)(2), 702(a). Plaintiff provides no information regarding how he knows the "custom and practice" at NetVersant regarding credit splitting. Accordingly, Plaintiff's testimony on this issue is incompetent. Cal. Evid. Code §403(a); Cal. Code of Civ. Proc. §437c; *Horn v. Cushman & Wakefield Western, Inc.* (1999) 72 Cal.App.4th 798, 807 ("an issue of fact can only be created by a conflict of evidence. It is not created by speculation or conjecture."); *Buehler v. Alpha Beta Co.* (1990) 224 Cal.App.3d 729, 733 ("opposition to summary judgment will be deemed insufficient when it is essentially conclusionary, argumentative or based on conjecture and speculation.")

11. ¶18, p.5: 25, "Many of these bids were dropped by Peter Wainwright and others while I was out."

**Objections:** Plaintiff lacks personal knowledge for this statement. Declarations must be based upon a declarant's personal knowledge. Code of Civil Procedure §437c; Evid. Code §§ 403(a)(2), 702(a). Plaintiff provides no information regarding how he knows that while he was on leave, Mr. Wainwright and others dropped many of his bids. Indeed, this is nothing more than speculation and conjecture. Cal. Evid. Code §403(a); Cal. Code of Civ. Proc. §437c; *Horn v. Cushman & Wakefield Western, Inc.* (1999) 72 Cal.App.4th 798, 807 ("an issue of fact can only be created by a conflict of evidence. It is not created by speculation or conjecture."); *Buehler v. Alpha Beta Co.* (1990) 224 Cal.App.3d 729, 733 ("opposition to summary judgment will be deemed

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

8.   Case No. CGC-06-453469

DEFENDANTS' OBJECTIONS TO EVIDENCE

insufficient when it is essentially conclusionary, argumentative or based on conjecture and speculation.")

    12.    ¶19, p.5: 27-28, "During the first two months of my son's illness, the costs of his medical treatment exceeded well-over $500,000."

**Objections:** Plaintiff lacks personal knowledge for this statement. Declarations must be based upon a declarant's personal knowledge. Code of Civil Procedure §437c; Evid. Code §§ 403(a)(2), 702(a). Plaintiff provides no information regarding how he knows that the costs of his son's medical treatment exceeded well-over $500,000. Indeed, this is nothing more than speculation and conjecture. Cal. Evid. Code §403(a); Cal. Code of Civ. Proc. §437c; *Horn v. Cushman & Wakefield Western, Inc.* (1999) 72 Cal.App.4th 798, 807 ("an issue of fact can only be created by a conflict of evidence. It is not created by speculation or conjecture."); *Buehler v. Alpha Beta Co.* (1990) 224 Cal.App.3d 729, 733 ("opposition to summary judgment will be deemed insufficient when it is essentially conclusory, argumentative or based on conjecture and speculation.") In addition, Plaintiff's statement violates the best evidence rule as Plaintiff's only possible source of knowledge for this information is the medical bills and receipts pertaining to his son's treatment. Cal. Evidence Code § 1500.

    13.    ¶21, p.6: 10-11, "I believe that I could have returned to work, without restrictions, shortly after requesting additional leave in August 2005."

**Objections:** Plaintiff's statement is inadmissible as improper opinion testimony. *Zuckerman v. Pacific Savings Bank* (1986) 187 Cal.App.3d 1934 ("impermissible opinion must be disregarded in supporting affidavits"); *Griffith v. City of Los Angeles* (1968) 267 Cal.App.2d 837, 847. Plaintiff is not a medical doctor or other health care provider and is thus not qualified to render a medical opinion regarding the expected duration of his disability, or the amount of time off medically necessary to treat his disability. Accordingly, Plaintiff cannot competently testify on this issue and this statement must be disregarded. *See Swonke v. Sprint, Inc.* (2004) 327 F. Supp. 2d 1128, 1134 (a plaintiff's own subjective opinion concerning his ability to return to work is insufficient to establish that he could return to work); *see also* Cal. Evid. Code §§ 800, 801, 802, 803.

