# EXHIBIT – M

Westlaw.

379 F.3d 1249 Page 1
379 F.3d 1249, 85 Empl. Prac. Dec. P 41,771, 150 Lab.Cas. P 34,895, 191 Ed. Law Rep. 124, 9 Wage & Hour Cas.2d (BNA) 1441, 28 NDLR P 259, 17 Fla. L. Weekly Fed. C 898
**(Cite as: 379 F.3d 1249)**

▷

United States Court of Appeals,
Eleventh Circuit.
Brandi Hare WALKER, Plaintiff-Appellant,
v.
ELMORE COUNTY BOARD OF EDUCATION,
Defendant-Appellee,
Gwendolyn Dixon, in her individual and official capacity, Robert P. Murchison,
in his individual and official capacity, Defendants.
No. 02-16509.

Aug. 5, 2004.

**Background:** Teacher whose contract was not renewed brought suit against county board of education, superintendent of schools, and school principal, asserting that they violated the Family and Medical Leave Act (FMLA) by denying her maternity leave and not renewing her contract in retaliation for her leave request. The United States District Court for the Middle District of Alabama, No. 02-00067-CV-T-N, Myron H. Thompson, J., 223 F.Supp.2d 1255, granted summary judgment in favor of defendants, and plaintiff appealed.

**Holding:** The Court of Appeals, Tjoflat, Circuit Judge, held that request for maternity leave made by employee who was ineligible for leave under the Family and Medical Leave Act (FMLA) at time of the request did not constitute an attempt to exercise an FMLA right, and thus was not protected by the FMLA's retaliation provision, where requested leave would have begun several days before employee would have become eligible for FMLA coverage.
Affirmed.

West Headnotes

**[1] Labor and Employment** 🗝️365
231Hk365 Most Cited Cases
To state a claim of retaliation under the Family and Medical Leave Act (FMLA), employee must allege that: (1) he engaged in a statutorily protected activity; (2) he suffered an adverse employment decision; and (3) the decision was causally related to the protected activity. Family and Medical Leave Act of 1993, § 105(a)(1), 29 U.S.C.A. § 2615(a)(1).

**[2] Labor and Employment** 🗝️338
231Hk338 Most Cited Cases
Request for maternity leave made by employee who was ineligible for leave under the Family and Medical Leave Act (FMLA) at time of the request did not constitute an attempt to exercise an FMLA right, and thus was not protected by the FMLA's retaliation provision, where requested leave would have begun several days before employee became eligible for FMLA coverage. Family and Medical Leave Act of 1993, § § 101, 105(a)(1), 29 U.S.C.A. § § 2611, 2615(a)(1).
*1249 Lauren J. McGarity, John Miller West, Bredhoff & Kaiser, P.L.L.C., Washington, *1250 DC, Terrie Scott Biggs, Montgomery, AL, for Walker.

G. Houston Howard, II, Howard, Dunn, Howard & Howard, Wetumpka, AL, for Defendant-Appellee.

Appeal from the United States District Court for the Middle District of Alabama.

Before TJOFLAT, BARKETT and HILL, Circuit Judges.

TJOFLAT, Circuit Judge:

The Family and Medical Leave Act of 1993, Pub.L. No. 103-3, 107 Stat. 6, codified at 29 U.S.C. § § 2601-54 (the "FMLA" or "Act"), requires "employers" [FN1] to provide "eligible" employees with up to twelve weeks of unpaid leave to care for a newborn child. 29 U.S.C. § 2612. An eligible employee is an employee who has worked for the employer for twelve months and for at least 1,250 hours in the preceding year. 29 U.S.C. § 2611. The Act prohibits an employer from retaliating against an employee who attempts to exercise any FMLA-created right. 29 U.S.C. § 2615(a). [FN2]

> FN1. The act defines "employer" as "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year." 29 U.S.C. § 2611(4)(A)(i).

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 4:07-cv-03224-SBA     Document 1-35     Filed 06/19/2007     Page 3 of 12

379 F.3d 1249                                                                                                    Page 2
379 F.3d 1249, 85 Empl. Prac. Dec. P 41,771, 150 Lab.Cas. P 34,895, 191 Ed. Law Rep. 124, 9 Wage & Hour
Cas.2d (BNA) 1441, 28 NDLR P 259, 17 Fla. L. Weekly Fed. C 898
**(Cite as: 379 F.3d 1249)**

> FN2. Section 2615(a) makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the FMLA]."

The question this appeal presents is whether a request for maternity leave made by an employee who is ineligible at the time of her request constitutes an attempt to exercise a FMLA right. The district court answered this question in the affirmative, but denied the employee's claim that her employer had retaliated against her for requesting the maternity leave. We affirm the district court's decision on the ground that the Act does not protect the attempt made in this case. [FN3]

> FN3. "A correct judgment may be affirmed on any ground regardless of the grounds addressed, adopted or rejected by the district court." *Sosa v. Chase Manhattan Mortgage Corp.*, 348 F.3d 979, 983 (11th Cir.2003).

