# EXHIBIT -28

1    MICHELLE B. HEVERLY, Bar No. 178660
     MICHAEL W. WARREN, Bar No. 223642
2    LITTLER MENDELSON
     A Professional Corporation
3    50 West San Fernando Street, 14th Floor
     San Jose, CA 95113.2303
4    Telephone:  408.998.4150

                              ENDORSED
                              **F I L E D**
                 San Francisco County Superior Court

5    Attorneys for Defendants
     NETVERSANT - NATIONAL, INC., PETER
6    WAINWRIGHT

                             MAY 1 8 2007

                   GORDON PARK-LI, Clerk
7                     By:     ROSSALY DE LA VEGA
                               Deputy Clerk

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 COUNTY OF SAN FRANCISCO

10

11    MICHAEL CAVA,                 Case No.  CGC-06-453469

12            Plaintiff,          **PROOF OF SERVICE BY HAND
                                     DELIVERY**

13            v.

14    NETVERSANT - NATIONAL, INC., a
     Delaware corporation, dba
15    NETVERSANT - SAN FRANCISCO, aka
     NETVERSANT; PETER WAINWRIGHT,
16    an individual; and DOES 1 through 40,
     inclusive,
17
18            Defendants.

19         I am employed by Inner City Express in Santa Clara County, California.  I am over

20 the age of eighteen years and not a party to the within-entitled action.  On May 18, 2007, I

21 personally served a true and correct copy of the within documents:

22      **1.**      **DEFENDANT NETVERSANT'S REPLY MEMORANDUM OF POINTS AND
                AUTHORITIES IN SUPPORT OF ITS MOTION FOR SUMMARY
23             JUDGMENT AND/OR SUMMARY ADJUDICATION OF ISSUES**

24      **2.**      **REPLY SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS
                AND REFERENCE TO SUPPORTING EVIDENCE IN SUPPORT OF
25             DEFENDANT NETVERSANT'S MOTION FOR SUMMARY JUDGMENT OR
                IN THE ALTERNATIVE, SUMMARY ADJUDICATION OF ISSUES**
26
27      **3.**      **DEFENDANTS PETER WAINWRIGHT AND NETVERSANT'S REPLY
                MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
                THEIR MOTION FOR SUMMARY JUDGMENT AND/OR SUMMARY
28             ADJUDICATION OF ISSUES**

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408.998.4150

PROOF OF SERVICE BY HAND DELIVERY

1   **4.    REPLY SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS**
        **AND REFERENCE TO SUPPORTING EVIDENCE IN SUPPORT OF**
2       **DEFENDANTS PETER WAINWRIGHT AND NETVERSANT'S MOTION**
        **FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY**
3       **ADJUDICATION OF ISSUES**

4   **5.    DEFENDANTS' OBJECTIONS TO PLAINTIFF MICHAEL CAVA'S**
        **EVIDENCE IN SUPPORT OF HIS OPPOSITION TO DEFENDANTS'**
5       **MOTIONS FOR SUMMARY JUDGMENT AND/OR SUMMARY**
        **ADJUDICATION OF ISSUES**

6

7   **6.    REPLY APPENDIX OF FEDERAL AUTHORITIES CITED IN SUPPORT OF**
        **DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT, OR IN THE**
        **ALTERNATIVE, SUMMARY ADJUDICATION**

8

9       in a sealed envelope, addressed as follows:

10  PDaniel P. Iannitelli
    Fotouhi Ipps Hillger Gilroy LLP
11  160 Pine Street, Suite 710
    San Francisco, CA  94111
12

13      Executed on May 18, 2007, at San Jose, California.

14

15

16                          _Sergio P. Antonio_
                                  (Print Name)
17

18                          _____
                                  (Signature)

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA  95113 2303
408 998 4150

2.

**PROOF OF SERVICE BY HAND DELIVERY**

# EXHIBIT -29

1  **Shahab E. Fotouhi - 168301**
   **Daniel P. Iannitelli - 203388**
2  FOTOUHI • EPPS • HILLGER • GILROY LLP
   160 Pine Street, Suite 710
3  San Francisco, CA 94111
   Tel: 415.362.9300
4  Fax: 415.358.5521

5  Attorneys for Plaintiffs
   MICHAEL CAVA

6

7

                                    ENDORSED
                                    F I L E D
                              San Francisco County Superior Court

                                    JUN 0 1 2007

                                 GORDON PARK-LI, Clerk
                              BY: ~~JULIE ROGUE~~
                                        Deputy Clerk

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    COUNTY OF SAN FRANCISCO - UNLIMITED JURISDICTION

10  MICHAEL CAVA,                          )    Case No. CGC-06-453469
                                           )
11              Plaintiff,                 )    [PROPOSED] ORDER CONTINUING
                                           )    TRIAL DATE PURSUANT TO STIPULATION
12  vs.                                    )
                                           )
13  NETVERSANT - NATIONAL, INC., a Delaware )   Trial Date:  June 25, 2007
    corporation, dba NETVERSANT - SAN      )
14  FRANCISCO, aka NETVERSANT; PETER       )
    WAINWRIGHT, an individual; and DOES 1  )
15  through 40, inclusive,                 )
                                           )
16              Defendants.                )
    _____)

17

18        Plaintiff's Stipulated Ex Parte Application for Order to Continue Trial came before this Court

19  and good cause appearing,

20        IT IS HEREBY ORDERED THAT the Trial date of June 25, 2007 is vacated.  The new trial

21  date shall be September 17, 2007, ~~[or]~~ at 9:30 Am in Dept. 206.  The Mandatory Settlement

22  Conference date of June 8, 2007 is hereby vacated.  An order setting a new date for the Mandatory

23  Settlement Conference shall be issued by the Court.  The discovery cut-off is extended to 30 days

24  before the new trial date.

25

26  DATED:  JUN 0 1 2007          _____

27                                HON.  DAVID BALLATI
                                  David L. Ballati
28                                Presiding Judge

# EXHIBIT -30

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
400 MCALLISTER STREET, SAN FRANCISCO, CA 94102

| | |
|---|---|
| MICHAEL CAVA | **Department  514** |
| PLAINTIFF (S) | |
| VS. | **NO. CGC-06-453469** |
| NETVERSANT-NATIONAL, INC., A DELAWARE CORPORATION et al | **Notice of Rescheduled Mandatory Settlement Conference** |
| DEFENDANT (S) | |

TO: ALL COUNSEL AND PARTIES IN PROPRIA PERSONA

The JUN-08-2007 MANDATORY SETTLEMENT CONFERENCE currently scheduled is canceled.

