Shahab E. Fotouhi - 168301
Daniel P. Iannitelli - 203388
FOTOUHI • EPPS • HILLGER • GILROY LLP
160 Pine Street, Suite 710
San Francisco, CA 94111
Tel:    415.362.9300
Fax:    415.358.5521
Email: sfotouhi@fe-law.com
Email: diannitelli@fe-law.com

Attorneys for Plaintiff
MICHAEL CAVA

UNITED STATES DISTRICT COURT

NORTHER DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL CAVA,<br><br>          Plaintiff,<br><br>vs.<br><br>NETVERSANT - NATIONAL, INC., a Delaware corporation, dba NETVERSANT - SAN FRANCISCO, aka NETVERSANT; PETER WAINWRIGHT, an individual; and DOES 1 through 40, inclusive,<br><br>          Defendants. | No.  C  07-03224  EMC<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:    September 12, 2007<br>Time:   10:30 a.m.<br>Place:  Courtroom C, 15th Floor<br>Court:  Hon. Edward M. Chen |

1

## NOTICE OF MOTION AND MOTION

2      PLEASE TAKE NOTICE that on September 12, 2007, at 10:30 a.m., or as soon

3  thereafter as counsel may be heard in the courtroom of the Honorable Edward M. Chen,

4  Plaintiff Michael Cava will and hereby does move to Remand the instant action to state court.

5      This motion is brought pursuant to 28 U.S.C. § 1447(c) based on the grounds that (1)

6  Defendants Notice of Removal is defective, and (2) that this court lacks subject matter

7  jurisdiction.  Specifically, defendants Notice of Removal is untimely and contains other defects.

8  Furthermore, defendants cannot establish subjected matter jurisdiction as there is no evidence of

9  a fraudulent joinder of a non-diverse defendant.

10      This Motion is based on this Notice of Motion, the accompanying Memorandum of

11  Points and Authorities attached hereto, the Declaration of Daniel P. Iannitelli in Support of

12  Motion to Remand and the exhibits attached thereto; the pleadings and other papers on file in

13  this action, as attached to Defendants' Notice of Removal; such matters of which this Court can

14  take judicial notice; and such further argument and evidence which may be presented at or

15  before the hearing.

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

I.     **INTRODUCTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

II.    **BACKGROUND FACTS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2
    A.     Claims Against Wainwright . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

    B.     Procedural Background  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

    C.     Wainwright Summary Judgment Motions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

III.   **LEGAL ANALYSIS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8
    A.     Procedural Defects in Defendant' Removal Notice
        Require Remand to State Court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

            1.     Defendants' Notice of Removal is Untimely . . . . . . . . . . . . . . . . . . . .  8

                    (a) Face of Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10
                    (b) Written Discovery/Wainwright Deposition  . . . . . . . . . .  11
                    (c) Plaintiff Deposition/Second Demand for Dismissal . . . .  11
                    (d) Opposition to Motion for Summary Judgment . . . . . . .  12

            2.     Defendants' Purported Authority for Timeliness is Unfounded . . . .  12

            3.     Other Defects in the Notice of Removal Require Remand  . . . . . . . .  14

    B.     Defendants Cannot Meet Their Heavy Burden to Establish the
        Joinder of Defendant Wainwright was Fraudulent  . . . . . . . . . . . . . . . . . . . . . . . . .  14

            1.     Harassment Claim Sufficient to Survive Motion to Dismiss . . . . . . .  15

            2.     Plaintiff is Entitled to Relief Against defendant Wainwright
                As Facts Plead in Complaint Support a Retaliation Claim  . . . . . . . .  16

    C.     Imposition of Sanctions Against Defendants is Appropriate . . . . . . . . . . . . . . . . . . . .  17

V.     **CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  18

1

## <u>TABLE OF AUTHORITIES</u>

2

3

### **CASES**

4
Delaney v. Viking Freight, Inc.,
    41 F.Supp.2d 672 (E.D. Tex. 1999)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9, 12

5
Dodson v. Spiliada Maritime Corp.,
    951 F.2d 40, 42-43 (5th Cir. 1992)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

6

7
Green v. Amerada Hess Corp.,
    707 F.2d 201, 205 (5th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

8
Harris v. Bankers Life and Cas. Co.,
    425 F.3d 689, 695-96 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

9

10
Katz v. Costa Armatori, S.p.A.,
    718 F.Supp. 1508, 1509 (S.D. Fla. 1989)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

11
Kelton Arms Condo Owners Ass'n, Inc. v. Homstead Ins. Co.,
    346 F.3d 1190 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

12

13
Knutson v. Allis-Chalmers Corp.,
    358 F.Supp.2d  983, 990 (D. Nev. 1005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

14
Lovern v. General Motors Corp.,
    121 F.3d 160 (4th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

15

16
Macey v. Allstate Property an Cas. Ins. Co.,
    220 F.Supp.2d 1116, 1117 (N.D. Cal. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

17
Mathews v. Sup. Ct.,
    34 Cal.App.4th 598, 599-600, 605-606 (1995)  . . . . . . . . . . . . . . . . . . . . . . . . . . 15

18

19
Owens v. General Dynamics Corp.,
    686 F.Supp. 827, 829 (S.D. Cal. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

20
Phillips v. Allstate Insurance Co.,
    702 F.Supp.1466, 1467-68 (C.D. Cal. 1989)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

21

22
Plute v. Roadway Package System, Inc.,
    141 F.Supp.2d 1005, 1008 (N.D. Cal. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 17

23
Ritchey v. Upjohn Drug Co.,
    139 F.3d 1313, 1318 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

24

25
Riverdale Baptist Church v. Certainteed Corp.,
    349 F.Supp.2d 943 (D.Md. 2004)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

