1   Shahab E. Fotouhi - 168301
    Daniel P. Iannitelli - 203388
2   FOTOUHI • EPPS • HILLGER • GILROY LLP
    160 Pine Street, Suite 710
3   San Francisco, CA 94111
    Tel:   415.362.9300
4   Fax:   415.358.5521
    Email: sfotouhi@fe-law.com
5   Email: diannitelli@fe-law.com

6   Attorneys for Plaintiff
    MICHAEL CAVA
7

8               UNITED STATES DISTRICT COURT

9              NORTHER DISTRICT OF CALIFORNIA

10                 SAN FRANCISCO DIVISION

11  MICHAEL CAVA,                )   No.  C 07-03224 EMC
                                 )
12          Plaintiff,           )
                                 )   **DECLARATION OF DANIEL P.**
13  vs.                          )   **IANNITELLI IN SUPPORT OF**
                                 )   **PLAINTIFF'S MOTION TO REMAND**
14  NETVERSANT - NATIONAL, INC., a )
    Delaware corporation, dba NETVERSANT )
15  - SAN FRANCISCO, aka NETVERSANT; )
    PETER WAINWRIGHT, an individual; and )  Date:  September 12, 2007
16  DOES 1 through 40, inclusive, )        Time:  10:30 a.m.
                                 )         Place: Courtroom C, 15th Floor
17          Defendants.          )         Court: Hon. Edward M. Chen
    _____ )

18

19  I, Daniel P. Iannitelli, declare:

20      1.      I am an attorney duly licensed to practice law in the State of California and am a

21  partner in the law firm FOTOUHI • EPPS • HILLGER • GILROY LLP, attorneys of record

22  herein for Plaintiff Michael Cava in the above-captioned case.

23      2.      I have personal knowledge of the matters set forth herein, and if called upon as a

24  witness could competently testify thereto.

25      3.      In August 2006, shortly after serving defendants with the instant lawsuit,

26  Plaintiff propounded written discovery requests on defendants, including special interrogatories

27  and document requests.

28  //

                                    1        DECLARATION OF DANIEL IANNITELLI IN
                                             SUPPORT OF REMAND MOTION - C 07-03224

1      4.     Attached hereto as Exhibit "A" is a true and correct copy of the relevant portion

2  of the Form Interrogatories - Employment Law (No. 203.1), propounded by Defendants on

3  October 12, 2006.

4      5.     Attached hereto as Exhibit "B" is a true and correct copy of the relevant

5  portion of Plaintiff's response to Form Interrogatory 203.1.

6      6.     On November 28, 2006, the first day of the deposition of defendant Peter

7  Wainwright was taken.

8      7.     At his deposition, Mr. Wainwright was questioned on many aspects of Plaintiffs'

9  claims, including events surrounding the harassment claims as alleged by Plaintiff and stated in

10  Plaintiffs' discovery responses.

11      8.     Defendant Wainwright's counsel commented at the end of the November 28,

12  2006, deposition that insufficient facts existed to support Plaintiffs' claims, based on Plaintiffs'

13  written discovery responses and the deposition of defendant Wainwright.

14      9.     Attached hereto as Exhibit "C" is a true and correct copy of Michelle Heverly's

15  December 16, 2006 correspondence.

16      10.    On January 4, 2007, defendants took the deposition of Plaintiff and completed

17  questioning on all issues except for damages.

18      11.    At his deposition, Plaintiff was exhaustively questioned on his claim for

19  harassment against defendant Wainwright.  Following Plaintiff's deposition, on January 8,

20  2007, counsel for defendants sent another correspondence again demanding that defendant

21  Wainwright be dismissed from this action.  Attached hereto as Exhibit "D" is a true and correct

22  copy of the January 2, 2007 correspondence from Michelle Heverely.

23      12.    Attached hereto as Exhibit "E" is a true and correct copy of the correspondence

24  from Daniel Iannitelli to Michelle Heverely.

25      13.    On May 9, 2007, Plaintiff's two oppositions, and supporting documents, to

26  Defendants' motion for summary judgment were served by overnight delivery (Federal

27  Express) to counsel for defendant, assuring delivery on May 10, 2007.

28  //

1      14.    In light of the June 25, 2007, trial date, and the law and motion judge's

2 indication that a decision could take up to 90 days, the parties stipulated to continue the trial to

3 September 17, 2007.

4      15.    Plaintiff has incurred over $9,500.00 in attorneys' fees as a result of the removal

5 of this action.

