1  MICHELLE B. HEVERLY, Bar No. 178660
   MICHAEL W. WARREN, Bar No. 223642
2  LITTLER MENDELSON
   A Professional Corporation
3  50 West San Fernando Street, 14th Floor
   San Jose, CA  95113.2303
4  Telephone:   408.998.4150
   Fax:         408.288.5686
5  Email:       mheverly@littler.com
   Email:       mwarren@littler.com
6
   Attorneys for Defendants
7  NETVERSANT - NATIONAL, INC., AND PETER
   WAINWRIGHT
8

                UNITED STATES DISTRICT COURT

                NORTHERN DISTRICT OF CALIFORNIA

                      OAKLAND DIVISION

| | |
|---|---|
| MICHAEL CAVA,<br><br>        Plaintiffs,<br><br>v.<br><br>NETVERSANT - NATIONAL, INC., a Delaware corporation, dba NETVERSANT - SAN FRANCISCO, aka NETVERSANT; PETER WAINWRIGHT, an individual; and DOES 1 through 40, inclusive,<br><br>        Defendants. | Case No. C-07-03224 SBA<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**<br><br>Date:    October 2, 2007<br>Time:    1:00 p.m.<br>Judge:  Hon. Saundra Brown Armstrong<br>Dept:    3 |

# TABLE OF CONTENTS

PAGE

I. INTRODUCTION ................................................................................................................. 1

II. SUMMARY OF FACTS AND PROCEDURAL HISTORY ................................................ 2

III. LEGAL ARGUMENT ........................................................................................................... 4

    A. Defendants Properly Removed This Case To Federal Court Based On The Fraudulent Joinder Of Defendant Wainwright ............................................................. 4

        1. Defendants Notice Of Removal Was Timely Because Prior To The State Court's June 4, 2007 Order There Remained A "Possibility" That Plaintiff Could Establish A Claim Against Defendant Wainwright, And Thus The Case Was Not Removable ....................................................... 5

        2. The State Court's June 4, 2007 Order Granting Defendant Wainwright's Motion For Summary Judgment Rendered This Case Removable For The First Time ......................................................................... 9

    B. Removal Of This Case Was Proper Under The Katz Two Prong Analysis For Fraudulent Joinder ...................................................................................................... 11

        1. Plaintiff's Counsel Maintained Frivolous Claims Against Defendant Wainwright .................................................................................................. 12

    C. Plaintiff's Argument That He Could Have Established A Claim For Retaliation Against Defendant Wainwright, Even Though He Did Not Allege Such A Claim, Is Erroneous ................................................................................. 14

    D. An Award Of Attorney's Fees And Costs Is Not Proper ............................................ 16

IV. CONCLUSION ................................................................................................................... 16

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose CA 95113 2303
408 998 4150

CASE NO. C-07-03224 SBA     i.     DEFENDANTS' OPPOSITION TO PLT'S MOTION TO REMAND

# TABLE OF AUTHORITIES

PAGE

**Cases**

Aguilar v. Atlantic Richfield Co.,
   25 Cal. 4th 826 (2001).................................................................................................9

Alcorn v. Anbro Engineering,
   2 Cal. 3d 493 (1970).........................................................................................6, 11, 12

Bellecci v. GTE Sprint Communications Corp.,
   2003 U.S. Dist. LEXIS 640 (N.D. Cal. 2003)..............................................................5, 8

Buscemi v. McDonnell Douglas Corp.,
   736 F.2d 1348 (9th Cir. 1984)......................................................................................13

Campbell v. U.C. Regents,
   35 Cal.4th 311 (2005)...................................................................................................15

Insinga v. La Bella,
   845 F.2d 249 (11th Cir. 1988).......................................................................................4

Janken v. GM Hughes Electronics,
   46 Cal.App.4th 55 (1996).............................................................................................13

Johnson v. City of Loma Linda,
   24 Cal.4th 61 (2000).....................................................................................................15

Katz v. Costa Armatori,
   718 F.Supp. 1508 (S.D. Fla. 1989).........................................................1, 10, 11, 12, 14

Martin v. Lockheed Missiles & Space Co., Inc.,
   29 Cal.App.4th 1718 (1994).........................................................................................15

Mathews v. Superior Court,
   34 Cal.App.4th 598 (1995)..................................................................................6, 11, 12

Med. Lab. Management Consultants v. American Broadcasting Co., Inc.,
   931 F. Supp. 1487 (D. Ariz. 1996)................................................................................5

Okoli v. Lockheed Technical Operations Co.,
   36 Cal.App.4th 1607 (1995).........................................................................................15

Peters v. Renaissance Hotel Operating Co.,
   307 F.3d 535, 550 (7th Cir. 2003) ...............................................................................15

Plute v. Roadway Package Sys.,
   141 F. Supp. 2d 1005 (N.D. Cal. 2001).......................................................................5, 8

Reno v. Baird,
   18 Cal.4th 640 (1998)...................................................................................................13

Sessions v. Chrysler Corp.,
   517 F.2d 759 (9th Cir. 1975)........................................................................................14

Shoemaker v. Myers,
   52 Cal.3d 1 (1990)........................................................................................................13

Simpson v. Union Pacific Railroad Co.,
   282 F.Supp. 2d 1151 (N.D. Cal. 2003)...................................................................10, 11

Soo v. UPS,
   73 F.Supp. 2d 1126 (N.D. Cal. 1999)............................................................................4

