MICHELLE B. HEVERLY, Bar No. 178660
MICHAEL W. WARREN, Bar No. 223642
LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street, 14th Floor
San Jose, CA  95113.2303
Telephone:     408.998.4150
Fax:           408.288.5686
Email:         mheverly@littler.com
Email:         mwarren@littler.com

Attorneys for Defendants
NETVERSANT - NATIONAL, INC., AND PETER WAINWRIGHT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MICHAEL CAVA,<br><br>            Plaintiffs,<br><br>    v.<br><br>NETVERSANT - NATIONAL, INC., a Delaware corporation, dba NETVERSANT - SAN FRANCISCO, aka NETVERSANT; PETER WAINWRIGHT, an individual; and DOES 1 through 40, inclusive,<br><br>            Defendants. | Case No. C-07-03224 SBA<br><br>**[PROPOSED] ORDER DENYING PLAINTIFF'S MOTION TO REMAND**<br><br>Date:  October 2, 2007<br>Time:  1:00 p.m.<br>Judge: Hon. Saundra B. Armstrong<br>Dept:  3 |

On October 2, 2007, Plaintiff Michael Cava's motion to remand came on regularly for hearing before the Court. The parties were represented by their respective counsel of record. The Court, having reviewed and considered the papers and arguments of the parties, hereby ORDERS as follows:  Plaintiff's motion to remand is DENIED.

/ / /

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA  95113.2303
408.998.4150

**CASE NO. C-07-03224 SBA**                    **[PROPOSED] ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

## I. BACKGROUND

On June 23, 2006, Plaintiff filed a Complaint for Damages in San Francisco County Superior Court. (Notice of Removal to Federal Court ("Removal"), Exh. 1.) As defendants, Plaintiff named Defendant NetVersant - National, Inc., and Defendant Peter Wainwright. *Id*. Plaintiff alleged ten causes of action: (1) disability discrimination; (2) wrongful termination in violation of public policy; (3) harassment; (4) retaliation; (5) breach of contract; (6) intentional misrepresentation; (7) negligent misrepresentation; (8) breach of covenant of good faith and fair dealing; (9) intentional infliction of emotional distress; and (10) negligent infliction of emotion distress. *Id*. Plaintiff alleged all ten causes of action against Defendant NetVersant. He named Defendant Wainwright as a party to only three causes of action, harassment, intentional infliction of emotional distress, and negligent infliction of emotional distress. *Id*.

Defendant NetVersant is a Delaware corporation with its principal places of business in both Houston, Texas and Everett, Washington. (Removal, 4:2-3; Exh. 1, 1:25-27.) Plaintiff and Defendant Wainwright are both California residents. (Removal, Exh. 1, 1:23-24, 2:1-2.) On August 24, 2006, Defendants timely answered Plaintiff's Complaint. (Removal, Exh. 3.)

On April 7, 2007, Defendants filed their motions for summary judgment, or in alternative, summary adjudication. (Removal, Exhs. 11-20.) Plaintiff filed his opposition to Defendants' motion for summary judgment on May 9, 2007. *Id*., Exh. 21. On May 18, 2007, Defendants filed their reply papers. *Id*., Exhs. 22-29.

On May 23, 2007, the state court heard argument on the summary judgment motions and took the matter under submission. On June 4, 2007, the state court filed and served two orders on Defendants' motions for summary judgment. *Id*., Exhs. 31 and 32. The state court granted in part and denied in part Defendant NetVersant's motion for summary judgment. *Id*., Exh. 31. The state court, however, granted in its entirety Defendant Wainwright's motion for summary judgment. *Id*., Exh. 32. Specifically, the state court found that "Plaintiff's allegations cannot support an actionable harassment claim because the conduct complained of arose out of the performance of necessary personnel management duties" and that "[b]ecause all of the alleged conduct constitutes work-related personnel management activity, the conduct is not sufficiently 'outrageous' to support

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA  95113.2303
408.998.4150

CASE NO. C-07-03224 SBA      2.      [PROPOSED] ORDER DENYING PLAINTIFF'S MOTION TO REMAND

1  a claim for intentional infliction of emotion distress." *Id.*, Exh. 32, 2:20-23, 4:1-5. The state court
2  also concluded that Plaintiff's claim for negligent infliction of emotional distress "failed as a matter
3  of law." *Id.*, Exh. 32, 4:13-15.

4  On June 19, 2007, Defendants removed the case to this Court on the basis of diversity
5  jurisdiction pursuant to 28 U.S.C. sections 1332, 1441, and 1446, and Plaintiff's fraudulent joinder
6  of Defendant Wainwright as a sham defendant.

7  **II.   LEGAL STANDARD**

8  The federal courts have diversity jurisdiction over civil actions where the amount in
9  controversy exceeds $75,000 and involve citizens of different states. 28 U.S.C. § 1332(a)(1). In his
10  motion for remand, Plaintiff does not dispute that there is diversity of citizenship between himself
11  and Defendant NetVersant. Plaintiff is a citizen of the State of California. (Removal, Exh. 1, 1:23-
12  24.) Defendant NetVersant is incorporated in, and under the laws of, the State of Delaware with
13  principal places of business in both Houston, Texas and Everett, Washington. (Removal, 4:2-3; Exh.
14  1, 1:25-27.) Additionally, Plaintiff does not dispute that the amount in controversy exceeds the
15  jurisdictional threshold of $75,000. The issue raised by Plaintiff's motion is whether Defendant
16  Wainwright, a California resident, was fraudulently joined as party to this action to prevent removal.

