Shahab E. Fotouhi - 168301
Daniel P. Iannitelli - 203388
FOTOUHI • EPPS • HILLGER • GILROY LLP
160 Pine Street, Suite 710
San Francisco, CA 94111
Tel:   415.362.9300
Fax:   415.358.5521
Email: sfotouhi@fe-law.com
Email: diannitelli@fe-law.com

Attorneys for Plaintiff
MICHAEL CAVA

UNITED STATES DISTRICT COURT

NORTHER DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MICHAEL CAVA,<br><br>　　　　Plaintiff,<br>vs.<br><br>NETVERSANT - NATIONAL, INC., a Delaware corporation, dba NETVERSANT - SAN FRANCISCO, aka NETVERSANT; PETER WAINWRIGHT, an individual; and DOES 1 through 40, inclusive,<br><br>　　　　Defendants. | No.  C 07-03224 SBA<br><br>**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO REMAND**<br><br>Date:  October 2, 2007<br>Time:  1:00 p.m.<br>Place: Courtroom 3<br>Court: Hon. Saundra B. Armstrong |

## I. INTRODUCTION

Defendants' Opposition to Plaintiffs' Motion to Remand is misleading.  Rather than address any of the controlling legal authority cited in the Motion to Remand concerning the *timeliness* of the notice of removal, Defendants attempt to confuse the issue by incorporating into their analysis the "no possibility" standard for analyzing a fraudulent joinder.  Defendants cite no authority for this novel legal standard they seek to impose.  The law on timeliness of filing a notice of removal is clear – a defendant must remove within 30 days of first receiving notice of facts which form the *basis* of a removal.  There is absolutely no support for the proposition that the removal clock begins to run only when a non-diverse defendant is dismissed.  Furthermore, contrary to Defendants' assertions, they have failed to meet their "heavy burden" to establish a fraudulent joinder.

## II. LEGAL ANALYSIS

**A. Defendants' Attempt to Invent and Apply an Incorrect Standard to Analyze the Timeliness of the Notice of Removal**

Citing absolutely no authority for the proposition, Defendants argue that they were not required to file a notice of removal because there "remained a possibility" that Plaintiff could establish a cause of action against Defendant Wainwright[1]. This is not the standard for determining whether the notice was timely as raised in Plaintiff's Motion to Remand. Rather, Defendants have taken an element of the test for *whether there is a fraudulent joinder* and improperly attempt to impose it on the issue of timeliness. Not realizing the circular reasoning they have employed, Defendants' argument as to the timeliness of the removal notice actually supports and confirms Plaintiff's argument that there was no fraudulent joinder.

Defendants' Opposition devotes seven pages on issue of timeliness, yet only cites one case in their attempt to invent a standard that the 30-day clock begins only when it is absolutely certain there is no possibility that a cause of action exists[2]. The Florida District Court opinion in Katz, relied upon by Defendants, simply does not address the issue of timeliness. Despite the clearly articulated proper standard argued by Plaintiff and applied by this Court, Defendants' claim the rule is improper because the case facts are distinguishable. This argument is a farce.

Defendant's motion only focuses on the Simpson case cited by Plaintiff (which is discussed in detail below), and ignores all the other cases cited by Plaintiff on the issue of timeliness. As discussed in Plaintiff's motion, the removal statue requires that a defendant file a Notice of Removal within 30 days of being served with the Complaint if federal subject matter

---

[1] Interestingly, Defendants now admit that Plaintiff "could establish a cause of action" against Defendant Wainwright, but that they needed to wait until the state court ruled on the motion for summary judgment because there was a slight chance Plaintiff could have successfully opposed the motion. [Opp., p. 8:11-13.] Defendants intentionally confuse the standards to benefit their arguments. By admitting that there was a possibility the state court might deny the motion for summary judgment, Defendants admit that there was no fraudulent joinder.

[2] The remaining cases cited in support of Defendants' argument on timeliness address only the issue of whether there was a fraudulent joinder. The issue of whether a fraudulent joinder exists found in this case is discussed further below.


