1  MICHELLE B. HEVERLY, Bar No. 178660
   MICHAEL W. WARREN, Bar No. 223642
2  LITTLER MENDELSON
   A Professional Corporation
3  50 West San Fernando Street, 14th Floor
   San Jose, CA 95113.2303
4  Telephone:   408.998.4150
   Fax:         408.288.5686
5  Email:       mheverly@littler.com
   Email:       mwarren@littler.com
6
   Attorneys for Defendants
7  NETVERSANT - NATIONAL, INC., AND PETER
   WAINWRIGHT
8
   Shahab E. Fotouhi, Bar No. 168301
9  Daniel P. Iannitelli, Bar No. 203388
   FOTOUHI • EPPS • HILLGER • GILROY LLP
10 160 Pine Street, Suite 710
   San Francisco, CA 94111
11 Telephone:   415.362.9300
   Fax:         415.358.5521
12 Email:       sfotouhi@fe-law.com
   Email:       diannietlli@fe-law.com
13
   Attorneys for Plaintiff
14 MICHAEL CAVA

15                     UNITED STATES DISTRICT COURT

16                   NORTHERN DISTRICT OF CALIFORNIA

17                           OAKLAND DIVISION

18

19 | MICHAEL CAVA,                          | Case No. C 07-03224 SBA
20 |                          Plaintiff,    | **JOINT CASE MANAGEMENT STATEMENT**
21 | v.                                     |
22 | NETVERSANT – NATIONAL, INC.,           | Date:   October 17, 2007
   | PETER WAINWRIGHT; and DOES 1           | Time:   2:45 p.m.
23 | through 40, inclusive,                 | Dept.:  3
   |                                        | Judge:  Hon. Saundra B. Armstrong
24 |                          Defendants.   |
   |                                        | Trial Date: None
25

26          Pursuant to Federal Rules of Civil Procedure 26(f), a telephonic conference was

27 conducted on October 2, 2007, and was attended by Daniel P. Iannitelli, counsel for Plaintiff

28 Michael Cava, and Michael W. Warren, Littler Mendelson, P.C., counsel for Defendants NetVersant

National, Inc., and Peter Wainwright. The parties jointly submit this Case Management Statement and request the Court to adopt it as its Case Management Order in this case.

## I. JURISDICTION AND SERVICE

This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332. It was removed to this Court by Defendants, pursuant to the provisions of 28 U.S.C. § 1441(b). All of the parties have been served and all are subject to the Court's jurisdiction.

Plaintiff disputes the Court's jurisdiction over this matter. Plaintiff has filed a motion for remand, which is currently scheduled to be heard on December 11, 2007.

## II. FACTUAL BACKGROUND

NetVersant is a national provider of comprehensive and integrated network infrastructure solutions. In June 2004, NetVersant hired Plaintiff Michael Cava as a sales representative to work in its San Francisco office. In November 2004, Plaintiff's infant son was diagnosed with a rare form of brain cancer. Although not eligible for any type of protected leave, Plaintiff requested and was provided with a paid personal leave of absence to care for his son from early November 2004 to mid-January 2005. Plaintiff returned to work for a brief time in January 2005, but then claims that he lapsed into an acute mental impairment prompting his physician to place him on disability. With Netversant's consent, in light of his physicians' order, Mr. Cava went on an unpaid disability leave of absence on January 28, 2005. NetVersant granted that leave and Plaintiff received various extensions of the leave, ultimately remaining out until August 1, 2005. When Plaintiff returned in August 2005, Plaintiff again worked for only a few days before requesting another leave on August 3, 2005. NetVersant's position is that it terminated Plaintiff's employment on August 5, 2005, because Plaintiff had exhausted all the time off allowed under the Company's leave policies, and because of performance issues stemming from before Plaintiff took his various leave of absences. Plaintiff disputes NetVersant's reasons for his termination.

