**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

MICHAEL CAVA,

    Plaintiff,

v.

NETVERSANT – NATIONAL, INC., *et al.*,

    Defendants.

No. C 07-3224 SBA

**ORDER**

[Docket No. 9]

Before the Court is plaintiff Michael Cava's Motion to Remand [Docket No. 9]. After reading and considering the arguments presented by the parties, the Court finds this matter appropriate for resolution without a hearing. *See* FED. R. CIV. P. 78. For the reasons that follow, the Court GRANTS Cava's motion to remand, and DENIES Cava's request for attorneys fees.

**BACKGROUND**

On June 23, 2006, Michael Cava filed a complaint against NetVersant – National, Inc. (NetVersant) and Peter Wainwright in the Superior Court of California, County of San Francisco. *See* Docket No. 1, Ex. 1. Both Cava and Wainwright are California citizens. NetVersant is a Delaware corporation and its principal places of business are located in both Houston, Texas and Everett, Washington. Cava's complaint alleged state law causes of action against NetVersant for employment discrimination, wrongful termination, retaliation, harassment, breach of contract, breach of the covenant of good faith and fair dealing, intentional and negligent misrepresentation, and infliction of emotional distress. Against Wainwright, Cava alleged causes of action for harassment and negligent and intentional emotional distress. On August 24, 2006, the defendants filed a general denial to the complaint.

On October 12, 2006, the defendants served Cava with written discovery requests. Cava responded on November 27, 2006. On November 28, 2006, Cava completed the first day of Wainwright's deposition. At the end of that day, the defendants' counsel commented that, based on

Cava's written discovery responses and Wainwright's deposition, there were insufficient facts to support Cava's claims against Wainwright.

On December 13, 2006, Wainwright's counsel wrote to Cava's counsel demanding that Wainwright be dismissed.  Wainwright's counsel stated their strong belief that Cava's claims were groundless and Wainwright could obtain attorney's fees under the California Fair Employment and Housing Act for that reason.

On January 8, 2007, after deposing Cava, Wainwright's counsel again issued a written demand that Wainwright be dismissed.  In the letter, counsel stated that Cava's deposition confirmed her beliefs that there was little or no factual basis to support the claims against Wainwright.  On January 18, 2007, Cava offered to dismiss Wainwright on the condition that Wainwright agree to rejoin the litigation upon the development of additional facts supporting Cava's harassment claim.  Wainwright rejected this offer.

On April 7, 2007, the defendants filed motions for summary judgment.  On June 4, 2007, the state court issued an order denying NetVersant's motion, but granting summary judgment for Wainwright as to all claims.  The state court found that Cava failed to show "that he was subjected to conduct that was sufficiently severe or pervasive to support a claim for harassment."  Docket No. 1, Ex. 32 (State Court Op., 2).  Additionally, since Cava's emotional distress claims were based on the same personnel management decisions that formed the basis of his claim for harassment, the conduct was not "outrageous or extreme enough so as to exceed the 'bounds of human decency.'"  *Id.* at 3.

On June 19, 2007, NetVersant removed the case to this Court asserting diversity jurisdiction. Title 28 U.S.C. § 1332(a) reads: "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States . . . ."  There is little dispute that the amount in controversy exceeds $75,000 in this case, but until June 4, the matter was not "between citizens of different States," because both Cava and Wainwright are citizens of California.  On that date, Wainwright was awarded summary judgment as to all claims, leaving only Cava and NetVersant, a citizen of Delaware, Texas, and Washington.  Noting that diversity was no longer blocked by the presence of Wainwright in the

2

case, NetVersant removed pursuant to 28 U.S.C. § 1446(b).

**LEGAL STANDARD**

**1.     Removal**

The federal removal statute, 28 U.S.C. § 1441, provides that "any civil action brought in a State court . . . may be removed by the defendant or the defendants" to federal court on the basis of federal question or diversity jurisdiction. An action removed to federal court on the basis of diversity of citizenship is removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought. 28 U.S.C. §1441(b). Under 28 U.S.C. § 1446(b), a defendant seeking to remove a case in diversity jurisdiction must file a notice of removal within thirty days after service of the complaint. If, however, a case is not removable at the outset, the defendant may file a notice of removal within thirty days after receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b); *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 696 (9th Cir. 2005) (a notice of removal may be filed within thirty days from when a defendant may ascertain that removal is proper).

**2.     Remand**

As a general matter, federal courts have subject matter jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. *United States v. Alisal Water Corp.*, 431 F.3d 643, 650 (9th Cir. 2005). Thus, the removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls on the party invoking the statute. *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006); *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). Any doubt as to the right of removal must be resolved in favor of remanding to state court. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). The propriety of removal is determined solely on the basis of pleadings filed in state court,

*i.e.*, by looking "to the complaint at the time the removal petition was filed." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979); *see also Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006) (per curiam). A removed case may be remanded to state court based on a "defect" in the removal procedure or if, at any time before final judgment, the court determines that it lacks subject matter jurisdiction. 28 U.S.C §1447(c).