In addition, Plaintiff lacks personal knowledge for this statement. Declarations must be based upon a declarant's personal knowledge. Code of Civil Procedure §437c; Evid. Code §§ 403(a)(2), 702(a). Plaintiff provides no information regarding how he knows that he "could have" returned to work, without restrictions, shortly after requesting additional leave in August 2005. Indeed, this is nothing more than speculation and conjecture. Cal. Evid. Code §403(a); Cal. Code of Civ. Proc. §437c; *Horn v. Cushman & Wakefield Western, Inc.* (1999) 72 Cal.App.4th 798, 807 ("an issue of fact can only be created by a conflict of evidence. It is not created by speculation or conjecture."); *Buehler v. Alpha Beta Co.* (1990) 224 Cal.App.3d 729, 733 ("opposition to summary judgment will be deemed insufficient when it is essentially conclusionary, argumentative or based on conjecture and speculation.")

Moreover, during his deposition, Plaintiff admitted that at the time he requested additional time off in August 2005, he did not know how long he expected to be off work. (Cava Depo., 161:8-162:9.) Thus, Plaintiff's statement is objectionable on the ground that it is inconsistent with his prior deposition testimony. *D'Amico v. Board of Medical Examiners* (1974) 11 Cal. 3d 1, 22 (a party cannot rely on contradictions in his own testimony to create a triable issue of fact); *Benavidez v. San Jose Police Department* (1999) 71 Cal. App. 4th 853, 861 (plaintiff cannot rely on contradictions in own testimony to create triable issue of fact; contradictory self-serving declarations should be disregarded); *Rivera v. Southern Pacific Transportation Co.* (1990) 217 Cal. App. 3d 294, 299-300 (an affidavit which contradicts the affiant's prior deposition testimony may be disregarded as irrelevant, inadmissible or evasive.)

14. **¶21, p.6: 11-12, "Had Netversant provided me further accommodation or, at least, discuss other options, a suitable arrangement could be made."**

**Objections:** Plaintiff's statement constitutes an improper legal opinion, as whether a reasonable accommodation could have been made is a question of law. *See Downer v. Bramet* (1984) 152 Cal.App.3d 837, 841 ("[t]he manner in which the law should apply to particular facts is a legal question and is not subject to . . . opinion"). Moreover, Plaintiff lacks personal knowledge for this statement. Declarations must be based upon a declarant's personal knowledge. Code of Civil Procedure §437c; Evid. Code §§ 403(a)(2), 702(a). Plaintiff provides no information regarding how

10.   Case No. CGC-06-453469
**DEFENDANTS' OBJECTIONS TO EVIDENCE**

he knows that a suitable arrangement could have been made. Indeed, this is nothing more than speculation and conjecture. Cal. Evid. Code §403(a); Cal. Code of Civ. Proc. §437c; *Horn v. Cushman & Wakefield Western, Inc.* (1999) 72 Cal.App.4th 798, 807 ("an issue of fact can only be created by a conflict of evidence. It is not created by speculation or conjecture."); *Buehler v. Alpha Beta Co.* (1990) 224 Cal.App.3d 729, 733 ("opposition to summary judgment will be deemed insufficient when it is essentially conclusionary, argumentative or based on conjecture and speculation.")

In addition, Plaintiff's statement is inadmissible as improper opinion testimony. *Zuckerman v. Pacific Savings Bank* (1986) 187 Cal.App.3d 1934 ("impermissible opinion must be disregarded in supporting affidavits"); *Griffith v. City of Los Angeles* (1968) 267 Cal.App.2d 837, 847. Plaintiff is not a medical doctor or other health care provider and is thus not qualified to render an opinion regarding what arrangements could have been made to accommodate his mental disability. Accordingly, Plaintiff cannot competently testify on this issue and this statement must be disregarded. *See Swonke v. Sprint, Inc.* (2004) 327 F. Supp. 2d 1128, 1134 (a plaintiff's own subjective opinion concerning his ability to return to work is insufficient to establish that he could return to work); *see also* Cal. Evid. Code §§ 800-803.

15. ¶23, p.6: 18-20, "The Account Executives managing the accounts were being compensated for the work the [sic] performed, did not object to returning the accounts to me or, ultimately, splitting the accounts."