I.

In August 1999, the Board of Education for Elmore County, Alabama (the "School Board" or "Board"), hired Brandi Hare Walker to teach third grade at the Robinson Springs School for one year. [FN4] Walker reported for work on August 9, 1999. The contract, which required Walker to teach until the school year ended on May 19, 2000, would be automatically renewed unless the School Board elected not to renew it, [FN5] and provided that Walker would be paid $28,394 in twelve monthly installments beginning September 30, 1999, and ending August 30, 2000.

> FN4. In determining whether the district court erred in granting the summary judgment, we take the evidence in the light most favorable to the nonmovant. *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1271 (11th Cir.2003). The facts recited in part I reflect the evidence viewed in such light.

> FN5. Under Alabama law, teachers are deemed to have been offered reemployment for the succeeding school year unless the employing board of education notifies them to the contrary in writing by June 15. Ala.Code § 16-24-12.

In December, Walker informed the principal of the Robinson Springs School that she was pregnant. The following April, Walker told the principal that she was due on August 2 and inquired as to what she should do to obtain maternity leave following the child's arrival. The principal told *1251 Walker that she should make her request for leave in a letter to the School Board. She recommended that Walker wait until the Board decided whether her contract would be renewed for the next school year.

The School Board made its decision on May 15. It met that day to receive the superintendent of school's recommendations on personnel actions, including the renewal of the one-year teacher contracts. Walker's principal had told Walker on May 12 that the School Board would not be renewing her contract, and on May 16, the superintendent of schools informed her by letter that such was the case.

Walker gave birth to a daughter on July 27, 2000. On August 3, the teachers in the Elmore County school system reported for work for the 2000-2001 school term.

II.

On January 17, 2001, Walker brought this lawsuit against the Elmore County Board of Education, the superintendent of schools and the principal of Robinson Springs School. [FN6] From the allegations of her complaint, the district court concluded that Walker was bringing two claims. The first, which the court labeled a "prescriptive" claim, assumed that Walker was an eligible employee and asserted that the School Board denied her right to maternity leave. The second, which the court labeled a "proscriptive" claim, asserted that the School Board decided not to renew Walker's teaching contract in retaliation for her request for FMLA leave. The superintendent and the principal moved the district court to dismiss them from the case on the ground that they were not employers as defined by the Act. The court agreed and granted their motion. The School Board also moved for dismissal and alternatively for summary judgment. The court withheld ruling on the alternative motions pending the close of discovery. After discovery was completed, the court granted the Board summary judgment. *Walker v. Elmore County Bd. of Educ.*, 223 F.Supp.2d 1255, 1256 (M.D.Ala.2002).

> FN6. Walker sued the superintendent and principal in both their official and individual capacities.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

379 F.3d 1249                                                                                           Page 3
379 F.3d 1249, 85 Empl. Prac. Dec. P 41,771, 150 Lab.Cas. P 34,895, 191 Ed. Law Rep. 124, 9 Wage & Hour Cas.2d (BNA) 1441, 28 NDLR P 259, 17 Fla. L. Weekly Fed. C 898
**(Cite as: 379 F.3d 1249)**

Turning to Walker's "prescriptive" claim, the district court held that Walker was not an eligible employee--because she had not worked for the School Board for at least twelve months and for at least 1,250 hours of service during the previous twelve-month period--and had no right to the leave she requested. The court therefore denied relief on that claim. [FN7] *Id.* at 1258.

>   FN7. The court's ruling on the "prescriptive" claim is not challenged in this appeal.

Addressing Walker's "proscriptive" claim, the district court first considered the threshold issue of whether the FMLA protects a request for maternity leave by an ineligible employee. Noting that other district courts had adopted the view that "any action taken by an employee before becoming an eligible employee cannot be protected activity under the FMLA," the district court nevertheless found that "some actions" taken by an employee before eligibility "may be" protected. *Id.* at 1259. Specifically, the court stated,

>   where the employee, *before* she becomes eligible for FMLA, is putting the employer on notice of her intent to take FMLA leave *after* she becomes eligible for FMLA coverage, logic requires that the FMLA be read to require that the employee be permitted to make a retaliation charge against the employer for an adverse-employment action.

*Id.* at 1260. The court then held that "although Walker was not an eligible employee when she delivered her child, and *1252 would not have been an eligible employee even if she had delivered on her anticipated delivery date," her request was protected by the Act because "almost all of her leave would have taken place during her FMLA-eligibility period." *Id.* at 1261.