The MANDATORY SETTLEMENT CONFERENCE is rescheduled to AUG-29-2007 at 3:30 PM in Department 514, 400 McAllister Street San Francisco, CA 94102. Sanctions will be imposed for failure to comply with Local Rule 5.0.A. and California Rules of Court, Rule 3.1385.

DATED:  JUN-01-2007

THOMAS J. MELLON, JR.
JUDGE

EXHIBIT -31

**FILED**

San Francisco County Superior Court

JUN - 4 2007

GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

MICHAEL CAVA,

           Plaintiff,

      v.

NETVERSANT - NATIONAL, INC., a
Delaware corporation, dba
NETVERSANT - SAN FRANCISCO, aka
NETVERSANT; PETER WAINWRIGHT,
an individual; and DOES 1 through 40,
inclusive,

           Defendants.

Case No. CGC-06-453469

**ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT
NETVERSANT'S MOTION FOR
SUMMARY ADJUDICATION**

       The Motion for Summary Judgment and/or Summary Adjudication by Defendant NetVersant – National, Inc., came on for hearing before the Honorable Peter J. Busch on May 23, 2007, at 9:30 a.m. in Department 301, at the Superior Court of California, San Francisco County. Michelle B. Heverly of Littler Mendelson, P.C., appeared on behalf of Defendant NetVersant – National, Inc., and Daniel P. Iannitelli of Fotouhi Epps Hillger Gilroy, L.L.P., appeared on behalf of Plaintiff Michael Cava. After full consideration of the papers, admissible evidence and authorities submitted by the parties and in the Court's files, as well as the parties' oral argument, the Court orders as follows:

///

///

# I.    PLAINTIFF'S FIRST, SECOND AND FOURTH CAUSES OF ACTION

Defendant's motion as to Plaintiff's first cause of action for disability discrimination, second cause of action for wrongful termination against public policy, and fourth cause of action for retaliation is DENIED.

### A.    Plaintiff's First Cause of Action for Disability Discrimination Survives the Instant Motion for Summary Adjudication.

In *Hansen v. Lucky Stores* (1999) 74 Cal.App.4th 215, the Court of Appeal addressed the shifting burdens of proof for summary judgment in employment discrimination actions. The *Hansen* decision is instructive and provides a workable approach in addressing Defendant's motion for summary adjudication as to Cava's disability discrimination claim. (*Id.* at 223-227.)

"Normally, in employment discrimination cases, the employee must first establish a prima facie showing of wrongful discrimination. If he does so, the burden shifts to the employer to show a lawful reason for its action. The employer must show that the procedure by which the employee was terminated was 'validly and fairly devised and administered to serve a legitimate business purpose.' The burden then shifts to the employee to prove that 'the proffered justification is mere pretext.' The employee must produce 'substantial responsive evidence' on this last point. Pretext may be inferred from the timing of the discharge decision, the identity of the decisionmaker, or by the discharged employee's job performance before termination. Pretext may be demonstrated by showing that the proffered reason had no basis in fact, the proffered reason did not actually motivate the discharge, or, the proffered reason was insufficient to motivate the discharge." (*Id.* at 224 (citations omitted).)

"In the context of a summary judgment motion in an employment discrimination action, however, it has been observed that the burden is reversed because the defendant who seeks summary judgment bears the initial burden to show that the action has no merit and the plaintiff will not be required to respond unless and until the defendant has borne that burden." (*Id.* (citations omitted).) The employer therefore has the initial burden of "showing a legitimate reason for discharge, i.e., that it had a lawful, nondiscriminatory reason for termination." (*Id.* at 225 (citations omitted).)

1

**1.    Defendant Has Met its Burden and Established Legitimate, Non-Discriminatory Reasons for Its Employment Decision.**

2

Defendant has met its burden of showing that it had legitimate, nondiscriminatory

3

reasons for terminating Plaintiff's employment. (*See* Defendant's Undisputed Facts Nos. 10-23.)

4

Defendant presents evidence showing that Plaintiff was terminated on August 5, 2007 because of

5

Plaintiff's poor work performance and failure to create any new business. Prior to his leave of

6

absence to care for his son, he made virtually no new sales and he achieved only thirty-three percent

7

of his prorated annual quota at the time he left work. (Cava Dep., p. 176:20-177:7; Exhs. 5, 21;

8

Wainwright Dep., p. 176:4-11.) Plaintiff submits in his declaration that he performed above

9

expectations and compared favorably in relation to his fellow account executives. (Cava Decl. ¶13.)

10

In support of this claim, he submits his own declaration and a comparison chart he apparently

11

prepared. (Cava Decl.) Plaintiff's evidence in this regard is neither competent, nor responsive, and

12

is thus irrelevant. (*Horn v. Cushman & Wakefield West. Inc.* (1999) 72 Cal.App.4th 799, 816.)

13

Furthermore, the alleged evidence provided is neither authenticated, nor does it address the issues

14

raised by Defendant's motion. As such, Plaintiff's poor performance, coupled with the extended

15

period of time he had been off work provided Defendant with a legitimate, nondiscriminatory reason

16

for his termination. (Defendant Undisputed Fact No. 13; Exh. 12; Wainwright Dep., p. 181:25-

17

182:21.)

18

**2.    Cava Has Established that Triable Issues of Material Fact Exist as to His Disability Discrimination Claim.**

19

20

Once the employer shifts the burden of proof on a motion for summary judgment,

21

"the discharged employee seeking to avert summary judgment must demonstrate either by additional

22

facts or legal argument that the defendant's showing was in fact insufficient or by competent

23

evidentiary materials that there was a triable issue of fact material to the defendant's showing."

24

(*Hansen, supra,* 74 Cal.App.4th at 225 (citations omitted).)

25

Here, Plaintiff successfully demonstrates in his opposing papers that there exists a

26

triable issue of fact as to the following material questions on the disability discrimination claim: (1)

27

whether Cava was a "qualified individual"; (2) whether Defendant engaged in the interactive process

28

in good faith; (3) whether Defendant failed to reasonably accommodate Plaintiff's disability; and (4)

1   whether the requested accommodation was an undue burden on Defendant. These important

2   questions of fact inform the ultimate issue for Plaintiff's discrimination claim, which is whether

3   Defendant's legitimate reasons for terminating Plaintiff were pretexual. Consequently, there remain

4   triable issues of material fact as to whether the proffered reason given for terminating Plaintiff was

5   mere pretext, and whether disability discrimination actually took place.