26
Sanchez v. Monumental Life Insurance Company,
    95 F.3d 856, 862 (9th Cir. 1996)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

27
Self  v. General Motors Corporation,
    588 F.2d 655, 656 (9th Cir. 1978.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

28

Sessions v. Chrysler Corp.,
      517 F.2d 759, 760 (9th Cir. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17

Simpson v. Union Pacific R. Co.,
      (N.D. Cal. 2003)  282 F.Supp 2d 1151, 1158  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

United States ex rel. Walker v. Gunn,
      511 F.2d 1024, 1026 (9th Cir. 1975)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Whole Health Chiropractic & Wellness, Inc.,
      254 F.3d 1317, 1321 (11th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## CALIFORNIA CASES

Taylor v. City of Los Angeles Dept. of Water & Power,
      144 Cal.App.4th 1216, 1236-1237 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Walrath v. Sprinkle,
      99 Cal.App.4th 1237 (2002)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

## STATUTES AND RULES

28 U.S.C. § 1446(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9, 10, 12, 14
28 U.S.C. § 1447(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

# I.  INTRODUCTION

The removal of the instant action from state court is both *untimely* and asserted on *unfounded grounds*.  There are no facts which support Defendants' claim that Mr. Cava 'fraudulently' joined a nondiverse Defendant, Peter Wainwright, in order to defeat diversity jurisdiction.  Rather, Defendants rely solely on the fact that the claims against defendant Wainwright were summarily adjudicated in the state court and make a logical leap to the state the court 'implicitly' found that defendant Wainwright was fraudulently joined.  Defendant cannot meet their burden for establishing an such misjoinder.

Defendants' removal of the instant action is also untimely.  The facts upon which Defendants' base the subject Notice of Removal were known to Defendants as early as November 2006.  These facts, as alleged in Plaintiff's Complaint, provided in written discovery responses and party depositions, were the basis of a December 16, 2006 letter, outlining Defendants' position that insufficient facts existed to support the claims against defendant Wainwright.  Despite knowledge, since November 2006, of the same jurisdictional facts which the removal notice is based upon, Defendants elected to continue litigating this action in state court.  Defendants only sought to remove this action after they failed to dispose of all Plaintiff's claims by way of their motions for summary judgment.

Defendants' conduct in removing this action warrants the imposition monetary sanctions.  With no apparent justification for the removal, and aware of the untimeliness of the removal, defendants purpose can only be to harass through unnecessary litigation.  In the state court action, nearly all discovery has been completed, two motions for summary judgment have been briefed, argued and decided, and two-trial dates have been set.  Defendants' efforts to remove this action is simply a means to harass Plaintiff, delay the outcome of this case and, most likely, to attempt a second chance at summary judgment.

Defendants should not be rewarded for their misconduct.

//

//

//

## II.   BACKGROUND FACTS

On June 23, 2006, plaintiff Michael Cava filed this action against defendants Netversant - National Inc., dba Netversant San Francisco and Peter Wainwright, in the Superior Court of California, County of San Francisco. [See Defendants Notice of Removal ("DNR"), Ex. 1.]  In his Complaint, Mr. Cava alleges causes of action, under California law, for employment discrimination, wrongful termination, retaliation, harassment, breach of contract, breach of the covenant of good faith and fair dealing, intentional and negligent misrepresentation and infliction of emotional distress. Id. Against defendant Wainwright, Mr. Cava's Complaint alleged causes of action for harassment and intentional and negligent infliction of emotional distress.  Id.

On August 5, 2005, Mr. Cava was terminated by defendants for being "unable to perform his abilities as an Account Executive". [See, DNR, Ex. 21, Plaintiff MPA in Support of Opposition to Defendant Netversant-National, Inc.'s Motion for Summary Judgment ("PMPA"), 8:5-10.]  In short, he was terminated because he requested an accommodation for his disability. Id.  The decision to terminate Mr. Cava was made without any attempt to engage in an interactive process to find a workable accommodation. [DNR, Ex. 21, PMPA 7:24-8:4.]  Before his termination, defendant Wainwright had been verbally abusive to Mr. Cava, punished him for taking disability leave, singled him out and unjustifiably placed him on a performance improvement plan, even though he was meeting sales goals for similarly situated account executives. [DNR, Ex. 21, PMPA 5:17-6:6.] [See, DNR, Ex. 21, Plaintiff's Separate Statement of Undisputed Material Facts in Support of Opposition to Netversant and Wainwright's Motion for Summary Judgment ("PSOF"), Undisputed Fact ("UF") 2 and 4.]   Defendant Wainwright went out of his way to treat Mr. Cava differently than other employees and to set him-up to fail. [DNR, Es. 21, PMPA 6:22-7:15.]

As Mr. Cava's performance was not an issue[1], the motivation for Wainwright's

---

[1]  The trial court determined that Plaintiff met its burden, for purposes of summary judgment, of demonstrating that defendants' stated reason for terminating Mr. Cava, performance, was pretext.  [DNR, Ex. 31.]   And although the court granted summary judgment for Wainwright, the claims for discrimination, failure to accommodate, retaliation, and wrongful

1    improper conduct , and that of defendant Netversant, was his disability.

2    A.    Claims Against Wainwright

3         Plaintiff's Complaint specifically alleges that defendant Wainwright (1) took away

4    accounts, (2) placed him on a 'performance improvement plan' without basis, (3) treated him

5    differently than other Account Executives, (4) threatened to terminate him, and (5) being

6    abusive toward Plaintiff since learning of his and his son's disability. [DNR. Ex. 1, Complaint,

7    ¶¶ 11, 14.]  Evidence of each of the acts complained of has been developed in discovery.