6

7      I declare under penalty of perjury under the laws of the United States of America and

8 the State of California that the foregoing is true and correct.

9      Executed this _____ day of July, 2007, at San Francisco, California.

Daniel Iannitelli
2007.07.19
14:25:55 -08'00'

Daniel P. Iannitelli

    DECLARATION OF DANIEL IANNITELLI IN
SUPPORT OF REMAND MOTION - C 07-03224

# EXHIBIT A

F1-130

<table>
<tr><td colspan="2">

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*
MICHELLE B. HEVERLY, Bar No. 178660
MICHAEL W. WARREN, Bar No. 223642
LITTLER MENDELSON
50 West San Fernando Street, 14th Floor, San Jose, CA 95113
ATTORNEY FOR *(Name)* Defendants NetVersant – National, Inc., and Peter Wainwright

</td></tr>
</table>

TELEPHONE NO: 408-998-4150

Superior Court of the State of California, San Francisco County

SHORT TITLE OF CASE
Cava v. NetVersant – National, Inc., et al.

| **FORM INTERROGATORIES – Employment Law**<br>Asking Party:  **NETVERSANT – NATIONAL, INC.**<br><br>Answering Party:  **MICHAEL CAVA**<br><br>Set No.:  **ONE** | CASE NUMBER:<br>CGC-06-453469 |
|---|---|

## Sec. 1. Instructions to All Parties

(a) Interrogatories are written questions prepared by a party to an action that are sent to any other party in the action to be answered under oath. The interrogatories below are form interrogatories approved for use in employment cases.

(b) For time limitations, requirements for service on other parties, and other details, see Code of Civil Procedure section 2030 and the cases construing it.

(c) These form interrogatories do not change existing law relating to interrogatories nor do they affect an answering party's right to assert any privilege or make any objection.

## Sec. 2. Instructions to the Asking Party

(a) These form interrogatories are designed for optional use by parties in employment cases. (Separate sets of interrogatories, *Form Interrogatories* (form F1-120) and *Form Interrogatories – Economic Litigation* (form F1-129) may also be used where applicable in employment cases.

(b) Insert the names of the **EMPLOYEE** and **EMPLOYER** to whom these interrogatories apply in the definitions in sections 4(d) and (e) below.

(c) Check the box next to each interrogatory that you want the answering party to answer. Use care in choosing those interrogatories that are applicable to the case.

(d) The interrogatories in section 211.0, Loss of Income – Interrogatories to Employer, should not be used until the employer has had a reasonable opportunity to conduct an investigation or discovery of the employee's injuries and damages.

(e) Additional interrogatories may be attached.

## Sec. 3. Instructions to the Answering Party

(a) You must answer or provide another appropriate response to each interrogatory that has been checked below.

(b) As a general rule, within 30 days after you are served with these interrogatories, you must serve your responses on the asking party and serve copies of your responses on all other

parties to the action who have appeared. See Code of Civil Procedure section 2030 for details.

(c) Each answer must be as complete and straightforward as the information reasonably available to you permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

(d) If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

(e) Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

(f) Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

(g) If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

(h) Your answers to these interrogatories must be verified, dated, and signed. You may wish to use the following form *at the end of your answers:*

*I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

_____     _____
(DATE)                            (SIGNATURE)

## Sec. 4. Definitions

Words in **BOLDFACE CAPITALS** in these interrogatories are defined as follows:

(a) **PERSON** includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

Page 1 of 9

Form Approved for Optional Use
Judicial Council of California
F1-130 (New July 1, 2002)

**FORM INTERROGATORIES**
**Employment Law**

Code of Civil Procedure, §§ 2030, 2033.5

☐    201.5    Was any **PERSON** hired to repla̶ ̶ ̶ne **EMPLOYEE** after the **EMPLOYEE'S TERMINATION** or demotion? If so, state the **PERSON'S** name, job title, qualifications, **ADDRESS** and telephone number, and the date the **PERSON** was hired.

☐    201.6    Has any **PERSON** performed any of the **EMPLOYEE'S** former job duties after the **EMPLOYEE'S TERMINATION** or demotion? If so:
(a)    state the **PERSON'S** name, job title, **ADDRESS**, and telephone number;
(b)    identify the duties; and
(c)    state the date on which the **PERSON** started to perform the duties.