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

CASE NO. C-07-03224 SBA          ii.          DEFENDANTS' OPPOSITION TO PLT'S MOTION TO REMAND

# TABLE OF AUTHORITIES
## (CONTINUED)

PAGE

Spence v. Flynt,
   647 F. Supp. 1266 (D. Wyo. 1986) ..................................................................................5

Wecker v. National Enameling & Stamping Co.,
   204 U.S. 176 (1907) ........................................................................................................11

**Statutes**

28 U.S.C. § 1332(a)(1) ...............................................................................................................4

28 U.S.C. § 1446 .......................................................................................................................10

28 U.S.C. § 1446(b) ................................................................................................................5, 9

28 U.S.C. § 1447(c) ..................................................................................................................16

Cal. Govt. Code § 12960(b) ......................................................................................................15

I.  **INTRODUCTION**

This case involves Plaintiff's willful attempt to frustrate federal jurisdiction. Plaintiff filed and thereafter maintained a lawsuit against a non-diverse individual defendant without any evidentiary support, and it now appears he did so solely to defeat federal jurisdiction. Indeed, Plaintiff concedes in his motion to remand that he had a "weak case" against Defendant Peter Wainwright and that the state court's granting of summary judgment in favor of Defendant Wainwright based on insufficient facts was a "failure of evidence." Despite this admission, Plaintiff significantly understates the frivolous nature of his claims for harassment and emotional distress against Defendant Wainwright. The record demonstrates that despite Plaintiff's awareness of the fatal weaknesses of his claims throughout the discovery process, he nonetheless fraudulently held Defendant Wainwright hostage in the state court action solely to deprive Defendant NetVersant its right to have this matter proceed in federal court pursuant to 28 U.S.C. sections 1332 and 1441.

As discussed below, the first opportunity Defendants had to remove this case to federal court came on June 4, 2007, when the state court granted Defendant Wainwright's summary judgment motion. Prior to the state court's order, Defendants were precluded from removing this case under the fraudulent joinder standard because there remained a "possibility" that Plaintiff could establish a cause of action against Defendant Wainwright. It was only until the state court's order on June 4, 2007, that the "any possibility" of a claim against Defendant Wainwright was eliminated, and Plaintiff's bad faith was exposed. Plaintiff knew he had insufficient evidence to continue prosecution of his case against Defendant Wainwright, yet he forced Defendant Wainwright to file a summary judgment motion <u>and</u> half-heartedly opposed the motion rather than dismissing Defendant Wainwright from the action as any party acting in good faith reasonably should have done.

Under the two-prong fraudulent joinder analysis articulated in *Katz v. Costa Armatori*, 718 F.Supp. 1508, 1515-1516 (S.D. Fla. 1989), the state court record demonstrates that removal was proper in this case because Plaintiff's counsel failed to satisfy the continuing obligation not to maintain a frivolous action against Defendant Wainwright. Plaintiff's bad faith prosecution of his claims against Defendant Wainwright warrants the loss of his forum selection right, and can not be countenanced. For these reasons, Plaintiff's motion for remand and request for attorney's fees

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose CA 95113 2303
408 998 4150

CASE NO. C-07-03224 SBA    1.    DEFENDANTS' OPPOSITION TO PLT'S MOTION TO REMAND

should be denied.

## II. SUMMARY OF FACTS AND PROCEDURAL HISTORY

On June 23, 2006, Plaintiff filed a Complaint for Damages in San Francisco County Superior Court, named NetVersant and Peter Wainwright as Defendants. (Notice of Removal to Federal Court ("Removal"), Exh. 1.) Plaintiff alleged ten causes of action: (1) disability discrimination; (2) wrongful termination in violation of public policy; (3) harassment; (4) retaliation; (5) breach of contract; (6) intentional misrepresentation; (7) negligent misrepresentation; (8) breach of covenant of good faith and fair dealing; (9) intentional infliction of emotional distress; and (10) negligent infliction of emotion distress. *Id.* Plaintiff alleged all ten causes of action against Defendant NetVersant and named Defendant Wainwright as a party to only three causes of action, harassment, intentional infliction of emotional distress, and negligent infliction of emotional distress. *Id.*

As pled, Plaintiff's Complaint did not allege complete diversity of citizenship, which precluded removal to this Court on diversity grounds at the time it was filed. Defendant NetVersant is a Delaware corporation with its principal places of business in both Houston, Texas and Everett, Washington. (Removal, 4:2-3; Exh. 1, 1:25-27.) Plaintiff and Defendant Wainwright are both California residents. (Removal, Exh. 1, 1:23-24, 2:1-2.) As such, on August 24, 2006, Defendants timely answered Plaintiff's Complaint and began taking discovery. (Removal, Exh. 3.)

On December 13, 2006, after the first day of Defendant Wainwright's deposition, defense counsel began to realize that Plaintiff's claims against Mr. Wainwright might be fraudulent. As such, Defendants requested that Plaintiff dismiss Defendant Wainwright, as the claims against him appeared weak. (Declaration of Daniel P. Iannitelli ("Iannitelli Decl."), Exh. C.) Having received no response to the first letter, defense counsel sent a second letter dated January 8, 2007, following the first day of Plaintiff's deposition, requesting again that Plaintiff voluntarily dismiss the claims for harassment and emotional distress against Defendant Wainwright because the discovery completed as a January 2007 did not indicate facts that could support Plaintiff's claims. *Id.*, Exh. D. At that time, was far from complete.