17  The voluntary/involuntary rule in diversity cases provides "that if a resident
18  defendant was dismissed from the case by the voluntary act of the plaintiff, the case [becomes]
19  removable, but if the dismissal was the result of either the defendant's or the court's action against
20  the wish of the plaintiff, the case [cannot] be removed." *Insinga v. La Bella*, 845 F.2d 249, 253-254
21  (11th Cir. 1988). However, under the fraudulent joinder exception to the voluntary/involuntary rule,
22  a dismissal of a non-diverse defendant as the result of a court's order is removable if "after all
23  disputed questions of fact and all ambiguities in the controlling state law are resolved in the
24  plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is quested."
25  *Soo v. UPS 73*, 73 F.Supp. 2d 1126, 1128 (N.D. Cal. 1999). Thus, "[a] district court determining
26  whether joinder was fraudulent examines whether there is *any possibility* that the plaintiff will be
27  able to establish a cause of action against the party in question." *Bellecci v. GTE Sprint*
28  *Communications Corp.*, 2003 U.S. Dist. LEXIS 640, *9 (N.D. Cal. 2003) (emphasis added); *see also*

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA  95113.2303
408.998.4150

CASE NO. C-07-03224 SBA      3.      [PROPOSED] ORDER DENYING PLAINTIFF'S MOTION TO REMAND

1  *Plute v. Roadway Package Sys.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). Significantly, "if the
2  claims against the nondiverse party are capable of summary judgment, the Court cannot remand the
3  case." *Med. Lab. Management Consultants v. American Broadcasting Co., Inc.*, 931 F. Supp. 1487,
4  1491 (D. Ariz. 1996) (emphasis added), *citing Spence v. Flynt*, 647 F. Supp. 1266, 1271 (D. Wyo.
5  1986).

6  **III.   ANALYSIS**

7           The Court finds that based on a review of the state court record, the remaining non-
8  diverse defendant, Peter Wainwright, was fraudulently joined by Plaintiff to frustrate this Court's
9  jurisdiction over the matter. As the United States Supreme Court has recognized, federal courts
10 must be vigilant in protecting the rights of diverse defendants to proceed in federal court and "should
11 not sanction devices intended to prevent removal to a federal court when one has the right." *See*
12 *Wecker v. National Enameling & Stamping Co.*, 204 U.S. 176, 185-186 (1907).

13          The record here demonstrates that Plaintiff continued to prosecute his claims for
14 harassment and emotional distress against Defendant Wainwright despite having knowledge that the
15 evidence did not support the claims. (Iannitelli Decl., Exhs. C, D, and E.) The Court finds that
16 Plaintiff accordingly acted in bad faith in maintaining the claims against Defendant Wainwright, and
17 that Plaintiff's counsel should have voluntarily dismissed Defendant Wainwright given the lack of
18 supporting evidence. *See Katz v. Costa Armatori*, 718 F. Supp. 1508, 1516 (S.D. Fl. 1989) ("The
19 removal would be tantamount to finding that the plaintiff's attorney '*should have*' voluntarily
20 dismissed the action against the non-diverse defendant.") Consequently, Plaintiff's counsel failure
21 to satisfy the "continuing duty" obligation to not maintain a frivolous action warrants removal in this
22 case. *See id.*

23          The Court also finds that Defendants timely removed this case under 28 U.S.C.
24 section 1446(b). The record demonstrates that the state court's June 4, 2007 order granting summary
25 judgment in favor Defendant Wainwright was the first time that it was ascertainable that the case had
26 "become removable" under the applicable "possibility" standard for determining fraudulent joinder.
27 (Removal, Exh., 32); *See Bellecci v. GTE Sprint Communications Corp.*, 2003 U.S. Dist. LEXIS
28 640, *9 (N.D. Cal. 2003); *see also Plute v. Roadway Package Sys.*, 141 F. Supp. 2d 1005, 1008

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

CASE NO. C-07-03224 SBA   4.   [PROPOSED] ORDER DENYING PLAINTIFF'S MOTION TO REMAND

(N.D. Cal. 2001). Prior to June 4, 2007, the case was not removable because there remained a "possibility" that Plaintiff could establish a claim against Defendant Wainwright. *Id.* Defendants petition for removal filed on June 19, 2007, fifteen days after the state court's order granting summary judgment, was therefore timely. *See Katz*, *supra*, 718 F. Supp. at 1509, fn. 1 (defendant's petition for removal based on fraudulent joinder filed ten days after issuance of the state court's summary judgment order in favor of the non-diverse defendant was timely.)

## IV. CONCLUSION

Therefore, Defendants removal to this Court was proper under 28 U.S.C. section 1446(b). Accordingly, this Court's diversity jurisdiction is properly invoked. The motion to remand is DENIED.

Dated: _____

HON. SAUNDRA BROWN ARMSTRONG

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

CASE NO. C-07-03224 SBA    5.    [PROPOSED] ORDER DENYING PLAINTIFF'S MOTION TO REMAND