1  jurisdiction is ascertainable by the face of the Complaint or within 30 days after being on notice

2  that the case has become removable. Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 695-96

3  (9th Cir. 2005). This requirement is clear on the face of the removal statute.

4  Under the removal statue, any document(s) received in the course of litigation, including

5  discovery, correspondence, deposition transcripts and the like, will be the basis for setting the

6  30 day deadline to file a Notice of Removal.  In essence, when the facts which demonstrate that

7  diversity jurisdiction exists become available, the defendant has thirty days in which to remove.

8  See Harris, supra, 425 F.3d 689, 696 (9th Cir. 2005) (action became removable when plaintiff's

9  counsel notified counsel for defendant, in a letter, that plaintiff was effectively abandoning the

10  claims against the nondiverse defendant); Knutson v. Allis-Chalmers Corp., 358 F.Supp.2d

11  983, 992 (D. Nev. 2005) (the plaintiff's opposition to motion for summary judgment provided

12  facts on which notice of removal was based); Lovern v. General Motors Corp., 121 F.3d 160

13  (4th Cir. 1997) (receipt of discovery responses or copy of police report revealing facts of

14  diversity jurisdiction started 30 day clock); Delaney v. Viking Freight, Inc., 41 F.Supp.2d 672

15  (E.D. Tex. 1999) (receipt of deposition transcript containing admission of plaintiff showed facts

16  for subject of removal on fraudulent joinder).

17  Even if these cases are ignored, as Defendants do, the Simpson opinion which they

18  critique is still the law applied by this Court.

19  **1.    The Proper Standard on Timeliness of Removal is Set Out
       in the Simpson Opinion and the Authority it Relies Upon**
20

21  Notwithstanding Defendants' attempts to distinguish the facts of Simpson v. Union

22  Pacific R. Co. from the instant matter, the Northern District of California opinion specifically

23  considered, among other matters, the issue of timeliness in the context of a claim of a claim of

24  fraudulent joinder. 282 F.Supp.2d 1151, 1157 (N.D. Cal. 2003).  In its analysis, the Court

25  explored 28 U.S.C. section 1446 (b) which permits a defendant to file a notice of removal

26  within 30-days of receipt of paper "from which it may be first ascertained that the case is one

27  which is or has become removable". Id.  The Court concluded that the 30-day clock

28  commenced upon the discovery of facts, from a "paper", upon which a notice of removal can be

based. Id. The opinion cited to several other cases in support of this conclusion.

The first case on the issue of timeliness cited in the Simpson opinion was the Delany case. In Delany v. Viking Freight, 41 F.Sup.2d 672, fn. 2 (E.D. Tex. 1999), the court expressly discussed when "a removal notice must be filed in a case involving fraudulent joinder". The Delany court first noted that **most** reported cases have "enforced a 30-day removal period that begins to run from the time defendants ***can first ascertain that a party has been fraudulently joined***". Id. (emphasis added). And then, in a footnote, summarized numerous opinions holding that a notice of removal must "be filed within 30-days of receiving information ***indicating*** that there had been a fraudulent joinder". Id. (emphasis added). The Simpson Court specifically cited footnote 2 of the Delany opinion, Simpson, *supra*, at 1157, which provides the following summary:

> While few courts have expressly addressed the issue of when a removal notice must be filed in a case involving fraudulent joinder, most reported opinions have enforced a 30-day removal period that begins to run from the time defendants ***can first ascertain*** that a party has been fraudulently joined. *See e.g.*, Jernigan, 989 F.2d at 817; Poulos v. Naas Foods, Inc., 959 F.2d 79, 73 n.4 (7th Cir. 1992) (holding that failure to remove within 30 days after receiving state court complaint from which defendants ***could have discerned*** fraudulent joinder of nondiverse party rendered removal untimely); Naef v. Masonite Corp., 923 F.Supp. 1504, 1513 (A.D. Ala, 1996)(holding that notice of removal based on fraudulent joinder was "procedurally defective because it was filed more than thirty days after Defendants ***could have intelligently ascertained*** the that the action was removable"); Guerrero v. General Motors Corp., 892 F.Supp. 165, 169 (S.D. Tex. 1995) (remanding case ***where defendants had all information*** needed to remove the case based on fraudulent joinder on the date they were served with plaintiff's complaint but filed the notice of removal more than 30 days later); Skidmore v. Beech Aircraft Corp., 672 F.Supp. 923, 925 (M.D La. 1987) (requiring that defendant's petition for removal based on fraudulent joinder be brought within 30 days ***of learning of the*** fraudulent joinder); Delatte v. Zurich Ins. Co., 683 F.Supp. 1062, 1064 (M.D. La. 1988) (holding that removal based on fraudulent joinder was not timely where it occurred more than 30 days ***after the defendants learned of*** the nondiverse corporate defendant's dissolution); *see also* 15C Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3732 (3d. ed. 1998) (noting that "federal district courts have required that the notice of removal be filed within thirty days of ***receiving information indicating*** that there has been a fraudulent joinder); *but see* Armond v. Shoney's, Inc., No. 91-0895, 1991 WL 162120, at *6 (E.D. La. Aug 9, 1991) (holding that removal notice must be filed within a "reasonable time" after fraudulent joinder ***becomes evident***). This court joins those that require a notice of removal to be filed within 30 days of the date in which a defendant ***could first ascertain*** that a case is removable...

1  Id. at n. 2, (emphasis added).

2  None of the cases cite above, or cited in Plaintiff's motion, required or permitted a party
3  to remove after summary adjudication.  The cases each focused on **when** the removing party
4  learned of th facts which support the removal .

5  The facts of Delany itself further support Plaintiff's argument that Defendants' removal
6  was untimely.  After being served with the complaint, the removing defendant in Delany filed
7  an answer which claimed that the non-diverse party was not a proper party to the action.
8  Delany, *supra*, at 666-667.   The court noted that the defense asserted in the answer
9  demonstrated that the removing party was well aware, based on facts it understood, of the
10  factual and legal grounds for removing the case. Id. at 667.  Similarly here, counsel for
11  defendants' December 16, 2006 and January 18, 2007 letters, addressed the facts and legal
12  grounds why defendant Wainwright could not be liable for harassment.  As in Delany,
13  Defendants' here clearly understood the grounds for removal several months before they
14  actually a filed the notice of removal.

15  The Delany court also held that an alternative basis to remand the case existed.  After
16  filing its answer, the removing defendant took the deposition of the plaintiff.   At his deposition,
17  the Plaintiff admitted to facts which showed that the non-diverse party was not a proper party.
18  Id.  The court held that receipt of the deposition transcript containing the facts supporting a
19  removal started the 30-day clock. Id.  In the instant matter, the deposition of Plaintiff,
20  completed 6 months prior to the removal, **contained all the facts** upon which defendants based
21  their motion for summary judgment and the basis for their claim of fraudulent joinder.
22  Accordingly, Defendants were required to file a notice of removal within 30-days of receipt of
23  the deposition transcript.

24  Like the defendants in Simpson, the Defendants here "confuse the doctrine of fraudulent
25  joinder with the exception under 28 U.S.C. section 1446(b)" which permits a defendant to file a
26  notice of removal within 30 days of receipt of paper "*from which it may be first ascertained that*
27  *the case is one which is or has become removable*."  282 F.Supp.2d at 1157 (emphasis original).
28  //

5                        REPLY BRIEF IN SUPPORT OF
                                             MOTION TO REMAND - C  07-03224

**2.     Inapplicability of "Possibility" Standard Advanced by Defendants**

Defendants' opposition cites several cases which purportedly express a "possibility" standard for determining timeliness of notice of remand. Their reliance on these cases for timeliness is misplaced. There is no dispute that, **after a timely** notice of removal is filed for fraudulent joinder, a district court will remand the case if there is any "possibility" that the plaintiff may state a cause of action against the non-diverse defendant. Plute v. Roadway Package System, Inc., 141 F.Supp.2d 1005, 1008 (N.D. Cal. 2001). Because the standard for fraudulent joinder is whether the is any possibility that a claim can be stated, the standard is necessarily similar to a FRCP 12(b)(6) motion to dismiss. Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998).