On June 23, 2006, Plaintiff filed a Complaint for Damages in San Francisco County Superior Court, named NetVersant and his supervisor Peter Wainwright as Defendants. Plaintiff alleged ten causes of action: (1) disability discrimination; (2) wrongful termination in violation of public policy; (3) harassment; (4) retaliation; (5) breach of contract; (6) intentional

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
Fourteenth Floor
San Jose, CA 95113.2303
408.998.4150

2.                                           Case No. C 07-03224 SBA

misrepresentation; (7) negligent misrepresentation; (8) breach of covenant of good faith and fair dealing; (9) intentional infliction of emotional distress; and (10) negligent infliction of emotion distress. Plaintiff alleged all ten causes of action against Defendant NetVersant and named Defendant Wainwright as a party to only three causes of action, harassment, intentional infliction of emotional distress, and negligent infliction of emotional distress.

### A. Motions

On April 7, 2007, Defendants filed their motions for summary judgment, or in alternative, summary adjudication. On June 4, 2007, the state court filed and served two orders on Defendants' motions for summary judgment. The state court granted in its entirety Defendant Wainwright's motion for summary judgment. The court also granted in part and denied in part Defendant NetVersant's motion for summary judgment. The claims remaining in this action are (1) disability discrimination; (2) wrongful termination; and (3) retaliation.

On June 19, 2007, Defendants removed the case to this Court on the basis of diversity jurisdiction and Plaintiff's fraudulent joinder of Defendant Wainwright. Plaintiff filed a motion for remand to state court, which is currently scheduled to be heard by this Court on December 11, 2007.

## III. LEGAL ISSUES

1. Whether Plaintiff was disabled within the meaning of California's Fair Employment and Housing Act.

2. Whether Plaintiff was a "qualified individual" with a disability at the time of his termination.

3. Whether at the time of Plaintiff's termination, Defendant NetVersant had a duty to reasonably accommodated Plaintiff's alleged disability.

4. Whether at the time of Plaintiff's termination, Defendant NetVersant had a duty to engage Plaintiff in an interactive process to accommodate Plaintiff's alleged disability.

5. Whether Plaintiff was discriminated against by Defendant NetVersant on the basis of his alleged disability.

6. Whether Plaintiff was unlawfully retaliated against by Defendant NetVersant.

## IV. AMENDMENT OF PLEADINGS

Plaintiff intends to amend his Complaint to allege a cause of action for Retaliation against defendant Peter Wainwright, based on the same facts pled and discovery conducted.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
Fourteenth Floor
San Jose, CA 95113.2303
408.998.4150

3.   Case No. C 07-03224 SBA

## V. EVIDENCE PRESERVATION

As required, the parties have taken the necessary steps to preserve all relevant evidence.

## VI. DISCLOSURES

The parties agree that initial disclosures required by Federal Rules of Civil Procedure 26(a)(1) are not appropriate in this case given the amount of discovery already completed by the parties in state court. Pursuant to Rule 26(a)(1)(D), however, Defendants will provide Plaintiff with a copy of the insurance agreement covering Defendant NetVersant in this action. Defendants will provide a copy of the insurance agreement by October 12, 2007.

## VII. DISCOVERY

The parties have already engaged in extensive discovery. The parties have agreed to stay all remaining discovery pending the Court's ruling on Plaintiff's Motion to Remand, which is currently scheduled to be heard on December 11, 2007. Following the Court's ruling, the parties stipulate to limiting discovery (except expert discovery) to the following:

Lay Witness Depositions:

- Defendants' deposition of Michael Cava (day two)
- Defendants' deposition of Dr. Neil Okamura
- Defendants' deposition of Dr. Andrew Krompier
- Defendants' deposition of Kevin Bryant
- Plaintiff's deposition of Gloria Esther
- Plaintiff's deposition Robert Macchi
- Plaintiff's deposition Bill Fiedler
- Plaintiff's deposition of person most knowledge regarding Employee Benefits
- Plaintiff's deposition of person most knowledge regarding Human Resources

Written Discovery:

- Response to Plaintiff's Subpoena for Business Records to NetVersant Solutions, Inc.