### 3.     The "Voluntary-Involuntary" Rule

With respect to originally unremovable cases, "only a voluntary act of the plaintiff [can] bring about removal to federal court." *Self v. General Motors Corp.*, 588 F.2d 655, 658 (9th Cir. 1978); *see also California v. Keating*, 986 F.2d 346, 348 (1993). Accordingly, a ruling on the merits that is adverse to the plaintiff, does "'not operate to make the cause then removable . . . .'" *Self*, 588 F.2d at 658 (citing *Whitcomb v. Smithson*, 175 U.S. 635, 638 (1900) (directed verdict against non-diverse defendants did not render the case removable because it was not a voluntary act of plaintiff)). "The effect of this exception is that federal jurisdiction will lie whenever dismissal of non-diverse defendants results from the plaintiff's voluntary act, even though diversity was lacking when the action was originally filed in state court." *Strasser v. KLM Royal Dutch Airlines*, 631 F. Supp. 1254, 1256 (C.D. Cal. 1986). It "operates to nullify the 'danger that a plaintiff might join a non-diverse defendant merely to defeat jurisdiction, and then dismiss the suit as to that defendant.'" *Id.* (citation omitted).

### 4.     Fraudulent Joinder

Notwithstanding the "voluntary-involuntary" rule, removal of a civil action that alleges claims against a non-diverse defendant is proper where it appears that such defendant has been fraudulently joined. *See Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). As a matter of general principle, however, courts employ a presumption against fraudulent joinder. *See Hamilton Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Accordingly, the burden of proving fraudulent joinder is a heavy one. *See*

4

1  *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983); *Alderman v. Pitney Bowes Mgmt.*
2  *Servs.*, 191 F. Supp. 2d 1113, 1115 (N.D Cal. 2002).

3    A fraudulent joinder occurs when a "'plaintiff fails to state a cause of action against a resident
4  defendant, and the failure is obvious according to the settled rules of the state . . . .'" *Ritchey v. Upjohn*
5  *Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (citation omitted); *see also United Computer Sys., Inc.*
6  *v. AT& T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002). The removing party must prove that there is
7  absolutely no possibility that the plaintiff will be able to establish a cause of action against the
8  non-diverse defendant in state court. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259
9  (5th Cir. 1995); *Briano v. Conseco Life Ins. Co.*, 126 F. Supp. 2d 1293, 1296 (C.D. Cal. 2000); *Good*
10 *v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 807 (N.D. Cal.1998). "This objective definition
11 reflects the doctrine's purpose of protecting a defendant's legitimate right to remove in service of the
12 purposes of diversity jurisdiction—where the claims against an in-state defendant are so easily
13 dismissed that they provide little protection against state court bias favoring the in-state plaintiff."
14 *Simpson v. Union Pac. R.R. Co.*, 282 F. Supp. 2d 1151, 1155 (N.D. Cal. 2003) (citing *Poulos v. Naas*
15 *Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992)).

16   "[B]ecause the expressed standard for fraudulent joinder is whether there is any possibility that
17 a claim can be stated against the allegedly 'sham' defendants, the standard is necessarily similar to that
18 of motions to dismiss, with two exceptions: (1) this Court may pierce the pleadings to make factual
19 determinations, and (2) the Court may not make final determinations with regard to questions of state
20 law that are not well-settled." *Knutson v. Allis-Chalmers Corp.*, 358 F. Supp. 2d 983, 995 (D. Nev.
21 2005) (internal citations omitted). If the facts alleged by the plaintiff, together with any proven by the
22 defendant, and considered in the light most favorable to the plaintiff, would have survived a motion for
23 dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), then removal based on fraudulent
24 joinder is not appropriate. *Id.* at 994 (citing *Sessions v. Chrysler Corp.*, 517 F.2d 759, 761 (9th Cir.
25 1975) (stating that, "inasmuch as appellant's case against the individual defendants was sufficient to
26 withstand a dismissal motion under Fed.R.Civ.P. 12(b)(6), the joinder of claims against them was not

5

1 fraudulent so as to warrant dismissal on that score.")); *see also Ritchey*, 139 F.3d at 1319 (citing *Sessions* for the proposition that "joinder [is] not fraudulent if [the] case can withstand a 12(b)(6) motion directed to sufficiency of the cause of action").