**Objections:** Plaintiff lacks personal knowledge for this statement. Declarations must be based upon a declarant's personal knowledge. Code of Civil Procedure §437c; Evid. Code §§ 403(a)(2), 702(a). Plaintiff provides no information regarding how he knows that the Account Executives managing the accounts did not object to returning the account to him or splitting the accounts. Indeed, this is nothing more than speculation and conjecture. Cal. Evid. Code §403(a); Cal. Code of Civ. Proc. §437c; *Horn v. Cushman & Wakefield Western, Inc.* (1999) 72 Cal.App.4th 798, 807 ("an issue of fact can only be created by a conflict of evidence. It is not created by speculation or conjecture."); *Buehler v. Alpha Beta Co.* (1990) 224 Cal.App.3d 729, 733 ("opposition to summary judgment will be deemed insufficient when it is essentially conclusionary, argumentative or based on conjecture and speculation.").

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

16.   ¶25, p.6: 24-27, "The conduct of Peter Wainwright, and others involved in my termination, in demeaning me, singling me out because of my disability, taking accounts away, placing me in plan, intimidating me, setting me up to fail and causing me to be terminated because of my disability has caused me severe emotional distress."

**Objections:**   Plaintiff's statement constitutes an improper legal opinion, as whether the alleged conduct of Peter Wainwright and others was the legal cause of Plaintiff's emotional distress, and whether Plaintiff's emotional distress was "severe" as defined by the law, are a questions of law. *See Downer v. Bramet* (1984) 152 Cal.App.3d 837, 841 ("[t]he manner in which the law should apply to particular facts is a legal question and is not subject to . . . opinion.") Plaintiff's statement is also inadmissible because it constitutes unsupported and improper opinion testimony. Plaintiff does not cite to any competent evidence supporting his conclusory assertion that the alleged conduct of Mr. Wainwright and others caused him severe emotional distress. Code Civ. Proc. § 437c; Evid. Code §§ 803, 805; *Guthrey, supra,* 63 Cal.App.4th at 1118; *Aguilar, supra,* 25 Cal.4th at 849.

Moreover, Plaintiff is not a medical doctor or other health care provider and is thus not qualified to render an opinion regarding the severity of his alleged emotional distress. Accordingly, Plaintiff cannot competently testify on this issue and this statement must be disregarded. *See Swonke v. Sprint, Inc.* (2004) 327 F. Supp. 2d 1128, 1134 (a plaintiff's own subjective opinion concerning his ability to return to work is insufficient to establish that he could return to work); *see also* Cal. Evid. Code §§ 800-803.

17.   ¶25, p.6: 27-28, "Mr. Wainwright [sic] intentional ill will toward me and my disability is apparent from his referring to me as 'spooky' and going 'off the deep end.'"

**Objections:**   Plaintiff's statement constitutes an improper legal opinion, as whether Mr. Wainwright had "intentional ill will" towards Plaintiff because of his disability is a question of law. *See Downer v. Bramet* (1984) 152 Cal.App.3d 837, 841 ("[t]he manner in which the law should apply to particular facts is a legal question and is not subject to . . . opinion.") Plaintiff's statement is also inadmissible because it constitutes unsupported and improper opinion testimony. Plaintiff does not cite to any competent evidence supporting his conclusory assertion that Mr. Wainwright had

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

12.   Case No. CGC-06-453469

DEFENDANTS' OBJECTIONS TO EVIDENCE

intentional ill will toward him and his disability. Code Civ. Proc. § 437c; Evid. Code §§ 803, 805; *Guthrey, supra,* 63 Cal.App.4th at 1118; *Aguilar, supra,* 25 Cal.4th at 849.

## II. EXHIBITS ATTACHED TO PLAINTIFF'S DECLARATION IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDNANTS' MOTION FOR SUMMARY ADJUDICATION.

### A. Exhibit A

Exhibit A, which consists of a document entitled "NetVersant Ranking Report 2001 OCTOBER," is objectionable on several grounds. First, Defendants object to the document constituting Exhibit A on the grounds that Plaintiff has failed to set forth the proper foundation for the documents as required by California Evidence Code § 1400, et seq. California Evidence Code section 1401(a) requires the authentication of a writing before it may be received into evidence. "Authentication of a writing means (a) the *introduction of evidence sufficient to sustain a finding that it is the writing that the proponent of the evidence claims it is* or (b) the establishment of such facts by any other means provided by law." Cal. Evidence Code § 1400 (emphasis added). This document must be excluded because Plaintiff has not presented evidence establishing its authentication as a condition precedent to its admission, as required by Evidence Code §§ 1401 and 1414. Plaintiff has failed to properly authenticate Exhibit A because that must be done by someone with personal knowledge of the document's genuineness. Accordingly, this document must be disregarded by the Court as it is unauthenticated. Cal. Evidence Code § 1401(a).