Having decided that the FMLA protected Walker from retaliation for her maternity leave request, the district court then addressed the merits of her claim. Because Walker's claim--that the School Board decided not to renew her contract because she applied for maternity leave--was based on circumstantial evidence, the court applied the burden shifting framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under that test, as applied in the FMLA context at hand, if Walker established a prima facie case of retaliation, the burden of going forward with the evidence shifts to the Board. If it proffered a nonretaliatory reason for its adverse employment decision, Walker would have to show that the reason was a pretext for retaliation. In this case, the School Board proffered seven nonretaliatory reasons for not renewing Walker's contract. [FN8] The court then looked for evidence that the reasons were a pretext for retaliation and found none. Because, in the court's eyes, Walker had failed the *McDonnell Douglas* test, it granted the School Board's motion for summary judgment. *Walker,* 223 F.Supp.2d at 1262-63.

>   FN8. The reasons were:
>   (1) she did not maintain a proper relationship with parents; (2) she did not establish and maintain a proper relationship with children in her class, especially when disciplining them; (3) she did not maintain her bulletin board properly; (4) she did not timely submit data requested by her principal; (5) she did not maintain proper classroom control; (6) she referred students to the office about matters that she could and should have resolved in her classroom; and (7) her principal did not believe she would be a satisfactory teacher.
>   *Walker,* 223 F.Supp.2d at 1262.

Walker now appeals the district court's disposition of her "proscriptive" claim. She contends first that the evidence of the School Board's reasons for not renewing her contract was not evidence at all; rather, it consisted of unauthenticated exhibits attached to a memorandum the Board's counsel filed in support of the Board's motion for summary judgment. Second, assuming that those exhibits were properly before the court, Walker says that material issues of fact remain as to whether the School Board's reasons were pretextual.

We need not decide whether Walker failed the *McDonnell Douglas* test because we conclude that Walker's request for maternity leave did not constitute a protected attempt to obtain an FMLA benefit.

III.
[1] To state a claim of retaliation under the FMLA, "an employee must allege that (1) he engaged in a statutorily protected activity; (2) he suffered an adverse employment decision; and (3) the decision was causally related to the protected activity." *Strickland v. Water Works & Sewer Bd.,* 239 F.3d 1199, 1207 (11th Cir.2001) (citation omitted) (applying the *McDonnell Douglas* analysis in a FMLA case). Contrary to the district court, we hold

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

379 F.3d 1249 Page 4
379 F.3d 1249, 85 Empl. Prac. Dec. P 41,771, 150 Lab.Cas. P 34,895, 191 Ed. Law Rep. 124, 9 Wage & Hour Cas.2d (BNA) 1441, 28 NDLR P 259, 17 Fla. L. Weekly Fed. C 898
**(Cite as: 379 F.3d 1249)**

that Walker's claim fails at the first step in this analysis because her request for leave was not protected by the FMLA.

A.

[2] We first note that Walker's case differs from the usual retaliation case because Walker was not an eligible employee under the FMLA at the time she requested maternity leave. According to Walker, however, requesting leave for which one will be eligible before one is actually eligible *1253 is an "attempt to exercise" a right provided by FMLA, and employers are prohibited from retaliating against an employee for making such a request. 29 U.S.C. § 2615. Unless we agree that the FMLA protects a request for leave that is to begin after the employee achieves eligibility, Walker's case fails.

Examining the facts of this case closely, however, reveals that Walker's case is *not* one "where the employee, *before* she becomes eligible for FMLA, is putting the employer on notice of her intent to take FMLA leave *after* she becomes eligible for FMLA coverage." *Walker,* 223 F.Supp.2d at 1260. Here, Walker would not have been eligible for leave even at the time her leave was to begin. [FN9] Instead, Walker's request was for leave that would begin several days before she would have become eligible had her contract been renewed. [FN10] There can be no doubt that the request--made by an ineligible employee for leave that would begin when she would still have been ineligible--is not protected by the FMLA. We leave for another day the question of whether the FMLA protects a pre-eligibility request for post-eligibility maternity leave.

> FN9. Walker's maternity leave would have commenced on August 3, 2000, the first day upon which she would have been required to report for work following both her due date (August 2) and her actual delivery date (July 27). The day Walker would have become eligible for FMLA leave, however, was her twelve-month anniversary at the school, August 9, 2000.

> FN10. Walker argues that she could have used sick leave to fill the time between the date she was required to report for work and the date upon which she would have become eligible for FMLA leave. This argument misses the point, however, because the determination of whether an employee has been employed for at least twelve months

for FMLA eligibility "must be made as of the date leave commences." 29 C.F.R. § 825.110(d). For the same reason, the district court's holding that "almost all of [Walker's] leave would have taken place during her FMLA-eligibility period" is inapposite. 223 F.Supp.2d at 1261.

B.