6                      **a.      A Triable Issue of Material Fact Exists as to Pretext.**

7                   Plaintiff began his employment with Defendant in June 2004, and soon after went on

8   a leave of absence to care for his son on November 1, 2004. (Cava Depo., p. 35:13-36:13; 43:8-11;

9   91:14-23; 94:16-95:1.) Plaintiff returned to work on January 17, 2005. (Cava Depo., p. 89:23-25;

10  93:5-10; 96:7-97:17.) On January 26, 2005, Plaintiff requested time off for his own disability.

11  (Cava Depo., p. 97:15-17; 117:9-19; 118:4-25; Exh. 4.) On or about January 28, 2005, Plaintiff

12  commenced his disability leave. (Cava Depo., p. 179:14-180:4; Cava Decl. ¶¶ 20, 21; Cotter Depo.,

13  p. 33:16-34:21; Exh. 10.) During his time off, Plaintiff maintained that he performed some of his

14  work duties. (Cava Decl. ¶¶ 20, 21.) Plaintiff returned to work from his disability leave on August

15  1, 2005. Two days later, on August 3, 2005 Plaintiff submitted a doctor's note and requested

16  additional time off work. (Cava Depo., p. 86:11-21; 134:10-20; 157:14-19; 161:5-24; 162:10-12;

17  Exh. 19.) Neither the doctor's note nor Plaintiff's written e-mail request explained the nature of

18  Plaintiff's disability or the scope and duration of Plaintiff's requested leave. (Cava Depo., Exh. 19;

19  Cotter Depo., Exh. 18-19.) Significantly, the doctor's note invited Defendant to contact him if there

20  were any questions, and Plaintiff's e-mail asked Defendant to respond to his e-mail in order to

21  discuss the matter further. (Cava Depo., Exh. 19; Cotter Depo., Exh. 18-19.) In response to the e-

22  mail, Joanna Cotter telephoned Plaintiff and asked him how he was and what was going on. (Cotter

23  Depo., p. 45:13-15.) No new information was communicated between Cotter and Cava. (Cotter

24  Depo., p. 45:13-23) Moreover, Defendant declined to contact Plaintiff's doctor to inquire about

25  Plaintiff's disability. (Cotter; 51:11-19.) At that time, Ms. Cotter and other administrators at

26  NetVersent did not inquire into the nature of Plaintiff's disability and whether an accommodation

27  was available. (Cotter Depo., p. 46:17-48:1.) Instead, Defendant decided to terminate Plaintiff from

28

---

ORDER GRANTING IN PART AND DENYING IN PART
DEF NETVERSANT'S MOTION FOR SUMMARY          4.          Case No. CGC-06-453469
JUDGMENT

1    employment on August 5, 2007, just two days after requesting leave for his disability. (Cava Depo.,

2    p. 168:11-169:15; Exh. 20; Cotter Depo., 54:18-22.)

3              Defendant's conduct between the time of the second request for additional disability

4    leave and Plaintiff's termination gives rise to a triable issue of material fact as to pretext. Despite

5    Defendant's admission that Plaintiff was disabled at the time of his August 3, 2007 request for leave,

6    Defendant failed to engage in the interactive process to (i) determine the nature of Plaintiff's

7    disability, (ii) identify the scope and duration of Plaintiff's request for leave, (iii) ascertain whether

8    Plaintiff's disability could be reasonably accommodated, and (iv) decide whether the requested leave

9    would be an undue burden on Defendant. Defendant failed to take these important steps. The only

10    thing that changed between Plaintiff's return to work on August 1, 2005 and his termination on

11    August 5, 2005 was his request for further leave. As a result, this Court cannot find, as a matter of

12    law, that Defendant's legitimate, nondiscriminatory reasons for terminating Plaintiff were not

13    pretexual. Thus, there exists a triable issue of fact on the ultimate issue for Plaintiff's discrimination

14    claim, whether the reasons proffered for the termination were pretexual. The issues detailed below

15    support such a finding.

16                    **(1)    Whether Cava was a "Qualified Individual"?**

17              At his deposition, Plaintiff stated that at the time he requested additional leave in

18    August 2005 he was totally disabled, but could have done part of his job shortly thereafter. (Cava

19    Depo., p. 180:8-13.) In his declaration offered in support of his opposition, Plaintiff stated, "I

20    believe that I could have returned to work, without restrictions, shortly after requesting additional

21    leave in August 2005." (Cava Decl. ¶21.) Defendant concedes that Plaintiff was disabled at the time

22    of his termination. (Defendant's Undisputed Material Facts No. 8-9; Cotter Depo., p. 45:24-46:2.)

23    Based on Plaintiff's deposition testimony, Plaintiff's supporting declaration and Cotter's deposition

24    testimony there exists a triable issue of fact as to whether Plaintiff was "qualified" to do any part of

25    his job at the time of his abrupt termination in August 2005. As a result, this Court cannot find as a

26    matter of law that Plaintiff cannot establish that he was a qualified individual. (*Deschene v. Pinole

27    Point Steel Co.* (1999) 76 Cal.App.4th 33, 44.) Instead, there exists a triable issue of material fact on

28    the issue.

ORDER GRANTING IN PART AND DENYING IN PART
DEF NETVERSANT'S MOTION FOR SUMMARY                5.        Case No. CGC-06-453469
JUDGMENT

1            **(2)    Whether Defendant Engaged in the Interactive Process?**

2            "[A]n interactive process claim can stand only if there existed a reasonable

3 accommodation for the plaintiff. Employers who fail to engage in the interactive process in good

4 faith face liability ... if a reasonable accommodation would have been possible." (*Allen v. Pacific*

5 *Bell* (C.D. Cal. 2002) 212 F.Supp.2d 1180, 1197 (citations omitted).)

6            On August 3, 2005, Plaintiff provided Defendant with a doctor's note that stated, "To

7 Whom It May Concern Michael needs time off work. If questions please call." (Cava Depo Exh.

8 19.) In addition, Plaintiff e-mailed administrator Joanna Cotter on August 4, 2005 explaining to Ms.

9 Cotter that after returning to work he realized that he was not quite ready and wanted to discuss the

10 matter further. (*Id.*) On August 5, 2005, just one day after Plaintiff's e-mail and days after receiving

11 the doctor's note, Defendant terminated Plaintiff from work without administering a call to the

12 doctor or engaging in any meaningful discussion with Plaintiff regarding his disability and his

13 employment status with the company. (Defendant's Undisputed Material Fact No. 9; Cava Depo., p.