8    [DNR, Ex. 21, PMPA and PSOF, generally.]

9         In the fall of 2004, Mr. Cava's son was diagnosed with a rare form of brain cancer.  Care

10   for his son was covered through Defendants' self-funded group health plan. [DNR, Ex. 21,

11   PMPA, 5:2-16.]  The gravity of his condition is reflected in the astronomical costs of his

12   treatment in the few short months after his diagnosis. [Id.]  Upon his return from caring for his

13   son, treatment by his supervisor, defendant Wainwright, degraded to contempt and desire to see

14   Mr. Cava fail at Netversant. [DNR, Ex. 21, PMPA 5:17-6:6.]

15        At the end of the 2004 fiscal year, Mr. Cava had met over 121 % of his sales

16   quota.[DNR, Ex. 21, PMPA 4:4-6.]  This was so even though he missed the last two months of

17   the year while on family leave to care for his son.   Immediately upon his return from family

18   leave,  Mr. Wainwright placed Mr. Cava on a performance improvement plan, even though he

19   exceeded the quota under his compensation plan. [DNR, Ex. 21, PMPA 5:17-6:6.]  Mr. Cava

20   was the only Account Executive to be placed on a performance improvement plan at the end of

21   2004, even though he had outperformed other Account Executives who had been employed at

22   Netversant for much longer than Mr. Cava. [Id.]  At the same time, Mr. Wainwright became

23   verbally abusive toward Mr. Cava. [DNR, Ex. 21, PSOF, UD # 2 and #4.]  Mr. Wainwright also

24   refused to give any sales credit to Mr. Cava for work he performed, in derogation of company

25   policy. [DNR, Ex. 21, PMPA 5:17-6:6.]

26   //

27   ───────────────────────

28   termination will be tried. [DNR, Ex. 31, 32.]

In January 2005, Mr. Cava's physician determined that he was suffering from a mental disability requiring medical leave. [DNR, Ex. 21, PMPA, 6:8-13.]   Per his physician's orders, Netversant thereafter placed Mr. Cava on unpaid disability leave. [Id.]   In light of the physician ordered leave, Mr. Cava agreed to give-up most of his accounts to other Account Executives. Although initially refused by Wainwright, an agreement was arranged where Mr. Cava was promised two of his largest accounts upon his return. [DNR, Ex. 21, PMPA, 6:4-21.]   While on leave, Mr. Cava continued to assist, when he could, the Account Executives covering his accounts. [Id.]

Upon his return from leave, defendant Wainwright again began to mistreat Mr. Cava, unfairly taking away accounts and placing unrealistic expectations.  Specifically, defendant Wainwright reneged on the agreement and refused to return the two accounts [DNR, Ex. 21, PMPA, 7:1-5.]   Defendant Wainwright also re-instituted the performance improvement plan and placed unrealistic sales requirements. [Id.]   Having taken away all of Mr. Cava's accounts, the requirement that he have $4 million in potential sales in his "pipeline" within the first month was unrealistic and clearly meant to set him up to fail. [DNR, Ex. 21, PMPA, 6:22-7:13.] At the same time, defendant Wainwright was describing Mr. Cava, in emails with other employees, as having gone off the "deep-end" and attributing "spooky" conduct to him. [DNR, Ex. 21, PSOF #2 and #4.]

After a few days, Mr. Cava's physician determined that he returned to work to soon and required additional time to recover and ordered him back on disability. [DNR, Ex. 21, PMPA, 7:16-20.]   Refusing to accommodate the physician ordered leave, defendants afforded Mr. Cava two options: resign or be terminated.  [DNR, Ex. 21, PMPA, 7:20-23.]   Refusing to entertain Mr. Cava's pleas to workout a mutually acceptable accommodation, defendants immediately terminated Mr. Cava in light of his "inability to perform his duties". [DNR, Ex. 21, PMPA, 7:24-8:9.]

Plaintiff filed his administrative complaint with the California Department of Fair Employment and Housing ("DFEH").  On or about June 16, 2006, the DFEH issued amended right to sue letters and Mr. Cava thereafter filed his complaint.

B.    Procedural Background

Plaintiff filed his Complaint on June 23, 2006, in the Superior Court of California, County of San Francisco. [DNR, Ex. 1]  Promptly after serving defendants with the Complaint, Plaintiff commenced with discovery into the circumstances concerning his employment with defendants and seeking further evidence to support his claims against defendants. [Iannitelli Decl., ¶ 3.]  On August 24, 2006, defendants filed a general denial to the Complaint, asserting various affirmative defenses.  [DNR, Ex. 3]

On October 12, 1006,  defendants served plaintiff with written discovery requests, including California Form Interrogatories (Employment Law).  Within the form interrogatories, defendants specifically inquired as to all facts, witnesses and information which Plaintiff possessed concerning his claim for harassment[2]. [Iannitelli Decl., ¶ 4, Ex. A.]  On November 27, 2006, Plaintiff served his response to the form interrogatories, providing the following in response to the interrogatory concerning harassment:

> Defendant Peter Wainwright, Vice President of Sales, used his position to humiliate, taunt, and harass this Responding Party all because of his disability.  He retaliated against this Responding Party by taking away privileges, including accounts and interfering with Responding Party's ability to succeed, because of the disability.  Defendant Peter Wainwright retaliated against and treated this Responding Party differently than other Account Executives for asserting rights as a disabled employee, namely by taking disability leave.  Defendant Peter Wainwright began to treat this Responding Party aggressively and unfairly after he learned that defendant was placed on disability leave.

[Iannitelli Decl., ¶ 5, Ex. B.]