☐    201.7    If the **ADVERSE EMPLOYMENT ACTION** involved the failure or refusal to select the **EMPLOYEE** (for example, for hire, promotion, transfer, or training), was any other **PERSON** selected instead? If so, for each **ADVERSE EMPLOYMENT ACTION**, state the name, **ADDRESS**, and telephone number for each **PERSON** selected; the date the **PERSON** was selected; and the reason the **PERSON** was selected instead of the **EMPLOYEE**.

## 202.0 Discrimination – Interrogatories to Employee

☒    202.1    Do you contend that any **ADVERSE EMPLOYMENT ACTIONS** against you were discriminatory? If so:
(a)    Identify each **ADVERSE EMPLOYMENT ACTION** that involved unlawful discrimination;
(b)    Identify each characteristic (for example, gender, race, age, etc.) on which you base your claim or claims of discrimination;
(c)    state all facts upon which you base each claim of discrimination;
(d)    state the name, **ADDRESS**, and telephone number of each **PERSON** with knowledge of those facts; and
(e)    identify all **DOCUMENTS** evidencing those facts.

☒    202.2    State all facts upon which you base your contention that you were qualified to perform any job which you contend was denied to you on account of unlawful discrimination.

## 203.0 Harassment – Interrogatories to Employee

☒    203.1    Do you contend that you were unlawfully harassed in your employment? If so:
(a)    state the name, **ADDRESS**, telephone number, and employment position of each **PERSON** whom you contend harassed you;
(b)    for each **PERSON** whom you contend harassed you, describe the harassment;

(c)    identify e̶ ̶ ̶ characteristic (for example, gender, race, age, etc.) on which you base your claim of harassment;
(d)    state all facts upon which you base your contention that you were unlawfully harassed;
(e)    state the name, **ADDRESS**, and telephone number of each **PERSON** with knowledge of those facts; and
(f)    identify all **DOCUMENTS** evidencing those facts.

## 204.0 Disability Discrimination

☒    204.1    Name and describe each disability alleged in the **PLEADINGS**.

☒    204.2    Does the **EMPLOYEE** allege any injury or illness that arose out of or in the course of **EMPLOYMENT**? If so, state:
(a)    the nature of such injury or illness;
(b)    how such injury or illness occurred;
(c)    the date on which such injury or illness occurred;
(d)    whether **EMPLOYEE** has filed a workers' compensation claim. If so, state the date and outcome of the claim; and
(e)    whether **EMPLOYEE** has filed or applied for disability benefits of any type. If so, state the date, identify the nature of the benefits applied for, and the outcome of any such application.

☒    204.3    Were there any communications between the **EMPLOYEE** (or the **EMPLOYEE'S HEALTH CARE PROVIDER**) and the **EMPLOYER** about the type or extent of any disability of **EMPLOYEE**? If so:
(a)    state the name, **ADDRESS**, and telephone number of each person who made or received the communications;
(b)    state the name, **ADDRESS**, and telephone number of each **PERSON** who witnessed the communications;
(c)    describe the date and substance of the communications; and
(d)    identify each **DOCUMENT** that refers to the communications.

☐    204.4    Did the **EMPLOYER** have any information about the type, existence, or extent of any disability of **EMPLOYEE** other than from communications with the **EMPLOYEE** or the **EMPLOYEE'S HEALTH CARE PROVIDER**? If so, state the sources and substance of that information and the name, **ADDRESS**, and telephone number of each **PERSON** who provided or received the information.

☒    204.5    Did the **EMPLOYEE** need any accommodation to perform any function of the **EMPLOYEE'S** job position or need a transfer to another position as an accommodation? If so, describe the accommodations needed.

## PROOF OF SERVICE BY OVERNIGHT DELIVERY

I am employed in Santa Clara County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 50 West San Fernando Street, 14th Floor, San Jose, California  95113.2303.  On October 12, 2006, I deposited with Federal Express, a true and correct copy of the within documents:

FORM INTERROGATORIES -- EMPLOYMENT LAW

in a sealed envelope, addressed as follows:

Daniel P. Iannitelli
Fotouhi Ipps Hillger Gilroy LLP
160 Pine Street, Suite 710
San Francisco, CA  94111

Following ordinary business practices, the envelope was sealed and placed for collection by Federal Express on this date, and would, in the ordinary course of business, be retrieved by Federal Express for overnight delivery on this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 12, 2006, at San Jose, California.