On January 18, 2007, Plaintiff's counsel responded by refusing to dismiss Defendant

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

CASE NO. C-07-03224 SBA   2.   DEFENDANTS' OPPOSITION TO PLT'S MOTION TO REMAND

Wainwright on the basis that it was too "premature to determine whether Mr. Wainwright should remain in this action" because Defendant Wainwright's deposition had not been completed and the depositions of other witnesses had not been taken. *Id.*, Exh. E. Thus, Defendants had no choice but to continue discovery and hope that facts would be uncovered that would support the claims against Mr. Wainwright.

As discovery continued, however, it became more clear that no evidence existed to support the claims against Defendant Wainwright. Accordingly, on April 7, 2007, Defendants filed their motions for summary judgment, or in alternative, summary adjudication. (Removal, Exhs. 11-20.) Plaintiff filed his opposition to Defendants' motion for summary judgment on May 9, 2007. *Id.*, Exh. 21. On May 18, 2007, Defendants filed their reply papers. *Id.*, Exhs. 22-29.

On May 23, 2007, the state court heard argument on the summary judgment motions and took the matter under submission. On June 4, 2007, the state court filed and served two orders on Defendants' motions for summary judgment. *Id.*, Exhs. 31 and 32. Although the state court denied part of the motion against Defendant NetVersant, it *granted in its entirety* Defendant Wainwright's motion for summary judgment. *Id.*, Exh. 31, 32. Specifically, the state court found that "Plaintiff's allegations cannot support an actionable harassment claim because the conduct complained of arose out of the performance of necessary personnel management duties" and that "[b]ecause all of the alleged conduct constitutes work-related personnel management activity, the conduct is not sufficiently 'outrageous' to support a claim for intentional infliction of emotion distress." *Id.*, Exh. 32, 2:20-23, 4:1-5. The state court also concluded that Plaintiff's claim for negligent infliction of emotional distress "failed as a matter of law." *Id.*, Exh. 32, 4:13-15. Following the order it was finally clear that no claim could be stated against Defendant Wainwright and that as Defendants had suspected for many months, he had been fraudulently joined from the outset.

On June 19, 2007, within one year of the initial filing of the action and within 30 days of learning that it had become removalable, Defendants removed the case to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. sections 1332, 1441, and 1446. In its removal papers, Defendant pointed out that Plaintiff's fraudulent joinder of Defendant Wainwright as a sham

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose CA 95113 2303
408 998 4150

CASE NO. C-07-03224 SBA        3.        DEFENDANTS' OPPOSITION TO PLT'S MOTION TO REMAND

1  defendant was done solely to deprive Defendant NetVersant of its right to federal diversity
2  jurisdiction.

3  **III.   LEGAL ARGUMENT**

4  This Court has diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000 and involve citizens of different states. 28 U.S.C. § 1332(a)(1). In his motion for remand, Plaintiff does not dispute that there is diversity of citizenship between himself and Defendant NetVersant. Additionally, Plaintiff offers no dispute that the amount in controversy exceeds the jurisdictional threshold of $75,000.[1] Instead, Plaintiff argues that his continued prosecution of unsubstantiated claims against Defendant Wainwright did not constitute fraudulent joinder. However, for the reasons set forth below, the record demonstrates that Plaintiff fraudulently joined Defendant Wainwright to frustrate federal jurisdiction.

**A.   Defendants Properly Removed This Case To Federal Court Based On The Fraudulent Joinder Of Defendant Wainwright.**

The voluntary/involuntary rule in diversity cases provides "that if a resident defendant was dismissed from the case by the voluntary act of the plaintiff, the case [becomes] removable, but if the dismissal was the result of either the defendant's or the court's action against the wish of the plaintiff, the case [cannot] be removed." *Insinga v. La Bella*, 845 F.2d 249, 253-254 (11th Cir. 1988). However, under the fraudulent joinder exception to the voluntary/involuntary rule, a dismissal of a non-diverse defendant as the result of a court's order is removable if "after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is requested." *Soo v. UPS*, 73 F.Supp. 2d 1126, 1128 (N.D. Cal. 1999). Thus, "[a] district court determining whether joinder was fraudulent examines whether there is *any possibility* that the plaintiff will be able to establish a cause of action against the party in question." *Bellecci v. GTE*

---

[1] In a one sentence statement, Plaintiff claims that "defendants failed to allege the amount in controversy as required." (Plaintiff's Motion to Remand ("Plt.'s Mt. to Remand"), p. 14:5-7.) Plaintiff, however, is mistaken as Defendants' Notice of Removal specifically alleges that "this is a civil action between citizens of different states and *the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, because Plaintiff is claiming that he suffered general damages, punitive damages, and special damages as a result of Defendant's alleged conduct.*" (Notice of Removal, p.3:23-26.) Nor can Plaintiff argue that the amount in controversy does not exceed $75,000 as his last settlement demand well exceeded $75,000.

CASE NO. C-07-03224 SBA    4.    DEFENDANTS' OPPOSITION TO PLT'S MOTION TO REMAND

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

*Sprint Communications Corp.*, 2003 U.S. Dist. LEXIS 640, *9 (N.D. Cal. 2003) (emphasis added); *see also Plute v. Roadway Package Sys.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). Significantly, "if the claims against the nondiverse party are capable of summary judgment, the Court cannot remand the case." *Med. Lab. Management Consultants v. American Broadcasting Co., Inc.*, 931 F. Supp. 1487, 1491 (D. Ariz. 1996) (emphasis added), *citing Spence v. Flynt*, 647 F. Supp. 1266, 1271 (D. Wyo. 1986).