Although the standard is that of a motion to dismiss, the Court may consider evidence outside the four corners of the complaint and make a quasi summary judgment analysis. This permits the court to look beyond general allegations and consider facts which may assist the court determine whether there is a fraudulent joinder. Under this framework, the removing party may not wait until the defendant has tested the claims against it in state court and succeeded in defeating them to bring the motion. Defendants' duty, upon receiving a "paper" which indicates, suggest or may be ascertained that no cause of action is stated against a non-diverse defendant.

Defendants' argument that it could not have removed the case until it confirmed, by way of a summary judgment order, that no cause of action existed against Defendant Wainwright is a false standard not adopted by any court and specifically rejected by this Court in Simpson. Accordingly, when Defendants obtained facts through discovery which they admittedly believed established that there was no cause of action stated against defendant Wainwright, they should have filed their notice of removal. This occurred, at the latest, in January 2006 when they received the transcript of Plaintiff's deposition and, at the earliest, upon receipt of Plaintiff's initial written discovery responses. (As previously discussed, Defendants' motion for summary judgment relied solely on the deposition of Plaintiff.)

//

**3.     Defendants' Reliance on the <u>Katz</u> Opinion for Timeliness is Erroneous**

Despite the numerous California District Court opinions (including this District Court's opinion in <u>Simpson</u>) and the opinions from several Circuits which have adopted the standard argued by Plaintiff in his motion, Defendants ask this Court to now impose a rule on timeliness it wrongly claims was decided in the <u>Katz</u> opinion.  The Court in <u>Katz v. Costa Armatori</u>, 718 F.Supp. 1508 (S.D. Fla. 1989) never stated such a rule.  Defendants' opposition points out that the court stated, in single sentence of a footnote, that the removal was timely and that procedural requirements were met.  It made no further comments on timeliness and never stated a rule on determining timeliness.  <u>Id</u>.

It is clear from the opinion that the issue of timeliness was not argued by the plaintiff.  There is no discussion of the plaintiff's position on timeliness and no analysis of timeliness.  <u>Id</u>.  Finally, the undersigned found no cases which cite to <u>Katz</u> for the proposition which Defendants assert[3].  To assert that this Court should follow Defendants' contrived rule on timeliness from <u>Katz</u> is improper.

**B.     DEFENDANTS HAVE NOT MEET THEIR HEAVY BURDEN TO ESTABLISH THE JOINDER OF DEFENDANT WAINWRIGHT FRAUDULENT**

**1.     The Two Prong Test In <u>Katz</u> Advanced by Defendants Has Not Been Followed by Any other Court and Should Be Disregarded by this Court**

Defendants' reliance on the <u>Katz</u> opinion and its "two prong" test is misplaced.  Since it was published in 1989, no court has adopted <u>Katz</u>' two prong test for determining fraudulent joinder.  And the few cases which have cited to <u>Katz</u> (see footnote 3), have not even mentioned the two prong test.  In this Circuit, several opinions published since the <u>Katz</u> opinion have analyzed addressed the fraudulent joinder analysis, yet none have adopted the two prong test or

---

[3] A review of the five cases which have cited to <u>Katz</u> since it was decided 18 years ago reveals that none of cases have adopted Defendant's purported "possibility" standard for timeliness or come close to taking a similar approach on timeliness.  *See* <u>Lane v. Champion Intern. Corp.</u>, 827 F.Supp. 701 (N.D. Ala. 1996); <u>Miles v. Kilgore</u>, 929 F.Supp. 1071 (N.D. Ala. 1996); <u>Fuller v. Exxon Corporation</u>, 78 F.Supp.2d 1286 (S.D. Ala. 1999); Oxendine v. Merck and Co. Inc., 236 F.Supp.2d 517 (D. Md. 2002); <u>Riverdale Baptist Church</u>, supra, 349 F.Supp.2d 943. In fact, the <u>Rivedale</u> opinion decided the issue of timeliness and held that the fact that state court judge granted summary judgment is of "no consequence . . . the "dispositive issue is when Defendant was first able to ascertain" the case was removable. <u>Id</u>.at 953.

similar analysis Katz.  See  Ritchey v. Upjohn Drug Co., 139 F.3d 1313 (9th Cir. 1998); Plute v. Roadway Package System, Inc., 141 F.Supp.2d 1005, 1008 (N.D. Cal. 2001); Macey v. Allstate Property an Cas. Ins. Co., 220 F.Supp.2d 1116, 1117 (N.D. Cal. 2003).