- Defendant's Response to Plaintiff's Request for Production of Documents, Set Four
- Defendant's Response to Plaintiff's Special Interrogatories, Set Three
- Defendant's Response to Plaintiff's Supplemental Request for Production of Documents to NetVersant
- Defendant's Response to Plaintiff's Supplemental Interrogatories to NetVersant
- Plaintiff's Response to Defendant's Form Interrogatories, Set Two
- Plaintiff's Response to Defendant's Request for Production of Documents, Set Two
- Plaintiff's Response to Defendant's Request for Admissions
- Plaintiff's Response to Defendant's Supplemental Interrogatories
- Plaintiff's Response to Defendant's Supplemental Request for Production of Documents

Other than the foregoing, the parties agreed that no additional non-expert discovery will be conducted. The parties will further meet and confer to agree on dates for the remaining depositions and deadlines to exchange the remaining written discovery. All discovery (except from retained experts) will be commenced at such time to be completed by April 18, 2008. Discovery from experts shall be completed by April 30, 2008.

## VIII. RELIEF

Plaintiff is seeking recovery for lost wages and commissions, lost benefits, general damages, punitive damages and his attorneys' fees and costs.

Plaintiff's lost wages are approximately $270,00.00. This amount is based on lost wages and commissions for time plaintiff was not employed and unrealized commissions earned while employed at Netversant. This amount also reflects lower earnings realized at his new employment. Plaintiff is also seeking future lost wages and commissions.

Plaintiff's lost benefits claim is approximately $24,136.11. This amount includes payments for Cobra Coverage and lost 401k matching benefits.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
Fourteenth Floor
San Jose, CA 95113.2303
408.998.4150

5.     Case No. C 07-03224 SBA

Plaintiff's attorneys' fees and costs, to date, are approximately $260,000.00.

Plaintiff is also seeking general damages for pain, suffering and mental anguish, as well as punitive damages for Defendants' misconduct.

## IX. SETTLEMENT AND ADR

The parties have agreed to participate in an early settlement conference with a Magistrate Judge. The parties would like to participate in the settlement conference prior to the hearing on Plaintiff's motion for remand.

## X. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Defendants filed a Declination to Proceed Before a Magistrate Judge.

## XI. NARROWING OF ISSUES

Many of the issues have already been narrowed by the state court's ruling on Defendants' motions for summary judgment.

## XII. EXPEDITED SCHEDULE

If the Court denies Plaintiff's motion for remand, then the parties agree that this case may be handled on an expedited basis, as the proposed dates in this statement reflect.

## XIII. SCHEDULING

The parties have already designated their respective experts in writing. Reports from retained experts under Federal Rule of Civil Procedure 26(a)(2) shall be due April 1, 2008. All potential discovery motions should be filed by April 30, 2008. Disclosures under Federal Rule of Civil Procedure 26(a)(3) will be due May 1, 2008. Parties will have 15 days after service of final list of witnesses and exhibits to list objections under Rule 26(a)(3). Defendants' position is that the case should be ready for trial by late-May 2008.

## XIV. TRIAL

Plaintiff has requested a jury trial. At this time the trial is expected to take approximately seven to ten court days.

//

//

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
Fourteenth Floor
San Jose, CA 95113.2303
408.998.4150

6.

Case No. C 07-03224 SBA

**XV.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERONS**

The parties have satisfied their disclosure requirements under Civil Local Rule 3-16.

Dated: OCT 0 8 2007

Daniel Iannitelli
2007.10.08
09:33:53 -08'00'

DANIEL P. IANNITELLI
FOTOUHI • EPPS • HILLGER • GILROY LLP
Attorney for Plaintiff

Dated: 10/8/07

MICHAEL W. WARREN
LITTLER MENDELSON
Attorney for Defendants

Firmwide:83236360.1 037665.1017

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
Fourteenth Floor
San Jose, CA 95113.2303
408.998.4150

7.

Case No. C 07-03224 SBA