## DISCUSSION

### 1. Wainwright Was Not Fraudulently Joined

In its opposition to Cava's motion to remand, NetVersant asserts that it could not ascertain that the case was removable until June 4, 2007, when the state court granted Wainwright's motion for summary judgment, thereby dismissing the non-diverse defendant. Specifically, NetVersant contends that until the state court's order, "there remained a 'possibility,' although very remote given the facts and the applicable law" that Cava could establish a claim against Wainwright. Docket No. 25, at 8. Moreover, NetVersant maintains that seeking removal on the basis of fraudulent joinder prior to the order would have been unsuccessful and that Cava would likely have prevailed on a 12(b)(6) motion to dismiss. Still, NetVersant argues that removal on the basis of fraudulent joinder is proper even where a plaintiff states a colorable claim against a non-diverse defendant from the time that the complaint is filed, through discovery and summary judgment briefing, up to the instant that the claim is denied on the merits. However, NetVersant misstates the applicable standards and improperly urges the Court to significantly alter the rule of fraudulent joinder.

### a. Cava Stated a Colorable Claim Against Wainwright.

The fact that NetVersant concedes that Cava asserted a colorable, though weak, claim against Wainwright up to the moment of adverse summary adjudication is significant. The Ninth Circuit has repeatedly stated that joinder is fraudulent "[i]f the plaintiff fails to *state a cause of action* against a resident defendant, *and the failure is obvious* according to the settled rules of the state." *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003) (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)) (emphasis added). In another formulation, courts have stated that "[t]he standard is *not whether plaintiffs will actually or even probably prevail on the merits*, but whether there

6

is any possibility that they may do so." *Bellecci v. GTE Sprint Commc'ns. Corp.*, 2003 WL 151538 at *3 (N.D. Cal. 2003) (citation omitted; emphasis added); *see also Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001); *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992). This language conveys a clear message: joinder is not fraudulent if the plaintiff stated a colorable claim against the non-diverse defendant.

Here, although Cava's claims against Wainwright ultimately did not succeed on the merits, even NetVersant concedes that Cava, in fact, did state a claim. To establish a claim for harassment under California law, "the plaintiff must show that he was subjected offensive comments or other abusive conduct based on membership in a protected category that is sufficiently 'severe' or 'pervasive.'" State Court Op., 2 (quoting *Kelly-Zurian v. Wohl Shoe Co., Inc.*, 22 Cal. App. 4th 397, 409 (1994)). Additionally, conduct arising out of necessary personnel management duties cannot form the basis of a harassment claim. *Id.* (citing *Janken v. GM Elec.*, 46 Cal. App. 4th 55, 63-64 (1996)). On summary judgment, Wainwright asserted that the conduct of which Cava complained arose from management activities. The state court found that the evidence Cava submitted in opposition did not "unequivocally contradict" Wainwright's facts and that, "taken all together, [Cava's] evidence does not add up to severe of pervasive harassment." Docket No. 1, Ex. 32, at 2-3. A finding that, in light of all of the evidence, Cava failed to make the requisite showing is not tantamount to a finding that there was no possibility that Cava could have established a claim. Nor is it tantamount to a ruling that Cava failed to state a claim and the failure was obvious. Thus, the state court's order does not indicate that joinder was fraudulent and, for that reason, it cannot not operate to make the case removable.

Moreover, NetVersant does not argue that the discovery of facts (or lack thereof) later revealed that Cava's claims were wholly and obviously unsupported. Instead, in asserting that the case "became removable" only upon the state court's order, NetVersant concedes that Cava alleged facts sufficient to support a motion to remand. Thus, Cava did not obviously fail to state a claim and, until summary adjudication of the claims, there existed a possibility that Cava could succeed on the merits. In light of the clear language of the standards, this is sufficient to overcome an allegation of fraudulent joinder.

7

### b. Summary Adjudication of Colorable Claims Against the Non-Diverse Defendant Does Not Necessarily Make the Case Removable.

In support if its contention that the summary adjudication of a colorable claim may support removal on the basis of fraudulent joinder, NetVersant cites *Medical Laboratory Consultants v. ABC*, 931 F. Supp. 1487 (D. Ariz. 1996). There, the district court stated that "if the claims against the nondiverse party are capable of summary judgment, the Court cannot remand the case." *Id.* at 1491. However, NetVersant fails to reveal the context in which this standard was articulated—a context which clearly distinguishes *Medical Laboratories* and its predecessors from removal cases involving only state law claims. Both *Medical Laboratory* and the case upon which it relies, *Spence v. Flynt*, 647 F. Supp. 1266 (D. Wyo. 1986), involved cases with First Amendment claims. In *Spence*, the district court observed that "first amendment values demand special federal protections," and only thereafter articulated the "admittedly fuzzy" standard for removal in such cases. *Spence*, 647 F. Supp. at 1272. Specifically, the court found that "[t]he standard for removal based on fraudulent joinder requires that the defendant establish the non-diverse party's non-liability with clear and convincing evidence . . . . At the same time, if there is a slight doubt about the defendant's non-liability, the Court may retain the case." *Id.* (citing *Lewis v. Time, Inc.*, 83 F.R.D. 455, 462 (E.D. Cal. 1979) ("Adherence to a ritualistic 'all doubts resolved in favor of remand' rule where a serious claim of fraudulent joinder is raised in an action implicating First Amendment values would undermine the special responsibility of the federal courts in such cases")).