Second, Defendants object to Exhibit A on the basis that it constitutes impermissible hearsay evidence because it consists of statements other than those made by the declarant to prove the truth of the matter asserted. Cal. Evidence Code § 1200; *California Maryland Funding, Inc. v. Lowe* (1995) 37 Cal.App.4th 1798, 1809 (testimony regarding statements made by a third party offered for the truth of the matter asserted in the statement constitute inadmissible hearsay). As the document is not accompanied by declarations from the authors verifying the truth and personal knowledge of each and every statement in it, the content is entirely inadmissible hearsay. *Id.*

Third, Defendants object to Exhibit A on the basis that Plaintiff failed to produce this document in response to Defendants' requests for production of documents and failed to identify this document in response to Defendants' Form Employment Interrogatory 202.1. It is well-established

that the Court has the right to exclude evidence for failure to reveal information in response to a demand for production of documents and in an answer to an interrogatory. *See, e.g., Deeter v. Angus* (1986) 179 Cal. App. 3d 241, 254-255 (exclusion of audiotape not produced in response to discovery requests proper); *Thoren v. Johnston & Washer* (1972) 29 Cal. App. 3d 270, 273; *see also* Cal. Code of Civ. Proc. § 2023.030(c). Plaintiff's willful failure to produce or identify this document in response to Defendants' discovery requests warrants its exclusion from consideration in this matter. *Id.*

**B.   Exhibit B**

Exhibit B, which consists of a document entitled "NetVersant Ranking Report 2002 OCTOBER," is objectionable on several grounds. First, Defendants object to the document constituting Exhibit B on the grounds that Plaintiff has failed to set forth the proper foundation for the documents as required by California Evidence Code § 1400, et seq. California Evidence Code section 1401(a) requires the authentication of a writing before it may be received into evidence. "Authentication of a writing means (a) the *introduction of evidence sufficient to sustain a finding that it is the writing that the proponent of the evidence claims it is* or (b) the establishment of such facts by any other means provided by law." Cal. Evidence Code § 1400 (emphasis added). This document must be excluded because Plaintiff has not presented evidence establishing its authentication as a condition precedent to its admission, as required by Evidence Code §§ 1401 and 1414. Plaintiff has failed to properly authenticate Exhibit B because that must be done by someone with personal knowledge of the document's genuineness. Accordingly, this document must be disregarded by the Court as it is unauthenticated. Cal. Evidence Code § 1401(a).

Second, Defendants object to Exhibit B on the basis that it constitutes impermissible hearsay evidence because it consists of statements other than those made by the declarant to prove the truth of the matter asserted. Cal. Evidence Code § 1200; *California Maryland Funding, Inc. v. Lowe* (1995) 37 Cal.App.4th 1798, 1809 (testimony regarding statements made by a third party offered for the truth of the matter asserted in the statement constitute inadmissible hearsay). As the document is not accompanied by declarations from the authors verifying the truth and personal knowledge of each and every statement in it, the content is entirely inadmissible hearsay. *Id.*

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

14.            Case No. CGC-06-453469
DEFENDANTS' OBJECTIONS TO EVIDENCE

Third, Defendants object to Exhibit B on the basis that Plaintiff failed to produce this document in response to Defendants' requests for production of documents and failed to identify this document in response to Defendants' Form Employment Interrogatory 202.1. It is well-established that the Court has the right to exclude evidence for failure to reveal information in response to a demand for production of documents and in an answer to an interrogatory. *See, e.g., Deeter v. Angus* (1986) 179 Cal. App. 3d 241, 254-255 (exclusion of audiotape not produced in response to discovery requests proper); *Thoren v. Johnston & Washer* (1972) 29 Cal. App. 3d 270, 273; *see also* Cal. Code of Civ. Proc. § 2023.030(c). Plaintiff's willful failure to produce or identify this document in response to Defendants' discovery requests warrants its exclusion from consideration in this matter. *Id.*