As a fallback position, Walker asserts that the FMLA protects a request for FMLA leave regardless of whether the employee would be eligible for the leave. This argument is based on the district court's holding that the FMLA "can protect someone who mistakenly asks for FMLA leave although they are ineligible." 223 F.Supp.2d at 1259. We disagree with the district court's holding. The FMLA makes it unlawful for an employer to interfere with the attempt "to exercise[ ] any right *provided under this subchapter,*" 29 U.S.C. § 2615(a)(1) (emphasis added), and the right to leave is provided only to eligible employees. 29 U.S.C. § 2612. While we do not reach the question of whether one can attempt to exercise a right under the FMLA that one will have in the future, we hold that the statute does not protect an attempt to exercise a right that is not provided by FMLA, i.e., the right to leave before one becomes eligible therefor.

IV.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

379 F.3d 1249, 85 Empl. Prac. Dec. P 41,771, 150 Lab.Cas. P 34,895, 191 Ed. Law Rep. 124, 9 Wage & Hour Cas.2d (BNA) 1441, 28 NDLR P 259, 17 Fla. L. Weekly Fed. C 898

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT – N

Westlaw.

90 F.3d 1477 Page 1
90 F.3d 1477, 35 Fed.R.Serv.3d 927, 5 A.D. Cases 1249, 18 A.D.D. 400, 8 NDLR P 232, 96 Cal. Daily Op. Serv. 5647, 96 Daily Journal D.A.R. 9197
**(Cite as: 90 F.3d 1477)**

▷

United States Court of Appeals,
Ninth Circuit.
Kathlyn M. KENNEDY, Plaintiff-Appellant,
v.
APPLAUSE, INC., Defendant-Appellee.
Nos. 95-55017, 95-55549.

Argued and Submitted May 9, 1996.
Decided July 31, 1996.

Former employee brought action against her former employer which included claim that she was discharged because of her Chronic Fatigue Syndrome in violation of the Americans with Disabilities Act (ADA). The United States District Court for the Central District of California, Stephen V. Wilson, J., granted summary judgment in favor of former employer on ADA claim, 1994 WL 740765, and awarded attorney fees and costs to former employer. Former employee appealed both orders. After consolidating appeals, the Court of Appeals, David R. Thompson, Circuit Judge, held that: (1) former employee failed to create genuine issue of material fact regarding whether she was totally disabled; (2) former employee's motion for further discovery was properly denied; and (3) notice of appeal filed by former employee after District Court's ruling that former employer was entitled to award of attorney fees and costs, but before entry of final order fixing amount of such award, was invalid.

Affirmed in part and dismissed in part.

West Headnotes

**[1] Civil Rights ⚖1018**
78k1018 Most Cited Cases
(Formerly 78k107(1))
Only "qualified individual with disability" may state claim for discrimination under ADA. Americans with Disabilities Act of 1990, § 2 et seq., 42 U.S.C.A. § 12101 et seq.

**[2] Civil Rights ⚖1217**
78k1217 Most Cited Cases
(Formerly 78k173.1)
In order to prevail on employment termination claim under ADA, plaintiff must establish (1) that he or she is disabled person within meaning of ADA, (2) that he or she is qualified, that is, with or without reasonable accommodation (which plaintiff must describe), he or she is able to perform essential functions of job, and (3) that employer terminated him or her because of his or her disability. Americans with Disabilities Act of 1990, § 2 et seq., 42 U.S.C.A. § 12101 et seq.

**[3] Civil Rights ⚖1218(4)**
78k1218(4) Most Cited Cases
(Formerly 78k173.1)
In ADA employment discrimination action, plaintiff bears burden of demonstrating that he or she can perform essential functions of his or her job with or without reasonable accommodation. Americans with Disabilities Act of 1990, § 2 et seq., 42 U.S.C.A. § 12101 et seq.

**[4] Federal Civil Procedure ⚖2497.1**
170Ak2497.1 Most Cited Cases
Employee who was discharged because of her Chronic Fatigue Syndrome failed to create genuine issue of material fact regarding whether she was totally disabled as would preclude summary judgment in her ADA action against her former employer on grounds she was not "qualified individual with disability," though employee testified in deposition that she was not totally disabled and Social Security Administration (SSA) ultimately denied employee's claim for disability benefits, where employee's doctor found that employee was totally disabled on day prior to her discharge, and employee made sworn statements on her state disability benefit and SSA claim forms that she was totally disabled. Americans with Disabilities Act of 1990, § 2 et seq., 42 U.S.C.A. § 12101 et seq.

**[5] Estoppel ⚖68(2)**
156k68(2) Most Cited Cases
Judicial estoppel is equitable doctrine invoked by court to protect integrity of judicial process, and it precludes parties from taking inconsistent positions in judicial proceedings.