14 168:11-169:15; Exh. 20; Cotter Depo., p. 45:8-23.) In light of the above evidence, there exists a

15 triable issue of fact as to whether Defendant engaged in the interactive process in good faith. This

16 finding is predicated on a finding that a reasonable accommodation for Plaintiff would have been

17 possible. (*Allen, supra*, 212 F.Supp.2d at 1197.)

18            **(3)    Whether Defendant Failed to Reasonably Accommodate Plaintiff's Disability?**

19

20            Plaintiff began his employment with Defendant in June 2004, and thereafter went on

21 a leave of absence to care for his son on November 1, 2004, remaining on leave until January 17,

22 2005. (Cava Depo., p. 35:13-36:13; 43:8-11; 89:23-25; 91:14-23; 93:5-10; 94:16-95:1; 96:7-97:17;

23 Exh. 12.) Plaintiff's initial request for time off had nothing to do with his own disability, which did

24 not arise until January 2005. Because Defendant's agreement to allow Plaintiff time off to care for

25 his son had nothing to do with Plaintiff's own disability, the initial two-and-a-half months was not an

26 accommodation and cannot be viewed as such.

27            On January 26, 2005, Plaintiff asked for time off for his own disability. (Cava Depo.,

28 p.97:5-17; 117:9-19; 118:4-25; Exh. 14.) When Plaintiff went out on leave on or about January 28,

---

ORDER GRANTING IN PART AND DENYING IN PART
DEF NETVERSANT'S MOTION FOR SUMMARY
JUDGMENT            6.          **Case No. CGC-06-453469**

1   2005, he was told that he did not have any job protection and that his employment could be

2   terminated, and also that Company policy allowed a maximum of six-month's leave. (Cava Depo.,

3   p. 123:2-15; 130:4-131:13; 132:23-133:1.) From January 28, 2005 through August 1, 2005, Plaintiff

4   was disabled and unable to perform his job in its entirety. (Cava Depo. P. 179:14-180:4.) However,

5   during that time Plaintiff did perform some of his job duties while on leave. (Cava Decl. ¶20, 21.)

6          Plaintiff returned to work on August 1, 2005 and then again requested time off from

7   work for his disability on August 3, 2005. (Cava Depo., p. 86:11-21; 134:10-20; 157:14-19; 161:5-

8   24; 162:10-12; Exh. 19.) The next day, Plaintiff e-mailed administrator Joanna Cotter explaining to

9   Ms. Cotter that after returning to work he realized that he was not quite ready and wanted to discuss

10  the matter further. (Cava Depo Exh. 19.) As explained in the above section, Defendant did not

11  engage in good faith in the interactive process with Plaintiff after the August 3, 2005 request for

12  additional leave. (Defendant's Undisputed Material Fact No. 9; Cava Depo., p. 168:11-169:15; Exh.

13  20.) Ms. Cotter testified in deposition that there was nothing Netversent could do to accommodate

14  Plaintiff's disability. (Cotter Depo., p. 47:7-10.) At the same time, however, Ms. Cotter did not ask

15  Plaintiff or his doctor whether the company could do anything to accommodate Plaintiff's disability.

16  (Cotter Depo., p. 47:3-48:4.) Defendant has not set forth any evidence showing that it engaged in

17  any meaningful discussions with Plaintiff to determine whether an accommodation was available in

18  August 2005.

19          Because Defendant failed to engage in the interactive process to determine if

20  accommodation was available, this Court cannot find as a matter of law that Defendant reasonably

21  accommodated Plaintiff's disability. As a result, a triable issue of fact remains as to whether

22  Defendant reasonably accommodated Plaintiff's disability in August 2005.

23              (4)    **Whether the Requested Accommodation of Additional**
                       **Leave was an Undue Burden on Defendant?**
24

25          Because Defendant failed to engage in the interactive process in August 2005, there

26  was no meaningful dialogue between Plaintiff and Defendant to ascertain what accommodation

27  Plaintiff actually was requesting. Plaintiff simply asked for additional time off. The scope and

28  duration of the requested leave was not determined and open for discussion. (Cava Depo., Exh. 19.)

1    Consequently, it is impossible to determine whether the requested accommodation would have been

2    an undue burden on Defendant.

3    **B.    Plaintiff's Second Cause of Action for Wrongful Termination against Public Policy Survives Summary Adjudication.**

4

5    Wrongful termination from employment is only tortious when the termination occurs

6    in violation of a fundamental public policy. (*Green v. Ralee Eng. Co.* (1998) 19 Cal.4th 66;

7    *Jennings v. Marralle* (1994) 8 Cal.4th 121.) Here, Plaintiff's wrongful termination claim is based in

8    part on his disability discrimination claim. Because Plaintiff has shown that a triable issue of fact

9    exists as to his discrimination claim, Plaintiff's wrongful termination claim survives summary adjudication.

10

11   **C.    Plaintiff's Fourth Cause of Action for Retaliation Survives Summary Adjudication.**

12   In order to establish a *prima facie* case of retaliation under the FEHA, Plaintiff must

13   show: (1) he "engaged in protected activity," (2) "the employer subjected … him to an adverse

14   employment action;" and (3) a causal nexus between "the protected activity and the employer's

15   action." (*Colarossi v. Coty US Inc.* (2002) 97 Cal.App.4th 1142, 1152; *Flait v. North Amer. Watch*

16   *Corp.* (1992) 3 Cal.App.4th 467, 476.)

17   Plaintiff's firing came on the heals of his request for additional leave to deal with his

18   disability. (Cava Depo., p. 86:11-21; 134:10-20; 157:14-19; 161:5-24; 162:10-12; Exh. 19.) Plaintiff

19   has demonstrated that a triable issue of fact exists as to whether he was a "qualified individual." (*See*

20   Section I(A)(2)(a)(1), *supra*, at p. 5.) Because Plaintiff was a "qualified individual" with a disability,

21   his request for additional time off in August 2005 amounted to protected activity under the FEHA.

22   In light of the undisputed facts surrounding the circumstances of Plaintiff's abrupt termination,

23   specifically the two days between Plaintiff's requested leave and his subsequent termination, during

24   which time Defendant failed to engage in the interactive process, this Court cannot find that a causal

25   nexus does not exist between Plaintiff's protected activity (August 3, 2005 requested leave) and the

26   employer's action (August 5, 2005 termination). As a result, Defendant's motion for summary

27   adjudication as to the fourth cause of action is denied.