On November 28, 2006, Plaintiff competed the first full day of defendant Wainwright's deposition. [Iannitelli Decl., ¶ 6.]  (As a result of multiple continuances, as requested by defendants, and delays in obtaining discovery responses, defendant Wainwright's deposition was not completed until May 8, 2007.)  At his deposition, Mr. Wainwright was questioned on many aspects of Plaintiff's claims, including events surrounding the harassment claims as

---

[2]  California Judicial Counsel Form Interrogatory (Employment Law) No. 203.1 specifically requests all facts, witnesses and documents which support Plaintiff's contention that he was unlawfully  harassed.  [Iannitelli Decl., ¶ 4.]

alleged by Plaintiff and stated in Plaintiffs' discovery responses. [Iannitelli Decl., ¶ 7.] Based

on Plaintiffs' written discovery responses and the deposition of defendant Wainwright,

defendants' counsel commented at the end of the November 28, 2006 deposition that

insufficient facts existed to support Plaintiffs' claims. [Iannitelli Decl., ¶ 8.]

In a correspondence dated December 13, 2006, counsel for defendant Wainwright

demanded that he be dismissed. [Iannitelli Decl., ¶ 9, Ex. C.] Included with the correspondence

was a California Code of Civil Procedure Section 998 Offer to Compromise in which defendant

Wainwright offered to release his claims for attorneys' fees and costs against Plaintiff in

exchange for a dismissal of the claims asserted against him. [Id.] In the correspondence,

counsel for Wainwright states that:

> Mr. Wainwright confirmed at this deposition that he did not make the
> decision to terminate Mr. Cava's employment. Moreover, we both know that
> the factual allegations against Mr. Wainwright in the Complaint (e.g.,
> reassigning accounts, placing Plaintiff on a performance improvement plan)
> cannot form the basis of a harassment claim under the Fair Employment and
> Housing Act . . . should Mr. Cava reject the offer [to compromise] ... he will
> be required to pay Mr. Wainwright's costs and *post-offer attorneys fees*. This
> is true despite the fact that the general rule under FEHA, is that a prevailing
> defendant must establish that a **plaintiff's claims are groundless in order**
> **to recover attorneys' fees under the statute . . . we strongly believe that**
> **we can meet this standard**.

[Id. (emphasis added).]

On January 4, 2007, defendants took the deposition of Plaintiff and completed

questioning on all issues except for damages. [Iannitelli Decl., ¶ 10.] At his deposition, Plaintiff

was exhaustively questioned on his claim for harassment against defendant Wainwright.

Following Plaintiff's deposition, on January 8, 2007, counsel for defendants sent another

correspondence again demanding that defendant Wainwright be dismissed from this action.

[Iannitelli Decl., ¶ 11, Ex. D.] In her letter, counsel for defendant Wainwright writes that:

> I have previously expressed my belief that there was little legal or factual
> basis for the continued prosecution of these claims, and **following Mr.**
> **Cava's deposition my beliefs have been confirmed**".

[Id., (emphasis added).]

On January 18, 2007, counsel for Plaintiff responded to the requests for the dismissal of

defendant Wainwright, rejecting defendants' view that no facts existed to support the

harassment claims. [Iannitelli Decl., ¶ 12, Ex. E.]   This rejection was based on Plaintiffs' belief

that the claims against Wainwright were valid and that evidence developed during discovery

inferred a discriminatory intent by Wainwright. [DNR, Ex. 21, PSOF #3 and 4.]  In the January

18, 2007 correspondence, Plaintiff also offered to dismiss defendant Wainwright on the

condition that he agree to rejoin the litigation if Plaintiff was able to develop additional facts

supporting the harassment claim. [Id.]  Defendants rejected this offer.

C.    Wainwright Summary Judgment Motion

On March 7, 2007, four months after Defendants first made known their assessment that

no legal or factual basis for the claims against Wainwright existed, defendants filed two

motions for summary judgment. [DNR, Ex. 11-20.]   Specifically, Wainwright's motion argued

that (1) the conduct complained was not severe and pervasive enough to establish a hostile

work environment, and (2) much of the conduct complained of was exempted as typical

managerial functions. [DNR, Ex. 11-20.]  The identical arguments are made in the December

13, 2006 and repeated in the January 8, 2007 letters discussed above.  Defendant's statement of

undisputed facts contained the same facts as known to defendants as of January 4, 2007,

consisting solely of facts alleged in the Complaint and obtained at Mr. Cava's deposition.

[DNR, Ex.11-20, Defendant Wainwrights Statement of Undisputed Material Facts ("DSOF")

#1-9.]

On May 9, 2007, Plaintiff filed and served its oppositions to Wainwright's summary

judgment motion. [DNR, Ex. 21.]  In support of his opposition, Mr. Cava relied on his

deposition testimony and a supplemental declaration, deposition of Netversant employees and

documents produced in discovery. [Id.]  No new or surprise facts were submitted in opposition

to the harassment claim and Mr. Cava's legal contentions remained the same. [Id.]  Counsel for

defendants received a copy of the opposition on May 10, 2007. [Iannitelli Decl., ¶ 13.]

The hearing on the defendants' motions was held May 23, 2007, where the court took

the matter under submission.  In light of the June 25, 2007, trial date, and the law and motion

judge's indication that a decision could take up to 90 days, the parties stipulated to continue

the trial to September 17, 2007. [Iannitelli Decl., ¶ 14.]  On June 4, 2007, the Court issued its

1    order denying Netversant's summary judgment, but granting summary judgment as to the

2    claims against defendant Wainwright. [DNR, Ex. 31 and 32.]