_____
Jan M. Gaeden

TTLER MENDELSON
Professional Corporation
West San Fernando Street
14th Floor
an Jose  CA  95113 2303
408 998 4150

# EXHIBIT B

**Shahab E. Fotouhi - 168301**
**Daniel P. Iannitelli -  203388**
FOTOUHI • EPPS • HILLGER • GILROY LLP
160 Pine Street, Suite 710
San Francisco, CA 94111
Tel: 415.362.9300
Fax: 415.358.5521

Attorneys for Plaintiffs
MICHAEL CAVA

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN FRANCISCO - UNLIMITED JURISDICTION

| | |
|---|---|
| MICHAEL CAVA, | Case No.  CGC-06-453469 |
| Plaintiff, | |
| vs. | **PLAINTIFF'S RESPONSES TO DEFENDANT NETVERSANT - NATIONAL, INC.'S FORM INTERROGATORIES** |
| NETVERSANT - NATIONAL, INC., a Delaware corporation, dba NETVERSANT - SAN FRANCISCO, aka NETVERSANT; PETER WAINWRIGHT, an individual; and DOES 1 through 40, inclusive, | |
| Defendants. | |

PROPOUNDING PARTY:    Defendant NETVERSANT - NATIONAL, INC.

RESPONDING PARTY:    Plaintiff MICHAEL CAVA

SET NO.:                ONE

Plaintiff MICHAEL CAVA  responds under Code of Civil Procedure section 2030.210 to

Defendant NETVERSANT - NATIONAL, INC.'s Form Interrogatories, Set No. One, as follows:

### PRELIMINARY STATEMENT

These responses are made solely for the purposes of this action.  Each response is subject to

all objections as to competence, relevance, materiality, propriety, admissibility and all other

objections and grounds that would require the exclusion of any statements herein, if any requests

were asked for, or if any statements contained herein were made by witnesses present and testifying

in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

//

1  had a proven track record prior to his employment with EMPLOYER which was known to EMPLOYER

2  at the time of hire and by Responding Party's work product during employment.  This Responding

3  Party met and exceeded all sales quotas required by EMPLOYER.  This Responding Party has also a

4  proven track records in this industry since finding new employment after termination by EMPLOYER.

5  This Responding Party only required a reasonable accommodation from EMPLOYER.

6          Discovery has just begun and this Responding Party reserves the right to supplement this

7  response as further information becomes available.

8  **Response to Form Interrogatory No. 203.1:**

9          Responding Party objects on the grounds that the Interrogatory improperly attempts to

10  incorporate terms not properly defined within the Interrogatory itself.  Without waiving said

11  objections, and subject to same, Responding Party responds to this Interrogatory as follows:

12          Yes. Defendant Peter Wainwright, Vice President of Sales, used his position to

13  humiliate, taunt, and harass this Responding Party all because of his disability. He retaliated against

14  this Responding Party by taking away privileges, including accounts and interfering with Responding

15  Party's ability to succeed, because of the disability.  Defendant Peter Wainwright retaliated against

16  and treated this Responding Party differently that other Account Executives for asserting rights as a

17  disabled employee, namely by taking disability leave.  Defendant Peter Wainwright began to treat

18  this Responding Party aggressively and unfairly after he learned that defendant was placed on

19  disability leave.

20          Discovery has just begun and this Responding Party reserves the right to supplement this

21  response as further information becomes available.

22  **Response to Form Interrogatory No. 204.1:**

23          Responding Party objects on the grounds that the Interrogatory improperly attempts to

24  incorporate terms not properly defined within the Interrogatory itself.  Without waiving said

25  objections, and subject to same, Responding Party responds to this Interrogatory as follows:

26          Mental disability, including anxiety, stress, depression, LBP.

27          Discovery has just begun and this Responding Party reserves the right to supplement this

28  response as further information becomes available.

1  client privilege and the attorney work-product doctrine.  [Nacht & Lewis Architects, Inc. v. Superior

2  Court (1996) 54 Cal.Rptr.2d 575.]  Without waiving said objections, and subject to same, this

3  Responding Party responds as follows:

4          No.

5          Discovery has just begun and this Responding Party reserves the right to supplement this

6  response as further information becomes available.

7  **Response to Form Interrogatory No. 215.2**:

8          Responding Party objects on the grounds that the Interrogatory improperly attempts to

9  incorporate terms not properly defined within the Interrogatory itself.  Responding party further

10  objects to this Interrogatory on the grounds that it is not complete in and of itself.  Responding Party

11  further objects to this Request on the grounds that it is compound and conjunctive. Responding party

12  further objects to this Request on the grounds that it seeks information in violation of the attorney-

13  client privilege and the attorney work-product doctrine.  [Nacht & Lewis Architects, Inc. v. Superior

14  Court (1996) 54 Cal.Rptr.2d 575.]  Without waiving said objections, and subject to same, this

15  Responding Party responds as follows:

16          No.

17          Discovery has just begun and this Responding Party reserves the right to supplement this

18  response as further information becomes available.