As explained below, Defendants timely removed this case as soon as it could be ascertained that was no "possibility" Plaintiff could establish a cause of action against Defendant Wainwright and Plaintiff's bad faith prosecution of the claims against Defendant Wainwright became evident.

    **1.**    **Defendants Notice Of Removal Was Timely Because Prior To The State Court's June 4, 2007 Order There Remained A "Possibility" That Plaintiff Could Establish A Claim Against Defendant Wainwright, And Thus The Case Was Not Removable.**

Under 28 U.S.C. section 1446(b), a notice of removal must be filed within thirty days after the defendant's receipt of plaintiff's complaint. 28 U.S.C. § 1446(b). However, if the case is not removable based on the plaintiff's complaint, then "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, a copy of an amended pleading, motion, *order*, or other paper from which it may be first ascertained that the case is one which is or *has become removable*." *Id.* (emphasis added.) For the reasons set forth below, it could not be ascertained that the case had become removable until June 4, 2007, when the state court granted Defendant Wainwright's motion for summary judgment finding Plaintiff's claims had no merit.

    **a.**    **The Case Was Not Removable From The Face Of Plaintiff's Complaint.**

Contrary to Plaintiff's contention, this case was not removable based on the face of his Complaint. Plaintiff alleged three causes of action against Defendant Wainwright, (1) harassment, (2) intentional infliction of emotional distress, and (3) negligent infliction of emotional distress. (Removal, Exh. 1, at 7, 12-13.) Plaintiff's claim for harassment generally alleged that Defendant Wainwright's conduct created a "hostile work environment," however, did not allege the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

CASE NO. C-07-03224 SBA      5.      DEFENDANTS' OPPOSITION TO PLT'S MOTION TO REMAND

specific conduct for which the claim was based. *Id.* at 7:6-8.

It is well-settled under California law that a supervisor may be personally liable to an employee for harassment. *Mathews v. Superior Court*, 34 Cal.App.4th 598, 599-600 (1995). Moreover, an individual supervisor may be personally liable for a claim of intentional infliction of emotional distress. *See Alcorn v. Anbro Engineering*, 2 Cal. 3d 493, 496-497 (1970). It is undisputed that Defendant Wainwright was Plaintiff's supervisor. Consequently, under the "possibility" standard, this case was not removable from the face of Plaintiff's Complaint because at least two of Plaintiff's stated causes of action could "possibly" form the basis of liability against Defendant Wainwright and the specific factual allegations for which the claims were based were not identified.

### b. The Case Was Not Removable As Of November 2006 And January 2007.

Plaintiff also argues that Defendants possessed sufficient facts to determine that Defendant Wainwright was fraudulently joined in November 2006 and January 2007, following the first day of deposition for Defendant Wainwright and Plaintiff. Plaintiff references two letters from defense counsel dated December 13, 2006 and January 8, 2007, requesting that Plaintiff voluntarily dismiss Defendant Wainwright based on defense counsel's belief that there was little legal or factual basis to continue prosecution of the claims against Defendant Wainwright. (Iannitelli Decl., Exhs., C and D.)

Plaintiff fails to mention, however, that in a response letter dated January 18, 2007, Plaintiff's counsel refused to dismiss Defendant Wainwright on the basis that it was too "premature to determine whether Defendant Wainwright should remain in [the] action" because his deposition had not been completed and the depositions of additional witnesses had not yet been taken.[2]

---

[2] Although in the same letter Plaintiff also offered to dismiss Defendant Wainwright, the dismissal was only upon the condition that the it be without prejudice and that Defendant Wainwright agree to voluntarily rejoin as a defendant should Plaintiff unilaterally decide he should be brought back into the action. (Iannitelli Decl., Exh. E.) Defendant Wainwright also had to agree not to seek a continuance of the trial should he be brought back into the action. *Id.* For obvious reasons, Defendants could not accept Plaintiff's conditional dismissal because it would preclude Defendant Wainwright's ability to move for summary judgment should Plaintiff unilaterally decide to rejoin Defendant Wainwright after the deadline for filing a summary judgment motion and would prevent Defendants from seeking to continue the trial date under such circumstances. Moreover, Defendants could not accept Plaintiff's conditional dismissal and then petition for removal to this Court because

(Iannitelli Decl., Exh., E.) Thus, even Plaintiff's counsel concedes that, as of November 2006 and again as of January 2007, it could not be ascertained or determined that the case had become removable because additional discovery could "possibly" establish a cause of action against Defendant Wainwright. Defendants were thus stuck – knowing that it was likely that no claim could be stated against Defendant Wainwright, yet relying on Plaintiff's good faith representation that such a claim was possible and that sufficient evidence would be discovered. Based upon his representation, it is disingenuous for Plaintiff to now argue that Defendants "should have known" when he himself repeatedly indicated otherwise (and continued to take discovery on the subject).

Moreover, contrary to Plaintiff's current contention, his responses to Defendants' written discovery requests gave no indication that Plaintiff had no "possibility" of establishing his claims for harassment and emotional distress against Defendant Wainwright. Plaintiff's response to Form Interrogatory No. 203.1 generally alleged that Defendant Wainwright "used his position to humiliate, taunt, and harass [Plaintiff] all because of his disability" and did not provide an exhaustive list of alleged wrongful conduct. (Iannitelli Decl., Exh. B, 6:12-19.) In fact, Plaintiff specifically left the door open for additional factual allegations by adding the disclaimer, "[d]iscovery has just begun and [Plaintiff] reserves the right to supplement this response as further information becomes available." *Id.* at Exh. B, 6:20-21.