Assuming, however, this Court is inclined to follow the two prong test of Katz, Defendants have failed to carry their heavy burden of proving a fraudulent joinder.  Under Katz, a claim "of fraudulent joinder must be asserted with particularity and supported by ***clear and convincing evidence***." 718 F.Supp. 1508, 1510 (emphasis added).   The only evidence proffered by Defendants in support of their claim for fraudulent joinder is that the state court granted summary judgment.  While it may have been a weak case, that does not translate into a sham pleading. Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42-43 (5th Cir. 1992) (the standard is not to decide whether the plaintiff will actually or even probably prevail on the merits, but only to look for a possibility that he may).  Clearly, Defendants have not carried their burden.

Defendants' opposition also laments that counsels for Plaintiff acted in bad faith by not dismissing defendant Wainwright upon Defendants' request.  As discussed in Plaintiff's motion to remand, Plaintiff offered to dismiss defendant Wainwright on the condition that he agree to served and return to the case if additional facts were discovered to further support the claims.  Particularly, Plaintiff wanted to complete defendant Wainwright's deposition and conduct additional discovery.  Between Defendant's January 18, 2007 letter and the completion of defendant Wainwright's deposition – one day before Plaintiff's opposition to the motion for summary judgment was due – Defendants requested three continuances of defendant Wainwrights deposition.   If there is any bad faith to be found, it is that of Defendants and their counsels.

**2      Defendants' Argument that Plaintiff Cannot Maintain an Action Against Defendant Wainwright for Retaliation is Purposefully Misleading and False**

Defendants contend that Plaintiff cannot rely on the fact that it stated a cause of action against defendant Wainwright for retaliation.  To this end, Defendants assert that (1) the claim is time barred, and (2) that Plaintiff's argument lacks authority.  Defendants position on both points is false.

1    First, the claim is not time barred because Plaintiff properly filed a complaint against defendant Wainwright with California Department of Fair Employment and Housing ("DFEH").  The facts alleged in the DFEH complaint, attached as an exhibit to Complaint in this action, demonstrate that Plaintiff alleged facts against defendant Wainwright sufficient for a retaliation claim.  Indeed, the DFEH Complaint filed against defendant Wainwright is identical to the DFEH Complaint filed against Defendant Netversant[4].  As noted in Plaintiff's motion, the state court denied Defendant's motion for summary judgment on the retaliation claim.  The claim for retaliation against defendant Wainwright cannot be time barred, since the claim against Defendant Netversant is not time barred.

Second, under the standard for a FRCP 12(b)(6) motion to dismiss, as explored in Sessions v. Chrysler Corp., 517 F.2d 759, 760 (9th Cir. 1975), a cause of action can be read into the complaint **where the facts alleged in the Complaint** support it.  Contrary to Defendants' confusing analysis, there is no requirement of a "mislabeled" cause of action.  As argued in his motion to remand, Plaintiff's Complaint stated a cause of action of for retaliation against defendant Wainwright.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court grant this Motion to Remand and award Plaintiff his costs in attorneys' fees incurred as a result of the removal.

Dated:  September 18, 2007          FOTOUHI • EPPS • HILLGER • GILROY LLP

By: _____
Daniel P. Iannitelli
Attorneys for Plaintiff
Michael Cava

---

[4] Plaintiff's DFEH complaints against both defendants Wainwright and Netversant expressly stated that most of the adverse employment actions taken against Plaintiff were specifically done by defendant Wainwright.