This stands in stark contrast to the Ninth Circuit's standard in cases implicating no special responsibility of the federal courts, where all doubts *are* resolved in favor of remand and "joinder [is] not fraudulent if [the] case can withstand a 12(b)(6) motion directed to sufficiency of the cause of action . . . ." *Ritchey*, 139 F.3d at 1319 (citing *Sessions*, 517 F.2d at 761). NetVersant's position would raise the burden on a plaintiff raising only state law claims in that it would require the plaintiff to assert *successful* claims against all non-resident defendants instead of non-frivolous claims, as required by the Ninth Circuit. "The fraudulent-joinder doctrine tries to strike a reasonable balance among not rewarding abusive pleading by the plaintiff, the plaintiff's tactical prerogative to select the forum, and the

8

defendant's statutory right to remove." C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3723 (3d ed.1998)). Requiring the plaintiff to succeed on the merits to would upset this balance by penalizing and discouraging non-abusive, though ultimately unsuccessful, claims and in so doing, unnecessarily constrain the plaintiff's right to select a forum. As NetVersant maintains, Cava's claims could have survived a 12(b)(6) motion to dismiss. Thus, removal on the basis of fraudulent joinder is inappropriate in this case.

    **c.  The Two-Prong *Katz* Test Is Not Binding on this Court and, Notwithstanding, Is Not Satisfied Here.**

  NetVersant urges the Court to follow *Katz v. Costa Armatori*, 718 F. Supp. 1508 (S.D. Fla. 1989). There, the court articulated a two-prong analysis for fraudulent joinder claims. *Id.* at 151. Under the first prong, a court must review the state court complaint to determine whether a cause of action was stated against the non-diverse defendant. *Id.* If a cause of action is stated, a court must review the state court record under Federal Rule of Civil Procedure 11 to "assure that the continued action against the non-diverse defendant was not a sham." *Id.* NetVersant concedes that Cava stated a claim against Wainwright, but argues that Cava maintained that claim frivolously because discovery failed to yield factual support for the claim. Opp., 12.

  *Katz* has not been followed by any court in the Ninth Circuit and there is no indication that the Ninth Circuit would adopt such an approach. To the contrary, the Ninth Circuit has addressed similar situations since *Katz* was published in 1989 and did not adopt that test. *See Ritchey*, 139 F.3d 1313 (9th Cir. 1998). Moreover, it does not appear that Cava maintained his claims frivolously. Although the defendants wrote to Cava several times to request Wainwright's dismissal based on its assessment that Cava's claims were weak, it appears that Cava did have some factual support. Specifically, Cava adduced evidence showing that Wainwright wrote in emails to other NetVersant employees that Cava had gone off the "deep end" and behaved in a "spooky" manner. Docket No. 9, at 4. The fact that the state court later found that Wainwright's behavior was not sufficiently pervasive or severe to support a harassment claim does not mean that the claim was bereft of any merit and maintained in violation of Rule 11. Thus, even if *Katz* was binding on this Court, it would not require the Court to deny Cava's

9

motion to remand.

For these reasons, Cava's joinder of Wainwright was not fraudulent. Accordingly, NetVersant may not avail itself of the fraudulent joinder exception to the "voluntary-involuntary" rule and the case must be remanded.

**2.      Reimbursement of Costs and Fees of Removal Under 28 U.S.C. § 1447(c)**

In addition to remand, Cava requests reimbursement of costs and fees associated incurred as a result of removal. He is seeking "$9,500.00 for his attorneys' fees incurred as a result of the removal." Docket No. 9, at 18. Under 28 U.S.C. 1447(c), "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Although a district court has wide discretion in assessing fees pursuant to section 1447(c), *Rutledge v. Seyfarth, Shaw, Fairweather & Geraldson*, 201 F.3d 1212, 1215 (9th Cir. 2000), absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006). In this case, the Court finds that the basis for removal was not so unreasonable as to warrant the imposition of fees upon NetVersant.

## CONCLUSION

Accordingly, the Court GRANTS Cava's motion to remand [Docket No. 9], and DENIES Cava's request for attorneys fees. This matter is REMANDED to the Superior Court of California in San Francisco.

The Clerk of Court shall terminate any pending matters and close the case file.

IT IS SO ORDERED.

December 7, 2007

_____
Saundra Brown Armstrong
United States District Judge

10