C.   **Exhibit C**

Exhibit C, which consists of a document entitled "NetVersant Ranking Report 2003 DECEMBER," is objectionable on several grounds. First, Defendants object to the document constituting Exhibit C on the grounds that Plaintiff has failed to set forth the proper foundation for the documents as required by California Evidence Code § 1400, et seq. California Evidence Code section 1401(a) requires the authentication of a writing before it may be received into evidence. "Authentication of a writing means (a) the *introduction of evidence sufficient to sustain a finding that it is the writing that the proponent of the evidence claims it is* or (b) the establishment of such facts by any other means provided by law." Cal. Evidence Code § 1400 (emphasis added). This document must be excluded because Plaintiff has not presented evidence establishing its authentication as a condition precedent to its admission, as required by Evidence Code §§ 1401 and 1414. Plaintiff has failed to properly authenticate Exhibit C because that must be done by someone with personal knowledge of the document's genuineness. Accordingly, this document must be disregarded by the Court as it is unauthenticated. Cal. Evidence Code § 1401(a).

Second, Defendants object to Exhibit C on the basis that it constitutes impermissible hearsay evidence because it consists of statements other than those made by the declarant to prove the truth of the matter asserted. Cal. Evidence Code § 1200; *California Maryland Funding, Inc. v. Lowe* (1995) 37 Cal.App.4[th] 1798, 1809 (testimony regarding statements made by a third party

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

15.   Case No. CGC-06-453469
DEFENDANTS' OBJECTIONS TO EVIDENCE

offered for the truth of the matter asserted in the statement constitute inadmissible hearsay). As the document is not accompanied by declarations from the authors verifying the truth and personal knowledge of each and every statement in it, the content is entirely inadmissible hearsay. *Id.*

Third, Defendants object to Exhibit C on the basis that Plaintiff failed to produce this document in response to Defendants' requests for production of documents and failed to identify this document in response to Defendants' Form Employment Interrogatory 202.1. It is well-established that the Court has the right to exclude evidence for failure to reveal information in response to a demand for production of documents and in an answer to an interrogatory. *See, e.g., Deeter v. Angus* (1986) 179 Cal. App. 3d 241, 254-255 (exclusion of audiotape not produced in response to discovery requests proper); *Thoren v. Johnston & Washer* (1972) 29 Cal. App. 3d 270, 273; *see also* Cal. Code of Civ. Proc. § 2023.030(c). Plaintiff's willful failure to produce or identify this document in response to Defendants' discovery requests warrants its exclusion from consideration in this matter. *Id.*

### D. Exhibit D

Exhibit D, which consists of a document entitled "Account Executive Rankings October 2004," is objectionable on several grounds. First, Defendants object to the document constituting Exhibit D on the grounds that Plaintiff has failed to set forth the proper foundation for the documents as required by California Evidence Code § 1400, et seq. California Evidence Code section 1401(a) requires the authentication of a writing before it may be received into evidence. "Authentication of a writing means (a) the *introduction of evidence sufficient to sustain a finding that it is the writing that the proponent of the evidence claims it is* or (b) the establishment of such facts by any other means provided by law." Cal. Evidence Code § 1400 (emphasis added). This document must be excluded because Plaintiff has not presented evidence establishing its authentication as a condition precedent to its admission, as required by Evidence Code §§ 1401 and 1414. Plaintiff has failed to properly authenticate Exhibit D because that must be done by someone with personal knowledge of the document's genuineness. Accordingly, this document must be disregarded by the Court as it is unauthenticated. Cal. Evidence Code § 1401(a).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

16.  Case No. CGC-06-453469

**DEFENDANTS' OBJECTIONS TO EVIDENCE**

1  Second, Defendants object to Exhibit D on the basis that it constitutes impermissible hearsay evidence because it consists of statements other than those made by the declarant to prove the truth of the matter asserted. Cal. Evidence Code § 1200; *California Maryland Funding, Inc. v. Lowe* (1995) 37 Cal.App.4th 1798, 1809 (testimony regarding statements made by a third party offered for the truth of the matter asserted in the statement constitute inadmissible hearsay). As the document is not accompanied by declarations from the authors verifying the truth and personal knowledge of each and every statement in it, the content is entirely inadmissible hearsay. *Id.*

Dated: May 18, 2007

_____
MICHELLE B. HEVERLY
MICHAEL W. WARREN
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
NETVERSANT - NATIONAL, INC., PETER WAINWRIGHT

Firmwide:82486474.1 037665.1017

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

17.  Case No. CGC-06-453469
DEFENDANTS' OBJECTIONS TO EVIDENCE