**[6] Civil Rights ⚖1225(3)**
78k1225(3) Most Cited Cases
(Formerly 78k173.1)
Determination in former employee's ADA action that former employee was totally disabled as result of her Chronic Fatigue Syndrome made it unnecessary to

90 F.3d 1477                                                                                                    Page 2
90 F.3d 1477, 35 Fed.R.Serv.3d 927, 5 A.D. Cases 1249, 18 A.D.D. 400, 8 NDLR P 232, 96 Cal. Daily Op. Serv. 5647, 96 Daily Journal D.A.R. 9197
**(Cite as: 90 F.3d 1477)**

consider whether former employer could have accommodated that disability by allowing former employee flexibility to work when she was able as long as she fulfilled her monthly quota as sales representative. Americans with Disabilities Act of 1990, § 2 et seq., 42 U.S.C.A. § 12101 et seq.

[7] **Federal Civil Procedure** 2553
170Ak2553 Most Cited Cases
District court properly denied, in former employee's ADA action against her former employer, former employee's motion for further discovery in response to former employer's summary judgment motion, as former employee did not point to any potential discovery which would have precluded summary judgment. Americans with Disabilities Act of 1990, § 2 et seq., 42 U.S.C.A. § 12101 et seq.; Fed.Rules Civ.Proc.Rule 56(f), 28 U.S.C.A.

[8] **Federal Courts** 776
170Bk776 Most Cited Cases

[8] **Federal Courts** 820
170Bk820 Most Cited Cases
Court of Appeals would review de novo, rather than for abuse of discretion, district court's implicit denial of plaintiff's motion for further discovery in response to defendant's summary judgment motion. Fed.Rules Civ.Proc.Rule 56(f), 28 U.S.C.A.

[9] **Federal Courts** 668
170Bk668 Most Cited Cases
District court's ruling that prevailing former employer in ADA action was entitled to award of attorney fees and costs was not ruling that would have been appealable if immediately followed by entry of judgment, and therefore notice of appeal filed by former employee after such ruling but before entry of final order was invalid, where district court did not set amount of award until it entered final order. Americans with Disabilities Act of 1990, § 2 et seq., 42 U.S.C.A. § 12101 et seq.; F.R.A.P.Rule 4(a), 28 U.S.C.A.

[10] **Federal Courts** 668
170Bk668 Most Cited Cases
Requirement that notice of appeal be filed within 30 days of date of entry of judgment or appealable order is mandatory and jurisdictional. F.R.A.P.Rule 4(a), 28 U.S.C.A.

*1479 Michele S. Johnson, Thousand Oaks, California, for plaintiff-appellant.

William S. Waldo and E. Jeffrey Grube, Paul, Hastings, Janofsky & Walker, Los Angeles, California, for defendant-appellee.

Douglas S. McDowell and Ann Elizabeth Reesman, McGuiness & Williams, Washington, DC, for amicus curiae.

Appeals from the United States District Court for the Central District of California, Stephen V. Wilson, District Judge, Presiding. D.C. No. CV-94- 05344-SVW(GK).

Before: NOONAN, THOMPSON and HAWKINS, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

Kathlyn M. Kennedy has Chronic Fatigue Syndrome. Her condition required her to take a three-month medical disability leave from work. One month after she returned to work, her condition again deteriorated and she took another medical leave. Her employer, Applause, Inc., fired her.

Kennedy sued Applause in the district court, alleging that Applause violated the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., when it discharged her because of her disability. The district court granted summary judgment in favor of Applause. It held that Kennedy had failed to establish a necessary element of her *prima facie* case: that she was qualified to perform her job, with or without reasonable accommodation by her employer. 42 U.S.C. § 12111(8); 29 C.F.R. § 1630.2(m). The district court also awarded Applause attorney fees and costs.

In these consolidated appeals, Kennedy appeals the district court's summary judgment and its award of fees and costs. We have jurisdiction under 28 U.S.C. § 1291 to hear Kennedy's appeal from the district court's summary judgment. We affirm that judgment. We dismiss for lack of jurisdiction Kennedy's appeal from the district court's order granting Applause attorney fees and costs, because Kennedy's notice of appeal from that order was prematurely filed.

I
FACTS
Applause manufactures and distributes gift and novelty items. Beginning in October 1990, Kennedy worked for Applause as a sales

90 F.3d 1477 Page 3
90 F.3d 1477, 35 Fed.R.Serv.3d 927, 5 A.D. Cases 1249, 18 A.D.D. 400, 8 NDLR P 232, 96 Cal. Daily Op. Serv. 5647, 96 Daily Journal D.A.R. 9197
**(Cite as: 90 F.3d 1477)**

representative/territory manager. Her job duties entailed personally servicing the Applause accounts in the west San Fernando Valley of Los Angeles.

On August 18, 1992, Kennedy's physician, John E. Lynch, Jr., M.D., diagnosed her as suffering from "Chronic Fatigue Syndrome" and certified her as disabled from work. Kennedy was off work on medical disability leave from August 26, 1992 to November 30, 1992.