28

## II.    PLAINTIFF'S THIRD CAUSE OF ACTION FOR HARASSMENT

Defendants' motion as to Plaintiff's third cause of action for harassment is GRANTED.

### A.    Plaintiff Has Not Established That He Was Subjected To Severe Or Pervasive Harassing Conduct.

To establish a claim for harassment, Plaintiff must show that he was subjected to offensive comments or other abusive conduct based on membership in a protected category that is sufficiently "severe" or "pervasive." (*See, e.g., Roby v. McKesson Corp.* (2006) 146 Cal.App.4th 63, 73-74.) In order to satisfy the "severe or pervasive" element, Plaintiff must establish that his workplace was "permeated with discriminatory intimidation, ridicule and insult" that was "sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment." (*Kelly-Zurian v. Wohl Shoe Co., Inc.* (1994) 22 Cal.App.4th 397, 409.) Conduct that is necessary personnel management activity cannot form the basis of a claim for workplace harassment as a matter of law. (*Janken v. GM Hughes Electronics* (1996) 46 Cal.App.4th 55, 63-64; *Reno v. Baird* (1998) 18 Cal.4th 640, 657.) After full consideration of the allegations and evidence in this case, Plaintiff has failed to make the requisite showing, and for this reason his claim is subject to summary judgment.

Plaintiff has not shown that he was subjected to conduct that was sufficiently severe or pervasive to support a claim for harassment. (*See* Defendants' Undisputed Facts, Nos. 1-4; Cava Depo., p. 72:5-17; 75:12-22; 76:7-19; 99:19-101:6; Exh. 9, Comp., ¶¶ 13, 14.) In addition, Plaintiff's allegations cannot support an actionable harassment claim because the conduct complained of arose out of the performance of necessary personnel management duties. (*See* Defendants' Undisputed Facts, Nos. 5-9; Cava Depo., p. 72:5-17; 75:12-22; 76:7-19; 99:19-101:6; Exh. 9, Comp., ¶¶ 13, 14.) Although Plaintiff purports to deny these facts, the evidence submitted in support of the purported denial does not unequivocally contradict the facts submitted, but simply augments the evidence with facts the Plaintiff wants the Court to consider. An equivocal denial is not permitted in a response to a fact in a separate statement. (*See* California Rules of Court 3.1350(f).) In any event, taken all together, the evidence does not add up to severe or pervasive

1    harassment.

2    **III.    PLAINTIFF'S FIFTH AND EIGHTH CAUSES OF ACTION**

3            Defendant's motion as to Plaintiff's fifth cause of action for breach of contract and

4    eighth cause of action for breach of the implied covenant of good faith and fair dealing is

5    GRANTED.

6            **A.    Plaintiff Cannot Establish An Oral Agreement Contradictory To The Terms Of
7    The Written Agreements He Signed.**

        "Express written agreement[s], signed by the employee, cannot be overcome by proof
8
of an implied contrary understanding." (*Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 340, n.
9
10   10; *see also Shapiro v. Wells Fargo Realty Advisors* (1984) 152 Cal.App.3d 467, 482.)

11           It is undisputed that Plaintiff was employed pursuant to several written agreements,

12   one of which expressly stated that "no implied contract concerning any employment-related decision

or term or condition of employment can be established by any other statement, conduct, policy or
13
practice." (*See* Defendant's Undisputed Facts, Nos. 84-85; *see also* Cava Depo., 39:11-15; 43:12-
14
15   14, Exh. 1, 2, 3.)   These written agreements also provided examples of the types of conduct for

16   which an implied contract cannot be created, including "work assignments; job duties and

responsibilities...or any other terms and conditions that the Company may determine to be necessary
17
for the safe, efficient, and economic operation of its business." (*Id.*)   The offer letter, which Plaintiff
18
19   signed and returned to Defendant accepting employment, specifically stated, "[t]he employment

20   terms in this letter supersede any other agreements or promises made to you by anyone, whether oral

or written." (Cava. Depo., Exh. 2.)   The Court finds that the contract language is clear on its face,
21
and that Plaintiff's claim that he had an oral agreement contrary to the terms of the written
22
23   agreements he signed cannot stand. (*See, e.g Guz, supra,* 24 Cal. 4th at 340, n. 10.)

24           **B.    Plaintiff's Claim For Breach Of The Implied Covenant Of Good Faith And Fair
Dealing Fails.**

25           Plaintiff's implied covenant claim also fails because it is undisputed that Plaintiff was

26   employed on an at-will basis, which entitled Defendant to terminate Plaintiff's employment and

27   other alleged employment related promises at any time. (*See* Defendant's Undisputed Fact No. 95;

28   Cava Depo., p. 39:11-15; 43:12-14; Exhs. 1, 2, 3; *see also Guz, supra,* 24 Cal.4th at 326-327.)   A

1   separate claim for breach of implied covenant of good faith and fair dealing cannot stand in this

2   context. (*Id.*) Although Plaintiff claims that there exists a distinction between an "implied" and an

3   "oral" contract, he provides no legal support for an artificial distinction in this context.

4   **IV.    PLAINTIFF'S SIXTH AND SEVENTH CAUSES OF ACTION**

5   Defendant's motion as to Plaintiff's sixth cause of action for intentional

6   misrepresentation and seventh cause of action for negligent misrepresentation is GRANTED.

7   **A.    Plaintiff Has Not Identified A Specific Promise.**

8   It is well-established that a plaintiff may not rely on vague, nonspecific promises to

9   support a claim for fraud. (*See, e.g., Okun v. Morton* (1988) 203 Cal.App.3d 805, 828; *see also*

10  *Stansfield v. Starkey* (1990) 220 Cal.App.3d 59.) The only promise Plaintiff claims was made to him

11  during the interview process was that he was to receive "most" of the accounts of a former account

12  executive. (*See* Defendant's Undisputed Fact No. 105; Comp., ¶¶ 55-56; Cava Dep., p. 26:7-12;

13  27:8-16; 32:6-9; 33:24-34:5; 35:4-10.) It is undisputed that Plaintiff was never told what specific

14  accounts he was to receive, nor was he told what percentage of the former account executive's

15  accounts would be given to him. (*See* Plaintiff's Response to Defendant's Undisputed Fact No. 106,

16  wherein he admits that this fact is "Undisputed".) This alleged promise is too vague to support

17  Plaintiff's claim of fraud and therefore his claims for intentional and negligent misrepresentation are

18  both subject to summary judgment.