3                              **III.    LEGAL ANALYSIS**

4         Defendants' Notice of Removal is based on the contention that Plaintiff "fraudulently"

5    joined defendant Wainwright as nondiverse party in order to defeat diversity jurisdiction.  As

6    the removing parties, defendants bear the heavy burden of proving a fraudulent joinder (e.g.,

7    that no causes of action was stated against the nondiverse party or there was outright fraud in

8    the pleadings).  Green v. Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir. 1983).

9         Defendants' removal of this action is improper, and remand is appropriate, in light of:

10   (1) Fatal defects in the Notice of Removal, and (2) Defendants cannot establish there was any

11   fraud in the joinder of defendant Wainwright.

12   **A.    Procedural Defects in Defendant's Removal Notice Require Remand to State Court**

13        "Courts strictly construe the removal statute against removal . . . [t]his is especially so

14   in diversity cases, since concerns of comity mandate that state courts be allowed to decide state

15   cases unless the removal action falls squarely within the bounds Congress has created".

16   Phillips v. Allstate Insurance Co., 702 F.Supp.1466, 1467-68 (C.D. Cal. 1989) (citing other

17   cases).  Since "removal itself is done in derogation if state sovereignty",  Courts must

18   "scrupulously confine their own jurisdiction to the precise limits" of the removal statute.

19   Knutson v. Allis-Chalmers Corp., 358 F.Supp.2d  983, 990 (D. Nev. 1005).  A strict

20   construction applied in interpreting the removal statute commands that a Plaintiff will prevail

21   on a motion to remand where the removal procedure is defective. Id.

22        In the instant matter, Plaintiff's Motion to Remand must be granted because of

23   Defendants' grossly untimely notice of removal and other defects in the removal process.

24        **1.    Defendants' Notice of Removal is Untimely**

25        The procedures for removal are governed by 28 U.S.C. § 1446.  Pursuant to subdivision

26   (b) of the removal statute:

27               The notice of removal of a civil action or proceeding shall be filed
              within thirty days after the receipt by the defendant, through service
28            or otherwise, a copy of the initial pleading setting forth the claim for
              relief upon which such action or proceeding is based . . . .

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable . . ..

28 U.S.C. § 1446(b).   In sum, the removal statue requires that a defendant file a Notice of Removal within 30 days of being served with the Complaint if federal subject matter jurisdiction is ascertainable by the face of the Complaint or within 30 days after being on notice that the case has become removable. Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 695-96 (9th Cir. 2005).

Under the removal statue, any document(s) received in the course of litigation, including discovery, correspondence, deposition transcripts and the like, will be the basis for setting the 30 day deadline to file a Notice of Removal.   In essence, when the facts which demonstrate that diversity jurisdiction exists become available, the defendant has thirty days in which to remove. See Harris, supra, 425 F.3d 689, 696 (9th Cir. 2005) (action became removable when plaintiff's counsel notified counsel for defendant, in a letter, that plaintiff was effectively abandoning the claims against the nondiverse defendant);  Knutson,  v. Allis-Chalmers Corp., 358 F.Supp.2d  983, 992 (D. Nev. 2005) (the plaintiff's opposition to motion for summary judgment provided facts on which notice of removal was based);  Lovern v. General Motors Corp., 121 F.3d 160 (4th Cir. 1997) (receipt of discovery responses or copy of police report revealing facts of diversity jurisdiction started 30 day clock); Delaney v. Viking Freight, Inc., 41 F.Supp.2d 672 (E.D. Tex. 1999) (receipt of deposition transcript containing admission of plaintiff showed facts for subject of removal on fraudulent joinder).

Defendant Netversant has had full knowledge of facts upon which it now bases its removal for much longer than 30 days.  Defendants' 30 day removal deadline began as early as November 27, 2006, and no later than March 3, 2007 (the date defendants' filed their motions for summary judgment).  Pursuant to §1446(b), each of following 'events' constitute receipt by defendants of the Complaint or an "amended pleading, motion, order or other paper" from which they first could ascertain that the case was removable.  Defendants removal is untimely

1    and Plaintiff's Motion to Remand must be granted.

2                    **(a)       Face of Complaint - July  2006**

3            In defendants' motion for summary judgment, the argument made with respect to the

4    harassment claims[3] was that the conduct of defendant Wainwright, as alleged in plaintiff's

5    Complaint and developed in discovery, were insufficient as a matter of law.  Defendants'

6    motion argues that the conduct complained of by Plaintiff amounted to "necessary personnel

7    management activity" which cannot form the basis of the harassment allegations.  Ultimately,

8    the state court judge agreed with defendants on this point and granted summary judgment.  28

9    U.S.C. § 1446(b).

10           Interestingly, the facts on which Plaintiff expressly alleged in his Complaint are the

11   same facts on which the state court granted summary adjudication on the harassment claim.

12   Plaintiff's Complaint alleges that he was harassed in light of accounts being taken away, being

13   placed on a performance improvement plan, threatening plaintiff he would be terminated for

14   taking disability leave and being treated abusively and differently than other employees.

15   [Complaint, ¶¶ 11, 14 and 36.]  Defendants' separate statement of undisputed facts in support

16   of the motion for summary judgement relies on the same facts, including that Plaintiff's

17   accounts were not reassigned to him, singled out for unreasonable sales goals, being yelled at

18   and demeaned. [DNR, Ex. 11-20,  DSOF, # 1-9.]

19           In light of the factual allegations in the Complaint, defendants were on notice, upon

20   service of the Complaint, of the arguments made in the summary judgment motions – that no

21   cause of action was stated as since the tasks complained of were managerial in nature.  The fact

22   that defendants understood this early in the case is evidenced in their counsel's December 13,

23   2006, correspondence expressing that the "factual allegations in against Mr. Wainwright in the

24   Complaint (e.g., reassigning accounts, placing Plaintiff on a Performance Improvement Plan)

25   cannot form the basis of a harassment claim" under FEHA. Under § 1446(b), defendants were

26

27   _____

28        [3] Plaintiff's claims for Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress as to Defendant Wainwright are pendent to the Harassment claim and are therefore not addressed in this Motion.