19

20  Dated:  November 27, 2006              FOTOUHI • EPPS • HILLGER • GILROY LLP

21

22

23                                       By:

24                                          Daniel P. Iannitelli
                                            Attorney for Plaintiff
                                            MICHAEL CAVA

25

26

27

28

1

**PROOF OF SERVICE BY MAIL**

2

*Cava v. Netversant-National, Inc., et al.*
San Francisco County Superior Court Case No. CGC 06-453469

3

4

I, the undersigned, declare:

5

That I am employed in the City of San Francisco, County of San Francisco, State of

6

California; that I am over the age of eighteen years and not a party to the within cause; that my

7

business address is 160 Pine Street, Suite 710, San Francisco, California 94111.

8

That on **November 27, 2006**, I served the within:

9

**PLAINTIFF'S RESPONSES TO DEFENDANT NEVERSANT - NATIONAL, INC.'S
FORM INTERROGATORIES**

10

11

on the parties listed in said cause by placing a true copy thereof enclosed in a sealed envelope with

12

postage thereon fully prepaid, in the outgoing mail box located in my office addressed as set forth

13

below in accordance with ordinary business practices for deposit with the United State Postal Service

14

in San Francisco, California. I am readily familiar with my office business practice for collection and

15

processing of correspondence for mailing and the within correspondence will be deposited with the

16

United States Postal Service this date in the ordinary course of business.

17

**Michelle B. Heaverly
Michael W. Warren**
LITTLER MENDELSON, P.C.

18

50 West San Fernando Street, 14th Floor
San Jose, CA 95113-2131

19

T: 408-998-4150
F: 408-288-5686

20

*Attorneys for defendants Netversant; Peter Wainwright*

21

22

I declare under penalty of perjury under the laws of the State of California that the foregoing

23

is true and correct. Executed on **November 27, 2006,** at San Francisco, California.

24

25

26

J. Kate Cowan

27

28

# EXHIBIT C

# LITTLER MENDELSON®

A PROFESSIONAL CORPORATION

December 13, 2006

Michelle B. Heverly
Direct: 408.795.3406
Direct Fax: 408.288.5686
mheverly@littler.com

## VIA MAIL AND FACSIMILE 415-358-5521

Shahab E. Fotouhi
Fotouhi Epps Hillger Gilroy LLP
160 Pine Street, Suite 710
San Francisco, CA 94111

Re:    *Michael Cava v. NetVersant-National, Inc., and Peter Wainwright*

Dear Mr. Fotouhi:

This correspondence follows our discussion on November 28, 2006, after the deposition of Mr. Wainwright. As I told you, I believe that given the facts of this case, and your client's allegations, there exists no legal or factual basis for the continued prosecution of the present action against Peter Wainwright.

Mr. Wainwright confirmed at his deposition that he did not make the decision to terminate Mr. Cava's employment. Moreover, we both know that the factual allegations against Mr. Wainwright in the Complaint (*e.g.*, reassigning accounts, placing Plaintiff on a performance improvement plan) cannot form the basis of a harassment claim under the Fair Employment and Housing Act. *See Janken v. GM Hughes Electronics* (1996) 46 Cal.App.4th 55, 79 (actions taken by supervisors, such as downgraded performance appraisals, demotions, failure to transfer, and failure to provide work assignments, do not constitute harassment because the actions are within the realm of properly delegated management authority.)

Accordingly, I have enclosed a statutory offer to compromise under C.C.P. section 998 on behalf of Mr. Wainwright. Section 998 provides in relevant part that a plaintiff who "fails to obtain a more favorable judgment" than the offer will be denied recovery of his or her post-offer costs. It also provides that *such a plaintiff must also pay defendant's post-offer costs.* As confirmed by the Court of Appeal in *Meister v. Regents of University of California* (1998) 67 Cal.App.4th 437, 450, "Statutory attorneys fees are an element of [defendant's post-offer] costs." *Citing,* Code of Civ. Proc. § 1033.5 subds. (a)(10)(B), (c)(5). Thus, should Mr. Cava reject the offer and thereafter fail to obtain a "more favorable judgment" in this case, he will be required to pay Mr. Wainwright's costs *and post-offer attorneys fees.* This is true despite the fact that the general rule under FEHA, is that a prevailing defendant must establish that a plaintiff's claims are groundless in order to recover attorneys' fees under the statute. For although we strongly believe that we can meet this standard, the general rule under FEHA becomes *inapplicable* following the rejection of a 998 offer.