Consequently, as of November 2006 and even January 2007, the case had not yet become removable because there was still a "possibility" that Plaintiff would be able to establish a cause of action against Defendant Wainwright. The fact that Defendants recognized that Plaintiff's claims against Defendant Wainwright might lack supporting evidence based on the discovery that had been conducted to that point in time, does not mean that Defendants knew or should have known that there was no "possibility" Plaintiff could establish a claim against Defendant Wainwright. More importantly, any attempt by Defendants to remove the case in November 2006 or January 2007 would ultimately have been unsuccessful under the "possibility" standard and Plaintiff would almost certainly have moved to remand on that time arguing as much. Plaintiff's argument that the thirty

---

Plaintiff could easily rejoin Defendant Wainwright according to the agreement and destroy diversity. Therefore, Defendant Wainwright was left with no choice but to reject Plaintiff's conditional offer.

CASE NO. C-07-03224 SBA  7.  DEFENDANTS' OPPOSITION TO PLT'S MOTION TO REMAND

day period for Defendants to remove the case under section 1446(b) began at some point prior to June 2007 must be rejected.

    c. **The Case Was Not Removable Based On Plaintiff's Opposition To Defendant Wainwright's Motion For Summary Judgment.**

  Plaintiff next argues that the thirty day period under section 1446(b) began to run when Defendants received Plaintiff's opposition to Defendant Wainwright's motion for summary judgment on May 10, 2007. Again, however, Plaintiff's argument is flawed.

  Significantly, Plaintiff <u>opposed</u> Defendant Wainwright's motion. If he had believed at that time that there was no possible claim, he would have filed a statement of non-opposition or better yet, would have dismissed the claims against Defendant Wainwright. He did not do so and the matter was submitted to the state court for adjudication of the claims.[3] Until the state court's order, there remained a "possibility," although very remote given the facts and the applicable law, that Plaintiff could establish a claim against Defendant Wainwright. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is *any possibility that they may do so.* (citation omitted)" *Bellecci v. GTE Sprint Communications Corp.*, 2003 U.S. Dist. LEXIS 640, *10 (N.D. Cal. 2003) (emphasis added.) Thus, under the applicable "possibility" standard, it was too premature for Defendants to remove this case to federal court as of May 10, 2007, as the state court had not ruled.

  Moreover, to hold that a plaintiff's opposition to a motion for summary judgment begins the thirty day period for removal, places both the diverse and non-diverse defendants in a prejudicial position. Under such circumstances, if the diverse defendant, who is a victim of fraudulent joinder, chooses to assert its right to federal jurisdiction after receiving plaintiff's opposition, the diverse defendant must withdraw its motion for summary judgment before the state court issues a ruling. The non-diverse defendant must do the same, in hopes that the federal court will find that there is "no possibility" that the plaintiff can establish a claim against him or her, a standard much higher than the summary judgment standard. *Compare Plute v. Roadway Package*

---

[3]  Interestingly, had Plaintiff voluntarily dismissed Defendant Wainwright in response to the summary judgment motion, as he now argues would have been the right result, there is no question but that federal jurisdiction would have been proper. *Insignia, supra,* 845 F.2d at 253-254.

CASE NO. C-07-03224 SBA      8.      **DEFENDANTS' OPPOSITION TO PLT'S MOTION TO REMAND**

*Sys.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001) [the "possibility standard" for fraudulent joinder] with *Aguilar v. Atlantic Richfield Co.* 25 Cal. 4th 826, 849 (2001) [California's summary judgment - a moving defendant need only show the plaintiff cannot establish one or more of the essential elements of the cause of action, or that there is a complete defense thereto]. This presents a Hobson's choice for both defendants and necessarily benefits plaintiffs who act in bad faith by continuing to pursue claims against fraudulently joined defendants without any evidentiary support simply to deprive diverse defendants of federal jurisdiction.[4] For these reasons, the thirty day period for Defendants to remove the case under section 1446(b) had not yet begun to run as of May 10, 2007 and Plaintiff's arguments to the contrary must be rejected.

### 2. The State Court's June 4, 2007 Order Granting Defendant Wainwright's Motion For Summary Judgment Rendered This Case Removable For The First Time.

Defendants timely removed the case to this Court within thirty days after they received an "order" from which it could "first be ascertained that the case is one which is or *has become removable.*" 28 U.S.C. § 1446(b) (emphasis added.) Specifically, on June 4, 2007, the state court filed and served its order granting Defendant Wainwright's motion for summary judgment. (Removal, Exh. 32.) On June 19, 2007, fifteen days after receipt of the state court order showing that this case "had become removable," Defendants timely removed to this Court.

As discussed above, prior to the state court's order, the case was not removable because there remained a "possibility" that Plaintiff could establish a claim for harassment and emotional distress against Defendant Wainwright. On June 4, 2007, however, "any possibility" of establishing a claim against Defendant Wainwright was removed by the state court's determination that Plaintiff's claims against Defendant Wainwright had no merit and should be dismissed. Specifically, the state court held that "Plaintiff's allegations cannot support an actionable harassment

---

[4] Indeed, there is an incentive for a plaintiff who maintains meritless claims against a non-diverse defendant not to voluntarily dismiss the non-diverse defendant because doing so would allow removal under the voluntary/involuntary rule. *See Insinga v. La Bella*, 845 F.2d 249, 253-254 (11th Cir. 1988). Rather, the plaintiff would simply force the non-diverse defendant to move for summary judgment in hopes that the federal court would start the thirty-day clock upon the receipt of plaintiff's opposition or earlier. This result is contrary to the United State Supreme Court's position that "federal courts should not sanction devices intended to prevent removal to a federal court when one has the right." *Wecker v. National Enameling & Stamping Co.*, 204 U.S. 176, 185-186 (1907).