Kennedy worked for the next month at her usual job. On January 11, 1993, Dr. Lynch once again concluded she was unable to work and required a medical leave of absence. Later that day Kennedy informed her supervisor at Applause that her doctor had put her back on medical disability because of her Chronic Fatigue Syndrome.

*1480 The next day several things happened: Dr. Lynch signed a disability note which was submitted to Applause, stating that Kennedy was disabled from work until at least February 15, 1993; Kennedy signed an application for state disability benefits; and Kennedy's work supervisor, called her at home and informed her that she was fired.

In her complaint in the district court, Kennedy alleged seven causes of action: (1) violation of Title VII of the 1964 Civil Rights Act; (2) violation of the ADA; (3) violation of the California Fair Employment and Housing Act; (4) tortious discharge in violation of public policy; (5) breach of oral contract; (6) breach of implied contract; and (7) breach of the implied covenant of good faith and fair dealing.

The district court began its analysis of Kennedy's ADA claim by noting that Kennedy had the burden of demonstrating that she was a "qualified individual with a disability." The court then turned to the evidence. Kennedy's personal physician found her totally disabled from all work beginning January 11, 1993. In her deposition, Kennedy testified she was able to perform her job. The district court thought this might be enough to create a genuine issue of material fact precluding summary judgment, but there was more. Kennedy had made sworn statements on state disability benefit claim forms and Social Security Administration (SSA) claim forms that she was completely disabled for all work-related purposes.

Citing, *inter alia*, the First Circuit's opinion in *August v. Offices Unlimited, Inc.*, 981 F.2d 576 (1st Cir.1992), the district court held that Kennedy's deposition testimony that she was capable of working was belied by her detailed and definite sworn statements to the contrary on her disability benefit claim forms. The court also determined that these claim-form statements, together with Dr. Lynch's opinion, established that Kennedy was totally disabled and thus there was no reasonable accommodation Applause could have made which would have enabled her to perform her job. The district court also determined that the accommodation Kennedy requested, a "work-when-able" work schedule, was unreasonable as a matter of law. The court granted Applause's motion for summary judgment on Kennedy's two federal claims and dismissed the remaining state causes of action without prejudice. [FN1]

> FN1. The court later acknowledged that the Title VII claim had previously been orally dismissed.

Applause then moved for an award of attorney fees and costs and Rule 11 sanctions. On February 6, 1995, the district court denied Applause's motion for Rule 11 sanctions, but granted in part and denied in part its motion for attorney fees. The court also granted in part Kennedy's motion to retax costs. The court did not make a final determination at that time of the amount of fees and costs it would award. Instead, it asked both parties for additional submissions.

Before the court entered its final order determining the amount of fees and costs it would award, Kennedy filed a "Notice of Amended Appeal" from the February 6, 1995 order. She filed this on March 8, 1995. The district court filed its final order on March 20, 1995. In that final order the court reduced the clerk's costs award from $6,194.84 to $4,194.84 and granted Applause attorney fees of only $324.58. Kennedy did not file a notice of appeal from the March 20 order.

We consolidated Kennedy's appeal from the district court's summary judgment, which appeal is indisputably timely, with her appeal challenging the court's award of attorney fees and costs, which appeal we conclude is not timely.

II
DISCUSSION
A. The ADA Claim

90 F.3d 1477                                                                                                    Page 4
90 F.3d 1477, 35 Fed.R.Serv.3d 927, 5 A.D. Cases 1249, 18 A.D.D. 400, 8 NDLR P 232, 96 Cal. Daily Op. Serv.
5647, 96 Daily Journal D.A.R. 9197
**(Cite as: 90 F.3d 1477)**

[1] The Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, prohibits an employer from discriminating "against a qualified individual with a disability because of the disability." 42 U.S.C. § 12112(a). Only a "qualified individual with a disability" may state a claim for discrimination. *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir.1995); *Tyndall v. National Educ. Centers, Inc.*, 31 F.3d 209, 212 (4th Cir.1994); *1481*Jackson v. Veterans Administration*, 22 F.3d 277, 278 (11th Cir.1994), *cert. dismissed*, 513 U.S. 1052, 115 S.Ct. 657, 130 L.Ed.2d 560 (1994) (Rehabilitation Act). The ADA defines "qualified individual with a disability" as an "individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8); 29 C.F.R. § 1630.2(m).

[2][3] In order to prevail on an employment termination claim under the ADA, a plaintiff must establish:
> (1) that he is a disabled person within the meaning of the ADA; [FN2] (2) that he is qualified, that is, with or without reasonable accommodation (which he must describe), he is able to perform the essential functions of the job; and (3) that the employer terminated him because of his disability.

> FN2. For the purposes of the motion, the district court assumed, without finding, that Kennedy's Chronic Fatigue Syndrome is a "disability." We do the same.

*White*, 45 F.3d at 360-61. A plaintiff bears the burden of demonstrating that she can perform the essential functions of her job with or without reasonable accommodation. *Lucero v. Hart*, 915 F.2d 1367, 1371 (9th Cir.1990).