19  **B.    Plaintiff Has Not Established The Requisite "Reasonable Reliance" On The
        Alleged Promises Made.**

20

21  Moreover, in order to establish both intentional and negligent misrepresentation,

    Plaintiff must show that he reasonably relied on the alleged promises. (*City of Atascadero v. Merrill*
22
    *Lynch, et al.* (1998) 68 Cal.App.4th 445, 481.) It is well-established that there can be no reasonable
23
    reliance, and, therefore, no fraud, where there is a written agreement contrary to the alleged oral
24
    promises made to Plaintiff. (*Bank of America National Trust and Savings Ass'n v. Pendergrass*
25
    (1935) 4 Cal.2d 258, 263; *West v. Henderson* (1991) 227 Cal.App.3d 1578, 1583.) It is undisputed
26
    that Plaintiff signed an offer letter from NetVersant prior to his hire date that expressly stated, "[t]he
27
    employment terms in this letter supersede any other agreements or promises made to you by anyone,
28

---

ORDER GRANTING IN PART AND DENYING IN PART
DEF NETVERSANT'S MOTION FOR SUMMARY          11.          Case No. CGC-06-453469
JUDGMENT

1  whether oral or written." (Cava Depo., 41:19-42:22, Exh. 2; *see also* Defendant's Undisputed Facts

2  Nos. 110-111, to which Plaintiff responded "Undisputed".)  The offer letter contains none of the

3  alleged promises Plaintiff claims Mr. Wainwright made during his earlier job interview.  (*Id.*)

4  Therefore, any reliance on alleged promises contrary to the written agreements signed by Plaintiff

5  cannot be considered "reasonable" as a matter of law, and Plaintiff's claims for intentional and

6  negligent misrepresentation are therefore subject to summary judgment. (*See Marketing West, Inc. v.*

7  *Sanyo Fisher (USA) Corp.* (1992) 6 Cal.App.4th 603, 611 (no fraud because, "as a matter of law,

8  plaintiff could not have reasonably relied upon alleged oral representation or alleged concealed facts

9  which contradicted the unambiguous 'without cause' termination provisions of the written

10  agreement.").)

11  **V.    PLAINTIFF'S NINTH AND TENTH CAUSES OF ACTION FOR INTENTIONAL**
12      **INFLICTION OF EMOTIONAL DISTRESS AND NEGLIGENT INFLICTION OF**
      **EMOTIONAL DISTRESS**

13          Defendants' motion as to Plaintiff's ninth and tenth causes of action for intentional

14  and negligent infliction of emotional distress is GRANTED.

15      **A.    Plaintiff's Claims For Infliction Of Emotional Distress Are Not Preempted By**
          **California Workers' Compensation Act.**
16
17          The California Workers' Compensation Act provides the "sole and exclusive" remedy

18  for injuries sustained by an employee arising out of, or in the course of, his employment.  (Cal. Lab.

19  Code § 3600, *et. seq.*; *Shoemaker v. Myers* (1990) 52 Cal.3d 1, 12-13; *Cole v. Fair Oaks Fire*

20  *Protection District* (1987) 43 Cal.3d 148, 160.)  However, the Worker's Compensation Act does not

21  apply in the context of workplace discrimination.  As articulated in *Fretland v. County of Humboldt*

22  (1999) 69 Cal.App.4th 1478, "a plaintiff's emotional distress claims against his employer would not

23  be preempted if the 'defendant misconduct exceeded the normal risks of the employment

24  relationship' ... [As such,] work-related injury discrimination is not a normal risk of the

25  compensation bargain." (*Id.* at 1492 (citing *Livitsanos v. Superior Court* (1992) 2 Cal.4th 744,

26  756).)  Therefore, the Workers Compensation Act is not the "sole and exclusive" remedy for

27  employees who suffer workplace discrimination. (*Id.*)  Here, Plaintiff's emotional distress claims are

28

1  not barred by the Workers Compensation Act because Plaintiff's work-related injury discrimination

2  is not a normal risk of his employment relationship with Defendant. (*Id.*)

3        **B.**     **However, Plaintiff Has Not Established That Defendants Engaged In Conduct**
                **Sufficiently Outrageous Or Extreme Enough To Support An Emotional Distress**

4                  **Claim.**

5        Plaintiff admits that his emotional distress claims are based on the same personnel

6  management decisions that formed the basis of his claim for harassment, which the Court has

7  dismissed. (*See* Defendants' Undisputed Facts, Nos. 12-13; Comp., ¶¶ 77, 83; Cava Depo., p. 79:6-

8  80:15; Exh. 9.)

9        Plaintiff, therefore, has not shown that Defendants engaged in any conduct

10  outrageous or extreme enough so as to exceed the "bounds of human decency." (*Janken, supra,* 46

11  Cal.App.4th at 80; *Davidson v. City of Westminster* (1982) 32 Cal.3d 197, 209.) Because all of the

12  alleged conduct constitutes work-related personnel management activity, the conduct is not

13  sufficiently "outrageous" to support a claim for intentional infliction of emotional distress. (*See Id.*;

14  *see also Shoemaker, supra*, 52 Cal.3d at 25; *Buscemi v. McDonnell Douglas Corp.* (9th Cir. 1984)

15  736 F.2d 1348, 1352.)

16        **C.**     **Plaintiff's Claim For Negligent Infliction Of Emotional Distress Fails As A**
                **Matter Of Law.**

17

18        "Negligent infliction of emotional distress is not an independent tort in California, but

is regarded simply as the tort of negligence." (*Klein v. Children's Hospital Medical Center* (1996)
19
46 Cal.App.4th 889, 894.) "Whether [a plaintiff] can recover damages for NIED is dependent upon
20
traditional tort analysis, and the elements of duty, breach of duty, causation and damages must exist
21
to support the cause of action." (*Id.*) In wrongful termination cases, there is no duty not to discharge
22
employees, and any actions by an employer to terminate an employee are necessarily intentional, not
23
negligent. (*See Semore v. Pool* (1990) 217 Cal.App.3d 1087, 1105.) Therefore, Plaintiff's claim for
24
negligent infliction of emotional distress fails as a matter of law.
25

26  ///

27  ///

28  ///

1    IV.    **CONCLUSION**

2              Defendant's motion for summary adjudication is DENIED as to the following claims:

3    (1) First Cause of Action for Disability Discrimination; (2) Second Cause of Action for Wrongful