1  required to remove within 30 days of being served.

2        **(b)    Written Discovery / Wainwright Deposition - November 28, 2006**

3        On November 28, 2006, Plaintiff took the deposition of defendant Wainwright.  At this

4  same time, Plaintiff had also served his responses to interrogatories and requests for production

5  of documents, which included responses to requests for facts and evidence supporting the

6  harassment claim.   At this time, defendants possessed sufficient facts to determine that federal

7  jurisdiction grounds exist (i.e., the facts on which defendants based their summary judgment

8  motion).  Specifically, based on the written discovery responses, the Wainwright deposition

9  and the Complaint, defendants were on notice of the operative facts.

10       Counsel for defendants was clearly aware of the operative facts.  In her December 16,

11 2006 correspondence, counsel for defendants (1) acknowledged understanding of the facts

12 alleged in the Complaint which comprised the claims against Wainwright, (2) highlighted the

13 relevant Wainwright testimony, and (3) determined that the facts and allegations were

14 insufficient for continued prosecution of the action against Wainwright.  Accordingly, if the

15 face of the Complaint was not sufficient to place defendants on notice of removability of the

16 case, the discovery conducted as of November 28, 2006 certainly placed defendants on notice,

17 as admitted to in the December 13, 2006 correspondence.

18       **(c)    <u>Plaintiff Deposition/Second Demand For Dismissal</u> - January 4, 2007**

19       On December 27, 2006, Plaintiffs served amended responses to defendants' form

20 interrogatories and defendants' took Plaintiff's deposition on January 4, 2007.  By this time,

21 defendants completed nearly all the fact discovery it planned to conduct, aside from expert

22 witness discovery.  In fact, by January 4, 2007, defendants had obtained the entire body of

23 evidence it presented in support of defendant Wainwright's summary judgment motion (i.e, the

24 Complaint and Plaintiff's deposition testimony).

25       In a letter dated January 8, 2007, counsel for defendants again demanded the dismissal

26 of defendant Wainwright.  The letter pointed to the deposition testimony of Plaintiff as

27 *confirming* her belief that there was little legal or factual basis for the claims. Assuming the

28 face of the Complaint and the prior discovery were insufficient notice of removability, the

1  taking of Plaintiff's deposition provided all the necessary facts.  Defendants cannot reasonably

2  dispute this point as all of the evidence used in support of the motion for summary judgment

3  had been obtained at this point. <u>Delaney</u>, supra, 41 F.Supp.2d 672.

4      **(d)  Opposition to Motion for Summary Judgment - May 10, 2007**

5     Should the above events prove to be insufficient basis for notice of removability and

6  begin the 30 day clock, defendants' receipt of Plaintiff's opposition to the motion for summary

7  judgment is a "motion" under § 1446(b) which contained all the evidence on which Plaintiff

8  asserted its claims against Wainwright.  The opposition referenced all the evidence developed

9  by Plaintiffs in support of the claims and included an affidavit by Plaintiff.

10     As of May 10, 2007, defendants possessed all the information on which the state court

11  granted the summary judgment.  As of May 10, 2007, defendants not cannot claim ignorance

12  of the facts and legal theories that form the basis of Plaintiff's harassment claim.  Accordingly,

13  at the very latest, defendants' clock to remove the case commenced on May 10, 2007 making

14  the last possible day to remove the case June 11, 2007.  Defendants' June 19, 2007 Notice of

15  Removal is untimely and Plaintiff's Motion to Remand must be granted.

16     **2.  Defendants' Purported Authority for "Timelines" is Unfounded**

17     Defendants' claim that the case only became removable upon the order granting

18  summary judgment is misleading. [Removal Notice, ¶ 13 .]  Tellingly, defendants elect not to

19  cite any, from a large number of, Ninth Circuit opinions addressing the issue of timely removal

20  notices and rely on assumption of a fact in an District Court's analysis of an entirely unrelated

21  point.  In <u>Katz v. Costa Armatori, S.p.A.</u>, 718 F.Supp. 1508, 1509 (S.D. Fla. 1989) the court, in

22  a footnote, without any discussion, stated the defendant filed a timely petition[4].

23  _____

24    [4] There is nothing in the opinion to suggest that the court analyzed the issue of timliness.

25  Had the issue of timing been raised as a basis to remand, the opinion would have certainly
devoted more than three words.  Further, even if the court had considered the issue, it was
precluded from raising it *sua sponte*. <u>See</u> <u>Whole Health Chiropractic & Wellness, Inc.</u>, 254 F.3d

26  1317, 1321 (11th Cir. 2001); <u>Kelton Arms Condo Owners Ass'n, Inc. v. Homstead Ins. Co.</u>, 346

27  F.3d 1190 (9th Cir. 2003).  Contrary to defendants' representation, the court in <u>Katz</u> never
"concluded" that a removal made within 30 days of a court's order satisfies the requirement

28  under §1446 (b).  As reflected in the various opinions cited above discussing timing removal
notices, the issue of timeliness, when at issue, is far more involved than in the <u>Katz</u> opinion.

The rule gleaned from the cases cited above is that defendants were obligated to remove within 30 days of receiving a "paper", within the course of the litigation, from which it is ascertainable that diversity jurisdiction exists.  (As noted above, this included receipt of the Complaint, receipt of early written discovery, deposition transcripts and, at the latest, receipt of plaintiff's opposition to the motions for summary judgment.)  Defendants assertion that "[c]omplete diversity entitling Defendants to removal of he action was established" when the state court ruled on the motion intentionally ignores when, during the course of the litigation, they received knowledge of the jurisdictional facts.  Simpson v. Union Pacific R. Co., (N.D. Cal. 2003)  282 F.Supp 2d 1151, 1158 (the "burden is on the defendant seeking removal to scrutinize the case and remove it in a timely fashion").