Shahab E. Fotouhi
December 13, 2006
Page 2

As explained by the California Supreme Court, "[u]nder section 998, the defendant's entitlement to costs derives not from its status as a prevailing party, but from the plaintiff's failure to accept a reasonable settlement offer." *Scott Co. v. Blount, Inc.*, (1999) 20 Cal.4th 1103, 1114. As such, "there is no sound basis under section 998 for distinguishing attorney fees from other categories of costs...those are the costs allowed under section 1032." *Id.*[1] Thus, in the instant case, should Mr. Cava reject the enclosed 998 offer and fail to obtain a more favorable judgment against Mr. Wainwright in this matter, he will be liable for the Mr. Wainwright's post-offer attorneys' fees as a component of the costs pursuant to sections 998, 1032 and 1033.5, irrespective of the asymmetrical standard for the award of such fees under FEHA. *See, Scott, supra,* (rejecting the existence of any asymmetry in the structure of section 998 as such would be "contrary to section 998's language and purpose" and would "substantially lessen the cost to plaintiffs of rejecting reasonable settlement offers.") Indeed, that is precisely what happened in *Steele v. Jensen Instrument Co.* (1997) 59 Cal.App.4th 326.

In *Steele*, the defendants were awarded their post-offer costs *despite the fact that the plaintiff won a judgment in the case under the Fair Employment and Housing Act.* In that case, and well before trial, defendants served a 998 offer to compromise for $40,000. Plaintiff rejected the offer and the matter proceeded to trial. Following trial, the jury awarded plaintiff $21,000 for pregnancy discrimination. As the award was less than defendants' 998 offer, the trial court denied plaintiff her post-offer costs and fees, and instead, ordered her to pay defendants. The net result, as affirmed by the Court of Appeal, was that plaintiff, although winning a judgment that she had been discriminated against in violation of FEHA, was ordered to pay defendants in excess of $35,000 in post-offer costs. Thus, despite the fact that she was the "prevailing party," she lost her entire judgment to the cost bill and had a judgment entered against her for the balance.

In light of the above, I hope that your client will seriously consider the enclosed statutory settlement offer. Otherwise, Mr. Wainwright fully intends to seek post-offer fees and costs in this matter.

Sincerely,

*Michelle Heverly*

Michelle B. Heverly

Enclosures
Firmwide:81777668.1 037665.1017

---

[1] *See also, Davis v. KGO T.V., Inc.* (1998) 17 Cal.4th 436, 443 (noting that to the extent a conflict exists between allowable costs and fees under Govt. Code 12965 and C.C.P. 1033.5, the latter controls as it is the more specific, later enacted statute).

1    MICHELLE B. HEVERLY, Bar No. 178660
     MICHAEL W. WARREN, Bar No. 223642
2    LITTLER MENDELSON
     A Professional Corporation
3    50 West San Fernando Street, 14th Floor
     San Jose, CA 95113.2303
4    Telephone:     408.998.4150
     Fax:           408.288.5686
5
     Attorneys for Defendants
6    NETVERSANT - NATIONAL, INC., AND PETER
     WAINWRIGHT
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SAN FRANCISCO

10

11   MICHAEL CAVA,                          Case No. CGC-06-453469

12              Plaintiff,                  **DEFENDANT PETER WAINWRIGHT'S
                                            STATUTORY OFFER TO COMPROMISE**
13
              v.
14                                          **[Code of Civil Procedure §998]**
     NETVERSANT - NATIONAL, INC., a
15   Delaware corporation, dba
     NETVERSANT - SAN FRANCISCO,
16   aka NETVERSANT; PETER
     WAINWRIGHT, an individual; and
17   DOES 1 through 40, inclusive,

18              Defendants.

19

20   TO:     PLAINTIFF MICHAEL CAVA AND HIS ATTORNEY OF RECORD:

21              Defendant PETER WAINWRIGHT ("Defendant") hereby makes a statutory offer

22   pursuant to Code of Civil Procedure section 998 to compromise and settle the above captioned

23   action. The terms of the offer are: in exchange for the entry of a Request for Dismissal with

24   prejudice on behalf of Plaintiff Michael Cava and in favor of Defendant Peter Wainwright, and

25   Plaintiff's execution of a settlement agreement and release of all claims, Defendant will waive any

26   and all costs and attorneys' fees incurred in this matter up to the time of acceptance of this offer.