CASE NO. C-07-03224 SBA         9.         DEFENDANTS' OPPOSITION TO PLT'S MOTION TO REMAND

claim because the conduct complained of arose out of the performance of necessary personnel management duties" and that "[b]ecause all of the alleged conduct constitutes work-related personnel management activity, the conduct is not sufficiently 'outrageous' to support a claim for intentional infliction of emotion distress." (Removal, Exh. 32, 2:20-23; 4:1-5.)

Plaintiff admits that from the time Defendants advised Plaintiff of the weaknesses of his claims against Defendant Wainwright in December 2006, until the state court's order on June 4, 2007, Plaintiff acquired no additional evidence supporting his claims against Defendant Wainwright. (Mt. to Remand, 7:22-23.) Yet, rather than act in good faith by dismissing Defendant Wainwright, Plaintiff continued to prosecute his claims in bad faith under the pretext that additional discovery may possibly establish a valid claim. No evidence supporting Plaintiff's claims were discovered, and Defendants were forced to seek resolution through the state court's summary judgment procedures. Consequently, the thirty day clock under section 1446(b) began to run as of the state court's June 4, 2007 order dismissing Plaintiff's meritless claims against Defendant Wainwright.

Plaintiff argues that Defendants' position regarding timeliness has been rejected. Plaintiff is simply incorrect. Indeed, in *Katz v. Costa Armatori*, 718 F. Supp. 1508 (S.D. Fl. 1989), the district court concluded that a diverse defendant's petition for removal filed **ten days** after the issuance of a summary judgment order in state court, "satisfied the requirements of 28 U.S.C. § 1446" and was "timely." *Id.* at 1509, fn. 1. To follow Plaintiff's logic would necessarily hold that a diverse defendant could never remove case based on fraudulent joinder after a state court's order on summary judgment. This is simply not true as exemplified by *Katz v. Costa Armatori*, 718 F. Supp. 1508 (S.D. Fl. 1989).

Moreover, the case Plaintiff relies on to support his argument, *Simpson v. Union Pacific Railroad Co.*, 282 F.Supp. 2d 1151 (N.D. Cal. 2003), is distinguishable. In *Simpson*, the diverse defendant removed the case to federal court within thirty days of the state court granting its demurrer, which dismissed the only non-diverse defendant in the action. In granting plaintiff's motion for remand, the district court concluded that the case was removable based on the face of the plaintiff's complaint, and thus the case should have been removed within thirty days of defendants receipt of the complaint. *Id.* at 1158.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

CASE NO. C-07-03224 SBA    10.    DEFENDANTS' OPPOSITION TO PLT'S MOTION TO REMAND

In contrast to *Simpson*, and as discussed in detail above, this case was not removable based on the face of Plaintiff's Complaint because as Plaintiff's supervisor, Defendant Wainwright could be held personally liable for harassment and intentional infliction of emotional distress. *See Mathews*, *supra*, 34 Cal.App.4th at 599-600; s*ee also Alcorn*, *supra*, 2 Cal. 3d at 496-497. This case became removable after receipt of the state court's order determining that Plaintiff's claims against Defendant Wainwright had no merit and thus Plaintiff's bad faith prosecution of the claims were exposed. Thus, Defendants' petition for removal was timely because it was filed within thirty days of state court's order establishing the basis for Defendants removal.

**B.    Removal Of This Case Was Proper Under The *Katz* Two Prong Analysis For Fraudulent Joinder.**

The court's decision in *Katz v. Costa Armatori*, 718 F. Supp. 1508 (S.D. Fl. 1989) is particularly instructive regarding the application of the fraudulent joinder exception, and can be applied in the instant matter. The *Katz* court began its analysis by citing to the United States Supreme Court's recognition that the fraudulent joinder exception is rooted in the concept of good faith, *i.e.*, "that a plaintiff may proceed in the state court upon allegations grounded in good faith." *Id*. at 1514. The *Katz* court also recognized that the Supreme Court places equal weight behind the rule that "federal courts should not sanction devices intended to prevent removal to a federal court when one has the right" and should be "vigilant" in protecting the diverse defendant's right to proceed in federal court. *Id. citing Wecker v. National Enameling & Stamping Co.*, 204 U.S. 176, 185-186 (1907).

The *Katz* court further noted the differing approaches taken by federal courts when analyzing the issue of fraudulent joinder and the inherent problems of each approach. *Id*. at 1513-1514. For example, a court that takes an overly broad approach risks allowing the fraudulent joinder exception to eviscerate the voluntary/involuntary rule because every time a state court issues summary judgment in favor of a non-diverse defendant, the plaintiff can never prove the cause of action against that defendant. *Id*. Whereas, a court that takes a more limited approach risks frustrating federal jurisdiction by remanding a case where the complaint states a cause of action against both a diverse and non-diverse defendant, but "later developments in the case show that the

1  action against the nondiverse defendant is frivolous" and essentially a sham. *Id.* at 1514.