[4] Kennedy argues there were genuine issues of material fact as to the essential functions of her job. This argument misses the mark. The district court did not determine what functions of Kennedy's job were essential. It found she was totally disabled and as a result was unable to perform the job no matter what its essential functions were.

In determining that Kennedy was totally disabled from work beginning January 11, 1993, the district court relied on Dr. Lynch's deposition testimony that Kennedy was totally disabled from working either full time or part time beginning January 11, 1993, and on Kennedy's own admissions on her disability benefit claim forms. Although Dr. Lynch later cautioned that he did not see Kennedy a great deal from January 11 through May 4, 1993, his testimony is unequivocal that Kennedy was totally disabled as of January 11.

[5] Kennedy's statements on state disability benefit and Social Security Administration (SSA) claim forms corroborate Dr. Lynch's assessment that she was totally disabled beginning January 11, 1993. On these claim forms, Kennedy represented she was completely disabled for all work-related purposes. Her deposition testimony in this case in support of her ADA claim to the effect that she was *not* totally disabled is uncorroborated and self-serving. Moreover, this deposition testimony flatly contradicts both her prior sworn statements and the medical evidence. [FN3] As such, we conclude her deposition testimony does not present "a sufficient disagreement to require submission to a jury." See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 2511-12, 91 L.Ed.2d 202 (1986). There is no *genuine* dispute of the fact that Kennedy was totally disabled from performing her job beginning January 11, 1993.

> FN3. Applause and amicus urge us to apply the doctrine of judicial estoppel in this case. Judicial estoppel is an equitable doctrine invoked by the court to protect the integrity of the judicial process. *Morris v. State of California*, 966 F.2d 448, 453 (9th Cir.1991), *cert. denied*, 506 U.S. 831, 113 S.Ct. 96, 121 L.Ed.2d 57 (1992). It precludes parties from taking inconsistent positions in judicial proceedings. *Id.* at 452-53. Because we find no genuine issue of material fact in this case, we find it unnecessary to rely on the doctrine of judicial estoppel.

Kennedy argues that a genuine dispute of material fact as to the extent of her disability, and consequently her qualification to perform the essential functions of her job, is established by the SSA's ultimate denial of her claim for benefits. The SSA found "[b]ased on your description of the job you did as a sales person, we have concluded that you have the ability to return to this job." Kennedy contends the district court's opposite conclusion presents a textbook example of a genuine issue of material fact which is inappropriate for resolution by summary judgment. We disagree. The SSA's

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

90 F.3d 1477                                                                                                                    Page 5
90 F.3d 1477, 35 Fed.R.Serv.3d 927, 5 A.D. Cases 1249, 18 A.D.D. 400, 8 NDLR P 232, 96 Cal. Daily Op. Serv. 5647, 96 Daily Journal D.A.R. 9197
(Cite as: 90 F.3d 1477)

decision represents that administrative body's assessment of Kennedy's disability claim. Regardless of that assessment, Kennedy had to present evidence in the district court to create at least a genuine issue of material *1482 fact on the question whether she was a qualified individual with a disability under the ADA. This she did not do.

We conclude the district court did not err in holding there is no genuine issue of a material fact as to Kennedy's total disability and resulting inability to perform her job with Applause, with or without reasonable accommodation. See Liberty Lobby, 477 U.S. at 251-52, 106 S.Ct. at 2511- 12. See also August, 981 F.2d at 584 (granting summary judgment based on the finding that no genuine issue of material fact concerning the plaintiff's ability to work existed where the plaintiff had conceded that he was totally disabled on his claims for disability benefits).

[6] Because Kennedy was totally disabled, we need not consider her contention that Applause could have accommodated her disability by allowing her the flexibility to work when she was able, as long as she fulfilled her monthly quota. Because she was totally disabled, there was no genuine issue that she could have performed her job with the proposed, or any other, accommodation.

[7] Kennedy argues that if the district court had permitted her to conduct further discovery, she could have developed facts sufficient to create a genuine issue of material fact on the question whether she was a qualified individual with a disability under the ADA. She moved for further discovery under Rule 56(f) as part of her opposition to Applause's motion for summary judgment. The district court failed to address that motion.

[8] Even though the district court did not expressly address Kennedy's Rule 56(f) motion, by granting Applause's motion for summary judgment the district court implicitly denied the Rule 56(f) motion. Because the district court did not expressly address this motion, however, our review of Kennedy's challenge to the court's implicit denial is de novo, rather than for abuse of discretion. Qualls v. Blue Cross of California, Inc., 22 F.3d 839, 844 (9th Cir.1994).

Neither in Kennedy's submissions to the district court in opposition to Applause's motion for summary judgment, nor in her arguments on appeal to this court, does she point to any potential discovery which would have precluded summary judgment. Specifically, she fails to indicate any potential evidence that would support her claim that she is a "qualified individual with a disability" under the ADA. We therefore affirm the district court's implicit denial of her Rule 56(f) motion for further discovery.