4    Termination Against Public Policy; and (3) Fourth Cause of Action for Retaliation.

5              Defendant's motion for summary adjudication is GRANTED as to the following

6    claims: (1) Third Cause of Action for Harassment; (2) Fifth Cause of Action for Breach of Contract;

7    (3) Sixth Cause of Action for Intentional Misrepresentation; (4) Seventh Cause of Action for

8    Negligent Misrepresentation; (5) Eighth Cause of Action for Breach of the Implied Covenant of

9    Good Faith and Fair Dealing; (4) Ninth Cause of Action for Intentional Infliction of Emotional

10   Distress; and (5) Tenth Cause of Action for Negligent Infliction of Emotional Distress.

11

12   **IT IS SO ORDERED.**

13

14   Dated:  ___6/4/07___                                  _____

15                                                          HONORABLE PETER BUSCH
                                                            JUDGE OF THE SUPERIOR COURT
16

17

18

19

20

21

22

23

24

25

26

27

28

California Superior Court

County of San Francisco

Law & Motion Department • Room 301

| | |
|---|---|
| MICHAEL CAVA, | CASE NO. 453469 |
| PLAINTIFF, | **Certificate of Service by Mail** |
| VS. | **(CCP § 1013a(4))** |
| NETVERSANT-NATIONAL, INC., a Delaware corporation, dba NETVERSANT - SAN FRANCISCO, aka NETVERSANT; PETER WAINWRIGHT, an individual; and DOES 1 through 40, inclusive, | |
| DEFENDANTS. | |

I, Gordon Park-Li, Clerk of the Superior Court of the City and County of San Francisco, certify that:

1) I am not a party to the within action;

2) On _____ JUN 0 4 2007 , I served the attached:

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT
NETVERSANT'S MOTION FOR SUMMARY ADJUDICATION**

by placing a copy thereof in a sealed envelope, addressed to the following:

    Michelle B. Heverly

    LITTLER MENDELSON P.C.

    50 West San Francisco St., 14th Fl.

    San Jose, CA 95113-2303


    Daniel P. Iannitelli

    FOTOUHI, EPPS, HILLGER, GILROY LLP

    160 Pine St., Ste. 710

    San Francisco, CA 94111


and,

    3) I then placed the sealed envelope in the outgoing mail at 400 McAllister St., San Francisco, CA 94102 on the date indicated above for collection, attachment of required prepaid postage, and mailing on that date following standard court practice.


Dated:    **JUN 0 4 2007**

                                GORDON PARK-LI, Clerk

                                  By: _____

                                        deputy

# EXHIBIT -32

1

**FILED**

San Francisco County Superior Court

2

JUN - 4 2007

3

GORDON PARK-LI, Clerk

4

BY: _____

5

Deputy Clerk

6

7

SUPERIOR COURT OF THE STATE OF CALIFORNIA

8

COUNTY OF SAN FRANCISCO

9

10  MICHAEL CAVA,                              Case No. CGC-06-453469

11          Plaintiff,                         **ORDER GRANTING DEFENDANT**
                                               **PETER WAINWRIGHT'S MOTION FOR**
12      v.                                     **SUMMARY JUDGMENT**

13  NETVERSANT - NATIONAL, INC., a
    Delaware corporation, dba
14  NETVERSANT - SAN FRANCISCO, aka
    NETVERSANT; PETER WAINWRIGHT,
15  an individual; and DOES 1 through 40,
    inclusive,
16
            Defendants.
17

18

19          The Motion for Summary Judgment and/or Summary Adjudication by Defendant

20  NetVersant – National, Inc., came on for hearing before the Honorable Peter J. Busch on May 23,

21  2007, at 9:30 a.m. in Department 301, at the Superior Court of California, San Francisco County.

22  Michelle B. Heverly of Littler Mendelson, P.C., appeared on behalf of Defendant NetVersant –

23  National, Inc., and Daniel P. Iannitelli of Fotouhi Epps Hillger Gilroy, L.L.P., appeared on behalf of

24  Plaintiff Michael Cava.  After full consideration of the papers, admissible evidence and authorities

25  submitted by the parties and in the Court's files, as well as the parties' oral argument, the Court

26  orders as follows:

27  ///

28  ///

---

**ORDER GRANTING DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT**                              Case No. CGC-06-453469

I.    **PLAINTIFF'S THIRD CAUSE OF ACTION FOR HARASSMENT**

Defendants' motion as to Plaintiff's third cause of action for harassment is GRANTED.

A.    **Plaintiff Has Not Established That He Was Subjected To Severe Or Pervasive Harassing Conduct.**

To establish a claim for harassment, Plaintiff must show that he was subjected to offensive comments or other abusive conduct based on membership in a protected category that is sufficiently "severe" or "pervasive." (*See, e.g., Roby v. McKesson Corp.* (2006) 146 Cal.App.4th 63, 73-74.) In order to satisfy the "severe or pervasive" element, Plaintiff must establish that his workplace was "permeated with discriminatory intimidation, ridicule and insult" that was "sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment." (*Kelly-Zurian v. Wohl Shoe Co., Inc.* (1994) 22 Cal.App.4th 397, 409.) Conduct that is necessary personnel management activity cannot form the basis of a claim for workplace harassment as a matter of law. (*Janken v. GM Hughes Electronics* (1996) 46 Cal.App.4th 55, 63-64; *Reno v. Baird* (1998) 18 Cal.4th 640, 657.) After full consideration of the allegations and evidence in this case, Plaintiff has failed to make the requisite showing, and for this reason his claim is subject to summary judgment.

Plaintiff has not shown that he was subjected to conduct that was sufficiently severe or pervasive to support a claim for harassment. (*See* Defendants' Undisputed Facts, Nos. 1-4; Cava Depo., p. 72:5-17; 75:12-22; 76:7-19; 99:19-101:6; Exh. 9, Comp., ¶¶ 13, 14.) In addition, Plaintiff's allegations cannot support an actionable harassment claim because the conduct complained of arose out of the performance of necessary personnel management duties. (*See* Defendants' Undisputed Facts, Nos. 5-9; Cava Depo., p. 72:5-17; 75:12-22; 76:7-19; 99:19-101:6; Exh. 9, Comp., ¶¶ 13, 14.) Although Plaintiff purports to deny these facts, the evidence submitted in support of the purported denial does not unequivocally contradict the facts submitted, but simply augments the evidence with facts the Plaintiff wants the Court to consider. An equivocal denial is not permitted in a response to a fact in a separate statement. (*See* California Rules of Court 3.1350(f).) In any event, taken all together, the evidence does not add up to severe or pervasive

1 harassment.