More importantly, defendants' claim for timeliness has already been rejected.  In Simpson v. Union Pacific R. Co., the court, in addressing a fraudulent joinder claim, refused to follow the defendant's logic that diversity was created upon the state court's ruling on a demurrer (i.e., the dismissal of the nondiverse defendant).  Id. at 1157.  In this regard, the Court stated that it "is not necessary to wait until the fraudulently joined defendant has tested the claims against it in state court and succeeded in defeating them on a motion to dismiss or demurrer".  Id.;  See also Riverdale Baptist Church v. Certainteed Corp., 349 F.Supp.2d 943 (D.Md. 2004) (the fact that state court judge granted summary judgment is of no consequence . . . the "dispositive issue is when Defendant was first able to ascertain" the case was removable).

Because defendants' removal was untimely under any of acceptable events starting the removal clock, the instant action must be remanded.  United States ex rel. Walker v. Gunn, 511 F.2d 1024, 1026 (9th Cir. 1975) (the removal statute is "imperative and mandatory" and must "be strictly complied with").  See also Owens v. General Dynamics Corp., 686 F.Supp. 827, 829 (S.D. Cal. 1988) (federal courts that have considered the question of whether the time provisions of 28 U.S.C. § 1446(b) must be strictly construed have decided they are mandatory").

//

**3.    Other Defects in the Notice of Removal Require Remand to State Court**

In addition to being untimely, defendants' notice of removal was defective in other respects.  First, the Notice of Removal served on plaintiff did not include the exhibits submitted to the court.  28 U.S.C.§1446(d).  At the very least, defendants could have provided an index to facilitate Plaintiff's citation to the state court record.  Second, defendants failed to allege the amount in controversy as required. <u>Sanchez v. Monumental Life Insurance Company</u>, 95 F.3d 856, 862 (9th Cir. 1996) ("we hold that in cases where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional requirement).   Lastly, as Mr. Cava's opportunity to appeal the state court's grant of summary judgment has not passed, complete diversity has not been established. <u>See</u> <u>Self  v. General Motors Corporation</u>, 588 F.2d 655, 656 (9th Cir. 1978.); <u>Riverdale Baptist Church</u>, supra, 349 F.Supp.2d at 950.

**B.    DEFENDANTS CANNOT MEET THEIR HEAVY BURDEN TO ESTABLISH THE JOINDER OF DEFENDANT WAINWRIGHT FRAUDULENT**

"Under the Ninth Circuit rule, where a plaintiff fails to state a cause of action against a resident defendant and the failure is **<u>obvious</u>** according to the well settled rules of the state, the joinder of a non-diverse defendant is deemed fraudulent." <u>Simpson v. Union Pacific R. Co.</u>, 282 F.Supp.2d 1151, 1158 (N.D. Cal. 2003) (emphasis added).  While outright fraud in pleading jurisdictional facts in clearly a basis for removal, fraudulent joinder "is defined more broadly as a term of art that does not necessarily reflect on the integrity of plaintiff and plaintiff's counsel". <u>Id</u>. at 1154.  "Simply stated, the test is whether on the face of the removed complaint there is **any possibility plaintiff could prevail**." <u>Id</u>. at 1155 (emphasis added). Defendants bear the burden of proving the necessary facts to support jurisdiction. <u>Macey v. Allstate Property an Cas. Ins. Co.</u>, 220 F.Supp.2d 1116, 1117 (N.D. Cal. 2003).  If there is a non-fanciful possibility that the plaintiff can state a cause of action, the court must remand. <u>Id</u>. Finally, there is a presumption against removal, the court must resolve all doubts and ambiguities in the plaintiff's favor. <u>Id</u>.

1        In sum, defendants must bear the heavy burden to establish that there is no possibility

2    that Mr. Cava's Complaint could establish a cause of action against defendant Wainwright.

3    Plute v. Roadway Package System, Inc., 141 F.Supp.2d 1005, 1008 (N.D. Cal. 2001). Because

4    the standard for fraudulent joinder is whether the is any possibility that a claim can be stated,

5    the standard is necessarily similar to a FRCP 12(b)(6) motion to dismiss. Ritchey v. Upjohn

6    Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998).

7        Defendants cannot meet their burden of showing that there was no possibility that Mr.

8    Cava could state a cause of action against Wainwright.

9        **1.**     **Harassment Claim Sufficient to Survive Motion to Dismiss**

10       The state court ultimately decided that there were insufficient facts to establish a hostile

11   work environment to survive Wainwright's summary judgment motion. This does not mean

12   that the claim was fraudulent. Mr. Cava properly alleged that his supervisor harassed him

13   because of his disability. Under California law, an employee may bring an action for

14   harassment against his supervisor personally. Mathews v. Sup. Ct., 34 Cal.App.4th 598, 599-

15   600, 605-606 (1995). Furthermore, conduct including verbal abuse and demeaning plaintiff

16   because of discriminatory animus is actionable. Defendants cannot show Mr. Cava could not

17   have possibly maintained the cause of action.

18       His failure to establish sufficient facts to meet his burden on summary judgment does

19   not make the claim fraudulent. While it may have been a weak case, that does not translate

20   into a sham pleading. Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42-43 (5th Cir. 1992)

21   (the standard is not to decide whether the plaintiff will actually or even probably prevail on the

22   merits, but only to look for a possibility that he may). In opposition to the motion for

23   summary judgment, Mr. Cava provided evidence of verbal abuse by Wainwright and evidence

24   of his discriminatory animus. While the state court decided there were insufficient facts to

25   establish the requisite "severe and pervasive" conduct, it did not find the cause of action to be

26   fraudulent. This was a failure of evidence, not of pleadings.