27              If you accept this offer, please date and sign the below Notice of Acceptance and

28   return the fully executed original to counsel for Defendant along with a Request for Dismissal with

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
Fourteenth Floor
San Jose, CA 95113.2303
408.998.4150

                                                                    Case No. CGC-06-453469

Defendant Peter Wainwright's §998 Offer to Compromise

1   prejudice in the Superior Court, or return the fully executed originals to counsel for Defendant for

2   filing in the Superior Court.  If you do not accept this offer within 30 days of service upon you

3   (extended 5 days for mail), then the offer will be deemed withdrawn.

4           PLEASE TAKE FURTHER NOTICE that should you fail to accept the offer within

5   the time period provided, and thereafter fail to achieve a more favorable result either at trial or

6   otherwise, Defendant shall move the Court for an award of post-offer costs and attorneys' fees

7   pursuant to Code of Civil Procedure sections 998, 1032, 1033.5 and Government Code section

8   12965.

9

10  Dated:  December 13, 2006                        LITTLER MENDELSON
                                                     A Professional Corporation
11

12
                                                By: _____
13                                                  MICHELLE B. HEVERLY
                                                    Attorney for Defendants
14                                                  NETVERSANT - NATIONAL, INC., AND
                                                    PETER WAINWRIGHT
15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
Fourteenth Floor
San Jose, CA 95113 2303
408.998.4150

Defendant Peter Wainwright's §998 Offer to Compromise

# NOTICE OF ACCEPTANCE OF OFFER

TO DEFENDANT PETER WAINWRIGHT, AND HIS ATTORNEYS OF RECORD, LITTLER MENDELSON:

NOTICE IS HEREBY GIVEN that Plaintiff MICHAEL CAVA accepts the foregoing statutory offer to compromise in the above-entitled action.

Dated: _____

_____

MICHAEL CAVA

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
Fifteenth Floor
San Jose, CA 95113 2303
408 998 4150

3.

Case No. CGC-06-453469

Defendant Peter Wainwright's §998 Offer to Compromise

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 50 W. San Fernando St., 14th Floor, San Jose, CA 95113. On December 13, 2006, I served the within document(s):

> **DEFENDANT PETER WAINWRIGHT'S STATUTORY OFFER TO COMPROMISE**

☒ by facsimile transmission at or about ___4:30 p.m.___ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 408.288.5686. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☒ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at San Jose, California addressed as set forth below.

☐ by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

Shahab E. Fotouhi
Fotouhi Epps Hillger Gilroy LLP
160 Pine Street, Suite 710
San Francisco, CA 94111

I am readily familiar with the firm's practice of collecting and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on December 13, 2006, at San Jose, California.

_Elizabeth Bond_
Elizabeth Bond

Firmwide:81777620.1 037665.1017

TLER MENDELSON
Professional Corporation
West San Fernando Street
Fourteenth Floor
an Jose, CA 95113 2303
408.998.4150

Defendant Peter Wainwright's §998 Offer to Compromise

# EXHIBIT D

# LITTLER MENDELSON®

A PROFESSIONAL CORPORATION

January 8, 2007

Michelle B. Heverly
Direct: 408.795.3406
Direct Fax: 408.288.5686
mheverly@littler.com

**VIA MAIL AND FACSIMILE 415-358-5521**

Shahab E. Fotouhi
Daniel P. Iannitelli
Fotouhi Epps Hillger Gilroy LLP
160 Pine Street, Suite 710
San Francisco, CA 94111

Re:   *Michael Cava v. NetVersant-National, Inc., and Peter Wainwright*

Dear Mr. Fotouhi:

I am writing following the deposition of Mr. Cava to again request that Plaintiff voluntarily dismiss both Mr. Wainwright and the claims brought against him.  I have previously expressed my belief there was little legal or factual basis for the continued prosecution of the these claims, and following Mr. Cava's deposition my beliefs have been confirmed.