2  In response to these problems, the *Katz* court articulated a two-prong analysis for fraudulent joinder claims. *Id.* at 1515. The first prong requires "a review of the state court complaint to determine whether a cause of action against the non-diverse defendant or defendants exists." *Id.* If no cause of action is stated, then the federal court can conclude that the non-diverse defendant was fraudulently joined and thus permit removal. *Id.*

If a cause of action is stated, then the court should proceed to the second prong of the analysis and review the state court record under Rule 11 of the federal rules to "assure that the continued action against the non-diverse party was not a sham." *Id.* In other words, "the court must determine whether the plaintiff's attorney has satisfied the 'continuing duty' obligation of not maintaining a frivolous suit." *Id.* "If the obligation is not satisfied, then the case should be removed. The removal would be tantamount to finding that the plaintiff's attorney '*should have*' voluntarily dismissed the action against the non-diverse defendant." *Id.* at 1516 (emphasis added.)

Therefore, under the *Katz* two-prong analysis, so long as the plaintiff has acted in "good faith," the case should remain in state court. *Id.* However, "if the plaintiff joined the nondiverse party or parties only intending to frustrate federal jurisdiction, then the plaintiff should lose the forum selection. A plaintiff maintaining a frivolous action should not benefit therefrom in any matter. The diverse defendant or defendants should then be allowed to exercise their right to federal jurisdiction, and remove the case." *Id.* In the instant case, Plaintiff clearly operated under the latter scenario by stubbornly refusing to dismiss Defendant Wainwright and continuing to mislead Defendants into believing that he had some evidentiary support for a claim against him. Clearly this cannot be countenanced.

  1.  **Plaintiff's Counsel Maintained Frivolous Claims Against Defendant Wainwright.**

As already established, this case was not removable based on the Complaint because Plaintiff stated causes of action against Defendant Wainwright for harassment and intentional infliction of emotional distress, both of which Defendant Wainwright could be held personally liable as Plaintiff's supervisor. *See Mathews, supra,* 34 Cal.App.4th at 599-600; *see also Alcorn, supra,* 2

CASE NO. C-07-03224 SBA    12.    DEFENDANTS' OPPOSITION TO PLT'S MOTION TO REMAND

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

Cal. 3d at 496-497. Thus, the analysis proceeds to the second prong to determine whether Plaintiff's counsel satisfied the "continuing duty" obligation of not maintaining a frivolous action against a party. Here, the state record demonstrates Plaintiff's bad faith prosecution of his claims against Defendant Wainwright despite Plaintiff's counsel awareness that facts did not support the claims.

It is well-settled under California law that personnel management activity, such as downgraded performance appraisals and reassignment of work, cannot form the basis of a claim for workplace harassment as a matter of law. *Janken v. GM Hughes Electronics*, 46 Cal.App.4th 55, 63-64 (1996); *Reno v. Baird*, 18 Cal.4th 640, 657 (1998). Nor can work-related personnel management activity form the basis for a claim of intentional infliction of emotional distress. *Shoemaker v. Myers*, 52 Cal.3d 1, 18 (1990); *Buscemi v. McDonnell Douglas Corp.*, 736 F.2d 1348, 1352 (9th Cir. 1984). As of December 2006 and January 2007, the only facts Plaintiff alleged to support his claims against Defendant Wainwright involved personnel management activity, *i.e.*, the decision by Defendant Wainwright to reassign Plaintiff's accounts while he was on a leave of absence, and the placement of Plaintiff on a performance improvement plan. (Iannitelli Decl., Exhs. C and D.) Consequently, in two letters dated December 13, 2006, and January 8, 2007, Defendants requested that Plaintiff dismiss Defendant Wainwright based on the lack of evidence to support the claims against him. *Id.* On January 18, 2007, Plaintiff's counsel refused, claiming that it was too premature to dismiss Defendant Wainwright because his deposition was not complete and additional discovery was still outstanding. *Id.* at Exh. E. Discovery therefore continued, yet no additional evidence was obtained to support Plaintiff's meritless claims against Defendant Wainwright. Consequently, Defendant Wainwright was forced to file a motion for summary judgment, which was ultimately granted based on well-settled law that that personnel management activity cannot form the basis for claims of harassment and emotional distress. (Removal, Exh. 32, 2:12-17, 4:1-5.)

The state court record therefore demonstrates that Plaintiff's counsel had knowledge since December 2006 that the claims against Defendant Wainwright lacked factual support. Despite this knowledge, Plaintiff's counsel continued to prosecute these meritless claims, even though continued discovery revealed no additional evidence to support liability against Defendant Wainwright. Indeed, from January 2007 until the state court's order on June 4, 2007, no additional

evidence was discovered to support Plaintiff's claims against Defendant Wainwright, yet Plaintiff's counsel continued to prosecute the claims. This conduct constitutes bad faith as Plaintiff's counsel failed to satisfy his continued obligation not to maintain frivolous claims against Defendant Wainwright, and as pointed out in *Katz,* this bad faith conduct should not be rewarded. *See Katz, supra,* 718 F. Supp. at 1516 (removal proper where plaintiff "should have" dismissed individual, yet forced party to litigate unnecessarily just to avoid federal court jurisdiction).

### C. Plaintiff's Argument That He Could Have Established A Claim For Retaliation Against Defendant Wainwright, Even Though He Did Not Allege Such A Claim, Is Erroneous.