B. Attorney Fees and Costs

[9] We dismiss for lack of jurisdiction Kennedy's appeal challenging the district court's award to Applause of $4,194.84 in costs and $324.58 in attorney fees. Kennedy failed to file a timely notice of appeal from this award.

[10] A notice of appeal must be filed within 30 days of the date of entry of a judgment or an appealable order. Fed.R.App.P. 4(a). This requirement is "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264, 98 S.Ct. 556, 561, 54 L.Ed.2d 521 (1978). Rule 4(a)(2) provides an exception for premature appeals:
> A notice of appeal filed after the court announces a decision or order but before the entry of the judgment or order is treated as filed on the date of and after the entry.

In this case Kennedy filed an "Amended Notice of Appeal" on March 8, 1995, after the district court had ruled on February 6, 1995 that it would award Applause attorney fees and costs. Those fees and costs were not fixed until the court filed its March 20, 1995 order. Kennedy's appeal from the February 6th order, therefore, was premature.

In FirsTier Mortgage Co. v. Investors Mortgage Ins. Co., 498 U.S. 269, 111 S.Ct. 648, 112 L.Ed.2d 743 (1991), the Supreme Court defined the circumstances under which a premature appeal qualifies as a timely appeal under Rule 4(a)(2):
> In our view, Rule 4(a)(2) permits a notice of appeal from a nonfinal decision to operate as a notice of appeal from the final judgment only when a district court announces a decision that *would be* appealable *1483 if immediately followed by the entry of judgment.

FirsTier, 498 U.S. at 276, 111 S.Ct. at 653 (emphasis in original). The Rule "was intended to protect the unskilled litigant who files a notice of appeal from a decision that he reasonably but mistakenly believes to be a final judgment, while failing to file a notice of appeal from the actual final judgment." Id.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

90 F.3d 1477                                                                                           Page 6
90 F.3d 1477, 35 Fed.R.Serv.3d 927, 5 A.D. Cases 1249, 18 A.D.D. 400, 8 NDLR P 232, 96 Cal. Daily Op. Serv. 5647, 96 Daily Journal D.A.R. 9197
**(Cite as: 90 F.3d 1477)**

In *In re Jack Raley Constr., Inc.*, 17 F.3d 291 (9th Cir.1994), we held that an order which did not determine an issue later resolved by the judgment did not qualify under Rule 4(a)(2) as a "decision that would be appealable if immediately followed by the entry of judgment." *Id.* at 294. We said that a premature notice of appeal is valid when "[a]ll that remained was the clerk's ministerial task of entering a Rule 58 judgment." *Id.* (citing *American Totalisator Co. v. Fair Grounds Corp.*, 3 F.3d 810, 813 (5th Cir.1993)). In *Jack Raley*, significantly more than a ministerial task remained. The appellants could not be said to have reasonably confused the district court's order with a final judgment when they had requested an opportunity to brief the unresolved issue. *Jack Raley*, 17 F.3d at 294.

Here, as in *Jack Raley*, significantly more than a ministerial task remained after the district court entered its February 6 order stating it would award attorney fees and costs to Applause. The amount of fees and costs had yet to be determined. The court had requested further submissions from both parties in order to assist it in this determination. Kennedy could not be said to have reasonably confused the court's February 6 order with a final judgment when the amount of attorney fees and costs was undetermined and the court was still requesting submissions. In the words of the Supreme Court, the court's February 6 order was not one "that *would be* appealable if immediately followed by the entry of judgment." *FirsTier*, 498 U.S. at 276, 111 S.Ct. at 653 (emphasis in original). *See also Baker v. Limber*, 647 F.2d 912, 916 (9th Cir.1981) (appellant filed notice of appeal after default, but before determination of damages or entry of judgment; appeal dismissed as premature). We therefore dismiss for lack of jurisdiction Kennedy's appeal challenging the district court's award of attorney fees and costs to Applause.

### III
### CONCLUSION

The district court's grant of summary judgment in favor of Applause on Kennedy's ADA claim, Appellate Case No. 95-55017, is affirmed on the basis that there is no genuine issue of material fact for trial and the district correctly applied the relevant substantive law. Kennedy's appeal in Appellate Case No. 95-55549 challenging the district court's award of attorney fees and costs is dismissed for lack of appellate jurisdiction.

AFFIRMED in part and DISMISSED in part. Applause shall recover its costs on appeal in both of the consolidated appeals to this court.

90 F.3d 1477, 35 Fed.R.Serv.3d 927, 5 A.D. Cases 1249, 18 A.D.D. 400, 8 NDLR P 232, 96 Cal. Daily Op. Serv. 5647, 96 Daily Journal D.A.R. 9197

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.