2 **II.    PLAINTIFF'S NINTH AND TENTH CAUSES OF ACTION FOR INTENTIONAL**
**INFLICTION OF EMOTIONAL DISTRESS AND NEGLIGENT INFLICTION OF**
3 **EMOTIONAL DISTRESS**

4 Defendants' motion as to Plaintiff's ninth and tenth causes of action for intentional

5 and negligent infliction of emotional distress is GRANTED.

6 **A.    Plaintiff's Claims For Infliction Of Emotional Distress Are Not Preempted By**
**California Workers' Compensation Act.**
7

8 The California Workers' Compensation Act provides the "sole and exclusive" remedy

for injuries sustained by an employee arising out of, or in the course of, his employment. (Cal. Lab.
9
Code § 3600, *et. seq.*; *Shoemaker v. Myers* (1990) 52 Cal.3d 1, 12-13; *Cole v. Fair Oaks Fire*
10
*Protection District* (1987) 43 Cal.3d 148, 160.) However, the Worker's Compensation Act does not
11
apply in the context of workplace discrimination. As articulated in *Fretland v. County of Humboldt*
12
(1999) 69 Cal.App.4th 1478, "a plaintiff's emotional distress claims against his employer would not
13
be preempted if the 'defendant misconduct exceeded the normal risks of the employment
14
relationship' ... [As such,] work-related injury discrimination is not a normal risk of the
15
compensation bargain." (*Id.* at 1492 (citing *Livitsanos v. Superior Court* (1992) 2 Cal.4th 744,
16
756).) Therefore, the Workers Compensation Act is not the "sole and exclusive" remedy for
17
employees who suffer workplace discrimination. (*Id.*) Here, Plaintiff's emotional distress claims are
18
not barred by the Workers Compensation Act because Plaintiff's work-related injury discrimination
19
is not a normal risk of his employment relationship with Defendant. (*Id.*)
20

21 **B.    However, Plaintiff Has Not Established That Defendants Engaged In Conduct**
**Sufficiently Outrageous Or Extreme Enough To Support An Emotional Distress**
**Claim.**
22

23 Plaintiff admits that his emotional distress claims are based on the same personnel

management decisions that formed the basis of his claim for harassment, which the Court has
24
dismissed. (*See* Defendants' Undisputed Facts, Nos. 12-13; Comp., ¶¶ 77, 83; Cava Depo., p. 79:6-
25
80:15; Exh. 9.)
26

27 Plaintiff, therefore, has not shown that Defendants engaged in any conduct

outrageous or extreme enough so as to exceed the "bounds of human decency." (*Janken, supra,* 46
28

1  Cal.App.4th at 80; *Davidson v. City of Westminster* (1982) 32 Cal.3d 197, 209.)  Because all of the

2  alleged conduct constitutes work-related personnel management activity, the conduct is not

3  sufficiently "outrageous" to support a claim for intentional infliction of emotional distress.  (*See Id.*;

4  *see also Shoemaker, supra*, 52 Cal.3d at 25; *Buscemi v. McDonnell Douglas Corp.* (9th Cir. 1984)

5  736 F.2d 1348, 1352.)

6       **C.**     **Plaintiff's Claim For Negligent Infliction Of Emotional Distress Fails As A Matter Of Law.**

7

8         "Negligent infliction of emotional distress is not an independent tort in California, but

9  is regarded simply as the tort of negligence."  (*Klein v. Children's Hospital Medical Center* (1996)

10  46 Cal.App.4th 889, 894.)  "Whether [a plaintiff] can recover damages for NIED is dependent upon

11  traditional tort analysis, and the elements of duty, breach of duty, causation and damages must exist

12  to support the cause of action." (*Id.*)  In wrongful termination cases, there is no duty not to discharge

13  employees, and any actions by an employer to terminate an employee are necessarily intentional, not

14  negligent. (*See Semore v. Pool* (1990) 217 Cal.App.3d 1087, 1105.)  Therefore, Plaintiff's claim for

15  negligent infliction of emotional distress fails as a matter of law.

**III.**    **CONCLUSION**

16         Defendant's motion for summary judgment is GRANTED.  No triable issues of

17  material fact exist as to the following claims: (1) Third Cause of Action for Harassment; (2) Ninth

18  Cause of Action for Intentional Infliction of Emotional Distress; and (3) Tenth Cause of Action for

19  Negligent Infliction of Emotional Distress.

20

21

22  **IT IS SO ORDERED.**

23

24  Dated:  6/4/07

                              HONORABLE PETER BUSCH

25                                JUDGE OF THE SUPERIOR COURT

26

27

28

---

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**    4.    **Case No. CGC-06-453469**

California Superior Court

County of San Francisco

Law & Motion Department • Room 301

MICHAEL CAVA,

    PLAINTIFF,

    VS.

NETVERSANT-NATIONAL, INC., a
Delaware corporation, dba NETVERSANT
- SAN FRANCISCO, aka NETVERSANT;
PETER WAINWRIGHT, an individual; and
DOES 1 through 40, inclusive,

    DEFENDANTS.

CASE NO. 453469

**Certificate of Service by Mail
(CCP § 1013a(4))**

    I, Gordon Park-Li, Clerk of the Superior Court of the City and County of San Francisco, certify that:

    1) I am not a party to the within action;

JUN 0 4 2007

    2) On _____, I served the attached:

**ORDER GRANTING DEFENDANT PETER WAINWRIGHT'S MOTION FOR
SUMMARY JUDGMENT**

by placing a copy thereof in a sealed envelope, addressed to the following:

    Michelle B. Heverly

    LITTLER MENDELSON P.C.

    50 West San Francisco St., 14th Fl.

    San Jose, CA 95113-2303


    Daniel P. Iannitelli

    FOTOUHI, EPPS, HILLGER, GILROY LLP

    160 Pine St., Ste. 710

    San Francisco, CA 94111


and,

    3) I then placed the sealed envelope in the outgoing mail at 400 McAllister St., San Francisco, CA 94102 on the date indicated above for collection, attachment of required prepaid postage, and mailing on that date following standard court practice.


                  **JUN 04 2007**

Dated: _____          GORDON PARK-LI, Clerk

                             By: _____

                                      deputy