27   //

28   //

1  **2.    Plaintiff is Entitled to Relief Against defendant Wainwright As Facts
Alleged in the Complaint Support a Claim for Retaliation**

2

3       Assuming the harassment claim could not have survived a motion to dismiss, there is

4  still no basis for finding fraudulent joinder.  The facts alleged by Mr. Cava concerning

5  defendant Wainwright, as discussed more fully below, are sufficient to establish a claim for

6  Retaliation under FEHA.  Under federal standards for motions to dismiss, if facts are alleged

7  which can be the basis for relief under <u>any</u> theory – even if not advanced by the plaintiff in the

8  complaint – the  motion to dismiss cannot be granted and, therefore, the remand is improper.

9       In <u>Sessions v. Chrysler Corp.</u>, 517 F.2d 759, 760 (9th Cir. 1975), the plaintiff filed suit

10  against Chrysler, and several individual defendants who were residents of California, in state

11  court alleging breach of contract.  Chrysler removed to federal court on the grounds that the

12  other defendants were fraudulently joined. <u>Id</u>.  Chrysler successfully removed the matter

13  arguing that since it was the only signatory on the contract, California law did not permit cause

14  of action for breach of contract against the individual defendants.  The Ninth Circuit, while

15  agreeing that the breach contract claims could not be stated against the individual defendants,

16  held:

17          This does not end the matter, however.  Appellant's claim, when
          judged by the standards for dismissal under the Federal Rules, could
18          well be read to state a cause of action in tort against the individual
          defendants not signatories to the contact.  Assuming Chrysler was
19          bound to deal fairly with [plaintiff] despite the non-exclusivity
          provisions in its agreement with him, the complaint could be taken as
20          asserting that the named individual employees . . . possibly acting at
          the company's behest, tortiously interfered with that contractual
21          relationship to appellant's detriment.

22  <u>Id</u>.  The court concluded that the fact plaintiff misidentified his cause of action against the

23  individual defendants is irrelevant, "so long as he was entitled to relief **against them on any**

24  **theory**".  <u>Id</u>. at 760-761 (emphasis added).

25       Applying the same analysis to the instant case, it is clear that Mr. Cava is entitled to

26  relief under the alternative theory of retaliation.  For his cause of action for harassment, Mr.

27  Cava alleged that "Since learning of Plaintiff's Disability, and because of his disability,

28  defendant Peter Wainwright continually discriminated against, harassed, **retaliated** and

subjected Plaintiff to humiliation and adverse employment" actions. [Complaint, ¶ 36.]   Mr.
Cava's cause of action for retaliation, based on the same facts alleged against Wainwright for
the harassment claim, was inadvertently not alleged against defendant Wainwright personally.
[Complaint, ¶¶ 42-47.]   Under the rule pronounced in the Sessions opinion, Mr. Cava was
entitled to relief against Wainwright for the retaliation claim and, therefore, the joinder of
Wainwright was not fraudulent.

Settled California law provides that supervisors and coworkers can be held personally
liable for retaliation under FEHA. Taylor v. City of Los Angeles Dept. of Water & Power, 144
Cal.App.4th 1216, 1236-1237; See also Walrath v. Sprinkle, 99 Cal.App.4th 1237 (2002); Page
v. Superior Court, 31 Cal.App.4th 1206, 1212 (1995); Plute v. Roadway Package System, Inc.,
141 F.Supp.2d 1005, 1011-1012 (N.D. Cal. 2001).

As discussed above, Mr. Cava has alleged and articulated evidence of retaliatory
conduct by defendant Wainwright, including taking accounts away, placing Mr. Cava on a
performance improvement plan and making unreasonable expectation in order for him to fail,
and treated him differently.  Defendant Wainwright's conduct, in taking adverse employment
actions against Mr. Cava, was in retaliation for Mr. Cava asserting his rights as a disabled
employee.  The validity of such a claim is reflected in the state court order denying the motion
for summary adjudication on the retaliation claim.  According, defendants cannot meet their
burden of establishing a fraudulent joinder.

**C.    Imposition of Sanctions Against Defendants is Appropriate**

Mr. Cava respectfully requests this Court award him attorneys' fees, pursuant to 28
U.S.C. § 1447(c).  Defendants removed this action even though they were fully aware that the
time for removal had long passed.  They cannot claim they did not know the case was
previously removable in light of the December 16, 2006 and January 8, 2007 letters.  More
importantly, the fact that the Notice of Removal cites, as authority for timeliness, a case which
does not address timeliness demonstrates their intent and knowledge of the issue.

Defendants' improper removal was made solely to annoy plaintiff, force plaintiff to
incur further costs and delay the outcome of this action.  Accordingly, Mr. Cava requests the

1   Court award him $9,500.00 for his attorneys' fees incurred as a result of the removal.

2   [Iannitelli Decl., ¶ 15.]   Pursuant to Local Rule 7-8, Plaintiff will file a separate motion for

3   sanctions.

4                                    **IV.  CONCLUSION**

5        For the foregoing reasons, Plaintiff respectfully requests this Court grant this Motion to

6   Remand and award Plaintiff his costs in attorneys' fees incurred as a result of the removal.

7

8   Dated:  July 19, 2007                    FOTOUHI • EPPS • HILLGER • GILROY LLP

9

10

11                              By: _____
                                        Daniel P. Iannitelli
12                                      Attorneys for Plaintiff
                                        Michael Cava

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28