Specifically, Mr. Cava testified that the *only* person at NetVersant who either harassed him or engaged in conduct intended to cause him emotional distress was Mr. Wainwright.  Mr. Cava also clearly testified that the only objectionable conduct occurred over at most a two day period and consisted solely of work related conduct (reassigning accounts and establishing performance objectives).  As I have previously informed you, such conduct cannot for the basis of a harassment claim under the Fair Employment and Housing Act. *See Janken v. GM Hughes Electronics* (1996) 46 Cal.App.4[th] 55, 79 (actions taken by supervisors, such as downgraded performance appraisals, demotions, failure to transfer, and failure to provide work assignments, do not constitute harassment because the actions are within the realm of properly delegated management authority.)  Likewise, even if Mr. Wainwright was rude or raised his voice during these conversations, such conduct is neither "severe and pervasive" enough to form the basis of a claim for harassment, nor is it conduct "beyond the bounds of human decency" so as to support an intentional infliction claim. *Fisher v. San Pedro Pen Hospital* (1989) 214 Cal.App.3d 590, 608; *Janken, supra.*

For these reasons, we request that Plaintiff immediately dismiss his Third, Ninth and Tenth Causes of Action.  Please let me know by Friday, January 12, 2007, whether Plaintiff will voluntarily dismiss these claims.  If not, we will be forced to have them summarily adjudicated, and will seek recovery of the costs and fees incurred in connection with the continued prosecution of these frivolous claim.

Shahab E. Fotouhi
January 8, 2007
Page 2

If you have any questions, please do not hesitate to call me.

Sincerely,

Michelle B. Heverly

cc:    Bill Fielder

Firmwide:81883291.1 037665.1017

# EXHIBIT E

# FOTOUHI • EPPS • HILLGER • GILROY LLP
## ATTORNEYS AT LAW

Reply To:
Northern California Office


January 18, 2007


*Via Facsimile and Federal Express*

**Michelle B. Heverly, Esq.**
**Michael W. Warren, Esq.**
LITTLER MENDELSON, P.C.
50 West San Fernando Street, 14th Floor
San Jose, CA 95113-2131

> Re:   *Michael Cava v. Netversant - National, Inc., et al.*
>        *San Francisco County Superior Court,* Case no.  CGC-06-453469

Dear Ms. Heverly:

We have reviewed and considered defendants' offer to comprise under C.C.P. § 998.  While defendants assert that evidence does not support Plaintiff's claims against Peter Wainwright, we cannot, at this time, agree with the assertion.  Reasonable inferences of Mr. Wainwright's improper and harassing behavior are raised by his conduct, as well as statements made to Mr. Cava and other individuals.  Furthermore, as we have not completed the deposition of Mr. Wainwright and have not yet taken the depositions of Mr. Landis, Ms. Cotter and others, we believe that it is premature to determine whether Mr. Wainwright should remain in this action.

Plaintiff, however, will agree to dismiss Mr. Wainwright and the cause of action for harassment on the following conditions.  First, the dismissal will be without prejudice and Mr. Wainwright must agree that he will voluntarily rejoin the action as a defendant with the reinstated cause of action should Plaintiff later determine that Mr. Wainwright should be brought back into the action.  Second, in the case Plaintiff determines that Mr. Wainwright should be brought back into the action, Mr. Wainwright agrees not to seek a continuance of the trial.

| NORTHERN CALIFORNIA | CENTRAL CALIFORNIA | PACIFIC NORTHWEST | SOUTHERN CALIFORNIA | NEVADA* |
|---|---|---|---|---|
| 160 Pine St., Suite 710 | 2650 Industrial Parkway, #100 | 4431 West Bay Road | 5720 Oberlin Drive | 333 So. Sixth St., Suite 230 |
| San Francisco CA 94111 | Santa Maria, CA 93455 | Lake Oswego, OR 97035 | San Diego, CA 92121 | Las Vegas, NV 89101 |
| TEL: 415.362.9300 | TEL: 805.544.4875 | TEL: 503.636.0879 | TEL: 858.642.2002 | TEL: 702.384.4048 |
| FAX: 415.358.5521 | FAX: 805.544.4877 | FAX: 503.635.3231 | FAX: 858.642.2001 | FAX: 702.384.4484 |
| | | | | AFFILIATED WITH |
| | | | | FREDRICKSON, MAZEIKA & GRANT |

WWW.FE-LAW.COM

**Michelle B. Heverly, Esq.**
**Michael W. Warren, Esq.**
Re: *Michael Cava v. Netversant - National, Inc., et al.*
January 18, 2007
Page 2


    We believe this is a fair compromise to defendant's request, as further discovery is necessary to confirm defendant's position.  At your earliest convenience, please contact me to discuss this proposal.

                    Very truly yours,

                    FOTOUHI • EPPS • HILLGER • GILROY LLP



                    Daniel P. Iannitelli

DPI:lkc
\\Fehg-server-01\shared\SEF\Cava\Correspondence\Heverly.011807.wpd