In an apparent admission to their own malpractice, Plaintiff's counsel asserts that they "inadvertently" failed to allege a claim for retaliation under FEHA against Defendant Wainwright. (Mt. to Remand, p.17:1-3.) Notwithstanding this failure, Plaintiff argues that the Court should remand the case to state court on the basis that he could have established a claim for retaliation under FEHA against Defendant Wainwright had his attorneys not inadvertently failed to do so. Plaintiff's argument is erroneous.

The case for which Plaintiff bases his argument, *Sessions v. Chrysler Corp.*, 517 F.2d 759, 760 (9th Cir. 1975), is inapposite and does not stand for the proposition Plaintiff asserts. The *Sessions* decision does not hold that a federal court may *add* a new cause of action against an individual defendant, a claim that had not been previously alleged by a plaintiff, when determining fraudulent joinder issues. Rather, the *Sessions* court concluded that the plaintiff in that case had "mislabeled" his cause of action against the individual defendants by alleging a claim for breach of the implied covenant instead of a claim for tortious interference with contractual relationship. *Id.* at 760-761. The *Sessions* court merely chose to read the plaintiff's *existing* claim for breach the implied covenant against the individual defendants as a claim for tortious inference. *Id.* The court did not add a new separate cause of action against the individual defendants.

In contrast to *Sessions*, Plaintiff here is not claiming that he "mislabeled" an existing cause of action against Defendant Wainwright. Rather, he admits that he completely failed to allege a cause of action for retaliation against Defendant Wainwright and asks this Court to add Defendant Wainwright to his fourth cause of action for retaliation. Plaintiff's fourth cause of action for

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

CASE NO. C-07-03224 SBA    14.    DEFENDANTS' OPPOSITION TO PLT'S MOTION TO REMAND

retaliation is alleged "**against Defendant NetVersant – National, Inc. only.**" (Removal, Exh. 1, p. 8:1-2) (emphasis in original.) It could not be clearer from Plaintiff's Complaint that his claim for retaliation is against Defendant NetVersant *only*. The *Sessions* decision does not permit the Court to assume Plaintiff had alleged a new and separate cause of action for retaliation against Defendant Wainwright, something Plaintiff's own attorneys failed to do.

Even if this Court did allow Plaintiff to add another claim, any claim for retaliation would be subject to immediate judgment as it is time barred. Specifically, Plaintiff cannot establish a claim for retaliation under FEHA against Defendant Wainwright as a matter of law because he has not timely exhausted his administrative remedies. It is well-establish under California law that prior to filing a civil action for a violation of FEHA, a plaintiff must exhaust his or her administrative remedies by filing an administrative complaint with the California Department of Fair Employment and Housing ("DFEH"). *See Johnson v. City of Loma Linda*, 24 Cal.4th 61, 70 (2000); *see also Campbell v. U.C. Regents*, 35 Cal.4th 311, 321 (2005). The exhaustion of administrative remedies is "a jurisdictional prerequisite to resort to the court." *Johnson, supra*, 24 Cal.4th at 70. Thus, the failure to file an administrative charge before commencing suit is grounds for dismissal of an action for violation of the FEHA. *See Okoli v. Lockheed Technical Operations Co.*, 36 Cal.App.4th 1607, 1613 (1995); *see also Martin v. Lockheed Missiles & Space Co., Inc.*, 29 Cal.App.4th 1718, 1724 (1994).

Here, Plaintiff did not file a complaint with the DFEH alleging retaliation against Defendant Wainwright. (Removal, Exh. 1, sub-exhibit A.) Rather, Plaintiff's DFEH complaint was limited solely to his claim for disability discrimination. *Id.* Consequently, Plaintiff has failed to exhaust his administrative remedies as to any potential claim for retaliation under FEHA. *See Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 550 (7th Cir. 2003) (plaintiff administrative complaint alleging solely race discrimination did not exhaust plaintiff's administrative remedies with respect to a claim for retaliation.) Moreover, under California Government Code section 12960(b), a plaintiff must file an administrative charge with DFEH within one year of the alleged unlawful conduct. Cal. Govt. Code § 12960(b). Plaintiff was terminated on August 5, 2005, thus any attempt to file a DFEH charge alleging retaliation would be untimely.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408 998 4150

CASE NO. C-07-03224 SBA    15.    DEFENDANTS' OPPOSITION TO PLT'S MOTION TO REMAND

For the foregoing reasons, Plaintiff's argument that he could have established a retaliation claim under FEHA against Defendant Wainwright had he alleged such a claim should be disregarded.

### D. An Award Of Attorney's Fees And Costs Is Not Proper.

Finally, while the Court should deny Plaintiff's Motion to Remand, it further should deny Plaintiff's request for attorney's fees. An award of attorney's is not mandatory. 28 U.S.C. § 1447(c). In this case, Plaintiff fraudulently joined Defendant Wainwright as a party in an attempt to thwart removal. Because Plaintiff acted in bad faith by continuing to maintain a frivolous action against Defendant Wainwright to deprive Defendant NetVersant of its right to federal jurisdiction, Defendants have a good faith basis and legitimate arguments for removal. Accordingly, Plaintiff's request for attorney's fees should be denied.

## IV. CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court deny Plaintiff's Motion to Remand, and deny Plaintiff's request for attorney's fees and costs.

Dated: September 11, 2007

_____
MICHAEL W. WARREN
LITTLER MENDELSON, P.C.
Attorneys for Defendant
NETVERSANT - NATIONAL, INC., AND
PETER WAINWRIGHT

Firmwide:83072585.1 037665.1017